JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I. (a) PLAINTIFFS
GLORIA JIMENEZ, individually, and on behalf of all others similarly situated

## DEFENDANTS
PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50

**EDL  E-filing  ADR**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Todd M. Schneider
Joshua G. Konecky
Schneider & Wallace
180 Montgomery Street, Suite 2000
San Francisco, CA 94104; Telephone: (415) 421-7100

ATTORNEYS (IF KNOWN)
JoAnna L. Brooks
Timothy C. Travelstead
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94104; Telephone: (415) 394-9400

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel & Slander / 365 Personal Injury Product Liability | | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 640 RR & Truck | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 345 Marine Product Liability / PERSONAL PROPERTY | 650 Airline Regs | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | 660 Occupational Safety/Health | SOCIAL SECURITY | 490 Cable/Satellite TV |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability / 371 Truth In Lending | 690 Other | 861 HIA (1395ff) | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | LABOR | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | 720 Labor/Mgmt Relations | 864 SSID Title XVI | 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 730 Labor/Mgmt Reporting & Disclosure Act | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting / 510 Motion to Vacate Sentence Habeas Corpus: | | FEDERAL TAX SUITS | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | 740 Railway Labor Act | 870 Taxes (US Plaintiff or Defendant) | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing / 530 General | [X] 790 Other Labor Litigation | 871 IRS - Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 240 Torts to Land | 444 Welfare / 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 245 Tort Product Liability | 440 Other Civil Rights / 540 Mandamus & Other | | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 445 Amer w/ disab - Empl / 550 Civil Rights | | | 890 Other Statutory Actions |
| | 446 Amer w/ disab - Other / 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 U.S.C. sections 1332(a) and (d) (CAFA). This is a diversity action because Plaintiffs and Defendants are citizens of different states; and it qualifies under CAFA because the amount in controversy exceeds $5,000,000.00.

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AN "X" IN ONE BOX ONLY)

[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE May 23, 2008           SIGNATURE OF ATTORNEY OF RECORD

NDC-JS44

**PROOF OF SERVICE**

I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On May 23, 2008, I served the attached document(s):

CIVIL COVER SHEET

in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Jonathan E. Gertler, Esq.<br>Joseph R. Igelmund, Esq.<br>Chavez & Gertler LLP<br>42 Miller Avenue<br>Mill Valley, CA 94941<br>Telephone:  415.381.5599<br>Facsimile:   415.381.5572<br>**By Overnight Delivery** | Todd M. Schneider, Esq.<br>Joshua G. Konecky, Esq.<br>Schneider & Wallace<br>180 Montgomery Street, Suite 2000<br>San Francisco, CA 94104<br>Telephone:  415.421.7100<br>Facsimile:   415.421.7105<br>**By Hand Delivery** |

Ricardo De Rosa, Esq.
Law Offices of Ricardo De Rosa
6640 Brook Falls Circle
Stockton, CA 95219
Telephone:   209.345.7077
Facsimile:   209.476.0443
**By Overnight Delivery**

[  ]  BY MAIL: United States Postal Service - by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[X]  BY HAND DELIVERY: I caused such envelope(s) to be delivered by Messenger Service to the above address[es].

[X]  BY OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to the above address within 24 hours by OVERNIGHT EXPRESS service.

[  ]  BY FACSIMILE: I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

1

DEFENDANT'S NOTICE OF REMOVAL

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on May 23, 2008 at San Francisco, California.

_____
LINDA A. MOORE

1  JOANNA L. BROOKS (State Bar #182986)
   TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2  ANNE V. LEINFELDER (State Bar #230272)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA 94105
4  Telephone    415.394.9400
   Facsimile:   415.394.9401
5
   Attorneys for Defendant
6  PEROT SYSTEMS CORPORATION

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 GLORIA JIMENEZ, individually, and on behalf   | Case No.:  08  2607
   of all others similarly situated,
12                                                | **NOTICE OF REMOVAL OF CIVIL
                    Plaintiff,                    | ACTION TO THE UNITED STATES
13                                                | DISTRICT COURT FOR THE
              v.                                  | NORTHERN DISTRICT OF
14                                                | CALIFORNIA PURSUANT TO 28
   PEROT SYSTEMS CORPORATION, a                   | U.S.C. SECTIONS 1332, 1441 AND 1446
15 Delaware Corporation; and DOES 1 to 50,        | [CAFA DIVERSITY]**
                                                  |
16                  Defendants.                   | (Filed concurrently with Notice of
                                                  | Interested Parties, Certificate of Service of
17                                                | Notice of Interested Parties)

18
   **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
19
   THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF GLORIA JIMENEZ AND
20
                      TO HER ATTORNEYS OF RECORD:**
21

22      **PLEASE TAKE NOTICE:** Defendant Perot Systems Corporation ("Perot

23 Systems") hereby removes this action from the Superior Court of the State of California for the

24 County of Alameda to the United States District Court for the Northern District of California,

25 pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub.

