COPY

1    JOANNA L. BROOKS (State Bar #182986)
     TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2    ANNE V. LEINFELDER (State Bar #230272)   ORIGINAL FILED
     JACKSON LEWIS LLP
3    199 Fremont Street, 10th Floor
     San Francisco, CA 94105                  MAY 23 2008
4    Telephone    415.394.9400
     Facsimile:   415.394.9401
5                                             RICHARD W. WIEKING
                                              CLERK U.S. DISTRICT COURT
6    Attorneys for Defendant                  NORTHERN DISTRICT OF CALIFORNIA
     PEROT SYSTEMS CORPORATION

7                                                                      EDL

8         E-filing        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                          CV 08          2607

11   GLORIA JIMENEZ, individually, and on behalf    | Case No.:
     of all others similarly situated,
12                                                   | NOTICE OF REMOVAL OF CIVIL
                         Plaintiff,                  | ACTION TO THE UNITED STATES
13                                                   | DISTRICT COURT FOR THE
                 v.                                  | NORTHERN DISTRICT OF
14                                                   | CALIFORNIA PURSUANT TO 28
     PEROT SYSTEMS CORPORATION, a                    | U.S.C. SECTIONS 1332, 1441 AND 1446
15   Delaware Corporation; and DOES 1 to 50,         | [CAFA DIVERSITY]

16                       Defendants.                 | (Filed concurrently with Notice of
                                                     | Interested Parties, Certificate of Service of
17                                                   | Notice of Interested Parties)

18   TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

19   THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF GLORIA JIMENEZ AND

20                          TO HER ATTORNEYS OF RECORD:

21

22        **PLEASE TAKE NOTICE:**  Defendant Perot Systems Corporation  ("Perot

23   Systems") hereby removes this action from the Superior Court of the State of California for the

24   County of Alameda to the United States District Court for the Northern District of California,

25   pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub.

26   L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446, for the following reasons:

27        1.    On July 12, 2007, Plaintiff Gloria Jimenez ("Plaintiff") filed her class

28   action complaint in the Superior Court of the State of California, County of Alameda, designated

                                          1
     ────────────────────────────────────────────────────
                      DEFENDANT'S NOTICE OF REMOVAL

1    as Case No. RG 07-335321 ("Complaint"). The Complaint alleged the following five (5) causes

2    of action against Perot Systems and Does 1 through 50: (1) failure to pay overtime in violation of

3    California Labor Code sections 510 and 1194; (2) failure to pay for accrued vacation at

4    termination of employment in violation of California Labor Code section 227.3; (3) penalties

5    under California Labor Code section 203 for failure to pay all wages owed on termination of

6    employment ("Waiting-Time Penalties"); (4) failure to provide an itemized wage statement in

7    violation of California Labor Code section 226; and (5) violation of California Business and

8    Professions Code section 17200 *et seq.*

9        2.    On July 16, 2008, Perot Systems first was served with the Summons and

10   Complaint, when it was delivered to Perot Systems' agent for service of process. The Complaint

11   specifically stated that it did not seek damages in excess of $75,000 per person and did not

12   identify the total amount-in-controversy at issue in the case. Accordingly, because the complaint

13   did not state a federal claim, specifically alleged damages of less than $75,000 per person, and did

14   not identify an amount-in-controversy of $5,000,000 or more, the complaint was not removable at

15   the time of service of the summons and complaint, pursuant to 28 U.S.C. section 1446(b).

16       3.    On April 25, 2008, Perot Systems received a letter from Plaintiff's counsel

17   that asserted, for the first time, that the Complaint's allegations included damages for violations

18   of California Labor Code sections 226.7 for missed meal and rest periods. Pursuant to 28 U.S.C.

19   section 1446(b), this letter was an "other paper" from which Perot Systems could first ascertain

20   "that the case is one which is or has become removable."

21       4.    This Notice of Removal is timely because it is being filed within thirty (30)

22   days of receipt of the April 25, 2008. *See* 28 U.S.C. § 1446(b).

23       5.    The Summons and Complaint, as well as the notices and orders collectively

24   attached as Exhibit "A," constitute all process, pleadings and orders served on Perot Systems in

25   this action pursuant to 28 U.S.C. section 1446(a).

26       6.    In accordance with 28 U.S.C. section 1446(d), the undersigned counsel

27   certifies that a copy of this Notice of Removal and all supporting papers promptly will be served

28   on Plaintiff's counsel and filed with the Clerk of the Alameda County Superior Court. True and

1   correct copies of the form of such notices are attached hereto as Exhibits "B" and "C." Therefore,

2   all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

3           7.      Venue of this action lies in the United States District Court for the

4   Northern District of California pursuant to 28 U.S.C. sections 1441, *et seq.* and 1391(a) because

5   this is the judicial district of this Court in which the action arose, where Plaintiff resides and

6   where the causes of action arose.

7

8   **REMOVAL BASED ON DIVERSITY AND CLASS ACTION FAIRNESS ACT OF 2005**

9   **(28 U.S.C. sections 1332(a) and (d))**

10          8.      The Complaint is pleaded as a putative class action by which Plaintiff

11  seeks to represent "all current and former Data Center Operations/Technicians and other non-

12  exempt employees of Perot Systems Corporation in California, who at any time in the four years

13  preceding the filing of this action to final resolution of this action, worked a 4/10 Alternative

14  Workweek Schedule; earned a shift differential, '06 Benefits Bridge' and/or 'Benefits Bridge'

15  benefit during any week in which they worked overtime hours; were not paid for all accrued

16  vacation at the time of termination of their employment; and/or were not provided lawful

17  itemized wage statements." (Complaint ¶ 7.)

18          9.      Perot Systems properly may remove the Complaint on the basis of

19  diversity of citizenship jurisdiction pursuant to 28 U.S.C. section 1332(a) or 28 U.S.C section

20  1332(d)(2), because:

21                  a.      Plaintiff now is, and was at the time this action was commenced, a

22  citizen of the State of California within the meaning of 28 U.S.C. section 1332(a). (Complaint ¶

23  3.)

24                  b.      Perot Systems now is, and was at the time this action was

25  commenced, a citizen of the State of Delaware within the meaning of section 1332(c)(1), because

26  it now is and was at all times incorporated under the laws of that state of Delaware. (Complaint ¶

27  4.)

28                  c.      Perot Systems also now is, and was at the time this action was

DEFENDANT'S NOTICE OF REMOVAL

1    commenced, a citizen of the State of Texas within the meaning of section 1332(c)(1), because a

2    substantial predominance of its corporate operations do not take place in California or any other

3    state in which it conducts operations, and Perot Systems' executive and administrative functions

4    primarily are performed in the State of Texas.

5            d.    Perot Systems is not now nor was at the time this action was

6    commenced a citizen of the State of California within the meaning of section 1332(c) because it is

7    not and was not incorporated in California and its principal place of business is not and was not in

8    California.

9            e.    The presence of Doe defendants has no bearing on the diversity

10    with respect to removal. *See* 28 U.S.C. section 1441(a) ("For purposes of removal under this

11    Chapter, the citizenship of defendants used under a fictitious name shall be disregarded."); and

12            f.    Without admitting that Plaintiff or the purported class could recover

13    any damages, the amount in controversy in this action for which Plaintiff asserts a four year

14    liability period could exceed $5,000,000.00, exclusive of interest and costs on the following

15    grounds:

16            i.    On April 25, 2008, Plaintiff's counsel first averred that the

17    Complaint's allegations include claims for premium wages owed for allegedly missed meal and

18    rest periods, pursuant to California Labor Code section 226.7. Under the California Labor Code,

19    employees are entitled to one (1) hour of premium wages for each day of work during the class

20    period for which Perot Systems failed to provide each putative class member a meal period and

21    one (1) hour of premium wages for each day of work during the class period for which Perot

22    Systems failed to provide rest breaks. *See* Cal. Labor Code § 226.7. There are at least 2,340

23    non-exempt employees working for Perot Systems in California during the four years before the

24    filing of the Complaint. In aggregate, these employees worked a total of approximately 287,080

25    weeks during that period. With a combined, average hourly wage of $33.01 and assuming

26    Plaintiff seeks damages equal to at least one missed meal or rest period per week, the total

27    amount-in-controversy from the meal and rest period allegations alone are at least $9.5 million

28    (287,080 weeks x 1 violation a week @ $33.01 per hour = $9,476,510.80).

<div align="center">4</div>

1         10.    The Court may not decline to exercise jurisdiction over the action pursuant

2    to 28 U.S.C. sections 1332(d)(3), because Perot Systems is not a citizen of the state in which the

3    action was filed.

4

5        **WHEREFORE**, Perot Systems removes the above-entitled action now pending in the

6    Superior Court of the State of California for the County of Alameda to this Court.

7

8    Dated:  May 23, 2008

9                                  JACKSON LEWIS LLP

10

11                         By:

12                                 JoAnna L. Brooks
                                   Timothy C. Travelstead

13                                 Anne V. Leinfelder
                                   Attorney for Defendant

14                                 PEROT SYSTEMS CORPORATION,
                                   a Delaware Corporation

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL

1

**PROOF OF SERVICE**

2    I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3    whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4    age of eighteen (18) years and am not a party to this action.

5    On May 23, 2008, I served the attached document(s):

6    NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT
     COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C.
7    SECTIONS 1332, 1441 AND 1446 [CAFA DIVERSITY]

8    in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

9    as follows:

10   Jonathan E. Gertler, Esq.                    Todd M. Schneider, Esq.
     Joseph R. Igelmund, Esq.                     Joshua G. Konecky, Esq.
11   Chavez & Gertler LLP                         Schneider & Wallace
     42 Miller Avenue                             180 Montgomery Street, Suite 2000
12   Mill Valley, CA 94941                        San Francisco, CA 94104
     Telephone:   415.381.5599                    Telephone:   415.421.7100
13   Facsimile:   415.381.5572                    Facsimile:   415.421.7105
     **By Overnight Delivery**                    **By Hand Delivery**
14
     Ricardo De Rosa, Esq.
15   Law Offices of Ricardo De Rosa
     6640 Brook Falls Circle
16   Stockton, CA 95219
     Telephone:   209.345.7077
17   Facsimile:   209.476.0443
     **By Overnight Delivery**
18

19   [   ]    BY MAIL:  United States Postal Service - by placing sealed envelopes with the postage
             thereon fully prepaid, placed for collection and mailing on this date, following ordinary
20           business practices, in the United States mail at San Francisco, California.

21   [ X ]   BY HAND DELIVERY:  I caused such envelope(s) to be delivered by Messenger Service
             to the above address[es].
22
23   [ X ]   BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
             address within 24 hours by OVERNIGHT EXPRESS service.

24   [   ]    BY FACSIMILE:  I caused such documents to be transmitted by facsimile to the
             telephone number(s) indicated above.

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on May 23, 2008 at San Francisco, California.

LINDA A. MOORE

DEFENDANT'S NOTICE OF REMOVAL

COPY

1    JOANNA L. BROOKS (State Bar #182986)
     TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2    ANNE V. LEINFELDER (State Bar #230272)
     JACKSON LEWIS LLP
3    199 Fremont Street, 10th Floor
     San Francisco, CA 94105
4    Telephone    415.394.9400
     Facsimile    415.394.9401
5
     Attorneys for Defendant
6    PEROT SYSTEMS CORPORATION

7

8              E-filing           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10

11   GLORIA JIMENEZ, individually, and on behalf     Case No.:
     of all others similarly situated,
12                                                    INDEX OF EXHIBITS IN SUPPORT
                        Plaintiff,                    OF NOTICE OF REMOVAL OF CIVIL
13                                                    ACTION TO THE UNITED STATES
             v.                                       DISTRICT COURT FOR THE
14                                                    NORTHERN DISTRICT OF
     PEROT SYSTEMS CORPORATION, a                     CALIFORNIA PURSUANT TO 28
15   Delaware Corporation; and DOES 1 to 50,          U.S.C. SECTIONS 1332, 1441 AND 1446
                                                      [CAFA DIVERSITY]
16                      Defendants.
                                                      (Filed concurrently with Notice of
17                                                    Interested Parties, and Certificate of
                                                      Service of Notice of Interested Parties)
18

19   Exhibit A:

20   True and correct copies of Summons and Complaint, as well as the collective notices and orders,
     as follows:
21
22          1.    A true and correct copy of the Complaint for Business Tort/Unfair Business
                  Practice, dated July 12, 2007;
23
24          2.    A true and correct copy of the Summons on Complaint Issued and Filed, dated
                  July 12, 2007;
25
            3.    A true and correct copy of the Proof of Service of Summons and Complaint, dated
26                July 31, 2007;

27          4.    A true and correct copy of the Answer to Complaint, dated August 22, 2007;

28          5.    A true and correct copy of the Order granting motion designating this case as
                  complex, dated August 22, 2007;

                                               1

ORIGINAL FILED

MAY 23 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EDL

CV 08    2607

6.    A true and correct copy of returned envelope containing order granting motion, dated September 19, 2007;

7.    A true and correct copy of the Case Management Conference Order, dated September 26, 2007;

8.    A true and correct copy of the Stipulation and Order Re: Protective Orders Filed for Perot Systems Corporation, a Delaware Corporation, dated November 1, 2007;

9.    A true and correct copy of the Stipulation and Order Re: Protective Orders Granted, dated November 2, 2007;

10.   A true and correct copy of the Complex Case Management Order, dated November 9, 2007;

11.   A true and correct copy of the Stipulation and Protective Order Re: Disclosure of Confidential Documents, dated March 21, 2008;

12.   A true and correct copy of the Order Re: Complex Case Management Conference, dated March 21, 2008;

13.   A true and correct copy of the Stipulation and Protective Order Re: Disclosure of Confidential Documents dated March 25, 2008;

14.   A true and correct copy of the Notice of Entry of Order filed dated April 2, 2008.

Exhibit B:

A true and correct copy of the Notice to Adverse Parties of Removal to Federal Court.


Dated: May 23, 2008

JACKSON LEWIS LLP

By:

JoAnna L. Brooks
Timothy C. Travelstead
Anne V. Leinfelder
Attorney for Defendant
PEROT SYSTEMS CORPORATION,
a Delaware Corporation

2

1  **PROOF OF SERVICE**

2    I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3  whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4  age of eighteen (18) years and am not a party to this action.