26 L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446, for the following reasons:

27      1.      On July 12, 2007, Plaintiff Gloria Jimenez ("Plaintiff") filed her class

28 action complaint in the Superior Court of the State of California, County of Alameda, designated

                                         1

1  as Case No. RG 07-335321 ("Complaint"). The Complaint alleged the following five (5) causes
2  of action against Perot Systems and Does 1 through 50: (1) failure to pay overtime in violation of
3  California Labor Code sections 510 and 1194; (2) failure to pay for accrued vacation at
4  termination of employment in violation of California Labor Code section 227.3; (3) penalties
5  under California Labor Code section 203 for failure to pay all wages owed on termination of
6  employment ("Waiting-Time Penalties"); (4) failure to provide an itemized wage statement in
7  violation of California Labor Code section 226; and (5) violation of California Business and
8  Professions Code section 17200 *et seq*.

9      2.    On July 16, 2008, Perot Systems first was served with the Summons and
10  Complaint, when it was delivered to Perot Systems' agent for service of process. The Complaint
11  specifically stated that it did not seek damages in excess of $75,000 per person and did not
12  identify the total amount-in-controversy at issue in the case. Accordingly, because the complaint
13  did not state a federal claim, specifically alleged damages of less than $75,000 per person, and did
14  not identify an amount-in-controversy of $5,000,000 or more, the complaint was not removable at
15  the time of service of the summons and complaint, pursuant to 28 U.S.C. section 1446(b).

16      3.    On April 25, 2008, Perot Systems received a letter from Plaintiff's counsel
17  that asserted, for the first time, that the Complaint's allegations included damages for violations
18  of California Labor Code sections 226.7 for missed meal and rest periods. Pursuant to 28 U.S.C.
19  section 1446(b), this letter was an "other paper" from which Perot Systems could first ascertain
20  "that the case is one which is or has become removable."

21      4.    This Notice of Removal is timely because it is being filed within thirty (30)
22  days of receipt of the April 25, 2008. *See* 28 U.S.C. § 1446(b).

23      5.    The Summons and Complaint, as well as the notices and orders collectively
24  attached as Exhibit "A," constitute all process, pleadings and orders served on Perot Systems in
25  this action pursuant to 28 U.S.C. section 1446(a).

26      6.    In accordance with 28 U.S.C. section 1446(d), the undersigned counsel
27  certifies that a copy of this Notice of Removal and all supporting papers promptly will be served
28  on Plaintiff's counsel and filed with the Clerk of the Alameda County Superior Court. True and

1 | correct copies of the form of such notices are attached hereto as Exhibits "B" and "C." Therefore,
2 | all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

3 |       7.      Venue of this action lies in the United States District Court for the
4 | Northern District of California pursuant to 28 U.S.C. sections 1441, *et seq.* and 1391(a) because
5 | this is the judicial district of this Court in which the action arose, where Plaintiff resides and
6 | where the causes of action arose.

## REMOVAL BASED ON DIVERSITY AND CLASS ACTION FAIRNESS ACT OF 2005
### (28 U.S.C. sections 1332(a) and (d))

10 |       8.      The Complaint is pleaded as a putative class action by which Plaintiff
11 | seeks to represent "all current and former Data Center Operations/Technicians and other non-
12 | exempt employees of Perot Systems Corporation in California, who at any time in the four years
13 | preceding the filing of this action to final resolution of this action, worked a 4/10 Alternative
14 | Workweek Schedule; earned a shift differential, '06 Benefits Bridge' and/or 'Benefits Bridge'
15 | benefit during any week in which they worked overtime hours; were not paid for all accrued
16 | vacation at the time of termination of their employment; and/or were not provided lawful
17 | itemized wage statements." (Complaint ¶ 7.)

18 |       9.      Perot Systems properly may remove the Complaint on the basis of
19 | diversity of citizenship jurisdiction pursuant to 28 U.S.C. section 1332(a) or 28 U.S.C section
20 | 1332(d)(2), because:

21 |       a.      Plaintiff now is, and was at the time this action was commenced, a
22 | citizen of the State of California within the meaning of 28 U.S.C. section 1332(a). (Complaint ¶
23 | 3.)