5    On  May 23, 2008, I served the attached document(s):

6    INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL
 ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
7  DISTRICT OF CALIFORNIA PURSUANT TO 28  U.S.C. SECTIONS 1332, 1441 AND
8  1446 [CAFA DIVERSITY]

9  in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

10  as follows:

11  Jonathan E. Gertler, Esq.      Todd M. Schneider, Esq.
Joseph R. Igelmund, Esq.      Joshua G. Konecky, Esq.
12  Chavez & Gertler LLP       Schneider & Wallace
42 Miller Avenue        180 Montgomery Street, Suite 2000
13  Mill Valley, CA  94941      San Francisco, CA  94104
Telephone: 415.381.5599    Telephone:  , 415.421.7100
14  Facsimile: 415.381.5572     Facsimile: 415.421.7105
**By Overnight Delivery**      **By Hand Delivery**
15
Ricardo De Rosa, Esq.
16  Law Offices of Ricardo De Rosa
6640 Brook Falls Circle
17  Stockton, CA  95219
Telephone: 209.345.7077
18  Facsimile: 209.476.0443
**By Overnight Delivery**
19

20  [ ] BY MAIL:  United States Postal Service - by placing sealed envelopes with the postage
thereon fully prepaid, placed for collection and mailing on this date, following ordinary
21  business practices, in the United States mail at San Francisco, California.

22  [ X ] BY HAND DELIVERY:  I caused such envelope(s) to be delivered by Messenger Service
to the above address[es].

23  [ X ] BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
address within 24 hours by OVERNIGHT EXPRESS service.
24

25  [ ] BY FACSIMILE:  I caused such documents to be transmitted by facsimile to the
telephone number(s) indicated above.

26

27

28

INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL

1    I declare under penalty of perjury under the laws of the United States that the above is true

2    and correct.

3    Executed on May 23, 2008 at San Francisco, California.

4

5

6    _____
                        LINDA A. MOORE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

*EXHIBIT A*

*EXHIBIT 1*

*5441689*

1 CHAVEZ & GERTLER LLP
 JONATHAN E. GERTLER (Bar No. 111531)
2 JOSEPH R. IGELMUND (Bar No. 52493)
3 42 Miller Avenue, Mill Valley, CA 94941
 Tel: (415) 381-5599 Fax: (415) 381-5572
4
5 SCHNEIDER & WALLACE
 TODD M. SCHNEIDER (Bar No. 158253)
6 JOSHUA G. KONECKY (Bar No. 182897)
 180 Montgomery Street, Suite 2000
7 San Francisco, CA 94104
8 Tel: (415) 421-7100 Fax: (415) 421-7105
9 LAW OFFICES OF RICARDO DE ROSA
 RICARDO DE ROSA (Bar No. 221226)
10 6640 Brook Falls Circle
 Stockton, California, 95219
11 Tel: (209) 345-7077 Fax: (209) 476-0443
12
 Attorneys for Plaintiff GLORIA JIMENEZ
13 And the Proposed Plaintiff Class

14                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                           COUNTY OF ALAMEDA

16                            UNLIMITED JURISDICTION

17
 GLORIA JIMENEZ, individually, and on    ) Case No. 07 - 335321
18 behalf of all others similarly situated, )
                                            )
19                                          ) **CLASS ACTION**
               Plaintiff,                   )
20                                          ) **COMPLAINT FOR FAILURE TO PAY**
        vs.                                 ) **OVERTIME (Cal. Labor C. § 510);**
21                                          ) **FAILURE TO PAY ACCRUED**
                                            ) **VACATION (Cal. Labor C. § 227.3);**
22 PEROT SYSTEMS CORPORATION, a            ) **FAILURE TO PROVIDE ITEMIZED**
 Delaware Corporation; and DOES 1 to 50,    ) **STATEMENTS (Cal. Labor C. § 226);**
23                                          ) **UNFAIR AND UNLAWFUL BUSINESS**
                                            ) **PRACTICES (Cal. Bus. & Profs. C.**
24             Defendants                   ) **§ 17200); AND INJUNCTIVE AND**
                                            ) **DECLARATORY RELIEF**
25                                          )
                                            ) **DEMAND FOR JURY TRIAL**
26                                          )
                                            )
27 _____ )

28                                            ORIGINAL

                              COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1    Plaintiff GLORIA JIMENEZ ("JIMENEZ" or "Plaintiff"), individually and on behalf

2    of all others similarly situated, hereby complains against defendants PEROT SYSTEMS

3    CORPORATION ("PEROT") and Does 1 through 50, inclusive (collectively, "Defendants"),

4    and, on information and belief, alleges as follows:

5                              **PRELIMINARY STATEMENT**

6         1.      This class action seeks to halt and remedy defendant PEROT SYSTEMS

7    CORPORATION'S violations of California Labor Code and California Industrial

8    Welfare Commission Order ("Wage Order") provisions requiring overtime pay,

9    compensation for accrued vacation time, and record-keeping and disclosure to employees

10   of wage information including the true overtime rate paid and true wages earned.

11   Defendant PEROT, which provides technology information support services in the health care

12   industry, regularly and systematically has required, encouraged, and/or permitted Plaintiff and

13   members of the class to work alternative workweek schedules ("AWS") of ten hours per day and

14   four days per week ("4/10" schedules), and failed to pay Plaintiff and members of the class

15   overtime pay for their ninth and tenth hours of work daily under those schedules, without

16   complying with the explicit requirements of the California Labor Code and Wage Orders in

17   order to lawfully implement an AWS.  Defendant PEROT also regularly and systematically has

18   required, encouraged, and/or permitted Plaintiff and members of the class to work overtime, but

19   failed to pay the overtime rate required by California law.  Further, defendant PEROT regularly

20   and systematically has refused to pay Plaintiff and members of the class compensation for

21   accrued vacation, either when due or not at all, in violation of the California Labor Code.

22   Defendant PEROT also regularly and systematically has issued wage statements to Plaintiff and

23   members of the class that fail to disclose, or misrepresent, information required by the California

24   Labor Code, including without limitation the true applicable hourly rate paid by PEROT for

25   overtime work and the true wages earned by Plaintiff and members of the class.  Plaintiff seeks

26   injunctive and declaratory relief, restitution, compensatory damages, penalties, interest, and

27   attorneys' fees, costs and expenses.

28

1

1

### VENUE

2       2.     Proper venue lies in Alameda County in that, while defendant PEROT does

3 business in the State of California, PEROT has not designated with the California Secretary

4 of State a principal place of business within the State of California pursuant to Corporations

5 Code § 2105(a)(3). Accordingly, PEROT may be sued in any county in the State of

6 California, including the County of Alameda. Venue also is proper in Alameda County in

7 that Plaintiff is informed and believes and on that basis alleges that defendants committed

8 some of the wrongful acts alleged herein, in the County of Alameda.

9

### PARTIES

10      3.     Plaintiff JIMENEZ is an individual over the age of eighteen (18) and at all

11 relevant times, was a resident of the State of California.

12      4.     Defendant PEROT SYSTEMS CORPORATION is a corporation organized

13 under Delaware law and admitted to conduct business in the State of California. Plaintiff

14 was employed by PEROT as a Data Center Operations/Technician from July, 2001 to in or

15 about April, 2007.

16      5.     Plaintiff does not know the true names and capacities of defendants sued herein

17 as DOES 1-50 and therefore sues these defendants by such fictitious names. Plaintiff will

18 amend this Complaint to allege their true names and capacities when ascertained.

19 Plaintiff is informed and believes and on that basis alleges that each of these fictitiously named

20 defendants is responsible in some manner for the occurrences alleged herein, and thereby

21 proximately caused Plaintiff's injuries alleged herein.

22      6.     Plaintiff is informed and believes and on that basis alleges that at all relevant

23 times each of the defendants was the agent or employee of each of the remaining defendants,

24 and in doing the things herein alleged was acting within the course and scope of such

25 agency or employment, and that defendants authorized, ratified, and approved, expressly or

26 impliedly, all of the conduct herein alleged.

27 //

28

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

2    7.    Plaintiff brings this action for violations of California's Wage and Hour Law as

3  a class action, pursuant to Code of Civil Procedure § 382 and Business & Professions Code

4  § 17200, on behalf of herself and all current and former Data Center

5  Operations/Technicians and other non-exempt employees of Perot Systems Corporation in

6  California, who at any time in the four years preceding the filing of this action to final

7  resolution of this action, worked a 4/10 Alternative Workweek Schedule; earned a shift

8  differential, "06 Benefits Bridge" and/or "Benefits Bridge" benefit during any week in which

9  they worked overtime hours; were not paid for all accrued vacation at the time of termination

10  of their employment; and/or were not provided lawful itemized wage statements.

11    8.    Common questions of law and fact exist as to members of the class that include,

12  but are not limited to the following:

13    (a)    Whether defendant PEROT required members of the class to work

14  overtime without payment of the overtime rate required by the State of California;

15    (b)    Whether defendant PEROT failed to pay all accrued vacation

16  benefits at the time of termination of employment;

17    (c)    Whether defendant PEROT failed to pay all earned wages at the time

18  of termination of employment;

19    (d)    Whether defendant PEROT failed to provide to class members

20  itemized wage statements that disclosed all information required by Labor Code

21  § 226; and

22    (e)    Whether defendant PEROT engaged in unfair competition proscribed

23  by Business & Professions Code § 17200 by engaging in the conduct described

24  hereinabove as to members of the class.

25    9.    Plaintiff's claims are typical of the claims of the class that Plaintiff seeks to

26  represent. Plaintiff and members of the class were not compensated for overtime work at the

27  rate required by California law. Plaintiff and members of the class were not paid all accrued

28  vacation benefits at the time of termination of employment. Plaintiff and members of the

3

1   class were not paid all earned wages at the time of termination of employment. Plaintiff and

2   members of the class were not provided itemized wage statements that disclosed all

3   information required by Labor Code § 226. Plaintiff and members of the class are entitled to

4   injunctive relief, as permitted by law, in that PEROT's violations of California law have

5   harmed and are continuing to harm Plaintiff and members of the class.

6      10.    The potential quantity of members of the class is so numerous that

7   joinder of all members would be unfeasible and impractical. The disposition of their claims

8   through this class action will benefit both the parties and the Court. The quantity of

9   members is unknown to Plaintiff at this time; however, it is estimated that the class size is

10  over 100 individuals. The quantity and identity of the proposed class are readily

11  ascertainable through inspection of PEROT'S records.

12     11.    Plaintiff will fairly and adequately represent and protect the interests of the

13  members of the class. Plaintiff has retained and is represented by counsel competent and

14  experienced in complex class action litigation, including minimum wage and overtime class

15  actions.

16     12.    The nature of this action and the nature of laws available to Plaintiff

17  make use of the class action format the superior and appropriate procedure to afford relief for

18  the wrongs alleged herein.

19  ## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

20     13.    Defendant PEROT required, encouraged and/or permitted Plaintiff and

21  members of the class to work overtime, and failed to pay Plaintiff and members of the

22  class overtime compensation at the rate required by Labor Code § 510 and IWC Wage

23  Orders, including without limitation Wage Order 4-2001.

24     14.    Defendant PEROT failed to pay all accrued vacation benefits to Plaintiff and

25  class members at the time of termination of employment, in violation of Labor Code §

26  227.3.

27     15.    Defendant PEROT failed to pay all earned wages to Plaintiff and members

28  of the class at the time of termination of employment, in violation of Labor Code §§ 201,

4

1 | 202, 510 and 1194.

2 |     16.    Defendant PEROT failed to provide to Plaintiff and members of the class

3 | itemized wage statements that disclose all information required by Labor Code § 226.

4 |     17.    Plaintiff and members of the class are non-exempt employees under the laws

5 | of the State of California.

6 |     18.    The practices of defendant PEROT in failing to pay Plaintiff and members

7 | of the class earned overtime compensation at the required rate, to pay all accrued vacation

8 | benefits at the time of termination of employment, to pay all earned wages at the time of

9 | termination of employment, and to provide itemized wage statements that disclose all

10 | lawfully required information, are substantially similar, if not identical.

11 | **FIRST CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION**

12 | **(California Labor Code §§ 510, 1194; Wage Order 4-2001)**

13 |

14 |     19.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

15 | set forth herein.

16 | <u>4/10 Overtime Claim for Ninth and Tenth Hours Daily</u>

17 |     20.    The IWC Wage Orders, including without limitation Wage Order 4-2001,

18 | provide in substance and effect that an employer shall pay a premium, "overtime" rate

19 | for all hours worked by employees in excess of eight hours in a work day or forty hours

20 | in a work week.  Wage Order 4-2001 further states in substance and effect that an

21 | employer does not violate the foregoing provision by instituting a regularly scheduled

22 | alternative workweek ("AWS") of not more than ten hours per day in a forty hour week

23 | (a "4/10" schedule) without paying overtime for such hours, provided that the employer

24 | has complied with the election procedures mandated by the Wage Order for adoption of

25 | an AWS.  Wage Order 4-2001 further provides in substance and effect that the election

26 | procedures for the adoption of an AWS require that the employer propose an AWS to

27 | employees in the form of a written agreement; that the employer disclose in writing to

28 | affected employees the effect of the AWS; that the employer hold a meeting with

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1  affected employees at least fourteen days prior to the AWS election; that the employer

2  conduct the election by secret ballot, and that at least a 2/3 affirmative vote of each work

3  unit is required to establish an AWS; and that the employer report to the California

4  Division of Labor Statistics and Research within thirty days after the results are final,

5  including the final tally of the vote, the size of the work unit, and the nature of the

6  business of the employer.

7      21.    During all relevant times, defendant PEROT purported to adopt a 4/10

8  AWS for Plaintiff and members of the class in order to evade payment of overtime for the

9  ninth and tenth hours worked daily. Plaintiff is informed and believes and on that basis

10  alleges that, in fact, PEROT did not lawfully adopt the 4/10 schedule for Plaintiff and

11  members of the class, in that PEROT failed to comply with the mandatory election

12  procedures of the Wage Order, including without limitation failing to disclose to the

13  California Division of Labor Statistics and Research any election conducted among

14  PEROT work units, the PEROT work units that voted, and the results of each election.

15      22.    During all relevant times, and notwithstanding that it had failed to comply

16  with the mandatory election procedures of the Wage Order, defendant PEROT required,

17  encouraged and/or permitted Plaintiff and the members of the class to work 4/10

18  schedules, and paid Plaintiff and the members of the class only their respective hourly,

19  non-premium rates for work during the ninth and tenth hours of each 4/10 workday.

20  Plaintiff is informed and believes and on that basis alleges that PEROT knew that Plaintiff

21  and members of the class had performed the ninth and tenth hours of work daily.

22      23.    As defendant PEROT failed to lawfully implement an AWS, Plaintiff and

23  members of the class who worked a 4/10 schedule at any time during all relevant times are

24  entitled to overtime pay for the ninth and tenth hours worked each day under said schedule,

25  pursuant to Labor Code § 510 and IWC Wage Orders, including without limitation Wage

26  Order 4-2001.

27      24.    Defendant PEROT has failed to pay earned overtime compensation, either

28  when due or not at all, for the ninth and tenth hours worked each day under the 4/10

6

1   schedule by Plaintiff and members of the class.