24 |       b.      Perot Systems now is, and was at the time this action was
25 | commenced, a citizen of the State of Delaware within the meaning of section 1332(c)(1), because
26 | it now is and was at all times incorporated under the laws of that state of Delaware. (Complaint ¶
27 | 4.)

28 |       c.      Perot Systems also now is, and was at the time this action was

1  commenced, a citizen of the State of Texas within the meaning of section 1332(c)(1), because a
2  substantial predominance of its corporate operations do not take place in California or any other
3  state in which it conducts operations, and Perot Systems' executive and administrative functions
4  primarily are performed in the State of Texas.

5           d.    Perot Systems is not now nor was at the time this action was
6  commenced a citizen of the State of California within the meaning of section 1332(c) because it is
7  not and was not incorporated in California and its principal place of business is not and was not in
8  California.

9           e.    The presence of Doe defendants has no bearing on the diversity
10 with respect to removal. *See* 28 U.S.C. section 1441(a) ("For purposes of removal under this
11 Chapter, the citizenship of defendants used under a fictitious name shall be disregarded."); and

12           f.    Without admitting that Plaintiff or the purported class could recover
13 any damages, the amount in controversy in this action for which Plaintiff asserts a four year
14 liability period could exceed $5,000,000.00, exclusive of interest and costs on the following
15 grounds:

16           i.    On April 25, 2008, Plaintiff's counsel first averred that the
17 Complaint's allegations include claims for premium wages owed for allegedly missed meal and
18 rest periods, pursuant to California Labor Code section 226.7. Under the California Labor Code,
19 employees are entitled to one (1) hour of premium wages for each day of work during the class
20 period for which Perot Systems failed to provide each putative class member a meal period and
21 one (1) hour of premium wages for each day of work during the class period for which Perot
22 Systems failed to provide rest breaks. *See* Cal. Labor Code § 226.7. There are at least 2,340
23 non-exempt employees working for Perot Systems in California during the four years before the
24 filing of the Complaint. In aggregate, these employees worked a total of approximately 287,080
25 weeks during that period. With a combined, average hourly wage of $33.01 and assuming
26 Plaintiff seeks damages equal to at least one missed meal or rest period per week, the total
27 amount-in-controversy from the meal and rest period allegations alone are at least $9.5 million
28 (287,080 weeks x 1 violation a week @ $33.01 per hour = $9,476,510.80).

1    10.  The Court may not decline to exercise jurisdiction over the action pursuant to 28 U.S.C. sections 1332(d)(3), because Perot Systems is not a citizen of the state in which the action was filed.

**WHEREFORE**, Perot Systems removes the above-entitled action now pending in the Superior Court of the State of California for the County of Alameda to this Court.

Dated: May 23, 2008

                                                JACKSON LEWIS LLP

By: _____
     JoAnna L. Brooks
     Timothy C. Travelstead
     Anne V. Leinfelder
     Attorney for Defendant
     PEROT SYSTEMS CORPORATION,
     a Delaware Corporation

DEFENDANT'S NOTICE OF REMOVAL

## PROOF OF SERVICE

I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On May 23, 2008, I served the attached document(s):

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446 [CAFA DIVERSITY]

in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed as follows:

Jonathan E. Gertler, Esq.
Joseph R. Igelmund, Esq.
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA  94941
Telephone:   415.381.5599
Facsimile:    415.381.5572
**By Overnight Delivery**

Todd M. Schneider, Esq.
Joshua G. Konecky, Esq.
Schneider & Wallace
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:   415.421.7100
Facsimile:    415.421.7105
**By Hand Delivery**

Ricardo De Rosa, Esq.
Law Offices of Ricardo De Rosa
6640 Brook Falls Circle
Stockton, CA  95219
Telephone:   209.345.7077
Facsimile:    209.476.0443
**By Overnight Delivery**

[ ]   BY MAIL:  United States Postal Service - by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[X]   BY HAND DELIVERY:  I caused such envelope(s) to be delivered by Messenger Service to the above address[es].

[X]   BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above address within 24 hours by OVERNIGHT EXPRESS service.

[ ]   BY FACSIMILE:  I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

DEFENDANT'S NOTICE OF REMOVAL

1      I declare under penalty of perjury under the laws of the United States that the above is true
2  and correct.
3      Executed on May 23, 2008 at San Francisco, California.

*Linda A. Moore*
LINDA A. MOORE

2

DEFENDANT'S NOTICE OF REMOVAL