2              Failure to Properly Calculate Overtime Rate – Shift Differential

3       25.    IWS Wage Orders, including without limitation Wage Order 4-2001,

4   provide in substance and effect that an employer shall pay one and one-half times the

5   employee's regular rate of pay for all hours worked by employees over eight hours in a

6   work day or forty hours in a work week, and double the employee's regular rate of pay

7   for hours worked in excess of twelve in a day.

8       26.    IWC Wage Orders, including without limitation Wage Order 4-2001,

9   further provide in substance and effect that, as to employees working a lawfully-adopted

10  Alternative Workweek Schedules, an employer shall pay one and one-half times the

11  employee's regular rate of pay for all work performed in the work day beyond the

12  schedule established by the AWS, up to twelve hours per day or beyond forty hours per

13  week, and double the employee's regular rate of pay for all hours worked in excess of

14  twelve hours per day and any work in excess of eight hours on those days worked beyond

15  the regularly scheduled number of work days established by the AWS.

16      27.    IWC Wage Orders, including without limitation Wage Order 4-2001,

17  further provide in substance and effect that, as to employees working Alternative

18  Workweek Schedules, where an employer requires an employee to work fewer hours

19  than those that are regularly scheduled under the AWS, an employer shall pay one and

20  one-half the employee's regular rate of pay for all hour worked in excess of eight hours,

21  and double the employee's regular rate of pay for all hours worked in excess of twelve

22  hours, for the day the employee is required to work the reduced hours.

23      28.    During all relevant times, defendant PEROT required, encouraged and/or

24  permitted Plaintiff, and members of the class either on or not on a 4/10 AWS, to work

25  their regular hours on the "night shift." During all relevant times, PEROT paid Plaintiff

26  and members of the class working the night shift, in addition to their regular hourly

27  wages, a weekly shift differential of $76.36 during forty-hour weeks and a prorated shift

28  differential of $57.27 during thirty-hour weeks. The shift differential is not production-

7

1   based. The number of hours, if any, worked by Plaintiff and members of the class in

2   addition to the regular hours on the night shift is irrelevant to the calculation.

3       29.    During all relevant times, defendant PEROT further required, encouraged

4   and/or permitted Plaintiff and members of the class on the night shift to work hours over

5   and above their regular hours on that shift. Plaintiff is informed and believes and on that

6   basis alleges that PEROT knew this overtime work was performed.

7       30.    During all relevant times, defendant PEROT included the shift differential

8   in the regular rate used to determine overtime pay for Plaintiff and members of the class

9   on the night shift. During all relevant times, in calculating the effect of the shift

10  differential on the regular rate and overtime compensation to be paid Plaintiff and

11  members of the class on the night shift, defendant PEROT used the FLSA "fluctuating

12  work week" method, which yields a lesser overtime rate than the "maximum legal hours"

13  method under California law. Plaintiff is informed and believes and on that basis alleges

14  that, in failing to use the "maximum legal hours" method in calculating the regular rate

15  and overtime pay, PEROT deprived Plaintiff and members of the class working the night

16  shift of earned overtime compensation that is owed under California law. Plaintiff

17  further is informed and believes and on that basis alleges that PEROT's failure to use the

18  "maximum legal hours" method violates California public policy in that PEROT failed to

19  pay less premium pay than was owed, and premium pay is the primary device under

20  California law for enforcing limitations on maximum hours of work.

21      31.    Defendant PEROT has failed to pay earned overtime compensation, either

22  when due or not at all, for all such overtime work performed by Plaintiff and members of

23  the class working the night shift, in violation of California Labor Code §§ 510 and IWC

24  Wage Orders, including without limitation Wage Order 4-2001.

25  Failure to Properly Calculate Overtime Rate – 06 Benefits Bridge and Benefits Bridge

26      32.    During all relevant times, defendant PEROT required, encouraged and/or

27  permitted Plaintiff, and members of the class working any shift and whether or not

28  working an AWS, to work hours over and above their regular hours. Plaintiff is informed

---

8

1   and believes and on that basis alleges that PEROT knew this overtime work was

2   performed.

3        33.    During all relevant times, Plaintiff and said members of the class earned

4   two additional weekly wages: (1) The "06 Benefits Bridge" wage, in the amount of

5   $11.73 weekly, and (2) the "Benefits Bridge" wage, in the amount of $2.27 weekly.

6   Defendant PEROT paid these two wages to Plaintiff and said members of the class

7   weekly while they were employees of PEROT. These two wages are not discretionary.

8   These two wages are not production-based. The number of hours, if any, worked by

9   Plaintiff and members of the class in addition to the regular hours on the night shift is

10  irrelevant to the calculation of these two wages.

11       34.    Plaintiff is informed and believes and on that basis alleges that, during all

12  relevant times, these two wages were not excludable under California law from the

13  regular rate in calculating overtime pay.

14       35.    Plaintiff is informed and believes and on that basis alleges that, during all

15  relevant times, defendant PEROT failed to include the 06 Benefits Bridge wage and

16  Benefits Bridge wage in the regular rate used to determine overtime pay to be paid

17  Plaintiff and said members of the class, in violation of Labor Code § 510 and IWC Wage

18  Orders, including without limitation Wage Order 4-2001. Plaintiff is informed and

19  believes and on that basis alleges that, in failing to include these two wages in the regular

20  rate used to determine overtime pay, PEROT deprived Plaintiff and said members of the

21  class of earned overtime compensation that is owed under California law. Plaintiff

22  further is informed and believes and on that basis alleges that PEROT's failure to include

23  these two wages in the regular rate used to determine overtime pay violates California

24  public policy in that PEROT failed to pay less premium pay than was owed, and

25  premium pay is the primary device under California law for enforcing limitations on

26  maximum hours of work.

27       36.    Defendant PEROT has failed to pay earned overtime compensation, either

28  when due or not at all, for all such overtime work performed by Plaintiff and said members

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1    of the class, in violation of California Labor Code §§ 510 and IWC Wage Orders,

2    including without limitation Wage Order 4-2001.

3                    <u>All Claims Under This Cause Of Action</u>

4          37.     As a proximate result of the conduct of defendant PEROT, Plaintiff and

5    members of the class have suffered damages, including for overtime worked and not paid, in

6    an amount to be proven at trial.

7          38.     Plaintiff and members of the class request interest on all overtime

8    compensation earned and unpaid, pursuant to Labor Code §§ 218.6.

9          39.     Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

10    Labor Code § 1194 or 218.5.

11        WHEREFORE, Plaintiff prays for relief as set forth below.

12                        **SECOND CAUSE OF ACTION**
                   **<u>FAILURE TO PAY ACCRUED VACATION</u>**
13                           **(Labor Code § 227.3)**

14          40.     Plaintiff incorporates herein each of the foregoing paragraphs as though fully

15    set forth herein.

16          41.     Under Labor C. § 227.3, a proportionate right of an employee to a paid

17    vacation vests as the labor is rendered, and is protected from forfeiture.

18          42.     During all relevant times, PEROT had and continues to have a consistent and

19    uniform policy providing for annual paid vacation time for Plaintiff and members of the class.

20          43.     Plaintiff is informed and believes and on that basis alleges that, during all

21    relevant times, defendant PEROT had and continues to have a consistent and uniform policy

22    that employees lose all rights to paid vacation time upon termination of their employment.

23          44.     During all relevant times, Plaintiff and members of the class earned annual

24    paid vacation pursuant to defendant PEROT's aforesaid policies.  Plaintiff is informed and

25    believes and on that basis alleges that, during all relevant times, defendant PEROT failed

26    and refused to pay accrued vacation to Plaintiff and said members of the class upon

27    termination of their respective employment.

28          45.     As a proximate result of the conduct of defendant PEROT, Plaintiff and said

1  members of the class have suffered damages, including for vacation wages earned but not

2  paid, in amounts to be proven at trial.

3      46.    Plaintiff and said members of the class are entitled to interest on all vacation

4  wages earned but not paid, accruing from the date that the vacation wages were due and

5  payable, pursuant to California Labor Code § 218.6.

6      47.    Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

7  California Labor Code § 218.5.

8      WHEREFORE, Plaintiff prays for relief as set forth below.

9                    **THIRD CAUSE OF ACTION**
                 **RECOVERY OF WAITING TIME PENALTIES**
10                   **(California Labor Code §§ 203)**

11     48.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

12  set forth herein.

13     49.    California Labor Code § 203 provides that if an employer willfully fails to

14  pay, without abatement or reduction, in accordance with California Labor Code §§ 201,

15  201.5, 202 and 205.5, any wages of an employee who is discharged or who resigns,

16  the wages of the employee shall continue as a penalty from the due date thereof at the same

17  rate until paid up to a maximum of thirty (30) days.

18     50.    During all relevant times, defendant PEROT had and continues to have a

19  consistent and uniform policy, practice and procedure of willfully failing to pay the

20  earned and unpaid wages of its employees at the termination of their employment, in

21  violation of California Labor Code §§ 201 and 202.

22     51.    Plaintiff and certain members of the class are no longer employed by

23  defendant PEROT, in that they were either discharged from or quit PEROT'S employ.

24     52.    During all relevant times, defendant PEROT willfully failed to pay Plaintiff

25  and said members of the class who are no longer employed by PEROT a sum certain for

26  earned wages, at the time of their termination or within seventy-two (72) hours of their

27  resignation, and failed to pay those sums for thirty (30) days thereafter.

28     53.    During all relevant times, defendant PEROT willfully failed to pay Plaintiff

---

11

1  and said members of the class who are no longer employed by PEROT, in that PEROT

2  knew wages were due, but nevertheless failed to pay them.

3      54.    Plaintiff and members of the class who are no longer employed by defendant

4  PEROT are entitled to penalties pursuant to California Labor Code § 203, in the amount of

5  each person's daily wage multiplied by thirty (30) days.

6      WHEREFORE, Plaintiff prays for relief as set forth below.

7                     **FOURTH CAUSE OF ACTION**
                 **FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**
8                       **(California Labor C. § 226)**

9      55.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

10  set forth herein.

11      56.    IWC Wage Orders, including without limitation Wage Order 4-2001,

12  provide that the employer shall keep accurate information with respect to each employee,

13  including total hours worked and applicable rates of pay.

14      57.    Labor Code § 226 provides that the employer shall provide at the time of

15  each payment of wages an accurate itemized statement that discloses (1) gross wages

16  earned, (2) total hours worked by the employee, (3) the number of piece rate units earned

17  and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

18  deductions, (5) net wages earned, (6) the inclusive dates of the period for which the

19  employee is paid, (7) the name of the employee and compliant identifying information, (8)

20  the name and address of the legal entity that is the employer, and (9) all applicable hourly

21  rates in effect during the pay period and the corresponding number of hours worked at each

22  hourly rate by the employee.

23      58.    Labor Code § 226 further provides that an employee may bring an action for

24  injunctive relief to ensure compliance with that code section.

25      59.    During all relevant times, defendant PEROT provided to plaintiff and

26  members of the class, at the time of payment of wages, wage statements that failed to

27  disclose, without limitation, the inclusive dates of the period for which the employee is

28  being paid, the name of the employee and identifying information for the employee, and

---

12

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1   the name and address of the legal entity that is the employer.

2     60.    During all relevant times, defendant PEROT also failed to maintain records

3   that show, and provided wage statements to plaintiff and members of the class that fail to

4   disclose, and misrepresent, the true applicable rate at which the overtime pay of plaintiff

5   and members of the class was calculated and paid, and the true amount of gross and net

6   wages earned. The aforesaid wage statements provided by PEROT represent, for example,

7   that overtime pay was calculated at a rate of "1.5x (number of overtime hours x $16.475)"

8   when in fact overtime pay was calculated at a different rate that yielded less overtime pay

9   than the calculation represented and which had been earned in fact.

10     61.    Plaintiff requests that the Court grant injunctive relief restraining defendant

11   PEROT from further violating the provisions of Labor Code § 226, and commanding

12   defendant PEROT to issue to Plaintiff and each member of the class further itemized wage

13   statements that provide all information required by Labor Code § 226 and which PEROT

14   failed to provide in any wage statement issued to Plaintiff or the respective class member

15   during all relevant times.

16     62.    Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

17   California Labor Code § 226(g).

18     WHEREFORE, Plaintiff prays for relief as set forth below.

19                   **FIFTH CAUSE OF ACTION**
20     <u>**UNFAIR COMPETITION – UNFAIR AND UNLAWFUL BUSINESS PRACTICES**</u>
                     (California Business & Professions Code § 17200)

21     63.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

22   set forth herein.

23     64.    The Unfair Competition Law ("UCL"), California Business & Professions

24   Code § 17200, et <u>seq.</u>, defines unfair competition to include, <u>inter</u> <u>alia</u>, any unfair or

25   unlawful business act or practice. The UCL provides that a Court may enjoin acts of unfair

26   competition, and order restitution to affected members of the public.

27     65.    Plaintiff is informed and believes and on that basis alleges that, during the

28   four years preceding the filing of this complaint, PEROT has committed acts of unfair

13

1  competition proscribed by California Business and Professions Code § 17200, et seq.,

2  including the practices alleged herein.

3     66.    Plaintiff is informed and believes and on that basis alleges, as more fully set

4  out above, that PEROT has engaged in the following unfair and/or unlawful acts and

5  practices:

6         (a)    PEROT has failed to pay overtime compensation for all overtime

7     work performed by Plaintiff and members of the class, either when due or not at all,

8     in violation of California Labor Code §§ 201, 202, 510 and 1194 and applicable

9     Wage Orders, including without limitation Wage Order 4-2001;

10         (b)    PEROT has failed to pay accrued vacation wages to Plaintiff and

11     members of the class, either when due or not at all, in violation of Labor Code

12     § 227.3; and

13         (c)    PEROT has failed to maintain records that show, and provided wage

14     statements to plaintiff and members of the class that fail to disclose, and misrepresent,

15     the true applicable rate at which the overtime pay of plaintiff and members of the

16     class was calculated and paid, and the true amount of gross and net wages earned;

17     PEROT also has failed to provide to Plaintiff and members of the class itemized wage

18     statements that show the inclusive dates of the period for which the employee is being

19     paid, the name of the employee and identifying information for the employee, and the

20     name and address of the legal entity that is the employer.

21     67.    The business acts and practices of PEROT as hereinabove alleged constitute

22  unfair and/or unlawful business practices in that, for the reasons set forth above, said acts

23  and practices violate explicit provisions of the California Labor Code and/or Wage Orders,

24  including without limitation Wage Order 4-2001. PEROT has obtained a significant

25  competitive advantage, and engaged in unfair competition, through its acts and practices

26  of obtaining employee labor without paying legally required overtime compensation;

27  without providing accrued vacation pay; and without reporting to governmental authorities

28  the true wages earned and paying to such authorities all taxes and levies on the true wages

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1   earned.

2       68.    Plaintiff and members of the class are entitled to restitution in the amounts

3   of all earned wages unpaid by defendant PEROT.

4       69.    The unfair and unlawful business acts and practices of defendant PEROT

5   described herein present a continuing threat to members of the general public in that

6   PEROT is currently engaging in such acts and practices, and will persist and continue to do

7   so unless and until an injunction is issued by this Court.  On behalf of all others similarly

8   situated, Plaintiff requests that this Court issue an injunction restraining the foregoing

9   conduct by PEROT.

10      70.    Plaintiff requests that the Court grant further injunctive relief, commanding

11  defendant PEROT to issue to Plaintiff and each member of the class itemized wage

12  statements that provide all information required by Labor Code § 226 and which PEROT

13  failed to provide in any wage statement issued to Plaintiff or the respective class member

14  during the four years preceding the filing of this complaint.

15      71.    On behalf of all others similarly situated, Plaintiff further requests that the

16  Court issue an interim order requiring PEROT to advise all members of the class of their

17  rights pursuant to the California Labor Code and Wage Orders.

18      72.    On behalf of all others similarly situated, Plaintiff further requests a

19  declaration as to the respective rights, remedies, and obligations of the parties, and

20  establishment of a post-judgment reference proceeding to identify, locate and fully

21  reimburse all affected employees all monies due to them.

22      73.    On behalf of all others similarly situated, Plaintiff further requests that the

23  Court enforce the penalty provision of Labor Code § 203, pursuant to Business and

24  Professions Code § 17202, which provides: "Notwithstanding Section 3369 of the Civil Code,

25  specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in

26  a case of unfair competition."

27      74.    Plaintiff requests an award of attorneys fees, costs and expenses pursuant to

28  Code of Civil Procedure § 1021.5 and as otherwise permitted by statute.

15

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SIXTH CAUSE OF ACTION
## DECLARATORY RELIEF

75.  Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

76.  An actual controversy has arisen between Plaintiff and members of the class, on the one hand, and defendant PEROT, on the other hand, as to their respective rights, remedies and obligations. Specifically, Plaintiff alleges that the acts and practices of PEROT as hereinabove alleged:

      (a)  violate Labor Code §§ 510, 1194, 201 and 202 and Wage Order 4-2001, in that PEROT has failed to pay overtime compensation for all overtime work performed by Plaintiff and members of the class, either when due or not at all;

      (b)  violate Labor Code § 227.3, in that PEROT has failed to pay accrued vacation wages to Plaintiff and members of the class, either when due or not at all;

      (c)  violate Labor Code § 226, in that PEROT has failed to maintain records that show, and provided wage statements to plaintiff and members of the class that fail to disclose, and misrepresent, the true applicable rate at which the overtime pay of plaintiff and members of the class was calculated and paid, and the true amount of overtime and wages earned; PEROT also has failed to provide to Plaintiff and members of the class itemized wage statements that show the inclusive dates of the period for which the employee is being paid, the name of the employee and identifying information for the employee, and the name and address of the legal entity that is the employer; and

      (d)  Plaintiff further alleges that members of the class are entitled to recover earned wages and penalties as hereinabove alleged.

77.  Defendant PEROT contends to the contrary.

78.  Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies, and obligations of the parties.

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1    WHEREFORE, Plaintiff prays for relief as set forth below.

2    **PRAYER FOR RELIEF**

3    WHEREFORE, Plaintiff, on behalf of herself and members of the class,

4    respectfully prays for relief as follows:

5    1.    For an order certifying this case as a class action, and appointing Plaintiff as

6    the representative of the class;

7    2.    For an order finding and declaring that PEROT'S acts and

8    practices as challenged herein are unlawful and unfair;

9    3.    For an order finding and declaring that PEROT'S acts and

10    practices in failing to pay earned wages when due were willful, and penalties

11    shall be awarded against PEROT pursuant to Labor Code § 203;

12    4.    For an order preliminarily and permanently enjoining PEROT

13    from engaging in the practices challenged herein;

14    5.    For an order commanding defendant PEROT to issue to Plaintiff and

15    each member of the class itemized wage statements that provide all information

16    required by Labor Code § 226 and which PEROT failed to provide in any wage

17    statement issued to Plaintiff or the respective class member during the four years

18    preceding the filing of this complaint;

19    6.    For an order requiring PEROT to advise all members of the class of

20    their rights pursuant to the California Labor Code, Wage Orders, and Business &

21    Professions Code;

22    7.    For restitution of all earned wages earned and unpaid;

23    8.    For compensatory damages in amounts to be determined at trial;

24    9.    For a declaration as to the respective rights, remedies, and

25    obligations of the parties, and establishment of a post-judgment reference proceeding to

26    identify, locate and fully reimburse all affected employees all monies due to them;

27    10.    For an award of all applicable statutory penalties;

28    11.    For prejudgment interest to the extent permitted by law;

17

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1        12.    For an award of attorneys' fees, costs and expenses incurred in

2   the prosecution of this action; and

3        13.    For such other and further relief as the Court may deem proper.

4

5   Dated: July 12, 2007                      CHAVEZ & GERTLER LLP

6                                             SCHNEIDER & WALLACE LLP
                                              LAW OFFICES OF RICARDO DE ROSA
7

8                                    By:    _Jonathan E. Gertler_

9                                             Jonathan E. Gertler

10                                            Attorneys of record for Plaintiff
                                              GLORIA JIMENEZ
11

12  07.07.11.Complaint.Final

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     18

*EXHIBIT 2*

## SUMMONS
## (CITACION JUDICIAL)

FO
(SOLO  *5441701*  —

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50

F I L E D
ALAMEDA COUNTY

JUL 1 2 2007

CLERK OF THE SUPERIOR COURT
By _____
Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
GLORIA JIMENEZ, individually, and on behalf of all others
similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court

CASE NUMBER
*(Número del Caso):* 07 335321

1225 Fallon Street                    Oakland, CA 94612
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Gertler            Chavez & Gertler LLP
42 Miller Ave               Mill Valley CA 94941      PAT S. SWEETEN
(415) 381-5599
DATE:                       Clerk, by  _Deborah L. Lee_         , Deputy
*(Fecha)*  JUL 12 2007       *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
*Martin Dean's Essential Forms ™*

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Jimenez/407      ORIGINAL

*EXHIBIT 3*

1  CHAVEZ & GERTLER LLP
2  JONATHAN E. GERTLER (Bar No. 111531)
   JOSEPH R. IGELMUND (Bar No. 52493)
3  42 Miller Avenue, Mill Valley, CA  94941
   Tel: (415) 381-5599  Fax:  (415) 381-5572
4
5  SCHNEIDER & WALLACE
   TODD M. SCHNEIDER (Bar No. 158253)
6  JOSHUA G. KONECKY (Bar No. 182897)
   180 Montgomery Street, Suite 2000
7  San Francisco, CA 94104
   Tel: (415) 421-7100  Fax: (415) 421-7105
8
9  LAW OFFICES OF RICARDO DE ROSA
   RICARDO DE ROSA (Bar No. 221226)
10 6640 Brook Falls Circle
   Stockton, California, 95219
11 Tel: (209) 345-7077  Fax: (209) 476-0443
12
   Attorneys for Plaintiff GLORIA JIMENEZ
13 And the Proposed Plaintiff Class

14          SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                    COUNTY OF ALAMEDA

16                   UNLIMITED JURISDICTION

17

18 GLORIA JIMENEZ, individually, and on      )  Case No: RG 07-335321
   behalf of all others similarly situated,  )
19                                           )  **CLASS ACTION**
            Plaintiff,                        )
20                                           )  **PROOF OF SERVICE OF SUMMONS,**
        vs.                                   )  **COMPLAINT, AND OTHER**
21                                           )  **INITIATING DOCUMENTS**
   PEROT SYSTEMS CORPORATION, a              )
22 Delaware Corporation; and DOES 1 to 50,   )
                                             )
23                                           )
            Defendants                        )
24                                           )
                                             )
25                                           )
                                             )
26                                           )
                                             )
27                                           )

28

ORIGINAL

FILED
ALAMEDA COUNTY
JUL 3 1 2007
CLERK OF THE SUPERIOR COURT
By S. Cooper

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JONATHAN GERTLER, ESQ. (111531)<br>CHAVEZ & GERTLER<br>42 Miller Avenue<br>Mill Valley, California 94941 | |

TELEPHONE NO.: (415) 381-5599        FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)* GLORIA JIMENEZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS 1225 Fallon Street
MAILING ADDRESS
CITY AND ZIP CODE Oakland, California 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: GLORIA JIMENEZ

DEFENDANT/RESPONDENT: PEROT SYSTEMS CORPORATION

| | CASE NUMBER:<br>RG07335321 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No..<br>W2480499 |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a. ☐ summons
    b. ☐ complaint
    c. ☐ Alternative Dispute Resolution (ADR) package
    d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ cross-complaint
    f. ☑ other *(specify documents):* SUMMONS and COMPLAINT FOR DAMAGES; ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR THE ALAMEDA COUNTY SUPERIOR COURT; ALAMEDA COUNTY SUPERIOR COURT - NOTICE TO ALL PARTIES; CIVIL CASE COVER SHEET, WITH ADDENDUM

3.  a. Party served *(specify name of party as shown on documents served):*
       PEROT SYSTEMS CORPORATION, a Delaware Corporation

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
       MARGARET WILSON, Authorized Agent Of CT Corporation System, Agent For Service Of Process

4.  Address where the party was served: 818 West 7th Street
       Los Angeles, California 90017

5.  I served the party *(check proper box)*
    a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 7/16/2007    (2) at *(time):* 2:35 p.m.
    b. ☐ by substituted service. On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or ☐ a declaration of mailing is attached.

       (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1 2007]

PROOF OF SERVICE OF SUMMONS

Page 1 of 2

Code of Civil Procedure § 417.10

| PLAINTIFF/PETITIONER: GLORIA JIMENEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PEROT SYSTEMS CORPORATION | RG07335321 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:

    (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

    a.  ☐  as an individual defendant.

    b.  ☐  as the person sued under the fictitious name of *(specify)*:

    c.  ☐  as occupant.

    d.  ☑  On behalf of *(specify)*:  PEROT SYSTEMS CORPORATION, a Delaware Corporation

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**

    a.  Name: B. Anderson

    b.  Address: Wheels of Justice, Inc., 657 Mission Street, Suite 502, San Francisco, California 94105

    c.  Telephone number: (415) 546-6000

    d.  The fee for service was: $

    e.  I am:

      (1) ☐ not a registered California process server.

      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

      (3) ☑ a registered California process server:

        (i) ☐ owner  ☐ employee  ☑ independent contractor.

        (ii) Registration No.: 3991

        (iii) County: Los Angeles

8.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  July 16, 2007

B. Anderson

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE )

POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

*EXHIBIT 4*

1  JOANNA L. BROOKS (State Bar #182986)
   ANNE V. LEINFELDER (State Bar #230272)
2  NICHOLAS HUA (State Bar #231035)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA 94105
4  Telephone    415.394.9400
   Facsimile:    415.394.9401
5
   Attorneys for Defendant
6  PEROT SYSTEMS CORPORATION
7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10

11 GLORIA JIMENEZ, individually, and on behalf        Case No. RG 07-335321
   of all others similarly situated,
12                                                    **DEFENDANT'S ANSWER TO**
                     Plaintiff,                       **PLAINTIFF'S UNVERIFIED CLASS**
13                                                    **ACTION COMPLAINT**
14        v.

15 PEROT SYSTEMS CORPORATION, a
   Delaware Corporation; and DOES 1 to 50,
16                                                    Complaint Filed:    July 12, 2007
                     Defendants.                      Trial Date:         None Set
17

18

19        Defendant PEROT SYSTEMS CORPORATION ("Defendant") hereby answers Plaintiff

20 GLORIA JIMENEZ' ("Plaintiff") unverified Class Action Complaint (the "Complaint").

21                              **GENERAL DENIAL**

22        Pursuant to Code of Civil Procedure section 431.30 subdivision (d), Defendant denies

23 each and every allegation contained in Plaintiff's unverified Complaint and denies that Plaintiff

24 was injured or damaged as alleged, or at all.

25                              **AFFIRMATIVE DEFENSES**

26        By way of affirmative defenses to the allegations of the Complaint herein, Defendant

27 alleges as follows:

28 ///

                                    1

### First Affirmative Defense
#### (Failure to State a Claim)

The Complaint, and all causes of action contained therein, fail to state facts sufficient to constitute a cause of action against Defendant.

### Second Affirmative Defense
#### (Failure to Mitigate Damages)

Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, if and to the extent that Plaintiff failed to exercise reasonable diligence to mitigate her alleged damages, if any.

### Third Affirmative Defense
#### (Unclean Hands)

Plaintiff is barred from recovery under this Complaint if and to the extent that she comes to this Court with unclean hands.

### Fourth Affirmative Defense
#### (Adequate Legal Remedies)

Any claim for equitable relief is barred, in whole or in part, to the extent Plaintiff has an adequate remedy at law.

### Fifth Affirmative Defense
#### (Statute of Limitations)

The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations, including without limitation Code of Civil Procedure section 338(a) or Code of Civil Procedure sections 340(a) and (b).

### Sixth Affirmative Defense
#### (Statute of Limitations)

The Complaint's Fifth Cause of Action is barred in whole or in part by the applicable statute of limitations, including without limitation Business and Professions Code section 17208.

### Seventh Affirmative Defense
#### (Lack of Standing)

The Complaint, and all causes of action contained therein, is barred to the extent Plaintiff lacks standing to bring the instant action on behalf of herself or other unnamed putative class members.

2

### Eighth Affirmative Defense
(Waiver)

The Complaint, and each cause of action contained therein, is barred by the doctrine of waiver.

### Ninth Affirmative Defense
(Good Faith)

To the extent Plaintiff seeks statutory penalties, such penalty must be barred or reduced to the extent Defendant acted in good faith and non-willfully.

### Tenth Affirmative Defense
(Estoppel)

The Complaint, and each cause of action contained therein, is barred by the doctrine of estoppel.

### Eleventh Affirmative Defense
(Laches)

The Complaint, and each cause of action contained therein, is barred by the doctrine of laches.

### Twelfth Affirmative Defense
(Failure To Notify Labor and Workforce Development Agency)

Defendant alleges, on information and belief, that the Complaint's First, Second, Third, and Fourth Causes of Action are barred to the extent Plaintiff was required and failed to notify the Labor and Workforce Development Agency, as required under Labor Code section 2699.3 subdivision (a)(1).

### Thirteenth Affirmative Defense

Defendant alleges, on information and belief, that the Complaint, and each cause of action contained therein, is barred to the extent Plaintiff, and the members of any purported class represented by Plaintiff, were at any time relevant herein exempt from the overtime provisions of the California Labor Code, the wage orders of the California Industrial Welfare Commission and/or applicable federal law.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

3

1.    That Plaintiff take nothing by way of her Complaint;

2.    That the Complaint and each claim for relief be dismissed in its entirety with prejudice;

3.    That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.    For costs of suit incurred herein, including reasonable attorney's fees, as and where permitted under California law; and

5.    For such other and further relief as the Court deems just and equitable.

Dated: August 21, 2007

JACKSON LEWIS LLP

By:    *JoAnna L. Brooks* (signature)

JoAnna L. Brooks
Anne V. Leinfelder
Nicholas Hua
Attorney for Defendant
PEROT SYSTEMS CORPORATION,
a Delaware Corporation

---

4

## PROOF OF SERVICE

I, Mary Stoner, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On August 21, 2007, I served the attached document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed as follows:

Jonathan E. Gertler, Esq.
Joseph R. Igelmund, Esq.
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA 94941
Telephone:    415.381.5599
Facsimile:    415.381.5572

Todd M. Schneider, Esq.
Joshua G. Konecky, Esq.
Schneider & Wallace
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:    415.421.7100
Facsimile:    415.421.7105

Ricardo De Rosa, Esq.
Law Offices of Ricardo De Rosa
6640 Brook Falls Circle
Stockton, CA 95219
Telephone:    209.345.7077
Facsimile:    209.476.0443

[ X ]   <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[  ]   <u>BY HAND DELIVERY</u>:  I caused such envelope(s) to be delivered by Messenger Service to the above address.

[  ]   <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered to the above address within 24 hours by OVERNIGHT EXPRESS service.

[  ]   <u>BY FACSIMILE</u>:  I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 21, 2007 at San Francisco, California.

Mary Stoner

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT          Case No. RG 07-335321

*EXHIBIT 5*

Chavez & Gertler LLP
Attn: Gertler, Janathan E.
42 Miller Avenue
Mill Valley, CA  94941-____

Wilson Sonsini Goodrich & Rosati
Attn: Brooks, Joanna L.
650 Page Mill Road
Palo Alto, CA  94304-1050

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Jimenez<br><br>Plaintiff/Petitioner(s)<br><br>VS.<br><br>Perot Sysems Corporation, a Delaware<br>Corporation<br><br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG07335321<br><br>Order<br><br>Complaint Business Tort/Unfair Business Practice |

The Complex Determination Hearing was set for hearing on 08/22/2007 at 02:00 PM in Department 20 before the Honorable Robert Freedman.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court.  The matter is assigned for all purposes to Department 20 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

Courtesy (bench) copies of all filing should be delivered directly to Dept. 20 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.20@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 20). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.")  Electronic media submitted will not be returned.

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.

All motions and ex parte applications shall be noticed for hearing in Department 20. The parties shall reserve hearing dates and times by contacting the Department 20 courtroom clerk via email at Dept.20@alameda.courts.ca.gov. The courtroom clerk can also be contacted by phone at (510) 272-6165, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage.  This is not a perfunctory exercise.  The primary objective of the CCMC is to develop a comprehensive plan for a

---

Order

just, speedy and economical determination of the litigation.

The CCMC statements must address the following issues when applicable:

A.     A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B.  The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable.

C.  Deadlines and limits on joinder of parties and amended or additional pleadings;

D.  Class discovery and class certification;

E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

   (1)  unserved parties and the reasons for the failure to serve;

   (2)  unserved and/or unfiled cross-complaints;

   (3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

   (4)  any possible jurisdictional or venue issues that may arise;

   (5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

   (6)  unresolved law and motion matters;

   (7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

   (8)  severance of issues for trial; and

   (9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date;  and

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

Dated:  08/22/2007

_____  facsimile

Judge Robert Freedman

_____

Order

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG07335321
Order After Hearing Re: of 08/22/2007

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 08/22/2007.

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

*EXHIBIT 6*

K OF THE
IOR COURT
URT HOUSE
LLON STREET
IFORNIA 94612-4280

D·U

FILED
ALAMEDA COUNTY

SEP 1 9 2007

CLERK OF THE SUPERIOR COURT
By _____
Deputy

RG07335321

Left Company
Not At WSGR
Return To Sender

*5486963*

02 1A
0004618146    AUG 23 2007
$ 00.58
MAILED FROM ZIP CODE 94612

✓ Wilson Sonsini Goodrich & Rosati
Attn: Brooks, Joanna L.
650 Page Mill Road
Palo Alto, CA   94304-1050

94304$1050 C081

*EXHIBIT 7*

Chavez & Gertler LLP
Attn: Gertler, Janathan E.
42 Miller Avenue
Mill Valley, CA   94941-____

Jackson Lewis LLP ✓
Attn: Brooks, Joanna L.
199 Fremont Street
10th Floor
San Francisco, CA   94105-____

---

### Superior Court of California, County of Alameda
### Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Jimenez | No. RG07335321 |
| Plaintiff/Petitioner(s) | |
| vs. | Case Management Order |
| | Complaint Business Tort/Unfair Business Practice |
| Perot Sysems Corporation, a Delaware Corporation | |
| Defendant/Respondent(s) (Abbreviated Title) | |

**ORDER re: CASE MANAGEMENT**

The Court has ordered the following after review of the case, including timely filed Case Management Statements, without a conference.

**FURTHER CASE MANAGEMENT CONFERENCE**

The Case Management Conference currently scheduled for 09/26/2007 is VACATED and continued to 10/04/2007 at 02:00 PM in Dept. 20.

**OTHER ORDERS**

1. The CMC is reset due to the unavailability of the Court on 9/26/07.

**NOTICES**

Clerk is directed to serve endorsed-filed copies of this order, with proof of service, to counsel and to self-represented parties of record by mail.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

Dated: 09/26/2007

_____ facsimile

Judge Robert Freedman

---

Order

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG07335321
Case Management Conference Order of 09/26/2007

# DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 09/24/2007.

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

*EXHIBIT 8*

1   JOANNA L. BROOKS (State Bar #182986)
    ANNE V. LEINFELDER (State Bar #230272)
2   JACKSON LEWIS LLP
    199 Fremont Street, 10th Floor
3   San Francisco, CA  94105
    Telephone    415.394.9400
4   Facsimile:    415.394.9401

5   Attorneys for Defendant
    PEROT SYSTEMS CORPORATION, a Delaware
6   corporation

ENDORSED
FILED
ALAMEDA COUNTY

NOV – 1 2007

CLERK OF THE SUPERIOR COURT
By    Barbara LaMotte
                    Deputy

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10

11  GLORIA JIMENEZ, individually, and on behalf       Case No. RG 07-335321
    of all others similarly situated,
12                                                    **STIPULATION AND PROTECTIVE**
13                          Plaintiff,                **ORDER**

14          v.

15  PEROT SYSTEMS CORPORATION, a
    Delaware Corporation; and DOES 1 to 50,
16
                            Defendants.                Complaint Filed:    July 12, 2007
17                                                     Trial Date:         None Set

18

19          WHEREAS, Perot Systems Corporation. ("Defendant") and Plaintiff Gloria Jimenez

20  ("Plaintiff") (collectively referred to herein as the "Parties") have agreed to mediate this action on

21  January 9, 2008 (the "Mediation Agreement").  Pursuant to the Mediation Agreement, Plaintiff

22  has agreed to produce documents and information in advance of the mediation, including, but

23  limited to, personnel records, time records and payroll records that support Plaintiff's claims as

24  alleged in the Complaint, some or all of which may constitute or contain confidential personnel,

25  financial, business and proprietary information which will be deemed confidential ("Confidential

26  Mediation Material").  Pursuant to the Mediation Agreement, Defendant has also agreed to

27  produce documents and information in advance of the mediation, including, but limited to, class

28  size and workweek wage and compensation data, policies and procedures as to implementation of

                                          1

STIPULATION AND PROTECTIVE ORDER
                                                              Case No. RG 07-335321

1  alternative workweek schedules, methods for calculating overtime, policies for vacation benefits,

2  and organizational structure data, some or all of which may constitute or contain confidential

3  personnel, financial, business and proprietary information which will also be deemed Confidential

4  Mediation Material.

5      WHEREAS, the Parties desire to protect and preserve the confidential, private, proprietary

6  and trade secret nature of all such Confidential Mediation Material; and

7      WHEREAS, the disclosure or production of any such Confidential Mediation Material by

8  the means prescribed in this Stipulation and Protective Order shall not constitute a publication of

9  any such information or a waiver of the confidentiality, right to privacy, privilege or trade secret

10  protection that may otherwise apply; and

11      WHEREAS, it appears that good cause exists for the entry of a Protective Order setting

12  forth procedures for, and rules governing, the production and use of such Confidential Mediation

13  Material by the Parties.

14      NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between

15  the Parties herein through their respective counsel of record, that a Protective Order may be

16  entered in the following respects:

17      1.    <u>SCOPE</u>

18          a.    This Protective Order shall be applicable to and limit the use or disclosure

19  of the Confidential Mediation Material disclosed by the Parties pursuant to the Mediation

20  Stipulation and shall apply in all respects to:

21              i.    The Confidential Mediation Material;

22              ii.    All information, copies, extracts and complete or partial summaries

23  prepared or derived from the Confidential Mediation Material; and

24              iii.    Portions of briefs, memoranda or any writing filed with or

25  otherwise supplied to the Mediator, which include or refer to any such

26  Confidential Mediation Material that has been designated as "Confidential."

27          b.    Defendant has asserted that the Confidential Mediation Material is

28  privileged from discovery in this action under the attorney-client, work product, right to

2

privacy, confidential proprietary and/or other applicable privileges or objections.  By this Stipulation and Protective Order, the Parties agree Defendant has not waived, and is not waiving, the protections of the attorney-client, work product, privacy, confidential proprietary and/or any other applicable privilege or objections.  Likewise, Defendant agrees Plaintiff is not waiving her objections or opposition to the assertion of the attorney-client, work product, privacy and/or other applicable privileges or objections asserted by Defendant.  Rather, the Parties intend to preserve their respective positions on these issues, and have agreed to enter into this Stipulation and Protective Order solely to facilitate the production of the Confidential Mediation Material.

## 2. DESIGNATION AS "CONFIDENTIAL"

The Confidential Mediation Material is hereby designated "Confidential" pursuant to California Code of Civil Procedure sections 1775.10 and 1775.12; Evidence Code sections 703.5, 1115-1128 and 1152; Rojas v. Superior Court (Coffin) (2004) 33 Cal.4th 407.

## 3. LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL MEDIATION MATERIAL

a.    No Confidential Mediation Material shall be disclosed by anyone receiving such Confidential Mediation Material to anyone other than those persons and Parties designated herein.  Confidential Mediation Material shall not be used, either directly or indirectly, by anyone receiving any such Confidential Mediation Material for any purpose whatsoever other than the preparation and participation in such mediation.

b.    The Confidential Mediation Material described by this Stipulation and Protective Order, and any summaries, copies, abstracts, or other documents derived in whole or in part from the Confidential Mediation Material, shall be used only for the purpose of the mediation of this action, and for no other purpose.  No Party shall disclose such Confidential Mediation Material outside of the mediation and this litigation.

c.    No Confidential Mediation Material shall be disclosed, disseminated or produced by any Party or person who has received such Confidential Mediation Material to any other person, except to the following:

3

i.    Attorneys of record for the Parties and their respective associates, paralegals, law clerks, secretaries, assistants and employees involved in the conduct of this litigation. Confidential Mediation Material can be reviewed by or disclosed to Plaintiff and putative class members, but no copies thereof shall be made or provided to Plaintiff or putative class members.

ii.    Outside consultants retained by any Party for the purpose of preparing or assisting in the mediation of this litigation, and their respective clerks and employees involved in assisting them in the mediation of this litigation, to the extent deemed necessary by counsel.

iii.    Any person who was involved in the preparation of the document or who lawfully received or reviewed the document or to whom the Confidential Mediation Material has previously been made readily available other than by the one receiving such Confidential Mediation Material in connection with this litigation.

iv.    The mediator and the mediator's staff.

v.    Any other person with the prior written consent of the Party who has produced such Confidential Mediation Material, or pursuant to Court Order.

d.    The Parties shall be entitled to protect the identity of their consultants. Accordingly, if a Party reveals information to any person described in subparagraph 3(c)(ii) who the Party retains as a consultant, then the Party need only notify each other Party, within one week of execution and prior to actual production of the Confidential Mediation Material, that such individual has executed an Acknowledgment and Agreement, but need not divulge the name of the individual executing the Acknowledgment and Agreement and need not serve a copy of the Acknowledgement and Agreement on any other Party at that time, but shall retain the Acknowledgement and Agreement executed by such consultant.

e.    The Parties and their respective attorneys, as defined above, consultants, and experts, will treat any and all information, copies, extracts and complete or partial

STIPULATION AND PROTECTIVE ORDER

Case No. RG 07-335321

summaries of information, copies, extracts and complete or partial summaries of information derived from the Confidential Mediation Materials, as Confidential Mediation Materials pursuant to this Protective Order.

    f.    The substance or content of Confidential Mediation Material as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth above.

## 4.   USE OF OWN DOCUMENTS BY PRODUCING PARTY

Nothing in this Protective Order shall limit the use by any Party, counsel or person of its own documents or information, even if such documents or information have been designated as Confidential Mediation Material.

## 5.   APPLICATION TO COURT

    a.    This Protective Order shall not preclude or limit any Party's right to subsequently propound discovery which may include requests for production of documents or information that was previously exchanged as Confidential information for purposes of mediation. The producing party preserves all objections to said discovery requests on any ground which would be otherwise available.

    b.    The Parties hereto, their counsel and all other persons who receive Confidential Mediation Material pursuant hereto, agree that any Party or other person injured by a violation of this Protective Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy. In the event any person shall violate or threaten to violate any terms of this Protective Order, the Parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. In the event that aggrieved party shall do so, the respondent person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law. All persons subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over it and them for the purpose of ordering and enforcing this Protective Order. The remedies set forth in

1    this subparagraph hereof are not exclusive to any other remedies that an aggrieved party

2    may elect to pursue.

3        c.    Furthermore, by requesting the Court to enter this Protective Order and

4    submitting to the jurisdiction of this Court for enforcement of any violations of this

5    Protective Order, the Parties hereby agree that neither Party will be waiving whatever

6    right it may have to proceed with binding arbitration.

7        d.    The Parties hereby agree that this Stipulation and Protective Order will be

8    enforceable as to each party regardless of whether the Court executes this document.

9    6.    **AGREEMENT TO COOPERATE**

10   This Protective Order is entered for the purpose of facilitating the exchange of

11   Confidential Mediation Material between the Parties solely in connection with mediation of this

12   action without involving the Court unnecessarily in the mediation process.  Accordingly, the

13   Parties hereto and their respective attorneys of record agree to cooperate, meet and confer in good

14   faith to ensure that the purposes of this Protective Order are achieved and facilitated.

15   7.    **NO ADMISSIONS**

16   Neither entering into this Stipulation and Protective Order, nor receiving any documents

17   or other information designated as "Privileged or Confidential" shall be construed as an

18   agreement or admission of any kind.

19   8.    **MODIFICATION – FURTHER AGREEMENT(S)**

20   Nothing contained herein shall restrict the power of the Court to modify this Protective

21   Order or any term hereof in the interest of justice or for good cause shown.  Additionally, nothing

22   contained herein shall preclude any Party or counsel from seeking modification of this Stipulation

23   and Protective Order from the Court upon proper notice to all other Parties, nor shall it preclude

24   any of the Parties from entering into other written agreements designed to protect Confidential

25   Mediation Material.

26   9.    **SURVIVAL OF ORDER – RETURN OF DOCUMENTS**

27       a.    The provisions of this Protective Order shall continue in effect until

28   otherwise ordered by the Court after notice and opportunity to be heard is afforded to the

6

Parties and their counsel in this action. The final determination or settlement of this litigation shall not relieve any person or Party who has received Confidential Mediation Material or agreed to be bound by the terms of this Protective Order of the obligations provided hereunder. The Court shall retain jurisdiction after such final determination or settlement to enforce and implement the provisions of this Protective Order.

b.      Except as provided in subparagraph (c) herein below, upon entry of final termination of mediation, each Party or person subject to the terms of this Protective Order by reason of receipt of Confidential Mediation Material for any party shall either destroy or return to the Party from whom the information was received all documents and things designated as containing Confidential Mediation Material and shall certify under penalty of perjury within fifteen (15) days of written request by the other party, the destruction or return of all Confidential Mediation Material in writing. The return or destruction of such Confidential Mediation Material shall not relieve any Parties or persons from the obligations imposed by this Protective Order.

c.      At the conclusion of this litigation, counsel for each Party may retain a record, including the following, irrespective of whether or not Confidential Information of another party or of a third party is included: its correspondence file of this case, its pleadings file (including all briefs, memoranda, affidavits, and all papers served by/upon the party represented), and any briefs and appendix on appeal and all legal research memoranda.

## 10.    COUNTERPARTS

This Stipulation and Protective Order may be executed in counterparts and shall be deemed fully executed when each Party has signed and transmitted a counterpart to the other. All counterparts taken together shall constitute a single agreement. A facsimile signature shall have the some force and effect of an original signature.

///

///

///

7

1    IT IS SO STIPULATED

2

3    Dated: November 1, 2007

4
                                CHAVEZ & GERTLER LLP
5

6
                                By: _____
7                                    Jonathan E. Gertler
                                     Attorney for Plaintiff
8                                    Gloria Jimenez

9

10   Dated: November 1, 2007

11
                                SCHNEIDER & WALLACE
12

13                              By: _____
                                     Joshua Konecky
14                                   Attorney for Plaintiff
                                     Gloria Jimenez
15

16

17   Dated: November 1, 2007

18
                                JACKSON LEWIS LLP
19

20                              By: _____
                                     JoAnna L. Brooks
21                                   Anne V. Leinfelder
                                     Attorneys for Defendant
22                                   PEROT SYSTEMS CORPORATION,
                                     a Delaware Corporation
23

24

25

26

27

28

                                      8

STIPULATION AND PROTECTIVE ORDER

                                                        Case No. RG 07-335321

1

## PROTECTIVE ORDER

2   Upon review of the Stipulation entered into by and between the Parties in the above-

3   referenced action, and good cause appearing therefor,

4   IT IS HEREBY ORDERED that the foregoing Stipulation and Protective Order is hereby

5   approved and the Parties and all persons are required to act in compliance therewith.

6

7

8   Dated: _____, 2007

9                                    _____
                                     The Honorable Robert Freedman
                                     Judge of the Superior Court
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER                                    Case No. RG 07-335321

1

2

## EXHIBIT "A"

3

## ACKNOWLEDGMENT AND AGREEMENT

4
    The undersigned has received a copy of the Stipulation and Protective Order dated

5
_____, 2007, and hereby agrees to be bound by the terms of the Protective

6
Order.

7

8    Dated: _____    _____

9                                                                (Name)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

STIPULATION AND PROTECTIVE ORDER                                    Case No. RG 07-335321

*EXHIBIT 9*

JOANNA L. BROOKS (State Bar #182986)
ANNE V. LEINFELDER (State Bar #230272)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Telephone    415.394.9400
Facsimile    415.394.9401

Attorneys for Defendant
PEROT SYSTEMS CORPORATION, a Delaware
corporation

ENDORSED
FILED
ALAMEDA COUNTY

NOV 0 2 2007

CLERK OF THE SUPERIOR COURT
By ___HOLLIE M. ADAMIC___
                              Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

| | |
|---|---|
| GLORIA JIMENEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50,<br><br>Defendants. | Case No. RG 07-335321<br><br>**PROTECTIVE ORDER APPROVING STIPULATION**<br><br><br>Complaint Filed:    July 12, 2007<br>Trial Date:           None Set |

///
///
///
///
///
///
///
///
///
///

1

PROTECTIVE ORDER APPROVING STIPULATION                              Case No. RG 07-335321

## PROTECTIVE ORDER

Upon review of the Stipulation for Protective Order entered into by and between the Parties in the above-referenced action, filed on November 1, 2007, and good cause appearing therefor,

IT IS HEREBY ORDERED that the Stipulation for Protective Order, filed on November 1, 2007, is hereby approved and the Parties and all persons are required to act in compliance therewith.

Dated: _Nov. 2_, 2007

_____
The Honorable Robert Freedman
Judge of the Superior Court

PROTECTIVE ORDER APPROVING STIPULATION

2

Case No. RG 07-335321

*EXHIBIT 10*

*5701105*

1    CHAVEZ & GERTLER LLP
      JONATHAN E. GERTLER (Bar No. 111531)
2    JOSEPH R. IGELMUND (Bar No. 52493)
      42 Miller Avenue, Mill Valley, CA  94941
3    Tel:  (415) 381-5599 Fax:  (415) 381-5572

4

5    TODD M. SCHNEIDER (Bar No. 158253)
      JOSHUA G. KONECKY (Bar No. 182897)
      CHRISTIAN SCHREIBER (Bar No. 245597)
6    SCHNEIDER & WALLACE
7    180 Montgomery Street, Suite 2000
      San Francisco, CA 94104
8    Tel:  (415) 421-7100 Fax:  (415) 421-7105

9    RICARDO DE ROSA (Bar No. 221226)
      LAW OFFICES OF RICARDO DE ROSA
10   6640 Brook Falls Circle
      Stockton, California, 95219
11   Tel:  (209) 345-7077 Fax:· (209) 476-0443

12   Attorneys for Plaintiff GLORIA JIMENEZ
      And the Proposed Plaintiff Class
13

14

15            SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                  COUNTY OF ALAMEDA

17                 UNLIMITED JURISDICTION

18   GLORIA JIMENEZ, individually, and on    )   Case No:  RG07-335321
      behalf of all others similarly situated,        )
19                                    )
                      Plaintiff,          )   [PROPOSED] COMPLEX CASE
20                                    )   MANAGEMENT ORDER
21         vs.                        )   Dept· 20
                                   )                    BY FAX
22   PEROT SYSTEMS CORPORATION, a      )
      Delaware Corporation; and DOES 1 to 50,  )
23                                    )
                  Defendants        )
24                                    )
25                                    )
26                                    )
27                                    )
28

FILED
ALAMEDA COUNTY

NOV 0 9 2007

CLERK OF THE SUPERIOR COURT
By _Hollie M Adamie_
               Deputy

1    An initial complex case management conference was held on November 1, 2007.  Joshua

2  Konecky appeared on behalf of Plaintiff Gloria Jimenez and the putative class and Anne

3  Leinfelder appeared on behalf of Defendant Perot Systems Corporation.

4    Good cause appearing, the Court hereby CONTINUES the Case Management Conference

5  to January 24, 2008 at 2:00 PM in Department 20.  Case Management Statements shall be filed

6  by January 17, 2008.

7    IT IS SO ORDERED.

8

9  Dated: November 9, 2007

10

11                                  _____

12                                  The Honorable Robert B. Freedman

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
        [PROPOSED] COMPLEX CASE MANAGEMENT ORDER
        Jimenez v. Perot Systems Corp., Case No. RG07-335321
                                1

*EXHIBIT 11*


*6516221*

1   CHAVEZ & GERTLER LLP
    JONATHAN E. GERTLER (Bar No. 111531)
2   JOSEPH R. IGELMUND (Bar No. 52493)
    42 Miller Avenue, Mill Valley, CA  94941
3   Tel: (415) 381-5599 Fax:  (415) 381-5572

4
    TODD M. SCHNEIDER (Bar No. 158253)
5   JOSHUA G. KONECKY (Bar No. 182897)
    CHRISTIAN SCHREIBER (Bar No. 245597)
6   SCHNEIDER & WALLACE
7   180 Montgomery Street, Suite 2000
    San Francisco, CA 94104
8   Tel: (415) 421-7100 Fax: (415) 421-7105

9
    RICARDO DE ROSA (Bar No. 221226)
10  LAW OFFICES OF RICARDO DE ROSA
    6640 Brook Falls Circle
11  Stockton, California, 95219
    Tel: (209) 345-7077 Fax: (209) 476-0443
12

13  Attorneys for Plaintiff GLORIA JIMENEZ
    and the Proposed Plaintiff Class
14

15             SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                         COUNTY OF ALAMEDA

17                        UNLIMITED JURISDICTION         BY FAX

18
    GLORIA JIMENEZ, individually, and on      )   RG07335321
19  behalf of all others similarly situated,   )
                                                )
20                                              )   CLASS ACTION
                     Plaintiff,                 )
21                                              )   STIPULATION AND [PROPOSED]
                  vs.                           )   PROTECTIVE ORDER
22                                              )   REGARDING DISCLOSURE OF
                                                )   CONFIDENTIAL DOCUMENTS
23  PEROT SYSTEMS CORPORATION, a                )
    Delaware Corporation; and DOES 1 to 50,    )
24                                              )
                     Defendants.                )
25                                              )
                                                )
26                                              )
                                                )
27                                              )
                                                )
28  _____)

FILED
ALAMEDA COUNTY

MAR 21 2008

CLERK OF THE SUPERIOR COURT
By _____ Deputy

1    Defendant Perot Systems Corporation ("Defendant") and Plaintiff Gloria Jimenez

2  ("Plaintiff") (collectively referred to herein as the "Parties") stipulate and agree to the following:

3    1.    "Receiving Party" means any party to the above-entitled action who may receive

4  any Confidential Information, as defined pursuant to paragraph 3 below.

5    2.    "Producing Party" means any person, whether or not a party to the above-entitled

6  action, who produces Confidential Information, as defined pursuant to paragraph 3.

7    3.    "Confidential Information" means any document, testimony, or other information

8  designated as "CONFIDENTIAL" by the Producing Party, and may include information that the

9  Producing Party may contend contains confidential business or technical information, proprietary

10  information, trade secrets, or other information considered by the Producing Party in good faith to

11  be confidential.

12    4.    This Protective Order shall apply to all documents, things, and information

13  designated as CONFIDENTIAL and produced by any party during the course of discovery and/or

14  at the time of trial, and all copies, excerpts, derivatives, or summaries thereof, including, without

15  limitation, documents produced, answers to requests for admissions, answers to interrogatories,

16  documents subpoenaed or produced in connection with deposition testimony, and deposition

17  transcripts (hereinafter referred to collectively as "Discovery Materials").

18    5.    Any party may designate as "CONFIDENTIAL" any Discovery Materials which

19  may contain Confidential Information, the disclosure of which to or by the Receiving Party

20  would, in the good faith judgment of the Producing Party, contains secret, proprietary, private, or

21  confidential information.

22    6.    Any party may designate information and/or documents as CONFIDENTIAL by so

23  indicating:

24    a.    in a discovery response if the discovery response is produced by the party wishing

25  to designate information;

26    b.    by stamping or affixing the appropriate legend "CONFIDENTIAL" on the face of

27  the document and on each page or portion thereof so designated. Any such designation shall

28

SCHNEIDER
& WALLACE

STIPULATION & [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321, Page 1

1  subject the document, its contents, and any portion thereof, to this Protective Order without any

2  further act on the party of the designating party;

3      c.    via written notification to the opposing party's counsel within thirty (30) calendar

4  days of receipt of discovery responses or documents from the opposing party so designating the

5  specific responses by number and/or documents by Bates number or Bates range;

6      d.    on the record at the deposition and, if preferred, requesting the preparation of a

7  separate transcript of such material; or

8      e.    via written notification to the opposing party's counsel within ten (10) calendar days

9  after receipt of the final deposition transcript specifying the pages of the transcript, exhibits

10  and/or videotape to be so designated. Until the above-referenced 10-day period expires, the

11  complete deposition transcript (including exhibits) and videotape of any depositions shall be

12  treated as material unless otherwise specified in writing or on the record of the deposition by the

13  designating party. All copies of deposition transcripts that contain CONFIDENTIAL material

14  shall be prominently marked CONFIDENTIAL on the cover thereof and on each page that

15  contains CONFIDENTIAL material and, if submitted with the Court, the portions of such

16  transcripts shall be so designated as well.

17      7.    The designation of Discovery Materials as CONFIDENTIAL, pursuant to this

18  Protective Order, shall not be construed as a concession by any party that such information is

19  relevant or material to any issue or is otherwise discoverable or admissible as evidence.

20      8.    The parties recognize that any documents produced as CONFIDENTIAL pursuant

21  to the terms of the Stipulated Protective Order entered into by the parties for purposes of

22  mediation will, subject to ¶¶ 17-18, also be treated as CONFIDENTIAL pursuant to the terms of

23  this Protective Order and that it will not be necessary to re-produce and re-label such documents

24  in response to formal discovery requests. For all documents produced as CONFIDENTIAL prior

25  to the execution of the Stipulated Protective Order, the deadlines set forth in ¶¶17-18 of this

26  Agreement will begin to run from the date of the entry of order by the Court approving this

27  Agreement, and the Receiving Party will have twenty (20) court days to challenge any previous

28  designation of CONFIDENTIAL for these documents.

SCHNEIDER
& WALLACE

9.    Each party that designates information or items for protection under this order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g. to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this order.

10.    All CONFIDENTIAL Discovery Materials received by any party, and the information contained therein, may be provided by the Receiving Party only to the following persons, except upon the prior written consent of the Producing Party or upon further Order of this Court:

a.    Any individually named party;

b.    Any persons employed by any corporate defendant and who has authority to make strategic decisions regarding this litigation;

c.    Counsel of record for the Receiving Party, including employees of said counsel;

d.    Any experts or consultants retained by the Receiving Party or by its counsel of record, including secretarial and clerical personnel to said experts and/or consultants, as set forth in paragraphs 12 and 13 of this Protective Order;

e.    The authors, senders, addressees, and designated copy recipients of the CONFIDENTIAL Discovery Materials;

f.    Any other person whom the parties may later agree in writing will be bound by the terms of this Protective Order, including a third party (who is not employed by a known competitor) who may arrange for copying of documents pursuant to this Protective Order; and

g.    The Court and Court personnel, including stenographic reporters, and the jury for the trial of this matter.

SCHNEIDER
& WALLACE

STIPULATION & [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321. Page 3

11.  All CONFIDENTIAL Discovery Materials shall be used by the Receiving Party only for purposes directly related to discovery, preparation for trial, and/or trial in this action and for no other purpose.  CONFIDENTIAL Discovery Materials shall not be disclosed by the Receiving Party to any person, entity, or governmental agency or otherwise made public except in compliance with the terms of this Protective Order.  Counsel for the Receiving Party shall ensure that each of the attorneys and/or other individuals associated with them by employment or otherwise in the handling of this action has read and become thoroughly familiar with the terms of this Protective Order.

12.  Prior to the disclosure of any CONFIDENTIAL Discovery Materials, counsel for the Receiving Party shall serve upon such expert and/or consultant a copy of this Protective Order.  Additionally, each expert and/or consultant shall sign an Agreement to be Bound by Protective Order, the form of which is attached hereto, to be retained by the Receiving Party's counsel.  Upon noticed motion, and with a showing of good cause, the Producing Party may request that the identities of the experts and/or consultants to whom its CONFIDENTIAL Discovery Materials were disclosed be disclosed to the Producing Party.  Any disclosure of the identities of experts and/or consultants compelled by any order entered pursuant to such a motion shall not be deemed a waiver of the attorney-client privilege or attorney work-product doctrine.

12.  Each person to whom disclosure of CONFIDENTIAL Discovery Materials is made in accordance with paragraph 9(d) or 9(f), above, of this Protective Order must consent in writing to be bound by the terms of this Protective Order by signing the Agreement to be Bound by Protective Order, and to be subject to the jurisdiction of this Court for appropriate proceedings in the event of any violation or alleged violation of this Protective Order.  Counsel of record for all parties, including employees of such counsel, are deemed to be bound by the terms of this Protective Order and to be subject to the jurisdiction of this Court for appropriate proceedings in the event of any violation or alleged violation of this Protective Order.

13.  The parties, their counsel, and consultants, experts and/or others to whom CONFIDENTIAL Discovery Materials are disclosed shall at all times keep secure all notes, abstractions, or other work product derived from or containing CONFIDENTIAL Discovery

SCHNEIDER
& WALLACE

STIPULATION & [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321, Page 4

1  Materials; shall be obligated to maintain the confidentiality of such notes, abstractions, or other

2  work product; and shall not disclose or reveal the contents of said notes, abstractions, or other

3  work product after the CONFIDENTIAL Discovery Materials from which they were derived

4  have been returned or destroyed pursuant to paragraph 22, below, of this Protective Order.

5  Similarly, parties' counsel, consultants, and experts to whom HIGHLY CONFIDENTIAL

6  Discovery Materials are disclosed shall at all times keep secure all notes, abstractions, or other

7  work product derived from or containing Discovery Materials; shall be obligated to maintain the

8  confidentiality of such notes, abstractions, or other work product' and shall not disclose or reveal

9  the contents of said notes, abstractions or to her work product after the Discovery materials from

10  which they were derived have been returned or destroyed pursuant to paragraph 22, below of this

11  Protective Order.

12      14.    Nothing in this Order shall be construed to prevent any party from making any

13  CONFIDENTIAL Discovery Materials part of the Court record in this action as may be deemed

14  relevant in connection with any pretrial motion or at the trial of this action, provided, however,

15  that the confidentiality of such CONFIDENTIAL Discovery Materials shall be protected to the

16  greatest extent possible in conformance with this Protective Order.  Any party who files or

17  intends to file with the Court CONFIDENTIAL Discovery Materials, and does not intend to

18  request to have the Discovery Materials sealed, must comply with the notice and lodging

19  procedures set forth in Rule 2.551 of the California Rules of Court to file and lodge any

20  documents containing CONFIDENTIAL material under seal.

21      15.    Nothing in this Protective Order shall be interpreted to prohibit or prevent the

22  Producing Party from using or discussing its own CONFIDENTIAL Discovery Materials in any

23  way it sees fit to so use or discuss.

24      16.    Nothing in this Protective Order shall be interpreted to require disclosure of

25  Discovery Materials, which the Producing Party contends are protected from disclosure by the

26  attorney-client privilege or the attorney work-product doctrine.

27      17.    The following procedures shall apply to any disputes arising from the

28  CONFIDENTIAL designation of Discovery Materials subject to this Protective Order:

SCHNEIDER
& WALLACE

STIPULATION & [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321, Page 5

1   a. If the Receiving Party in good faith disagrees with a CONFIDENTIAL designation,

2 the Receiving Party shall inform counsel for the Producing Party in writing of the disagreement

3 within a reasonable time, not exceeding ten (10) court days of the Receiving Party's receipt of the

4 designated Discovery Materials, unless an alternative deadline has been agreed to by the parties;

5   b. Written notification pursuant to paragraph 17(a), above, shall include identification

6 of the Discovery Materials at issue with particularity and a statement of the grounds upon which

7 the CONFIDENTIAL designation is contested;

8   c. Upon receipt of written notification that the Receiving Party disagrees with a

9 CONFIDENTIAL designation, counsel will confer in an effort to resolve the dispute without

10 Court intervention;

11   d. If the dispute is not resolved within twenty (20) court days of the Producing Party's

12 receipt of the Receiving Party's written notification, unless an alternative deadline has been

13 agreed to by the parties, the designating party shall file a motion for a protective order or other

14 such request (if the court procedures permit or prefer resolution of such disputes means other than

15 a fully noticed motion) to preserve the confidentiality of the material. If the designating party

16 does not bring the motion or request within the time period stated above, then the material shall

17 no longer be designated as CONFIDENTIAL. The burden at all times shall be on the Producing

18 Party to establish the basis for the CONFIDENTIAL designation claimed.

19   18. All Discovery Materials designated as CONFIDENTIAL shall retain that

20 designation and shall remain subject to the terms of this Protective Order until such time as the

21 Court renders a decision or the parties agree that a particular DISCOVERY MATERIAL is not

22 subject to this Protective Order and/or that the CONFIDENTIAL designation pertaining thereto

23 should be modified or vacated, and any and all proceedings or interlocutory appeals challenging

24 such decision have been concluded.

25   19. Counsel for the Receiving Party or other individuals identified in paragraph 9,

26 above, of this Protective Order are restrained from using, disclosing, or otherwise divulging the

27 CONFIDENTIAL Discovery Materials produced by the Producing Party, as well as any

28

SCHNEIDER
& WALLACE

STIPULATION & [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321, Page 6

1   information derived from such material, in the prosecution or defense of any case other than the

2   above-entitled action.

3       20.    Within forty-five (45) days after the entry of a final judgment in the above-entitled

4   action, including resolution of appeals or petitions for review, all Discovery Materials which have

5   been designated as CONFIDENTIAL pursuant to this Protective Order, and all copies thereof,

6   including but not limited to those in possession of counsel for the Receiving Party and in the

7   possession of the person(s) executing the form(s) provided for in paragraph 9, above, of this

8   Protective Order, excluding excerpts incorporated into any privileged or work product materials

9   of the parties, and excepting such materials which have become a part of the record in the action,

10  shall be returned to counsel for the Producing Party. Privileged or work product materials into

11  which CONFIDENTIAL Discovery Materials have been incorporated, and/or CONFIDENTIAL

12  Discovery Materials which have been annotated, highlighted, interlined or otherwise marked so

13  as to indicate or reveal the thought processes or work product of counsel, may be (a) destroyed no

14  later than forty-five (45) days following the entry of a final judgment in the above-entitled action,

15  including resolution of appeals or petitions for review, or (b) retained by counsel, subject to the

16  provisions of this Protective Order. Written notice of the election of either destruction or

17  retention shall be given to counsel for the Producing Party no later than forty-five (45) days

18  following the entry of a final judgment in the above-entitled action, including resolution of

19  appeals or petitions for review.

20      21.    The inadvertent or unintentional production of Discovery Materials containing, or

21  otherwise disclosing, confidential, privileged, private, proprietary, or trade secret information

22  without being designated CONFIDENTIAL at the time of production or disclosure shall not be

23  deemed a waiver in whole or in part of the claim of confidentiality or privilege, either as to the

24  specific information disclosed or as to any other information relating thereto on the same or

25  related subject matter. Any issue of waiver, to the extent contested by the parties, shall be

26  determined by this Court. Any error in designation shall be corrected as soon as reasonably

27  possible after the Producing Party becomes aware of the error.

28

SCHNEIDER
& WALLACE

STIPULATION & [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321. Page 7

22.    Unless otherwise agreed to in writing by the parties or ordered by this Court, this

Protective Order shall remain in effect after the final resolution of this dispute by any means, and

this Court shall retain jurisdiction to enforce this Protective Order.

23.    Any Party may apply to this Court, upon written notice, in accordance with the

Rules of this Court, for an order amending, modifying, or vacating this Protective Order.

IT IS SO STIPULATED

Dated:  March 20, 2008

                              CHAVEZ & GERTLER LLP

                              SCHNEIDER AND WALLACE

                              LAW OFFICES OF RICARDO DE ROSA


                              By:    _____
                                     Joshua Konecky
                                     Attorney for Plaintiff
                                     Gloria Jimenez

Dated:  March 20 , 2008

                              JACKSON LEWIS LLP

                              By:    _____
                                     JoAnna L. Brooks
                                     Anne V. Leinfelder
                                     Attorney for Defendant
                                     PEROT SYSTEMS CORPORATION,
                                     a Delaware Corporation

SCHNEIDER
& WALLACE

STIPULATION & [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
Jimenez v. Perot Systems Corp., Case No. RG07 335321, Page 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

SCHNEIDER
& WALLACE

STIPULATION & PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321

1

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

2

3          I acknowledge my understanding that Confidential Documents and/or Discovery Materials,
4   as defined in the Protective Order Regarding Disclosure of Confidential Documents entered in the
    matter of *Jimenez v. Perot Systems Corp.*, Case No. RG07-335321, Superior Court of California,
5   County of Alameda, are being provided to me pursuant to the terms and conditions of such
6   Protective Order.  My signature below constitutes an acknowledgment that I have read the
    Protective Order and agree to be bound by its terms and conditions.
7

8

9

10  Signed: _____

11

12  Printed Name: _____

13

14  Date: _____

15

16

17

18  Witness: _____

19

20  Printed Name: _____

21

22

23

24

25

26

27

28

SCHNEIDER
& WALLACE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROTECTIVE ORDER

Upon review of the foregoing Stipulation regarding disclosure of confidential documents by and between the Parties in the above referenced action, and good cause appearing therefore,

IT IS HEREBY ORDERED that the foregoing Stipulation and Protective Order is hereby approved and the Parties and all persons are required to act in compliance therewith.

Dated: _____, 2008

_____
The Honorable Robert Freedman
Judge of the Superior Court

SCHNEIDER
& WALLACE

STIPULATION & PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

*Jimenez, et al. v Perot Systems Corp*, Case No. RG07-335321

I am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within entitled action; my business address is 180 Montgomery Street, Suite 2000, San Francisco, CA 94104.

On March 21, 2008, I served the following document(s) described as:

- **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS**

**BY U.S. MAIL:** I served the said document(s) on the interested parties by placing true copies thereof enclosed in sealed envelopes and /or packages, and deposited in the mail with the postage thereon fully prepaid addressed as follows:

Joanna L. Brooks
Tim Travelstead
Anne V. LeinFelder
**JACKSON LEWIS, LLP**
199 Fremont St, 10th Floor
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on March 21, 2008, at San Francisco, California.

Mildred De La Rosa

*EXHIBIT 12*

1  JOANNA L. BROOKS (State Bar #182986)
   ANNE V. LEINFELDER (State Bar #230272)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, CA  94105
   Telephone    415.394.9400
4  Facsimile:    415.394.9401

5  Attorneys for Defendant
   PEROT SYSTEMS CORPORATION

6

7

ENDORSED
FILED
ALAMEDA COUNTY

MAR 2 1 2008

CLERK OF THE SUPERIOR COURT
By ___HOLLIE M. ADAMIC___
                            Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10

11  GLORIA JIMENEZ, individually, and on behalf     Case No. RG 07-335321
    of all others similarly situated,
12                                                   [~~PROPOSED~~] ORDER RE COMPLEX
13                  Plaintiff,                       CASE MANAGEMENT CONFERENCE

14         v.

15  PEROT SYSTEMS CORPORATION, a
    Delaware Corporation; and DOES 1 to 50,
16                                                   Complaint Filed:    July 12, 2007
                    Defendants.                      Trial Date:         None Set
17

18

19

20

21

22

23

24

25

26

27

28

1

1    A Case Management Conference was held on Friday February 22, 2008. Jonathan Gertler

2    and Joshua Konecky appeared on behalf of Plaintiff Gloria Jimenez. JoAnna Brooks appeared on

3    behalf of Defendant, Perot Systems Corporation. After a review of the case, the Court hereby

4    orders the following:

5    A further Case Management Conference is set for April 18, 2008 at 10:00 a.m. in

6    Department 20. The parties shall file a joint case management statement five (5) calendar days

7    prior to the conference as scheduled.

8    IT IS SO ORDERED.

9

10   Dated: MAR 2 1 2008 _____, 2008

11                                                  ROBERT FREEDMAN

                                                    The Honorable Robert Freedman
12                                                  Judge of the Superior Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER REGARDING COMPLEX CASE MANAGEMENT CONFERENCE                    Case No. RG 07-335321

## PROOF OF SERVICE

I, Mary Stoner, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On March 10, 2008, I served the attached document(s):

**(PROPOSED) ORDER RE COMPLEX CASE MANAGEMENT CONFERENCE**

in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed as follows:

Jonathan E. Gertler, Esq.
Joseph R. Igelmund, Esq.
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA 94941
Telephone:    415.381.5599
Facsimile:    415.381.5572

Todd M. Schneider, Esq.
Joshua G. Konecky, Esq.
Schneider & Wallace
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:    415.421.7100
Facsimile:    415.421.7105

Ricardo De Rosa, Esq.
Law Offices of Ricardo De Rosa
6640 Brook Falls Circle
Stockton, CA 95219
Telephone:    209.345.7077
Facsimile:    209.476.0443

Daniel B. Siegel, Esq.
Law Offices of Daniel B. Siegel
2418 Woolsey Street
Berkeley, CA 94705
Telephone:    510.684.5580
Facsimile:    510.540.5840

[ X ]    <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[ ]    <u>BY HAND DELIVERY</u>:  I caused such envelope(s) to be delivered by Messenger Service to the above address.

[ ]    <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered to the above address within 24 hours by OVERNIGHT EXPRESS service.

[ ]    <u>BY FACSIMILE</u>:  I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 10, 2008 at San Francisco, California.

_Mary Stoner_
Mary Stoner

3

ORDER REGARDING COMPLEX CASE MANAGEMENT CONFERENCE                    Case No. RG 07-335321

*EXHIBIT 13*



1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  JOSEPH R. IGELMUND (Bar No. 52493)
   42 Miller Avenue, Mill Valley, CA 94941
3  Tel: (415) 381-5599 Fax: (415) 381-5572

4
   TODD M. SCHNEIDER (Bar No. 158253)
5  JOSHUA G. KONECKY (Bar No. 182897)
   CHRISTIAN SCHREIBER (Bar No. 245597)
6  SCHNEIDER & WALLACE
7  180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
8  Tel: (415) 421-7100 Fax: (415) 421-7105

9
   RICARDO DE ROSA (Bar No. 221226)
10 LAW OFFICES OF RICARDO DE ROSA
   6640 Brook Falls Circle
11 Stockton, California, 95219
   Tel: (209) 345-7077 Fax: (209) 476-0443
12

13 Attorneys for Plaintiff GLORIA JIMENEZ
   and the Proposed Plaintiff Class
14

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                         COUNTY OF ALAMEDA

17                        UNLIMITED JURISDICTION

18

19 GLORIA JIMENEZ, individually, and on      )   RG07335321
   behalf of all others similarly situated,  )
20                                           )   CLASS ACTION
                Plaintiff,                   )
21                                           )
                                             )   PROTECTIVE ORDER
22    vs.                                    )   REGARDING DISCLOSURE OF
                                             )   CONFIDENTIAL DOCUMENTS
23 PEROT SYSTEMS CORPORATION, a              )
   Delaware Corporation; and DOES 1 to 50,   )
24                                           )
                                             )
25              Defendants                   )
                                             )
26                                           )
                                             )
27                                           )
                                             )
28                                           )

FILED
ALAMEDA COUNTY

MAR 2 5 2008

CLERK OF THE SUPERIOR COURT
By Dollie M. Adams
                    Deputy

SCHNEIDER
& WALLACE

1

2

## PROTECTIVE ORDER

3      Upon review of the foregoing Stipulation regarding disclosure of confidential documents by

4   and between the Parties in the above referenced action, and good cause appearing therefore,

5      IT IS HEREBY ORDERED that the foregoing Stipulation and Protective Order is hereby

6   approved and the Parties and all persons are required to act in compliance therewith.

7

8   Dated: _March 25_, 2008

9                                                      The Honorable Robert Freedman
                                                       Judge of the Superior Court
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNEIDER
& WALLACE

STIPULATION & PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
Jimenez v. Perot Systems Corp., Case No. RG07-335321

*EXHIBIT 14*

*6485399*

D20 RQD

JOANNA L. BROOKS (State Bar #182986)
TIMOTHY C. TRAVELSTEAD (State Bar #215260)
ANNE V. LEINFELDER (State Bar #230272)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Telephone 415.394.9400
Facsimile: 415.394.9401

Attorneys for Defendant
PEROT SYSTEMS CORPORATION, a Delaware corporation

FILED
ALAMEDA COUNTY
APR - 2 2008
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

| | |
|---|---|
| GLORIA JIMENEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50,<br><br>Defendants. | Case No. RG 07-335321<br><br>**NOTICE OF ENTRY OF ORDER RE COMPLEX CASE MANAGEMENT CONFERENCE**<br><br>BY FAX<br><br>Complaint Filed: July 12, 2007<br>Trial Date: None Set |

PLEASE TAKE NOTICE that the Order Re Complex Case Management Conference was entered and filed on March 21, 2008. A true and correct copy of the Order is attached hereto as Exhibit "A".

Dated: March 31, 2008

JACKSON LEWIS LLP

By: [signature: Joanna L. Brooks]
JoAnna L. Brooks
Timothy C. Travelstead
Anne V. Leinfelder
Attorneys for Defendant
PEROT SYSTEMS CORPORATION,
a Delaware Corporation

# EXHIBIT A

1   JOANNA L. BROOKS (State Bar #182986)
2   ANNE V. LEINFELDER (State Bar #230272)
    JACKSON LEWIS LLP
3   199 Fremont Street, 10th Floor
    San Francisco, CA  94105
4   Telephone    415.394.9400
    Facsimile:    415.394.9401

5   Attorneys for Defendant
6   PEROT SYSTEMS CORPORATION

ENDORSED
FILED
ALAMEDA COUNTY

MAR 2 1 2008

CLERK Of THE SUPERIOR COURT
By   HOLLIE M. ADAMIC
                              Deputy

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
9            COUNTY OF ALAMEDA – UNLIMITED JURISDICTION
10

11   GLORIA JIMENEZ, individually, and on behalf
     of all others similarly situated,                   Case No. RG 07-335321
12
                           Plaintiff,                    [PROPOSED] ORDER RE COMPLEX
13                                                       CASE MANAGEMENT CONFERENCE
14          v.

15   PEROT SYSTEMS CORPORATION, a
     Delaware Corporation; and DOES 1 to 50,
16                                                       Complaint Filed:    July 12, 2007
                           Defendants.                   Trial Date:         None Set
17

18

19

20

21

22

23

24

25

26

27

28

                                          1
ORDER REGARDING COMPLEX CASE MANAGEMENT CONFERENCE
                                                              Case No. RG 07-335321

1       A Case Management Conference was held on Friday February 22, 2008. Jonathan Gertler

2 and Joshua Konecky appeared on behalf of Plaintiff Gloria Jimenez. JoAnna Brooks appeared on

3 behalf of Defendant, Perot Systems Corporation. After a review of the case, the Court hereby

4 orders the following:

5       A further Case Management Conference is set for April 18, 2008 at 10:00 a.m. in

6 Department 20. The parties shall file a joint case management statement five (5) calendar days

7 prior to the conference as scheduled.

8       IT IS SO ORDERED.

9

10  Dated: **MAR 2 1 2008** _____, 2008

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           ROBERT FREEDMAN
                                   The Honorable Robert Freedman
                                 Judge of the Superior Court

ORDER REGARDING COMPLEX CASE MANAGEMENT CONFERENCE        Case No. RG 07-335321

1

## PROOF OF SERVICE

2     I, Mary Stoner, declare that I am employed with the law firm of Jackson Lewis LLP,

3 whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4 age of eighteen (18) years and am not a party to this action.

5     On March 10, 2008, I served the attached document(s):

6

### (PROPOSED) ORDER RE COMPLEX CASE MANAGEMENT CONFERENCE

7

8 in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

9 as follows:

10 Jonathan E. Gertler, Esq.
Joseph R. Igelmund, Esq.

11 Chavez & Gertler LLP
42 Miller Avenue

12 Mill Valley, CA 94941
Telephone:  415.381.5599

13 Facsimile:  415.381.5572

    Todd M. Schneider, Esq.
Joshua G. Konecky, Esq.
Schneider & Wallace
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:  415.421.7100
Facsimile:  415.421.7105

14 Ricardo De Rosa, Esq.
Law Offices of Ricardo De Rosa

15 6640 Brook Falls Circle
Stockton, CA 95219

16 Telephone:  209.345.7077
Facsimile:  209.476.0443

    Daniel B. Siegel, Esq.
Law Offices of Daniel B. Siegel
2418 Woolsey Street
Berkeley, CA 94705
Telephone:  510.684.5580
Facsimile:  510.540.5840

17 [ X ]   <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with the postage

18 thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

19 [   ]   <u>BY HAND DELIVERY</u>:  I caused such envelope(s) to be delivered by Messenger Service

20 to the above address.

21 [   ]   <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered to the above address within 24 hours by OVERNIGHT EXPRESS service.

22 [   ]   <u>BY FACSIMILE</u>:  I caused such documents to be transmitted by facsimile to the

23 telephone number(s) indicated above.

24     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25

26     Executed on March 10, 2008 at San Francisco, California.

27

28

*Mary Stoner*
Mary Stoner

3

ORDER REGARDING COMPLEX CASE MANAGEMENT CONFERENCE

Case No. RG 07-335321

1

## PROOF OF SERVICE

2       I, Mary Stoner, declare that I am employed with the law firm of Jackson Lewis LLP,

3   whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4   age of eighteen (18) years and am not a party to this action.

5       On April 2, 2008, I served the attached document(s):

6   **NOTICE OF ENTRY OF ORDER RE COMPLEX CASE
    MANAGEMENT CONFERENCE**

7

8   in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

    as follows:

9

10  Jonathan E. Gertler, Esq.                Todd M. Schneider, Esq.
    Joseph R. Igelmund, Esq.             Christian Schreiber, Esq.
    Chavez & Gertler LLP                  Joshua G. Konecky, Esq.

11  42 Miller Avenue                       Schneider & Wallace
    Mill Valley, CA 94941             180 Montgomery Street, Suite 2000

12  Telephone:   415.381.5599       San Francisco, CA 94104
    Facsimile:    415.381.5572       Telephone:   415.421.7100

13                                          Facsimile:    415.421.7105

14  Ricardo De Rosa, Esq.
    Law Offices of Ricardo De Rosa

15  6640 Brook Falls Circle
    Stockton, CA 95219

16  Telephone:   209.345.7077
    Facsimile:    209.476.0443

17

18  [ X ]  **BY MAIL:**  United States Postal Service by placing sealed envelopes with the postage
    thereon fully prepaid, placed for collection and mailing on this date, following ordinary
    business practices, in the United States mail at San Francisco, California.

19

20  [   ]  **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by Messenger Service
    to the above address.

21  [   ]  **BY OVERNIGHT DELIVERY:**  I caused such envelope(s) to be delivered to the above
    address within 24 hours by OVERNIGHT EXPRESS service.

22

23  [   ]  **BY FACSIMILE:**  I caused such documents to be transmitted by facsimile to the
    telephone number(s) indicated above.

24      I declare under penalty of perjury under the laws of the State of California that the above

25  is true and correct.

26      Executed on April 2, 2008 at San Francisco, California.

27

28                             *Mary Stoner*
                                      Mary Stoner

2

*EXHIBIT B*

1　JOANNA L. BROOKS (State Bar #182986)
　　TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2　ANNE V. LEINFELDER (State Bar #230272)
　　JACKSON LEWIS LLP
3　199 Fremont Street, 10th Floor
　　San Francisco, CA 94105
4　Telephone    415.394.9400
　　Facsimile:    415.394.9401
5
　　Attorneys for Defendant
6　PEROT SYSTEMS CORPORATION, a Delaware
　　corporation
7

8　　　　　　　SUPERIOR COURT OF THE STATE OF CALIFORNIA

9　　　　　　　COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10

11　GLORIA JIMENEZ, individually, and on behalf　　Case No. RG 07-335321
　　of all others similarly situated,
12
　　　　　　　　　　　Plaintiff,
13
　　　　v.　　　　　　　　　　　　　　　　NOTICE TO ADVERSE PARTIES OF
14　　　　　　　　　　　　　　　　　　　　REMOVAL TO FEDERAL COURT

15　PEROT SYSTEMS CORPORATION, a
　　Delaware Corporation; and DOES 1 to 50,
16
　　　　　　　　　　Defendants.
17

18　　　**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

19　　　　　<u>PLEASE TAKE NOTE THAT</u> a Notice of Removal of this action was filed in the United

20　States District Court for the Northern District of California on May 23, 2008.  A copy of said

21　Notice of Removal is attached to this Notice, and is served and filed herewith.

22

23　Dated: May 23, 2008
　　　　　　　　　　　　　　JACKSON LEWIS LLP
24

25　　　　　　　　　　　By: _____
26　　　　　　　　　　　　　JoAnna L. Brooks
　　　　　　　　　　　　　　Timothy C. Travelstead
27　　　　　　　　　　　　　Anne V. Leinfelder
　　　　　　　　　　　　　　Attorneys for Defendant
28　　　　　　　　　　　　　PEROT SYSTEMS CORPORATION,
　　　　　　　　　　　　　　a Delaware Corporation

　　　　　　　　　　　　　　　　　1

## PROOF OF SERVICE

I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On May 23, 2008, I served the attached document(s):

**NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT**

in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed as follows:

Jonathan E. Gertler, Esq.
Joseph R. Igelmund, Esq.
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA 94941
Telephone:    415.381.5599
Facsimile:    415.381.5572
**By Overnight Delivery**

Todd M. Schneider, Esq.
Christian Schreiber, Esq.
Joshua G. Konecky, Esq.
Schneider Wallace Cottrell Brayton
    Konecky LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:    415.421.7100
Facsimile:    415.421.7105
**By Overnight Delivery**

Ricardo De Rosa, Esq.
Law Offices of Ricardo De Rosa
6640 Brook Falls Circle
Stockton, CA 95219
Telephone:    209.345.7077
Facsimile:    209.476.0443
**By Overnight Delivery**

[  ]  **BY MAIL:**  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[ X ]  **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by Messenger Service to the above address.

[ X ]  **BY OVERNIGHT DELIVERY:**  I caused such envelope(s) to be delivered to the above address within 24 hours by OVERNIGHT EXPRESS service.

[  ]  **BY FACSIMILE:**  I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2

Executed on May 23, 2008 at San Francisco, California.

_____
LINDA A. MOORE

3