CHAVEZ & GERTLER LLP
JONATHAN E. GERTLER (Bar No. 111531)
DANIEL B. SIEGEL (Bar No. 160742)
42 Miller Avenue, Mill Valley, CA 94941
Tel: (415) 381-5599; Fax: (415) 381-5572

SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
TODD M. SCHNEIDER (Bar No. 158253)
JOSHUA G. KONECKY (Bar No. 182897)
CHRISTIAN SCHREIBER (Bar No. 245597)
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100; Fax: (415) 421-7105

LAW OFFICES OF RICARDO DE ROSA
RICARDO DE ROSA (Bar No. 221226)
6640 Brook Falls Circle
Stockton, CA 95219
Tel: (209) 345-7077; Fax: (209) 476-0443

Attorneys for Plaintiff GLORIA JIMENEZ
And the Proposed Plaintiff Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GLORIA JIMENEZ, individually, and on behalf of all others similarly situated, | ) Case No: CV08-2607 EDL ) |
| | ) **PLAINTIFF'S MOTION TO REMAND** |
| Plaintiff, | ) **AND REQUEST FOR FEES** ) |
| vs. | ) Date: July 29, 2008 ) Time: 9:00 a.m. |
| | ) Department: E |
| PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50, | ) Judge: Hon. Elizabeth D. Laporte ) |
| | ) Complaint Filed: 07/12/07 |
| Defendants. | ) |
| | ) **E-FILED** |

1

### MOTION TO REMAND AND REQUEST FOR FEES

2      TO DEFENDANT PEROT SYSTEMS CORPORATION (HEREINAFTER "PEROT

3 SYSTEMS" OR "DEFENDANT") AND THEIR COUNSEL OF RECORD:

4      PLEASE TAKE NOTICE that on July 29, 2008 at 9 a.m., or as soon thereafter as the

5 matter may be heard in the Courtroom of the Honorable Elizabeth D. Laporte, Magistrate Judge

6 of the United States District Court, Northern District of California, Plaintiff Gloria Jimenez

7 ("Plaintiff") will move the Court pursuant to 28 U.S.C. section 1447(c) to remand the case to the

8 Alameda County Superior Court.  Plaintiffs will further move for their fees and costs pursuant to

9 28 U.S.C. section 1447(c).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      STATEMENT OF ISSUES TO BE DECIDED ................................................................. 1

II.     INTRODUCTION ........................................................................................................... 1

III.    PROCEDURAL HISTORY AND STATEMENT OF FACTS.......................................... 3

IV.     ARGUMENT .................................................................................................................. 8

    A.      This Case Must Be Remanded Because Defendant's Notice of Removal
        is Procedurally Deficient................................................................................... 8

    B.      This Case Must Be Remanded Because Defendant Has Failed to
        Demonstrate That The Complaint is Removable Under 28 U.S.C. Section 1446(b) .... 9

        1.    Defendant's Claim That the Current Complaint Seeks Damages
            Under California Labor Code Section 226.7 is False .................................... 9

        2.    A Possibility of Even Intent to Amend the Complaint is Not
            Grounds for Removal.................................................................................. 10

        3.    Even if a Discovery Meet and Confer Letter Could Somehow
            Be Construed as a Paper that Could Restart the Removal Clock,
            This Case Must Be Remanded Because Defendant's Notice of
            Removal Would Still Be Untimely Under 28 U.S.C. Section 1446(b)...................... 11

        4.    The Only Purpose of Defendant's Notice of Removal Is To Delay
            The Production of Discovery, Including The Putative Class Members'
            Contact Information ................................................................................... 14

V.      THE COURT SHOULD AWARD PLAINTIFF FEES AND COSTS ............................ 14

VI.     CONCLUSION.............................................................................................................. 16

1

## TABLE OF AUTHORITIES

2

### CASES

3

*Albion Pac. Prop. Res., LLC v. Seligman*,

4      329 F.Supp.2d 1163 (N.D. Cal. 2004) ................................................................ 15

5

*Anderson v. Dir., Office of Workers Comp. Programs*,

6      91 F.3d 1322 (9th Cir. 1996) ............................................................................. 15

*Blum v. Stenson*,

7      465 U.S. 886 (1984) .......................................................................................... 15

8

*Budget Finance Plan v. Superior Court*,

9      34 Cal.App.3d 794 (1973) ............................................................................ 6, 10

10

*Caterpillar Inc. v. Williams*,

11      482 U.S. 386 (1987) .......................................................................................... 11

12

*Cellport Systems, Inc. v. Peiker Acustic GMBH*,

      335 F.Supp.2d 1131 (D. CO 2004) ............................................................... 3, 13

13

*City of Burlington v. Dague*,

14      505 U.S. 557 (1992) .......................................................................................... 15

15

*Conn. Hous. Fin. Auth. v. Eno Farms Ltd. P'ship*,

16      2007 U.S. Dist. LEXIS 41377 ........................................................................... 14

17

*Hensley v. Eckerhart*,

18      461 U.S. 424 (1983) .......................................................................................... 15

19

*In re Pozsga*,

      158 F.R.D. 435 (D.AZ 1994) ............................................................................. 11

20

*Martin v. Franklin Capital Corp.*,

21      546 U.S. 132 (2005) .......................................................................................... 14

22

*Mattco Forge, Inc. v. Arthur Young & Co.*,

23      223 Cal.App.3d 1429 (1990) ........................................................................ 6, 10

24

*Moore v. Permanente Med. Group*,

      981 F.2d 443 (9th Cir. 1992) ............................................................................. 15

25

*Patel v. Del Taco, Inc.*,

26      446 F.3d 996 (9th Cir. 2006) ............................................................................. 14

27

*Patton v. County of Kings*,

28      857 F.2d 1379 (9th Cir. 1988) ........................................................................... 15

ii

1

<u>**CASES** (CONT'D.)</u>

2

3

*Pioneer Electronics (USA) v. Superior Court*,

40 Cal.4th 373 (2007) ................................................................................................ 6

4

*Puerto v. Superior Court*,

158 Cal.App.4th 1249 (2008) ............................................................................... 6, 7

5

6

*Samura v. Kaiser Foundation Health Plan*,

715 F.Supp. 970 (N.Dist. 1989) ............................................................................. 13

7

8

*Tingey v. Pixley-Richards West, Inc.*,

953 F.2d 1124 (9th Cir. 1992) ................................................................................11

9

10

*U.S. v. Daniel Walker*,

511 F.2d 1024 (9th Cir. 1975) ............................................................................ 2, 13

11

*Union Mutual Life Ins. Co. v. Superior Court*,

80 Cal.App.3d 1 (1978) ....................................................................................... 6, 10

12

13

*Yazdani v. Access ATM*,

474 F.Supp.2d 134 (D.D.C. 2007) ......................................................................... 15

14

<u>**STATUTES**</u>

15

28 U.S.C.

16

§ 1332 ....................................................................................................................... 9
§ 1441(a) .................................................................................................................. 9
§ 1441(b) .................................................................................................................. 9
§ 1446 ............................................................................................................. 7, 9, 11
§ 1446(a) .................................................................................................................. 8
§ 1446(b) ................................................................................................................ 11
§ 1447(c) ................................................................................................................ 14

17

18

19

20

California Labor Code

21

§ 226.7 ...................................................................................................................... 7

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR FEES
*Jimenez v. Perot Systems Corporation*, Case No. CV08-2607 EDL

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR FEES**

## I.    STATEMENT OF ISSUES TO BE DECIDED

The issues in this case are whether this California law wage and hour complaint should be remanded to California Superior Court pursuant to 28 U.S.C. §1447(c) due to Defendant filing the petition for removal more than 30 days after receipt of any "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. §1446(b), and whether Plaintiff should be awarded her attorneys fees and costs under 28 U.S.C. §1447(c) because there was no objectively reasonable basis for Defendant having sought removal.

## II.    INTRODUCTION

This is an overtime case under California law on behalf of a California class of employees. There are no federal claims. The Complaint was filed on July 12, 2007—ten months prior to the filing of Defendant's petition for removal. Defendant failed to remove within the 30-day deadline, and for another nine months after that. The case then progressed in California Superior Court, with Defendant continually delaying its production of basic and important discovery. Then, on the eve of a hearing on Plaintiff's Motion to Compel—which most certainly would have resulted in an Order requiring Defendant to produce discovery, including the names and contact information of putative class members and witnesses—Defendant filed this frivolous removal petition. Defendant seems to have filed the petition for no other purpose than to delay the Superior Court's discovery ruling and prosecution of this action. Not only should this case promptly be remanded to California Superior Court where it belongs, but Defendant's conduct should be sanctioned and Plaintiff's counsel should be compensated all the fees and costs they have had to incur in connection with Defendant's ill-conceived removal petition.

In fact, Defendant's entire justification for seeking removal at this untimely stage is that a recent meet and confer letter sent by Plaintiff's counsel sought discovery pertaining to potential new claims regarding meal and rest period violations that *might* be added if the complaint in this action *were* someday amended. The Complaint has not been amended, however, and there are

1

1    still no such claims in this Action.  (Under California procedure, a party can seek discovery to

2    determine the propriety of amendment.)  Nonetheless, Defendant has taken the remarkable

3    position that a meet and confer letter dealing with discovery for a potential amendment somehow

4    restarts the 30-day time period for removal, even if such claims are not actually added to the

5    Action (and even though no discovery on the claims was actually produced).  There is absolutely

6    no authority for this novel argument, which Defendant apparently has woven out of whole cloth

7    simply to avoid the California Superior Court's discovery rulings in this matter.

8          Plaintiff requests that this Court remand the case back to Alameda County Superior Court

9    because (1) Defendant's Notice of Removal is procedurally deficient, (2) there has been no

10   "amended pleading, motion, order or other paper from which it may first be ascertained that the

11   case is one which is or has become removable," and (3) Defendant's Notice of Removal was not

12   filed within thirty days after receipt by Defendant of the alleged "other paper" in any event. The

13   District Court simply lacks subject matter jurisdiction over the case as there has been no

14   "amended pleading, motion, order or other paper" from which Defendant could ascertain

15   removability as required by 28 U.S.C. § 1446(b).  Defendant's hastily-compiled Petition alludes

16   to an April 25, 2008, letter (of which there were two), which Plaintiff believes was meet and

17   confer correspondence regarding Plaintiff's first set of discovery.  Defendant did not quote from

18   this letter or attach this letter to its Petition.  The letter relied upon by Defendant as such "other

19   paper" does no more than state the possibility of future amendment of the Complaint to add

20   claims for meal and rest period violations.  As set forth below, future amendments are not a basis

21   for removal.  In addition, Plaintiff's counsel repeatedly expressed the exact sentiment regarding a

22   possible future amendment in prior letters and Plaintiff's Complex Case Management

23   Conference Statement in the four months prior to the April 25, 2008 letter at issue.  Therefore,

24   even if this expression of potential amendment could provide grounds for removal (it cannot),

25   Defendant still would have waived any right to remove this case under section 1446 by waiting

26   until May 23, 2008 to do so.  The doubts raised by Plaintiff about the timing and motive of

27   Defendant's actions must be construed in favor of remanding the case.  *U.S. ex. Rel. Walker v.*

28   *Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975) (Section 1446 timing requirements "must be strictly

1   complied with, and . . . [are] to be narrowly construed"); *see also*, *Cellport Systems, Inc. v.*

2   *Peiker Acustic GMBH & Co. KG*, 335 F.Supp.2d 1131, 1133 (D. Colo. 2004) ("[t]here is a

3   presumption against removal . . . and all doubts are resolved in favor of remand."). Therefore,

4   the case must be remanded to state court pursuant to 28 U.S.C §1447(c).

5       Because Defendant's Petition lacks any merit, Plaintiff requests her fees and costs

6   associated with the Motion to Remand pursuant to 28 U.S.C §1447(c). Such an award is

7   appropriate where, as here, there is no objectively reasonable basis for Defendant having sought

8   removal.

9   **III.    PROCEDURAL HISTORY AND STATEMENT OF FACTS**

10      Plaintiff filed her Complaint on behalf of herself and a putative class on July 12, 2007

11  against Perot Systems Corporation, which provides information technology support services. In

12  her Complaint, Plaintiff alleges that Perot Systems:

- unlawfully implemented an alternative workweek schedule that required, encouraged, and/or permitted Plaintiff and members of the class to work ten hours per day and four days per week ("4/10" schedules) and failed to pay Plaintiff and members of the class overtime pay for their ninth and tenth hours of work daily under those schedules, in violation of California law requiring daily overtime;

- regularly and systematically required, encouraged, and/or permitted Plaintiff and members of the class to work overtime, but failed to pay the true applicable hourly rate for overtime work required by California law;

- regularly and systematically refused to pay Plaintiff and members of the class compensation for accrued vacation, either when due or not at all, in violation of the California Labor Code;

- regularly and systematically issued wage statements to Plaintiff and members of the class that fail to disclose, or misrepresent, information required by the California Labor Code, including without limitation the true applicable hourly rate paid for overtime work and the true wages earned by Plaintiff and members of the class.

25  Declaration of Daniel B. Siegel in Support of Plaintiffs' Motion to Remand and Request for

26  Fees, ¶2, Exh. 1 (hereinafter "Siegel Decl.").

27

28

PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR FEES
*Jimenez v. Perot Systems Corporation*, Case No. CV08-2607 EDL

1    From September 2007 through January 2008 the parties agreed to stay formal discovery

2  in order to participate in early mediation, originally scheduled in December 2007.  As part of this

3  process, Defendant produced a small sample of wage and compensation data and made five

4  witnesses available for deposition.  Siegel Decl., ¶3.  Defendant originally agreed to produce

5  wage and compensation data on November 9, 2007 for the entire class, but repeatedly missed the

6  parties' voluntary deadlines, and ultimately produced incomplete data for just 23 members of the

7  class, including those of the named Plaintiff.  Siegel Decl., ¶3.  As a result of Defendant's delays,

8  Plaintiff informed Defendant it was necessary to resume formal discovery and to proceed on dual

9  litigation and mediation tracks.  Siegel Decl., ¶4.

10    On January 16, 2008, Plaintiff's letter to Defendant stated in part:

11
> Given Defendant's lengthy delay in the production of the requested
12
> discovery, and without a date certain by which a production will be made, it
> is now necessary to proceed with litigation.  To this end, Plaintiff will be
13
> serving early next week new discovery, including new dates for the
> outstanding PMK depositions and the production of a class list, in order to
14
> move the case forward.  If you would please provide available dates at the
> end of February for your PMK witnesses, I will conform our notice to your
15
> client's availability.  In addition, please be advised that we intend to amend
> the Complaint in order to add claims for meal and rest break violations.
16

17  Siegel Decl., ¶4, Exh. 2. (emphasis added)

18    Again on March 7, 2008, Plaintiff's letter to Defendant stated:

19
> We would like to go forward with the mediation, just to be clear.  But at this
20
> point it's becoming less likely we can do so.  We would suggest, if you
> wish to go forward with the mediation as scheduled, that the information be
21
> provided no later than 3 p.m. on Tuesday.  If this cannot be done, we would
> suggest that Plaintiff proceed to amend the complaint and push forward
22
> with the pending formal discovery, including the motion to compel
> production of a class list.  When Perot produces complete wage and
23
> compensation data, we will be prepared to mediate.  That could still be on
> April 3, as currently scheduled, or later.
24

25  Siegel Decl., ¶5, Exh. 3. (emphasis added)

26    On April 11, 2008, Plaintiff filed with the Court and served Defendant with a copy of her

27  Complex Case Management Conference Statement, which detailed each of Plaintiff's claims.

28

1    The Statement also described in detail how potential new meal and rest period violation claims, as

2    well as violations related to on-call pay, might be added in the future:

3
          Plaintiff's investigation since the filing of the Complaint has raised
4         concerns that Perot Systems has deficiencies in its policies for meal and rest
          periods, as well as deficiencies in its record keeping procedures pertaining
5         to meal periods, that are causing widespread denial of off-duty meal and
          rest periods.  In addition, Plaintiff's investigation has also revealed possible
6         violations related to on-call pay and Cal. Labor Code §204.3, which
          prescribes rules for imposing a policy of providing compensating time off in
7         lieu of overtime payments.  Plaintiff may therefore seek leave of the Court
          to amend the Complaint to add violations of Cal. Labor Code §§ 204.3,
8         226.7 & 512, as well as the applicable Wage Order provisions.  Plaintiff
          estimates that she may file this motion in or about May 2008.
9

10    Siegel Decl., ¶5, Exh. 4.  (Plaintiff has not yet filed such a motion, however.)

11        Defendant's Complex Case Management Statement repeated in nine different paragraphs

12    that Plaintiff may amend the complaint to add claims for meal and rest period violations.  Siegel

13    Decl., ¶7, Exh.5.  Defendant's CMC statement illustrates that it was well aware of the potential

14    of Plaintiff's meal and rest period claims:

15        Once Plaintiff's counsel decides whether to seek leave to amend the
          complaint or pursue litigation based on the current allegations, Defendant is
16        willing to work with Plaintiff's counsel to reach mutual agreement on the
          scope of the discovery in the pending matter….
17

18        Plaintiff's counsel have asserted that they are investigating possible
          additional claims, but have not yet taken a position on whether they will
19        pursue these potential claims and if they do, whether they would seek to do
          so by amending the complaint in this matter or filing separate litigation.
20

21    *Id.*, Exh. 5. (emphasis added)

22        On April 25, 2008, Plaintiff's counsel sent counsel for Perot Systems an eleven-page

23    meet and confer letter regarding Defendant's inadequate responses to Plaintiff's First Set of

24    Special Interrogatories and First Set of Requests for Production of Documents, which were

25    served on January 25, 2008.  Siegel Decl., ¶8, Exhs. 6, 7 and ¶9, Exh. 8.  Plaintiff's discovery

26    included requests related to Defendant's records, policies, and procedures regarding its

27    compliance with California meal and rest period law.  Siegel Decl., ¶8, Exhs. 6, 7.  Defendant

28    refused to produce any documents or responses related to Plaintiff's meal and rest period

1   discovery. *Id.* Ironically, Defendant took the position through its objections that discovery

2   pertaining to meal and rest period issues was <u>beyond</u> the scope of Plaintiff's Complaint. *Id.*

3         In her April 25, 2008 meet and confer letter, Plaintiff explained:

4           Plaintiff's Document Request Nos. 35-45 seek various categories of

5           documents related to meal and rest period policies and practices for non-
            exempt California employees of Perot Systems.  Defendant objected to each

6           of Plaintiff's requests on grounds that the information sought is not relevant
            because Plaintiff's complaint contains no allegations of meal and rest period

7           violations.  This objection is meritless.

8           It is well settled that Plaintiff is entitled to this discovery whether the
            allegations are pled or not because even pleading deficiencies generally do

9           not affect a parties' right to obtain discovery.  *Mattco Forge, Inc. v. Arthur*
            *Young & Co.*, 223 Cal.App.3d 1429, 1437 n. 2 (1990); *see Budget Finance*

10          *Plan v. Superior Court*, 34 Cal.App.3d 794, 797-98 (1973) (plaintiff entitled
            to reasonable discovery after demurrer sustained, when no pleading before

11          the court).  It is "well-established that relevancy of the subject matter does
            not depend on a legally sufficient pleading . . . discovery is proper if it

12          would be material to any possible issue raised by new allegations in an
            amended complaint."  *Union Mutual Life Ins. Co. v. Superior Court*, 80

13          Cal.App.3d 1, 10 (1978).  Under these authorities, California law even
            permits a party to use the discovery process to obtain information necessary

14          to plead a cause of action.

15

16          Here, Defendant's time recordation, compensation, and overtime policies
            are directly at issue.  Meal and rest periods are directly relevant to the class

17          allegations of wage and hour violations.  Defendant's objections are
            improper, and Defendant must supplement its production immediately.

18

19  Siegel Decl., ¶9, Exh. 8. (emphasis added)  Presumably, it is this reference to meal and rest

20  period issues—made in the context of seeking discovery for claims that still are not pled in the

21  Complaint—that Defendant has seized upon for its removal petition.  *Id.*, ¶9.

22        Plaintiff's discovery also included a request for the names and contact information of

23  members of the putative class.  Siegel Decl., ¶¶8, 10, Exhs. 6, 7.  It is now settled under

24  California law that a discovering party is entitled to such a "class list" as part of routine pre-class

25  certification discovery.  *Pioneer Electronics (USA) v. Superior Court*, 40 Cal.4th 360, 373

26  (2007); *Puerto v. Superior Court*, 158 Cal. App.4th 1242, 1250-52, 1260 (2008).  Defendant

27  refused to produce a class list.  Siegel Decl., ¶10.  On April 18, 2008, Judge Freedman held a

28  Complex Case Management Conference, in which the parties discussed the status of early

1    mediation and Plaintiffs' request for a class list.  *Id.*  Judge Freedman indicated that in light of

2    the California Court of Appeal's decision in *Puerto* on January 15, 2008, Plaintiff was likely to

3    prevail in its request for a class list.  *Id.*  Judge Freedman ordered the parties to submit a joint

4    letter brief on Plaintiff's Motion to Compel a class list by May 21, 2008 for a hearing on May 28,

5    2008.  *Id.*, Exhs. 9-11.

6          The parties continued to meet and confer on Plaintiff's request for a class list, exchanging

7    several letters on the issue, but were unable to resolve the dispute.  Siegel Decl., ¶11.  Pursuant

8    to Judge Freedman's Order, the parties' Joint Letter Brief on Plaintiff's Motion to Compel

9    production of  a list of the names and contact information of the putative class, as well as their

10   job titles and dates in job.  *Id.*, Exh. 12.  On May 23, 2008, just two court days before Judge

11   Freedman heard oral argument on Plaintiff's motion, Perot Systems removed this case from

12   Alameda County Superior Court to the Northern District pursuant to 28 U.S.C. sections 1332 (as

13   amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")),

14   1441(a) and (b) and 1446.  Siegel Decl., ¶12.

15         Perot Systems apparently premises the removal on Plaintiff's April 25, 2008 meet and

16   confer letter, described above, claiming that this letter serves as an "other paper" from which

17   Perot Systems could "first ascertain that the case is one which is or has become removable."

18   Notice of Removal at ¶3.  Defendant does not actually quote or even cite this letter, but Plaintiff

19   presumes it is the one to which it is referring.  Assuming this is the letter on which Defendant is

20   relying, Defendant is incorrectly claiming that this letter asserted, for the first time, that the

21   Complaint's allegations included damages for violations of California Labor Code § 226.7 for

22   missed meal and rest periods.  *Id.* at ¶3.  As described above, the April 25 letter does not (nor

23   could it) state that the Complaint contains claims for meal and rest period violations, and, in any

24   event, is not the first time Plaintiff raised the possibility of amending the Complaint to add such

25   claims.  Perhaps that is why Defendant failed to include this letter as part of its Notice of

26   Removal, or to state what language in the letter gave rise  to any basis for removal, or even to

27   mention the previous letters written well prior to 30 days before the removal petition that

28   addressed a possible amendment.  (Further, Plaintiff wrote more than one letter to Defendant on

7

1  April 25, 2008.  Siegel Decl., ¶13, Exh. 13.  The second letter pertained to Plaintiff's effort to

2  obtain the names and contact information of class members.)

3        On May 27, 2008, Plaintiff's counsel filed separate litigation against Perot Systems in

4  Alameda County Superior Court asserting violations of California Labor Code related to "on-call

5  time" involving another former Perot Systems employee.  Siegel Decl., ¶14, Exh. 14.  Plaintiff

6  has <u>not</u> amended the Complaint in this action to assert meal and rest period violations.  *Id.*

7  **IV.    ARGUMENT**

8        **A.    This Case Must Be Remanded Because Defendant's Notice of Removal is**
9              **Procedurally Deficient**

10        Defendant's Notice of Removal is procedurally deficient.  28 U.S.C. Section 1446(a)

11  states:

12        **A defendant or defendants desiring to remove any civil action or**
       **criminal prosecution from a State court shall file** in the district court of
13        the United States for the district and division within which such action is
       pending a notice of removal signed pursuant to Rule 11 of the Federal Rules
14        of Civil Procedure and containing a short and plain statement of the grounds
       for removal**, together with a copy of all process, pleadings, and orders**
15        **served upon such defendant or defendants in such action.**

16

17  28 U.S.C. § 1446(a). (emphasis added)

18        Plaintiff has not amended the Complaint. Defendant does not dispute this.  Instead,

19  Defendant's Notice of Removal asserts that it was served with a letter from Plaintiff's counsel on

20  April 25, 2008, and that this letter qualifies as an "other paper" for purposes of Section 1446.

21  However, Defendant  fails to include any pleading, order, or any "other paper," forming the basis

22  of its Notice of Removal, leaving Plaintiff to guess as to Defendant's claims.  Plaintiff sent two

23  letters to Defendant dated April 25, 2008.  Siegel Decl., ¶9, Exh. 8 and ¶13, Exh. 13.  Defendant

24  did not attach either letter, and does not specifically identify any language within either letter.

25  Because Defendant failed to comply with the basic requirements of Section 1446, this case must

26  be remanded.

27

28

PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR FEES
*Jimenez v. Perot Systems Corporation,* Case No. CV08-2607 EDL

**B.    This Case Must Be Remanded Because Defendant Has Failed to Demonstrate That The Complaint is Removable Under 28 U.S.C. Section 1446(b)**

    *1.    Defendant's Claim That the Current Complaint Seeks Damages Under California Labor Code Section 226.7 is False*

Defendant does not provide a clear basis for its assertion that this case is removable under Section 1446(b).  However, Paragraph 3 of Defendant's Notice of Removal implies that removal is appropriate because Defendant first learned that Plaintiff's Complaint includes damages under Cal. Labor C. § 226.7.  This is false.

First, it is undisputed that the operative Complaint seeks no such relief.  Siegel Decl., ¶2, Exh. 1.  Second, Plaintiff's April 25, 2008 letter makes no such assertion.  Yet, Perot Systems' Notice of Removal states that the letter "asserted, for the first time," that the Complaint's allegations included damages for violations of California Labor Code sections [sic] 226.7 for missed meal and rest periods."  Notice of Removal, ¶3.  From this "other paper," Defendant claims that it  could "first ascertain[] that the case is one which is or has become removable."  *Id.* Defendant makes **no** showing that Plaintiff made such an assertion.

Instead, Defendant's Notice of Removal asks this Court to consider what would happen *if* Plaintiff had made such a claim.  As Defendant points out, Cal. Labor C. § 226.7 requires that employees be paid a premium of one hour of regular pay for each workday with any on duty meal periods as well as one hour of regular pay for each workday with any on duty rest periods. Defendant states that such a claim would add at least $9.4 million in damages, exceeding CAFA's $5 million jurisdictional minimum and resulting in federal jurisdiction.  Notice of Removal, ¶9(f)(i); 28 U.S.C. §§ 1332, 1441(a)-(b) & 1446.

In fact, Plaintiff's letter indicates that Plaintiff sought meal and rest break discovery to develop evidence for a possible amendment to the Complaint to add claims for meal and rest period violations in the future.  Siegel Decl., ¶9, Exh. 8.  In fact, the letter addresses Defendant's refusal to provide discovery on the basis that there are no meal and rest period claims in the Complaint as well as Plaintiff's urging for the production of such discovery as part of the ongoing meet and confer regarding a future amendment to add them:

PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR FEES
*Jimenez v. Perot Systems Corporation*, Case No. CV08-2607 EDL

Plaintiff's Document Request Nos. 35-45 seek various categories of documents related to meal and rest period policies and practices for non-exempt California employees of Perot Systems. <u>Defendant objected to each of Plaintiff's requests on grounds that the information sought is not relevant because Plaintiff's complaint contains no allegations of meal and rest period violations.</u>  This objection is meritless.

It is well settled that Plaintiff is entitled to this discovery whether the allegations are pled or not because even pleading deficiencies generally do not affect a parties' right to obtain discovery. *Mattco Forge, Inc. v. Arthur Young & Co.*, 223 Cal.App.3d 1429, 1437 n. 2 (1990); *see Budget Finance Plan v. Superior Court*, 34 Cal.App.3d 794, 797-98 (1973) (plaintiff entitled to reasonable discovery after demurrer sustained, when no pleading before the court).  It is "well-established that relevancy of the subject matter does not depend on a legally sufficient pleading . . . <u>discovery is proper if it would be material to any possible issue raised by new allegations in an amended complaint</u>."  *Union Mutual Life Ins. Co. v. Superior Court*, 80 Cal.App.3d 1, 10 (1978).  Under these authorities, <u>California law even permits a party to use the discovery process to obtain information necessary to plead a cause of action</u>.

Here, Defendant's time recordation, compensation, and overtime policies are directly at issue.  Meal and rest periods are directly relevant to the class allegations of wage and hour violations.  Defendant's objections are improper, and Defendant must supplement its production immediately.

Siegel Decl. ¶9, Exh. 8. (emphasis added)  Contrary to Defendant's claim, the letter makes plain that the meal and rest period discovery was sought in hopes of providing the basis to plead a new cause of action, not to expand the damages of the existing claims.

    2.    <u>*A Possibility of Even Intent to Amend the Complaint is Not Grounds for Removal*</u>

Though its Notice of Removal is unclear, Defendant may also be seeking removal on the grounds that Plaintiff's April 25, 2008 letter provides Defendant with Plaintiff's intent to amend the Complaint to add claims for meal and rest break violations.  This argument too must fail.

Plaintiff's April 25, 2008 letter does not suggest that Plaintiff intends to amend her Complaint.  Instead, the letter merely provides citations to California law that establish the propriety of discovery where "it would be material to any possible issue raised by new allegations in an amended complaint."  *Union Mutual Life Ins. Co. v. Superior Court*, 80 Cal.App.3d 1, 10 (1978).  Even if the letter could be interpreted to suggest a "potential"

10

1    amendment to the Complaint, such a potential amendment or intent to amend *in the future* to add

2    a new cause of action does not provide a basis for removal.  For example, in *In re Pozsga*, the

3    court remanded when the removing party premised the removal on a promise to amend the

4    complaint.  158 F.R.D. 435, 438 (D.Ariz. 1994).  "[T]he federal question upon which removal is

5    based must exist at the time the notice of removal is filed . . . ." *Id.* (citing *Caterpillar Inc. v.*

6    *Williams*, 482 U.S. 386, 392 (1987); *accord, Tingey v. Pixley-Richards West, Inc.*, 953 F.2d

7    1124, 1129 (9th Cir. 1992).  A potential amendment "does not in any manner confer removal

8    jurisdiction over the state action that existed at the time of removal."  *Id.*  The court stated that

9    this basic principle would be "easily ascertainable through a modicum of competent legal

10   research."  *Id.*

11          Thus, even if Plaintiff intended to amend the Complaint, Defendant cannot file a Notice

12   of Removal until such time as Plaintiff <u>actually</u> files the amended Complaint.

13          *3.      Even if a Discovery Meet and Confer Letter Could Somehow Be*
             *Construed as a Paper that Could Restart the Removal Clock, This Case*
14           *Must Be Remanded Because Defendant's Notice of Removal Would Still*
             *Be Untimely Under 28 U.S.C. Section 1446(b)*
15

16          Defendant's Notice of Removal is untimely and thus this case cannot be removed.  28

17   U.S.C. § 1446 provides that any notice of removal must be filed within 30 days of the receipt of

18   an "other paper" from which removal is ascertained.  Section 1446(b) states:

19          The notice of removal of a civil action or proceeding shall be filed within
            thirty days after the receipt by the defendant, through service or otherwise,
20          of a copy of the initial pleading setting forth the claim for relief upon which
            such action or proceeding is based, or within thirty days after the service of
21          summons upon the defendant if such initial pleading has then been filed in
            court and is not required to be served on the defendant, whichever period is
22          shorter.

23          If the case stated by the initial pleading is not removable, a notice of
            removal may be filed within thirty days after receipt by the defendant,
24          through service or otherwise, of a copy of an amended pleading, motion,
            order or other paper from which it may first be ascertained that the case is
25          one which is or has become removable, except that a case may not be
            removed on the basis of jurisdiction conferred by section 1332 of this title
26          more than 1 year after commencement of the action.

27

28   28 U.S.C. § 1446(b).

11

1    Even assuming meet and confer letters could restart the removal clock (they cannot),

2  Defendant's Notice of Removal is untimely because Defendant was served with the exact same

3  type of letters since January 2008, three months prior to the April 25, 2008 letter.  Therefore,

4  even if the statements within the letter could have provided grounds for removal, by waiting until

5  May 23, 2008, Defendant waived its rights under Section 1446, by failing to file a Notice of

6  Removal before February 18, 2008.   This case should therefore be remanded.

7    Defendant falsely implies that it first received notice that Plaintiff was considering an

8  amendment to the Complaint via the April 25, 2008 letter.  However, this letter was not the first

9  time Defendant received notice that Plaintiff was contemplating this issue.  On January 16, 2008,

10  Plaintiff sent a  letter to Defendant stating: "In addition, please be advised that we intend to

11  amend the Complaint in order to add claims for meal and rest break violations."  Siegel Decl. ¶4,

12  Exh. 2.

13    Then, on March 7, 2008, Plaintiff sent another letter to Defendant stating:

14

15
> We would suggest, if you wish to go forward with the mediation as
> scheduled, that the information be provided no later than 3 p.m. on
> Tuesday.  If this cannot be done, we would suggest that Plaintiff proceed to
> amend the complaint and push forward with the pending formal discovery,
> including the motion to compel production of a class list.

16

17

18  Siegel Decl., ¶5, Exh. 3. (emphasis added)

19    Next, on April 11, 2008, Plaintiff filed a Complex Case Management Conference

20  Statement and served it on Defendant.  Siegel Decl., ¶6.  Plaintiff's CMC Statement detailed

21  each of the current claims, and described in detail how potential new meal and rest period

22  violation claims might be added in the future:

23
> Plaintiff's investigation since the filing of the Complaint has raised
> concerns that Perot Systems has deficiencies in its policies for meal and rest

24
> periods, as well as deficiencies in its record keeping procedures pertaining
> to meal periods, that are causing widespread denial of off-duty meal and

25
> rest periods.  In addition, Plaintiff's investigation has also revealed possible
> violations related to on-call pay and Cal. Labor Code §204.3, which

26
> prescribes rules for imposing a policy of providing compensating time off in

27
> lieu of overtime payments.  Plaintiff may therefore seek leave of the Court
> to amend the Complaint to add violations of Cal. Labor Code §§ 204.3,

28

12

226.7 & 512, as well as the applicable Wage Order provisions. Plaintiff estimates that she may file this motion in or about May 2008.

*Id.*, Exh. 4.

Defendant's Statement, also filed April 11, 2008, indicates that it was aware that Plaintiff may amend the Complaint to add meal and rest period claims. Siegel Decl., ¶7. Defendant's CMC Statement notes that, "Plaintiff's counsel have asserted that they are investigating possible additional claims, but have not yet taken a position on whether they will pursue these potential claims and if they do, whether they would seek to do so by amending the Complaint in this matter or filing separate litigation." *Id.*, Exh. 5.

As these documents make clear, Plaintiff's April 25, 2008 letter did not provide Defendant with its "first" notice of a potential meal and rest period claim. Thus, even assuming, *arguendo*, that comments made in the April 25 letter could somehow provide the basis for removal, this same information was communicated to Perot Systems on numerous occasions during the previous three months. Therefore, Defendant failed to remove within 30 days of receiving notice of the first letter to this effect, back on January 16. Its May 27 removal is also beyond 30 days from Plaintiff's March 7 letter and Plaintiff's April 11 statement. Perot Systems therefore missed any opportunity to remove based on any of these statements or letters. 28 U.S.C. § 1446(b). Further, Defendant does not get new opportunities to remove each time Plaintiff repeats the original statement. *See Samura v. Kaiser Foundation Health Plan*, 715 F.Supp. 970, 972 (N.D. Cal. 1989) ("subsequent events do not make [the complaint]…again removable"). As the 30-day window to remove is strictly enforced, the case would have to be remanded even if Perot Systems could actually base its removal on the future amendment of the Complaint. *U.S. v. Daniel Walker*, 511 F.2d 1024, 1026 (9th Cir. 1975). Regardless, "[t]here is a presumption against removal . . . and all doubts are resolved in favor of remand." *Cellport Systems, Inc.*, 335 F.Supp.2d at 1133.

4.    *The Only Purpose of Defendant's Notice of Removal Is To Delay The Production of Discovery, Including The Putative Class Members' Contact Information*

Given the foregoing, it is clear that there was no legal basis by which Defendant could reasonably seek removal of this case.  Instead, Defendant's Notice of Removal serves only to avoid a ruling by Judge Freedman granting Plaintiff's Motion to Compel production of a class list.  After indicating to both parties at the April 18, 2008 Case Management Conference that the production of class member contact information was settled law under California precedent, Judge Freedman Ordered the Parties to submit a joint letter brief on the issue by May 21, 2008, if Defendant continued to refuse to produce the names, job titles, dates in job and contact information for the putative class.  A hearing was set for May 28, 2008 in Alameda County Superior Court to resolve the dispute, and the issue had been fully briefed.  Siegel Decl., ¶10, Exhs. 9-11, and ¶11, Exh. 12.  To avoid an adverse ruling at this hearing, Defendant removed the case to this Court on the frivolous grounds described above.  As stated in its opposition to Plaintiff's Motion to Compel, Perot Systems fears that if Plaintiff's counsel is able to speak to the putative class members, counsel will be able to develop evidence of other violations of California law.  *Id.*  This tactical maneuver that is premised solely on delay and disruption is in bad faith and wastes the resources of this Court and both parties.  It must be immediately remedied by a prompt remand and sanctions.

## V.    THE COURT SHOULD AWARD PLAINTIFF FEES AND COSTS

28 U.S.C. section 1447(c) provides that upon remand, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Such an award is appropriate where there is no objectively reasonable basis for Defendant having sought removal.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999-1000 (9th Cir. 2006) (affirming award of fees where there was "no objectively reasonable basis for removal").  Here, as demonstrated above, there was no objectively reasonable basis for Defendant to seek removal.  Accordingly, an award of fees is appropriate.  *Patel*, 446 F.3d at 1000; *Conn. Hous. Fin. Auth. v. Eno Farms Ltd. P'ship*, 2007 U.S. Dist. LEXIS 41377, at *13 (D. Conn. 2007) (awarding fees "because the removed

14

1  action clearly lacked any federal question and none of the bases given by the Cooperative for

2  removal had any basis in law").

3      In calculating the amount to award Plaintiff, the Court should "multiply[] the number of

4  hours reasonably expended on the litigation times a reasonable hourly rate."[1]  *Blum v. Stenson*,

5  465 U.S. 886, 888 (1984) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see Albion Pac.*

6  *Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004) (employing such

7  method to calculate fees in remanding case to state court).  In the present case, as set forth in the

8  Declaration of Daniel B. Siegel, Plaintiff's counsel thoroughly researched the grounds for

9  removal under Section 1446(b) to evaluate whether removal was proper.  Plaintiff's counsel

10 thereafter drafted this motion to remand upon concluding that removal of this case was

11 objectively unreasonable.  The total amount of time incurred so far—61.1 hours—is eminently

12 reasonable in the present context.[2]  Furthermore, the hourly rates requested by counsel are

13 reasonable as well.[3]

14      Accordingly, the Court should award Plaintiff $27,555, plus any additional fees incurred

15 in preparing its reply and appearing before the Court on this motion, to compensate for their time

16 in seeking to remand this case.  *See Moore v. Permanente Med. Group*, 981 F.2d 443, 447 (9th

17 Cir. 1992) (fee award under 28 U.S.C. § 1447(c) "is simply reimbursement to plaintiffs of

18 wholly unnecessary litigation costs the defendant inflicted").

19

20

21

22

23 [1]  There is a strong presumption that this "lodestar" figure represents a reasonable fee to which counsel is entitled.  *Patton v. County of Kings*, 857 F.2d 1379, 1382 (9th Cir. 1988).

24 [2]  The number of hours includes time spent researching and drafting this fee request.  Such time is wholly compensable under Section 1447(c)'s fee shifting provision.  *See City of Burlington v. Dague*, 505 U.S. 557, 562

25 (1992) (construction of fee shifting provisions should apply uniformly to all such provisions); *accord Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996); *Yazdani v. Access ATM*, 474 F. Supp. 2d 134, 137-38 (D.D.C. 2007) (awarding "fees on fees" under Section 1447(c)).

26 [3]  In the present case, Plaintiffs' counsel have set their rates according to those prevailing in the Bay Area for

27 counsel of comparable skill, experience, and reputation.  Siegel Decl., ¶¶17, 30-32.  Both firms have had their rates approved by the Courts in comparable litigation.  *Id.*  Such rates are presumptively reasonable.  *Blum*, 465 U.S. at

28 895.

## VI.    <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff respectfully requests that the Court issue an order pursuant to 28 U.S.C §1447(c) remanding the case to Alameda County Superior Court, and award fees and costs to Plaintiff incurred as a result of this motion.


Dated:  June 18, 2008                         CHAVEZ & GERTLER LLP

                                              SCHNEIDER WALLACE
                                              COTTRELL BRAYTON KONECKY LLP

                                              LAW OFFICES OF RICARDO DE ROSA


                                              By:  _____/s/_____Daniel B. Siegel_____
                                                        Daniel B. Siegel

                                              Attorneys for Plaintiff GLORIA JIMENEZ
                                              and the Proposed Plaintiff Class

1   CHAVEZ & GERTLER LLP
    JONATHAN E. GERTLER (Bar No. 111531)
2   DANIEL B. SIEGEL (Bar No. 160742)
    42 Miller Avenue, Mill Valley, CA  94941
3   Tel:  (415) 381-5599; Fax:  (415) 381-5572

4
    SCHNEIDER WALLACE
5   COTTRELL BRAYTON KONECKY LLP
    TODD M. SCHNEIDER (Bar No. 158253)
6   JOSHUA G. KONECKY (Bar No. 182897)
    CHRISTIAN SCHREIBER (Bar No. 245597)
7   180 Montgomery Street, Suite 2000
    San Francisco, CA 94104
8   Tel:  (415) 421-7100; Fax:  (415) 421-7105

9
    LAW OFFICES OF RICARDO DE ROSA
10  RICARDO DE ROSA (Bar No. 221226)
    6640 Brook Falls Circle
11  Stockton, CA 95219
    Tel:  (209) 345-7077; Fax:  (209) 476-0443
12

13  Attorneys for Plaintiff GLORIA JIMENEZ
    And the Proposed Plaintiff Class
14
                    UNITED STATES DISTRICT COURT
15
                    NORTHERN DISTRICT OF CALIFORNIA
16
                       SAN FRANCISCO DIVISION
17

18  GLORIA JIMENEZ, individually, and on      )  Case No:  CV08-2607 EDL
    behalf of all others similarly situated,  )
19                                            )  **DECLARATION OF DANIEL B. SIEGEL**
                                              )  **IN SUPPORT OF PLAINTIFF'S MOTION**
20                Plaintiff,                   )  **TO REMAND AND REQUEST FOR**
                                              )  **FEES**
21        vs.                                 )
                                              )  Date: July 29, 2008
22  PEROT SYSTEMS CORPORATION, a              )  Time: 9:00 a.m.
    Delaware Corporation; and DOES 1 to 50,   )  Department: E
23                                            )  Judge: Hon. Elizabeth D. Laporte
                                              )
24                Defendants.                 )  Complaint Filed: 07/12/07
                                              )
25                                            )  **E-FILED**
                                              )
26  _____ )

27

28
    _____

I, Daniel B. Siegel, hereby declare:

1. I am a member of the California State Bar duly licensed to practice before the Northern District of California and all courts of the State of California. I have personal knowledge of the matters set forth herein, and if called to testify, I could and would testify truthfully to them. I make this declaration in support of Plaintiff's Motion To Remand And Request For Fees.

2. Plaintiff filed her Complaint on behalf of herself and a putative class on July 12, 2007 against Perot Systems Corporation, which provides information technology support services. A true and correct copy of the Complaint is attached as Exhibit 1.

3. From September 2007 through January 2008 the parties agreed to stay formal discovery in order to participate in early mediation, originally scheduled in December 2007. As part of this process, Defendant produced a small sample of wage and compensation data and made five witnesses available for deposition. Defendant originally agreed to produce wage and compensation data on November 9, 2007, but repeatedly missed the parties' voluntary deadlines, and ultimately produced incomplete data for just 23 members of the class, including data for the named Plaintiff.

4. As a result of Defendant's delays, Plaintiff's counsel informed Defendant it was necessary to resume formal discovery and to proceed on dual litigation and mediation tracks. On January 16, 2008, Plaintiff's letter to Defendant stated in part:

> Given Defendant's lengthy delay in the production of the requested discovery, and without a date certain by which a production will be made, it is now necessary to proceed with litigation. To this end, Plaintiff will be serving early next week new discovery, including new dates for the outstanding PMK depositions and the production of a class list, in order to move the case forward. If you would please provide available dates at the end of February for your PMK witnesses, I will conform our notice to your client's availability. In addition, please be advised that we intend to amend the Complaint in order to add claims for meal and rest break violations.

A true and correct copy of the January 16, 2008, letter from Christian Schreiber to JoAnna L. Brooks is attached as Exhibit 2.

5. On March 7, 2008, Plaintiff's letter to Defendant stated:

1

1   We would like to go forward with the mediation, just to be clear.  But at this point
    it's becoming less likely we can do so.  We would suggest, if you wish to go
2   forward with the mediation as scheduled, that the information be provided no later
    than 3 p.m. on Tuesday.  If this cannot be done, we would suggest that Plaintiff
3   proceed to amend the complaint and push forward with the pending formal
    discovery, including the motion to compel production of a class list.  When Perot
4   produces complete wage and compensation data, we will be prepared to mediate.
    That could still be on April 3, as currently scheduled, or later.
5

6   A true and correct copy of the March 7, 2008, letter from Christian Schreiber to JoAnna L.

7   Brooks is attached as Exhibit 3.

8        6.     On April 11, 2008, Plaintiff filed with the Court and served Defendant with a

9   copy of her Complex Case Management Conference Statement, which detailed each of

10  Plaintiff's claims.  The Statement also described in detail how potential new meal and rest

11  period violation claims, as well as violations related to on-call pay, might be added in the future:

12       Plaintiff's investigation since the filing of the Complaint has raised concerns that
         Perot Systems has deficiencies in its policies for meal and rest periods, as well as
13       deficiencies in its record keeping procedures pertaining to meal periods, that are
         causing widespread denial of off-duty meal and rest periods.  In addition,
14       Plaintiff's investigation has also revealed possible violations related to on-call pay
         and Cal. Labor Code §204.3, which prescribes rules for imposing a policy of
15       providing compensating time off in lieu of overtime payments.  Plaintiff may
         therefore seek leave of the Court to amend the Complaint to add violations of Cal.
16       Labor Code §§ 204.3, 226.7 & 512, as well as the applicable Wage Order
         provisions.  Plaintiff estimates that she may file this motion in or about May 2008.
17

18  Plaintiff has not yet filed such a motion, however.  A true and correct copy of Plaintiff's April

19  11, 2008 Complex Case Management Conference Statement is attached as Exhibit 4.

20       7.     Defendant's Complex Case Management Statement repeated in nine different

21  paragraphs that Plaintiff may amend the complaint to add claims for meal and rest period

22  violations.  Defendant's CMC statement illustrates that it was well aware of the potential of

23  Plaintiff's meal and rest period claims:

24       Once Plaintiff's counsel decides whether to seek leave to amend the complaint or
         pursue litigation based on the current allegations, Defendant is willing to work
25       with Plaintiff's counsel to reach mutual agreement on the scope of the discovery
         in the pending matter.…
26       Plaintiff's counsel have asserted that they are investigating possible additional
27       claims, but have not yet taken a position on whether they will pursue these

28

---

2

DECL. OF DANIEL B. SIEGEL IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND,
*Jimenez v. Perot Systems Corporation*, Case No. CV08-2607 EDL

1    potential claims and if they do, whether they would seek to do so by amending the
2    complaint in this matter or filing separate litigation.

3    A true and correct copy of Defendant's April 11, 2008 Complex Case Management Conference

4    Statement is attached as Exhibit 5.

5         8.    On April 25, 2008, Plaintiff's counsel sent counsel for Perot Systems an eleven-

6    page meet and confer letter regarding Defendant's inadequate responses to Plaintiff's First Set

7    of Special Interrogatories and First Set of Requests for Production of Documents, which were

8    served on January 25, 2008.  Defendant has refused to produce any documents or responses

9    related to Plaintiff's meal and rest period discovery.  Ironically, Defendant took the position

10   through its objections that discovery pertaining to meal and rest period issues was beyond the

11   scope of Plaintiff's Complaint.  A true and correct copy of Plaintiff's First Set of Special

12   Interrogatories is attached as Exhibit 6.  A true and correct copy of Plaintiff's First Set of

13   Requests for Production of Documents is attached as Exhibit 7.

14        9.    On page 8 of her April 25, 2008 meet and confer letter, Plaintiff explained why

15   meal and rest period discovery was sought:

16        Plaintiff's Document Request Nos. 35-45 seek various categories of documents
          related to meal and rest period policies and practices for non-exempt California
17        employees of Perot Systems.  Defendant objected to each of Plaintiff's requests
          on grounds that the information sought is not relevant because Plaintiff's
18        complaint contains no allegations of meal and rest period violations.  This
          objection is meritless.
19

20        It is well settled that Plaintiff is entitled to this discovery whether the allegations
          are pled or not because even pleading deficiencies generally do not affect a
21        parties' right to obtain discovery.  Mattco Forge, Inc. v. Arthur Young & Co., 223
          Cal.App.3d 1429, 1437 n. 2 (1990); see Budget Finance Plan v. Superior Court,
22        34 Cal.App.3d 794, 797-98 (1973) (plaintiff entitled to reasonable discovery after
          demurrer sustained, when no pleading before the court).  It is "well-established
23        that relevancy of the subject matter does not depend on a legally sufficient
          pleading . . . discovery is proper if it would be material to any possible issue
24        raised by new allegations in an amended complaint."  Union Mutual Life Ins. Co.
          v. Superior Court, 80 Cal.App.3d 1, 10 (1978).  Under these authorities,
25        California law even permits a party to use the discovery process to obtain
          information necessary to plead a cause of action.
26

27

28

1
2
3

> Here, Defendant's time recordation, compensation, and overtime policies are
> directly at issue. Meal and rest periods are directly relevant to the class
> allegations of wage and hour violations. Defendant's objections are improper,
> and Defendant must supplement its production immediately.

4    Defendant has never asked Plaintiff to clarify why Plaintiff asserted that meal and rest periods

5    were relevant to the existing claims. Defendant has never responded to Plaintiff's April 25,

6    2008 meet and confer letter regarding the remainder of Plaintiff's discovery (i.e. discovery other

7    than that related to Plaintiff's request for a class list). A true and correct copy of the April 25,

8    2008, letter from Christian Schreiber to JoAnna L. Brooks is attached as Exhibit 8.

9          10.    Plaintiff's First Set of Special Interrogatories and First Set of Requests for

10   Production of Documents also included a request for the names and contact information of

11   members of the putative class. Defendant refused to produce a class list. On April 18, 2008,

12   Judge Freedman held a Complex Case Management Conference, in which the parties discussed

13   the status of early mediation and Plaintiff's request for a class list. Judge Freedman ordered the

14   parties to submit a joint letter brief on Plaintiff's Motion to Compel a class list by May 21, 2008

15   for a hearing on May 28, 2008. While Judge Freedman did not file his order after the April 18,

16   2008 CMC, this briefing and hearing schedule is reflected in the proposed Order and referenced

17   by Judge Freedman in his Order of May 28, 2008. A true and correct copy of the parties'

18   proposed Order is attached as Exhibit 9. A true and correct copy of an email exchange between

19   counsel for the parties establishing their approval of the language of the proposed order is

20   attached as Exhibit 10. A true and correct copy of the May 28, 2008 Order is attached as

21   Exhibit 11.

22         11.    The parties continued to meet and confer on Plaintiff's request for a class list,

23   exchanging several letters on the issue, but were unable to resolve the dispute. Pursuant to

24   Judge Freedman's direction, on May 21, 2008, the parties submitted a Joint Letter Brief on

25   Plaintiff's Motion to Compel production of a list of the names and contact information of the

26   putative class, as well as their job titles and dates in job. A true and correct copy of the May 21,

27   2008 Joint Letter Brief is attached as Exhibit 12.

28

4

DECL. OF DANIEL B. SIEGEL IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND,
*Jimenez v. Perot Systems Corporation*, Case No. CV08-2607 EDL

12.     On May 23, 2008, just two court days before Judge Freedman was to hear oral argument on Plaintiff's Motion to Compel, Perot Systems removed this case from Alameda County Superior Court to the Northern District pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446.

13.     Perot Systems' Notice of Removal, ¶3, states that Plaintiff's April 25, 2008 letter serves as an "other paper" from which Perot Systems could "first ascertain that the case is one which is or has become removable."  Plaintiff wrote more than one letter to Defendant on April 25, 2008.  The second letter pertained to Plaintiff's effort to obtain the names and contact information of class members.  A true and correct copy of the second April 25, 2008, letter is attached as Exhibit 13.

14.     On May 27, 2008, Plaintiff's counsel filed separate litigation against Perot Systems in Alameda County Superior Court asserting violations of California Labor Code related to "on-call time" involving another former Perot Systems employee.  The Complaint is titled *Angelita Gomez v. Perot Systems Corporation*, Case No. RG08389410.  Plaintiff has <u>not</u> amended the complaint in this action to assert meal and rest period violations.  A true and correct copy of the May 27, 2008 *Gomez* Complaint is attached as Exhibit 14.

15.     For purposes of responding to Defendant's removal, I took the lead in drafting the motion to remand and the motion for fees, working 32 hours through Tuesday, June 16, 2008.  My customary rate for my time is $495.00 per hour, which is well within the prevailing range for attorneys of my credentials and experience.  My total attorneys fees to date for this Motion to Remand are $15,840.

16.     Upon receiving the Notice of Removal, I researched the grounds specified in the Notice as well as the factual record.  Research revealed that the case law and factual record, in fact, clearly mandated remand.  After consulting with Josh Konecky, Christian Schreiber and Jonathan Gertler, I determined that the case properly belonged in state court and began to draft the Motion to Remand.

5

DECL. OF DANIEL B. SIEGEL IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND,
*Jimenez v. Perot Systems Corporation,* Case No. CV08-2607 EDL

1        17.    My firm periodically establishes hourly rates for all billable personnel.  The firm

2    sets the rates based on our regular and on-going monitoring of prevailing market rates in the

3    Bay Area for attorneys of comparable skill, experience, and qualifications.  In doing so, my firm

4    periodically consults with experts on attorneys' fees issues, including Richard Pearl, author of

5    California Attorney Fee Awards published by Continuing Education of the Bar.  My firm also

6    obtains information concerning market rates from other attorneys in the area who perform

7    comparable litigation, including the prosecution or defense of complex and/or class action

8    litigation, from conversations with attorneys who are involved in fee litigation, from reviewing

9    fee applications that are submitted in other cases (which report the billing rates of attorneys

10   practicing in other firms), and from information that occasionally appears in the local press.  My

11   firm sets our billing rates with the specific intent that they be consistent with prevailing market

12   rates in the private sector in the Bay Area for attorneys of comparable skills, qualifications and

13   experience.  Our current rates are consistent with Bay Area market rates.  My firm has had its

14   rates approved by the Courts in comparable litigation.

15       18.    In order to demonstrate the reasonableness of my billing rate, I briefly summarize

16   in the paragraphs that follow my background and experience.

17       19.    I have been personally involved in representing Plaintiff, working under the

18   direction of Jonathan E. Gertler, who is co-lead counsel of record for Plaintiff in the above-

19   referenced action.

20       20.    I received my B.A., *cum laude*, from the University of Pennsylvania in 1989 and

21   my J.D. from the New York University School of Law in 1992.  I am a member in good

22   standing of the California State Bar and the bars of the United States District Courts for the

23   Northern and Central District of California.

24       21.    In the 16 years that I have been practicing law, I have had substantial class action

25   litigation experience.  I was in solo practice from September 2000 to February 2008 in

26   Berkeley, California, handling large consumer and employee class actions as co-counsel with

27   other firms.  Since March 1, 2008, I have held the position Of Counsel with Chavez & Gertler

28   LLP.  I have been centrally involved since September 2000 in successful results for large groups

DECL. OF DANIEL B. SIEGEL IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND,
*Jimenez v. Perot Systems Corporation,* Case No. CV08-2607 EDL

1  of affected employees in mass wage and hour actions from such defendants as SGI, Copeland

2  Sports and Sun Microsystems.  Previously, from September 1998 to September 2000, I was a

3  staff attorney at a public interest organization, the Prison Law Office, in San Rafael, where I

4  worked on class action litigation involving prisoner civil rights (primarily regarding medical

5  care).  From July 1996 to August 1998, I was an associate at Severson & Werson in San

6  Francisco, handling consumer class actions.  From February 1995 to June 1996, I was an

7  associate at Coudert Brothers, handling antitrust litigation.  From October 1992 to February

8  1995, I was an associate at Crosby, Heafey, Roach & May, handling environmental insurance

9  coverage and toxic tort litigation.  I was also a legal intern at the Coalition for the Homeless in

10  New York in 1990.

11        22.    The following is a summary of the qualifications and experience of the attorneys

12  at Schneider, Wallace, Cottrell, Brayton, Konecky LLP who have worked on this matter, the

13  work performed and time spent by each attorney, and the attorney's hourly billing rates.

14        23.    Joshua Konecky is a partner at Schneider Wallace Cottrell Brayton Konecky

15  LLP and is co-lead counsel of record for Plaintiff in the above-referenced action.  He graduated

16  from New York University School of Law in May 1995.  After a judicial clerkship with the

17  Honorable Lawrence K. Karlton, U.S. District Court for the Eastern District of California, he

18  litigated national disability rights class actions at Disability Rights Advocates (DRA) in

19  Oakland, CA, specializing in cases addressing testing accommodations on standardized

20  admissions and other screening exams for individuals with dyslexia and other learning

21  disabilities, as well as attention deficit hyperactivity disorder (AD/HD).  After working at DRA,

22  he litigated employment discrimination and wage and hour class actions at the private, public-

23  interest law firm of Goldstein, Demchak, Baller, Borgen & Dardarian, also in Oakland.  He has

24  authored and edited publications on discrimination and employment law, and frequently lecture

25  on these subjects as well.  He has significant experience litigating nationwide and California

26  class actions in state and federal court.

27

28

DECL. OF DANIEL B. SIEGEL IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND,
*Jimenez v. Perot Systems Corporation,* Case No. CV08-2607 EDL

1      24.    Mr. Konecky directed the work of the other attorneys at his firm on this motion.

2  He spent 12.90 hours working on this motion, at his hourly rate of $500 per hour.  This

3  represents attorneys fees of $6,450.

4      25.    Christian Schreiber is a class action litigation associate working primarily on

5  cases involving wage and hour violations, consumer rights, employment, race, gender, and

6  disability discrimination.  He earned a J.D. from the UCLA School of Law in 2006, where he

7  completed the Program in Public Interest Law & Policy and the Concentration in Critical Race

8  Studies.  He was admitted to the Bar in December 2006.  Prior to law school, he worked in

9  Sacramento as a legislative aide for former California State Senator Joe Dunn, and served as

10  Chief Investigator for the State Senate Select Committee to Investigate Price Manipulation of

11  the Wholesale Energy Market.  Mr. Schreiber received his B.A. from UCLA in 1996.

12      26.    Mr. Schreiber spent 16.2 hours working on this motion, at his hourly rate of $325

13  per hour.  This represents attorneys fees of $5,265.

14      27.    On May 1, 2008, the firm of Schneider & Wallace changed its name to Schneider

15  Wallace Cottrell Brayton Konecky LLP.  The firm did not change any billing rates as a result of

16  changing the firm's name.

17      28.    The billing rates for Schneider Wallace Cottrell Brayton Konecky LLP have

18  been approved by both federal and state courts in the Bay Area (prior to the firm's name

19  change).  On August 16, 2005, Judge Susan Illston of the Northern District of California

20  approved the firm's rates in the case of *Lopez, et al. v. San Francisco Unified School District*,

21  Case No. C 99-3260 SI (EMC).  In that Order, Judge Illston found that "the rates asserted by

22  Schneider & Wallace are appropriate market rates."

23      29.    Judge William Alsup of the Northern District of *California* approved Schneider,

24  Wallace's rates in the case of *Cherry, et al. v. The City College of San Francisco*, Case No. C

25  04-4981 WHA.  In that Order, this Court found that "the hourly rates for the attorneys and other

26  staff who worked on this case, as set forth in the Motion for Attorneys Fees and the

27  accompanying declarations and exhibits, are reasonable and within the market range charged by

28  attorneys and law firms with similar levels of experience for work on similar types of cases."

8

DECL. OF DANIEL B. SIEGEL IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND,
*Jimenez v. Perot Systems Corporation,* Case No. CV08-2607 EDL

1       30.     The California Superior Court approved Schneider Wallace's rates in *Marin, et*

2 *al. v. Costco Wholesale Corp.*, where the Court found that "Schneider & Wallace's 2006 hourly

3 rates are consistent with the general local hourly rate charged by attorneys with similar

4 experience and expertise in fee-bearing cases."

5       I declare under penalty of perjury under the laws of the United States of America that the

6 foregoing is true and correct.  Executed this 18th day of June, 2008 at Mill Valley, California.

7

8                         /s/ Daniel B. Siegel

9                          Daniel B. Siegel

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF DANIEL B. SIEGEL IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND,
*Jimenez v. Perot Systems Corporation,* Case No. CV08-2607 EDL

# EXHIBIT 1

ENDORSED
FILED
ALAMEDA COUNTY

JUL 1 2 2007

CLERK OF THE SUPERIOR COURT
By Dorothy L. Lee, Deputy

1   CHAVEZ & GERTLER LLP
    JONATHAN E. GERTLER (Bar No. 111531)
2   JOSEPH R. IGELMUND (Bar No. 52493)
    42 Miller Avenue, Mill Valley, CA  94941
3   Tel: (415) 381-5599 Fax:  (415) 381-5572

4
    SCHNEIDER & WALLACE
5   TODD M. SCHNEIDER (Bar No. 158253)
    JOSHUA G. KONECKY (Bar No. 182897)
6   180 Montgomery Street, Suite 2000
    San Francisco, CA 94104
7   Tel: (415) 421-7100 Fax:  (415) 421-7105

8
    LAW OFFICES OF RICARDO DE ROSA
9   RICARDO DE ROSA (Bar No. 221226)
    6640 Brook Falls Circle
10  Stockton, California, 95219
    Tel: (209) 345-7077 Fax: (209) 476-0443
11

12
    Attorneys for Plaintiff GLORIA JIMENEZ
13  And the Proposed Plaintiff Class

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                        COUNTY OF ALAMEDA

16                       UNLIMITED JURISDICTION

17
    GLORIA JIMENEZ, individually, and on          )   Case No: G 07 - 3 3 5 3 2 1
18  behalf of all others similarly situated,      )
                                                  )   **CLASS ACTION**
19                    Plaintiff,                   )
                                                  )   **COMPLAINT FOR FAILURE TO PAY**
20      vs.                                        )   **OVERTIME (Cal. Labor C. § 510);**
                                                  )   **FAILURE TO PAY ACCRUED**
21                                                )   **VACATION (Cal. Labor C. § 227.3);**
    PEROT SYSTEMS CORPORATION, a                  )   **FAILURE TO PROVIDE ITEMIZED**
22  Delaware Corporation; and DOES 1 to 50,       )   **STATEMENTS (Cal. Labor C. § 226);**
                                                  )   **UNFAIR AND UNLAWFUL BUSINESS**
23                    Defendants                   )   **PRACTICES (Cal. Bus. & Profs. C.**
                                                  )   **§ 17200); AND INJUNCTIVE AND**
24                                                )   **DECLARATORY RELIEF**
                                                  )
25                                                )   **DEMAND FOR JURY TRIAL**
                                                  )
26                                                )
                                                  )
27  _____       )

28

COPY

1       Plaintiff GLORIA JIMENEZ ("JIMENEZ" or "Plaintiff"), individually and on behalf

2   of all others similarly situated, hereby complains against defendants PEROT SYSTEMS

3   CORPORATION ("PEROT") and Does 1 through 50, inclusive (collectively, "Defendants"),

4   and, on information and belief, alleges as follows:

5                           **PRELIMINARY STATEMENT**

6       1.      This class action seeks to halt and remedy defendant PEROT SYSTEMS

7   CORPORATION'S violations of California Labor Code and California Industrial

8   Welfare Commission Order ("Wage Order") provisions requiring overtime pay,

9   compensation for accrued vacation time, and record-keeping and disclosure to employees

10  of wage information including the true overtime rate paid and true wages earned.

11  Defendant PEROT, which provides technology information support services in the health care

12  industry, regularly and systematically has required, encouraged, and/or permitted Plaintiff and

13  members of the class to work alternative workweek schedules ("AWS") of ten hours per day and

14  four days per week ("4/10" schedules), and failed to pay Plaintiff and members of the class

15  overtime pay for their ninth and tenth hours of work daily under those schedules, without

16  complying with the explicit requirements of the California Labor Code and Wage Orders in

17  order to lawfully implement an AWS.  Defendant PEROT also regularly and systematically has

18  required, encouraged, and/or permitted Plaintiff and members of the class to work overtime, but

19  failed to pay the overtime rate required by California law.  Further, defendant PEROT regularly

20  and systematically has refused to pay Plaintiff and members of the class compensation for

21  accrued vacation, either when due or not at all, in violation of the California Labor Code.

22  Defendant PEROT also regularly and systematically has issued wage statements to Plaintiff and

23  members of the class that fail to disclose, or misrepresent, information required by the California

24  Labor Code, including without limitation the true applicable hourly rate paid by PEROT for

25  overtime work and the true wages earned by Plaintiff and members of the class.  Plaintiff seeks

26  injunctive and declaratory relief, restitution, compensatory damages, penalties, interest, and

27  attorneys' fees, costs and expenses.

28

1

**VENUE**

2    2.    Proper venue lies in Alameda County in that, while defendant PEROT does

3    business in the State of California, PEROT has not designated with the California Secretary

4    of State a principal place of business within the State of California pursuant to Corporations

5    Code § 2105(a)(3).  Accordingly, PEROT may be sued in any county in the State of

6    California, including the County of Alameda.  Venue also is proper in Alameda County in

7    that Plaintiff is informed and believes and on that basis alleges that defendants committed

8    some of the wrongful acts alleged herein, in the County of Alameda.

9

**PARTIES**

10    3.    Plaintiff JIMENEZ is an individual over the age of eighteen (18) and at all

11    relevant times, was a resident of the State of California.

12    4.    Defendant PEROT SYSTEMS CORPORATION is a corporation organized

13    under Delaware law and admitted to conduct business in the State of California.  Plaintiff

14    was employed by PEROT as a Data Center Operations/Technician from July, 2001 to in or

15    about April, 2007.

16    5.    Plaintiff does not know the true names and capacities of defendants sued herein

17    as DOES 1-50 and therefore sues these defendants by such fictitious names.  Plaintiff will

18    amend this Complaint to allege their true names and capacities when ascertained.

19    Plaintiff is informed and believes and on that basis alleges that each of these fictitiously named

20    defendants is responsible in some manner for the occurrences alleged herein, and thereby

21    proximately caused Plaintiff's injuries alleged herein.

22    6.    Plaintiff is informed and believes and on that basis alleges that at all relevant

23    times each of the defendants was the agent or employee of each of the remaining defendants,

24    and in doing the things herein alleged was acting within the course and scope of such

25    agency or employment, and that defendants authorized, ratified, and approved, expressly or

26    impliedly, all of the conduct herein alleged.

27    *//*

28

2

1

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

2      7.      Plaintiff brings this action for violations of California's Wage and Hour Law as

3  a class action, pursuant to Code of Civil Procedure § 382 and Business & Professions Code

4  § 17200, on behalf of herself and all current and former Data Center

5  Operations/Technicians and other non-exempt employees of Perot Systems Corporation in

6  California, who at any time in the four years preceding the filing of this action to final

7  resolution of this action, worked a 4/10 Alternative Workweek Schedule; earned a shift

8  differential, "06 Benefits Bridge" and/or "Benefits Bridge" benefit during any week in which

9  they worked overtime hours; were not paid for all accrued vacation at the time of termination

10 of their employment; and/or were not provided lawful itemized wage statements.

11     8.      Common questions of law and fact exist as to members of the class that include,

12 but are not limited to the following:

13          (a)      Whether defendant PEROT required members of the class to work

14 overtime without payment of the overtime rate required by the State of California;

15          (b)      Whether defendant PEROT failed to pay all accrued vacation

16 benefits at the time of termination of employment;

17          (c)      Whether defendant PEROT failed to pay all earned wages at the time

18 of termination of employment;

19          (d)      Whether defendant PEROT failed to provide to class members

20 itemized wage statements that disclosed all information required by Labor Code

21 § 226; and

22          (e)      Whether defendant PEROT engaged in unfair competition proscribed

23 by Business & Professions Code § 17200 by engaging in the conduct described

24 hereinabove as to members of the class.

25     9.      Plaintiff's claims are typical of the claims of the class that Plaintiff seeks to

26 represent.  Plaintiff and members of the class were not compensated for overtime work at the

27 rate required by California law.  Plaintiff and members of the class were not paid all accrued

28 vacation benefits at the time of termination of employment.  Plaintiff and members of the

1    class were not paid all earned wages at the time of termination of employment.  Plaintiff and

2    members of the class were not provided itemized wage statements that disclosed all

3    information required by Labor Code § 226.  Plaintiff and members of the class are entitled to

4    injunctive relief, as permitted by law, in that PEROT's violations of California law have

5    harmed and are continuing to harm Plaintiff and members of the class.

6          10.     The potential quantity of members of the class is so numerous that

7    joinder of all members would be unfeasible and impractical. The disposition of their claims

8    through this class action will benefit both the parties and the Court. The quantity of

9    members is unknown to Plaintiff at this time; however, it is estimated that the class size is

10    over 100 individuals.  The quantity and identity of the proposed class are readily

11    ascertainable through inspection of PEROT'S records.

12          11.     Plaintiff will fairly and adequately represent and protect the interests of the

13    members of the class.  Plaintiff has retained and is represented by counsel competent and

14    experienced in complex class action litigation, including minimum wage and overtime class

15    actions.

16          12.     The nature of this action and the nature of laws available to Plaintiff

17    make use of the class action format the superior and appropriate procedure to afford relief for

18    the wrongs alleged herein.

19                 **FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

20          13.     Defendant PEROT required, encouraged and/or permitted Plaintiff and

21    members of the class to work overtime, and failed to pay Plaintiff and members of the

22    class overtime compensation at the rate required by Labor Code § 510 and IWC Wage

23    Orders, including without limitation Wage Order 4-2001.

24          14.     Defendant PEROT failed to pay all accrued vacation benefits to Plaintiff and

25    class members at the time of termination of employment, in violation of Labor Code §

26    227.3.

27          15.     Defendant PEROT failed to pay all earned wages to Plaintiff and members

28    of the class at the time of termination of employment, in violation of Labor Code §§ 201,

202, 510 and 1194.

16.    Defendant PEROT failed to provide to Plaintiff and members of the class itemized wage statements that disclose all information required by Labor Code § 226.

17.    Plaintiff and members of the class are non-exempt employees under the laws of the State of California.

18.    The practices of defendant PEROT in failing to pay Plaintiff and members of the class earned overtime compensation at the required rate, to pay all accrued vacation benefits at the time of termination of employment, to pay all earned wages at the time of termination of employment, and to provide itemized wage statements that disclose all lawfully required information, are substantially similar, if not identical.

## FIRST CAUSE OF ACTION
## UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION
### (California Labor Code §§ 510, 1194; Wage Order 4-2001)

19.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

### 4/10 Overtime Claim for Ninth and Tenth Hours Daily

20.    The IWC Wage Orders, including without limitation Wage Order 4-2001, provide in substance and effect that an employer shall pay a premium, "overtime" rate for all hours worked by employees in excess of eight hours in a work day or forty hours in a work week.  Wage Order 4-2001 further states in substance and effect that an employer does not violate the foregoing provision by instituting a regularly scheduled alternative workweek ("AWS") of not more than ten hours per day in a forty hour week (a "4/10" schedule) without paying overtime for such hours, provided that the employer has complied with the election procedures mandated by the Wage Order for adoption of an AWS.  Wage Order 4-2001 further provides in substance and effect that the election procedures for the adoption of an AWS require that the employer propose an AWS to employees in the form of a written agreement; that the employer disclose in writing to affected employees the effect of the AWS; that the employer hold a meeting with

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1   affected employees at least fourteen days prior to the AWS election; that the employer

2   conduct the election by secret ballot, and that at least a 2/3 affirmative vote of each work

3   unit is required to establish an AWS; and that the employer report to the California

4   Division of Labor Statistics and Research within thirty days after the results are final,

5   including the final tally of the vote, the size of the work unit, and the nature of the

6   business of the employer.

7        21.    During all relevant times, defendant PEROT purported to adopt a 4/10

8   AWS for Plaintiff and members of the class in order to evade payment of overtime for the

9   ninth and tenth hours worked daily.  Plaintiff is informed and believes and on that basis

10   alleges that, in fact, PEROT did not lawfully adopt the 4/10 schedule for Plaintiff and

11   members of the class, in that PEROT failed to comply with the mandatory election

12   procedures of the Wage Order, including without limitation failing to disclose to the

13   California Division of Labor Statistics and Research any election conducted among

14   PEROT work units, the PEROT work units that voted, and the results of each election.

15        22.    During all relevant times, and notwithstanding that it had failed to comply

16   with the mandatory election procedures of the Wage Order, defendant PEROT required,

17   encouraged and/or permitted Plaintiff and the members of the class to work 4/10

18   schedules, and paid Plaintiff and the members of the class only their respective hourly,

19   non-premium rates for work during the ninth and tenth hours of each 4/10 workday.

20   Plaintiff is informed and believes and on that basis alleges that PEROT knew that Plaintiff

21   and members of the class had performed the ninth and tenth hours of work daily.

22        23.    As defendant PEROT failed to lawfully implement an AWS, Plaintiff and

23   members of the class who worked a 4/10 schedule at any time during all relevant times are

24   entitled to overtime pay for the ninth and tenth hours worked each day under said schedule,

25   pursuant to Labor Code § 510 and IWC Wage Orders, including without limitation Wage

26   Order 4-2001.

27        24.    Defendant PEROT has failed to pay earned overtime compensation, either

28   when due or not at all, for the ninth and tenth hours worked each day under the 4/10

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1    schedule by Plaintiff and members of the class.

2             Failure to Properly Calculate Overtime Rate – Shift Differential

3        25.    IWS Wage Orders, including without limitation Wage Order 4-2001,

4    provide in substance and effect that an employer shall pay one and one-half times the

5    employee's regular rate of pay for all hours worked by employees over eight hours in a

6    work day or forty hours in a work week, and double the employee's regular rate of pay

7    for hours worked in excess of twelve in a day.

8        26.    IWC Wage Orders, including without limitation Wage Order 4-2001,

9    further provide in substance and effect that, as to employees working a lawfully-adopted

10   Alternative Workweek Schedules, an employer shall pay one and one-half times the

11   employee's regular rate of pay for all work performed in the work day beyond the

12   schedule established by the AWS, up to twelve hours per day or beyond forty hours per

13   week, and double the employee's regular rate of pay for all hours worked in excess of

14   twelve hours per day and any work in excess of eight hours on those days worked beyond

15   the regularly scheduled number of work days established by the AWS.

16       27.    IWC Wage Orders, including without limitation Wage Order 4-2001,

17   further provide in substance and effect that, as to employees working Alternative

18   Workweek Schedules, where an employer requires an employee to work fewer hours

19   than those that are regularly scheduled under the AWS, an employer shall pay one and

20   one-half the employee's regular rate of pay for all hour worked in excess of eight hours,

21   and double the employee's regular rate of pay for all hours worked in excess of twelve

22   hours, for the day the employee is required to work the reduced hours.

23       28.    During all relevant times, defendant PEROT required, encouraged and/or

24   permitted Plaintiff, and members of the class either on or not on a 4/10 AWS, to work

25   their regular hours on the "night shift."  During all relevant times, PEROT paid Plaintiff

26   and members of the class working the night shift, in addition to their regular hourly

27   wages, a weekly shift differential of $76.36 during forty-hour weeks and a prorated shift

28   differential of $57.27 during thirty-hour weeks.  The shift differential is not production-

1  based.  The number of hours, if any, worked by Plaintiff and members of the class in

2  addition to the regular hours on the night shift is irrelevant to the calculation.

3        29.    During all relevant times, defendant PEROT further required, encouraged

4  and/or permitted Plaintiff and members of the class on the night shift to work hours over

5  and above their regular hours on that shift.  Plaintiff is informed and believes and on that

6  basis alleges that PEROT knew this overtime work was performed.

7        30.    During all relevant times, defendant PEROT included the shift differential

8  in the regular rate used to determine overtime pay for Plaintiff and members of the class

9  on the night shift.  During all relevant times, in calculating the effect of the shift

10  differential on the regular rate and overtime compensation to be paid Plaintiff and

11  members of the class on the night shift, defendant PEROT used the FLSA "fluctuating

12  work week" method, which yields a lesser overtime rate than the "maximum legal hours"

13  method under California law.  Plaintiff is informed and believes and on that basis alleges

14  that, in failing to use the "maximum legal hours" method in calculating the regular rate

15  and overtime pay, PEROT deprived Plaintiff and members of the class working the night

16  shift of earned overtime compensation that is owed under California law.  Plaintiff

17  further is informed and believes and on that basis alleges that PEROT's failure to use the

18  "maximum legal hours" method violates California public policy in that PEROT failed to

19  pay less premium pay than was owed, and premium pay is the primary device under

20  California law for enforcing limitations on maximum hours of work.

21        31.    Defendant PEROT has failed to pay earned overtime compensation, either

22  when due or not at all, for all such overtime work performed by Plaintiff and members of

23  the class working the night shift, in violation of California Labor Code §§ 510 and IWC

24  Wage Orders, including without limitation Wage Order 4-2001.

25      <u>Failure to Properly Calculate Overtime Rate – 06 Benefits Bridge and Benefits Bridge</u>

26        32.    During all relevant times, defendant PEROT required, encouraged and/or

27  permitted Plaintiff, and members of the class working any shift and whether or not

28  working an AWS, to work hours over and above their regular hours.  Plaintiff is informed

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1    and believes and on that basis alleges that PEROT knew this overtime work was

2    performed.

3        33.    During all relevant times, Plaintiff and said members of the class earned

4    two additional weekly wages:  (1)  The "06 Benefits Bridge" wage, in the amount of

5    $11.73 weekly, and (2) the "Benefits Bridge" wage, in the amount of $2.27 weekly.

6    Defendant PEROT paid these two wages to Plaintiff and said members of the class

7    weekly while they were employees of PEROT.  These two wages are not discretionary.

8    These two wages are not production-based.  The number of hours, if any, worked by

9    Plaintiff and members of the class in addition to the regular hours on the night shift is

10   irrelevant to the calculation of these two wages.

11       34.    Plaintiff is informed and believes and on that basis alleges that, during all

12   relevant times, these two wages were not excludable under California law from the

13   regular rate in calculating overtime pay.

14       35.    Plaintiff is informed and believes and on that basis alleges that, during all

15   relevant times, defendant PEROT failed to include the 06 Benefits Bridge wage and

16   Benefits Bridge wage in the regular rate used to determine overtime pay to be paid

17   Plaintiff and said members of the class, in violation of Labor Code § 510 and IWC Wage

18   Orders, including without limitation Wage Order 4-2001.  Plaintiff is informed and

19   believes and on that basis alleges that, in failing to include these two wages in the regular

20   rate used to determine overtime pay, PEROT deprived Plaintiff and said members of the

21   class of earned overtime compensation that is owed under California law.  Plaintiff

22   further is informed and believes and on that basis alleges that PEROT's failure to include

23   these two wages in the regular rate used to determine overtime pay violates California

24   public policy in that PEROT failed to pay less premium pay than was owed, and

25   premium pay is the primary device under California law for enforcing limitations on

26   maximum hours of work.

27       36.    Defendant PEROT has failed to pay earned overtime compensation, either

28   when due or not at all, for all such overtime work performed by Plaintiff and said members

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1   of the class, in violation of California Labor Code §§ 510 and IWC Wage Orders,

2   including without limitation Wage Order 4-2001.

3   <u>All Claims Under This Cause Of Action</u>

4   37.   As a proximate result of the conduct of defendant PEROT, Plaintiff and

5   members of the class have suffered damages, including for overtime worked and not paid, in

6   an amount to be proven at trial.

7   38.   Plaintiff and members of the class request interest on all overtime

8   compensation earned and unpaid, pursuant to Labor Code §§ 218.6.

9   39.   Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

10   Labor Code § 1194 or 218.5.

11   WHEREFORE, Plaintiff prays for relief as set forth below.

12   **SECOND CAUSE OF ACTION**
**<u>FAILURE TO PAY ACCRUED VACATION</u>**

13   **(Labor Code § 227.3)**

14   40.   Plaintiff incorporates herein each of the foregoing paragraphs as though fully

15   set forth herein.

16   41.   Under Labor C. § 227.3, a proportionate right of an employee to a paid

17   vacation vests as the labor is rendered, and is protected from forfeiture.

18   42.   During all relevant times, PEROT had and continues to have a consistent and

19   uniform policy providing for annual paid vacation time for Plaintiff and members of the class.

20   43.   Plaintiff is informed and believes and on that basis alleges that, during all

21   relevant times, defendant PEROT had and continues to have a consistent and uniform policy

22   that employees lose all rights to paid vacation time upon termination of their employment.

23   44.   During all relevant times, Plaintiff and members of the class earned annual

24   paid vacation pursuant to defendant PEROT's aforesaid policies.  Plaintiff is informed and

25   believes and on that basis alleges that, during all relevant times, defendant PEROT failed

26   and refused to pay accrued vacation to Plaintiff and said members of the class upon

27   termination of their respective employment.

28   45.   As a proximate result of the conduct of defendant PEROT, Plaintiff and said

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1    members of the class have suffered damages, including for vacation wages earned but not

2    paid, in amounts to be proven at trial.

3        46.    Plaintiff and said members of the class are entitled to interest on all vacation

4    wages earned but not paid, accruing from the date that the vacation wages were due and

5    payable, pursuant to California Labor Code § 218.6.

6        47.    Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

7    California Labor Code § 218.5.

8        WHEREFORE, Plaintiff prays for relief as set forth below.

9                        **THIRD CAUSE OF ACTION**
                **RECOVERY OF WAITING TIME PENALTIES**
10                     **(California Labor Code §§ 203)**

11        48.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

12    set forth herein.

13        49.    California Labor Code § 203 provides that if an employer willfully fails to

14    pay, without abatement or reduction, in accordance with California Labor Code §§ 201,

15    201.5, 202 and 205.5, any wages of an employee who is discharged or who resigns,

16    the wages of the employee shall continue as a penalty from the due date thereof at the same

17    rate until paid up to a maximum of thirty (30) days.

18        50.    During all relevant times, defendant PEROT had and continues to have a

19    consistent and uniform policy, practice and procedure of willfully failing to pay the

20    earned and unpaid wages of its employees at the termination of their employment, in

21    violation of California Labor Code §§ 201 and 202.

22        51.    Plaintiff and certain members of the class are no longer employed by

23    defendant PEROT, in that they were either discharged from or quit PEROT'S employ.

24        52.    During all relevant times, defendant PEROT willfully failed to pay Plaintiff

25    and said members of the class who are no longer employed by PEROT a sum certain for

26    earned wages, at the time of their termination or within seventy-two (72) hours of their

27    resignation, and failed to pay those sums for thirty (30) days thereafter.

28        53.    During all relevant times, defendant PEROT willfully failed to pay Plaintiff

---

11

1   and said members of the class who are no longer employed by PEROT, in that PEROT

2   knew wages were due, but nevertheless failed to pay them.

3        54.    Plaintiff and members of the class who are no longer employed by defendant

4   PEROT are entitled to penalties pursuant to California Labor Code § 203, in the amount of

5   each person's daily wage multiplied by thirty (30) days.

6        WHEREFORE, Plaintiff prays for relief as set forth below.

7                        **FOURTH CAUSE OF ACTION**
                **FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**
8                        **(California Labor C. § 226)**

9        55.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

10  set forth herein.

11       56.    IWC Wage Orders, including without limitation Wage Order 4-2001,

12  provide that the employer shall keep accurate information with respect to each employee,

13  including total hours worked and applicable rates of pay.

14       57.    Labor Code § 226 provides that the employer shall provide at the time of

15  each payment of wages an accurate itemized statement that discloses (1) gross wages

16  earned, (2) total hours worked by the employee, (3) the number of piece rate units earned

17  and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

18  deductions, (5) net wages earned, (6) the inclusive dates of the period for which the

19  employee is paid, (7) the name of the employee and compliant identifying information, (8)

20  the name and address of the legal entity that is the employer, and (9) all applicable hourly

21  rates in effect during the pay period and the corresponding number of hours worked at each

22  hourly rate by the employee.

23       58.    Labor Code § 226 further provides that an employee may bring an action for

24  injunctive relief to ensure compliance with that code section.

25       59.    During all relevant times, defendant PEROT provided to plaintiff and

26  members of the class, at the time of payment of wages, wage statements that failed to

27  disclose, without limitation, the inclusive dates of the period for which the employee is

28  being paid, the name of the employee and identifying information for the employee, and

12

1  the name and address of the legal entity that is the employer.

2      60.    During all relevant times, defendant PEROT also failed to maintain records

3  that show, and provided wage statements to plaintiff and members of the class that fail to

4  disclose, and misrepresent, the true applicable rate at which the overtime pay of plaintiff

5  and members of the class was calculated and paid, and the true amount of gross and net

6  wages earned.  The aforesaid wage statements provided by PEROT represent, for example,

7  that overtime pay was calculated at a rate of "1.5x (number of overtime hours x $16.475)"

8  when in fact overtime pay was calculated at a different rate that yielded less overtime pay

9  than the calculation represented and which had been earned in fact.

10     61.    Plaintiff requests that the Court grant injunctive relief restraining defendant

11  PEROT from further violating the provisions of Labor Code § 226, and commanding

12  defendant PEROT to issue to Plaintiff and each member of the class further itemized wage

13  statements that provide all information required by Labor Code § 226 and which PEROT

14  failed to provide in any wage statement issued to Plaintiff or the respective class member

15  during all relevant times.

16     62.    Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

17  California Labor Code § 226(g).

18     WHEREFORE, Plaintiff prays for relief as set forth below.

19              **FIFTH CAUSE OF ACTION**
   **UNFAIR COMPETITION – UNFAIR AND UNLAWFUL BUSINESS PRACTICES**
20        **(California Business & Professions Code § 17200)**

21     63.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

22  set forth herein.

23     64.    The Unfair Competition Law ("UCL"), California Business & Professions

24  Code § 17200, et seq., defines unfair competition to include, inter alia, any unfair or

25  unlawful business act or practice. The UCL provides that a Court may enjoin acts of unfair

26  competition, and order restitution to affected members of the public.

27     65.    Plaintiff is informed and believes and on that basis alleges that, during the

28  four years preceding the filing of this complaint, PEROT has committed acts of unfair

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1  competition proscribed by California Business and Professions Code § 17200, et seq.,

2  including the practices alleged herein.

3      66.    Plaintiff is informed and believes and on that basis alleges, as more fully set

4  out above, that PEROT has engaged in the following unfair and/or unlawful acts and

5  practices:

6          (a)    PEROT has failed to pay overtime compensation for all overtime

7      work performed by Plaintiff and members of the class, either when due or not at all,

8      in violation of California Labor Code §§ 201, 202, 510 and 1194 and applicable

9      Wage Orders, including without limitation Wage Order 4-2001;

10          (b)    PEROT has failed to pay accrued vacation wages to Plaintiff and

11      members of the class, either when due or not at all, in violation of Labor Code

12      § 227.3; and

13          (c)    PEROT has failed to maintain records that show, and provided wage

14      statements to plaintiff and members of the class that fail to disclose, and misrepresent,

15      the true applicable rate at which the overtime pay of plaintiff and members of the

16      class was calculated and paid, and the true amount of gross and net wages earned;

17      PEROT also has failed to provide to Plaintiff and members of the class itemized wage

18      statements that show the inclusive dates of the period for which the employee is being

19      paid, the name of the employee and identifying information for the employee, and the

20      name and address of the legal entity that is the employer.

21      67.    The business acts and practices of PEROT as hereinabove alleged constitute

22  unfair and/or unlawful business practices in that, for the reasons set forth above, said acts

23  and practices violate explicit provisions of the California Labor Code and/or Wage Orders,

24  including without limitation Wage Order 4-2001.  PEROT has obtained a significant

25  competitive advantage, and engaged in unfair competition, through its acts and practices

26  of obtaining employee labor without paying legally required overtime compensation;

27  without providing accrued vacation pay; and without reporting to governmental authorities

28  the true wages earned and paying to such authorities all taxes and levies on the true wages

1  earned.

2      68.    Plaintiff and members of the class are entitled to restitution in the amounts

3  of all earned wages unpaid by defendant PEROT.

4      69.    The unfair and unlawful business acts and practices of defendant PEROT

5  described herein present a continuing threat to members of the general public in that

6  PEROT is currently engaging in such acts and practices, and will persist and continue to do

7  so unless and until an injunction is issued by this Court.  On behalf of all others similarly

8  situated, Plaintiff requests that this Court issue an injunction restraining the foregoing

9  conduct by PEROT.

10     70.    Plaintiff requests that the Court grant further injunctive relief, commanding

11  defendant PEROT to issue to Plaintiff and each member of the class itemized wage

12  statements that provide all information required by Labor Code § 226 and which PEROT

13  failed to provide in any wage statement issued to Plaintiff or the respective class member

14  during the four years preceding the filing of this complaint.

15     71.    On behalf of all others similarly situated, Plaintiff further requests that the

16  Court issue an interim order requiring PEROT to advise all members of the class of their

17  rights pursuant to the California Labor Code and Wage Orders.

18     72.    On behalf of all others similarly situated, Plaintiff further requests a

19  declaration as to the respective rights, remedies, and obligations of the parties, and

20  establishment of a post-judgment reference proceeding to identify, locate and fully

21  reimburse all affected employees all monies due to them.

22     73.    On behalf of all others similarly situated, Plaintiff further requests that the

23  Court enforce the penalty provision of Labor Code § 203, pursuant to Business and

24  Professions Code § 17202, which provides: "Notwithstanding Section 3369 of the Civil Code,

25  specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in

26  a case of unfair competition."

27     74.    Plaintiff requests an award of attorneys fees, costs and expenses pursuant to

28  Code of Civil Procedure § 1021.5 and as otherwise permitted by statute.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SIXTH CAUSE OF ACTION
### DECLARATORY RELIEF

75.     Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

76.     An actual controversy has arisen between Plaintiff and members of the class, on the one hand, and defendant PEROT, on the other hand, as to their respective rights, remedies and obligations. Specifically, Plaintiff alleges that the acts and practices of PEROT as hereinabove alleged:

(a)     violate Labor Code §§ 510,  1194, 201 and 202 and Wage Order 4-2001, in that PEROT has failed to pay overtime compensation for all overtime work performed by Plaintiff and members of the class, either when due or not at all;

(b)     violate Labor Code § 227.3, in that PEROT has failed to pay accrued vacation wages to Plaintiff and members of the class, either when due or not at all;

(c)     violate Labor Code § 226, in that PEROT has failed to maintain records that show, and provided wage statements to plaintiff and members of the class that fail to disclose, and misrepresent, the true applicable rate at which the overtime pay of plaintiff and members of the class was calculated and paid, and the true amount of overtime and wages earned; PEROT also has failed to provide to Plaintiff and members of the class itemized wage statements that show the inclusive dates of the period for which the employee is being paid, the name of the employee and identifying information for the employee, and the name and address of the legal entity that is the employer; and

(d)     Plaintiff further alleges that members of the class are entitled to recover earned wages and penalties as hereinabove alleged.

77.     Defendant PEROT contends to the contrary.

78.     Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies, and obligations of the parties.

1    WHEREFORE, Plaintiff prays for relief as set forth below.

2                              **PRAYER FOR RELIEF**

3    WHEREFORE, Plaintiff, on behalf of herself and members of the class,

4    respectfully prays for relief as follows:

5         1.    For an order certifying this case as a class action, and appointing Plaintiff as

6    the representative of the class;

7         2.    For an order finding and declaring that PEROT'S acts and

8    practices as challenged herein are unlawful and unfair;

9         3.    For an order finding and declaring that PEROT'S acts and

10   practices in failing to pay earned wages when due were willful, and penalties

11   shall be awarded against PEROT pursuant to Labor Code § 203;

12        4.    For an order preliminarily and permanently enjoining PEROT

13   from engaging in the practices challenged herein;

14        5.    For an order commanding defendant PEROT to issue to Plaintiff and

15   each member of the class itemized wage statements that provide all information

16   required by Labor Code § 226 and which PEROT failed to provide in any wage

17   statement issued to Plaintiff or the respective class member during the four years

18   preceding the filing of this complaint;

19        6.    For an order requiring PEROT to advise all members of the class of

20   their rights pursuant to the California Labor Code, Wage Orders, and Business &

21   Professions Code;

22        7.    For restitution of all earned wages earned and unpaid;

23        8.    For compensatory damages in amounts to be determined at trial;

24        9.    For a declaration as to the respective rights, remedies, and

25   obligations of the parties, and establishment of a post-judgment reference proceeding to

26   identify, locate and fully reimburse all affected employees all monies due to them;

27        10.   For an award of all applicable statutory penalties;

28        11.   For prejudgment interest to the extent permitted by law;

---

17

1         12.    For an award of attorneys' fees, costs and expenses incurred in

2  the prosecution of this action; and

3         13.    For such other and further relief as the Court may deem proper.

4

5  Dated: July 12, 2007               CHAVEZ & GERTLER LLP

6                                SCHNEIDER & WALLACE LLP

                                LAW OFFICES OF RICARDO DE ROSA

7

8                      By:   _____

9                          Jonathan E. Gertler

10                    Attorneys of record for Plaintiff

                        GLORIA JIMENEZ

11

12  07.07.11.Complaint.Final

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

# EXHIBIT 2

**Schneider & Wallace**

180 Montgomery Street
Suite 2000
San Francisco, CA 94104

415-421-7100 (Telephone)
415-421-7105 (Fax)

**RECEIVED**

JAN 1 7 2008

| | |
|---|---|
| To: | Jon Gertler |
| Company: | Chavez & Gertler, LLP |
| Fax number: | 3815572 |
| Date & Time: | 1/16/2008 5:34:17 PM |
| Pages: | 4 |
| Re: | Jimenez v. Perot |

Important:  This fax is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.   If the reader of this message is not the intended fax recipient, you are hereby notified that reading, disseminating, distributing or copying this fax is strictly prohibited.   If you have received this fax in error, please immediately notify us by telephone and we will arrange to retrieve it at no cost to you.

If you do not receive all pages or transmission is not clear, please call 415-421-7100.

# SCHNEIDER & WALLACE
## ATTORNEYS AT LAW

*Todd M. Schneider*
*Guy B. Wallace*
*Carolyn H. Cottrell*
*Clint J. Brayton*
*Joshua Konecky*

*W.H. Willson, IV*
*Camilla L. Roberson*
*Patrick J. Suter*
*Rachel E. Brill*
*Nancy Park*
*Christian Schreiber*
*Monica Quivey*
*Megan M. Lewis*
*Andrew P. Lee*

January 16, 2008

*Paula Hagan Bennett, of Counsel*

**VIA U.S. Mail & Facsimile (415) 394-9401**

JoAnna L. Brooks, Esq.
JACKSON LEWIS LLP
199 Fremont St, 10th Floor
San Francisco, CA 94105

Re:   *Jimenez v. Perot Systems Corporation*

Dear JoAnna:

I write with regard to Defendant's continued delay in the production of wage and compensation data and the resulting need for Plaintiff to resume formal discovery. As discussed below, while Plaintiff is still willing to engage in an early mediation with Perot before Mark Rudy, Esq., on March 17, 2008, the continued delays in Defendant's discovery production has made it necessary for us to proceed on a litigation track as well.

On September 24, 2007, Plaintiff served Plaintiff's First Set of Special Interrogatories, Plaintiff's First Request for Production of Documents, Plaintiff's First Set of Form Interrogatories, and Plaintiff's First Set of Requests for Admission. Thereafter, the parties agreed to defer certain categories of responses on the condition that Defendant would promptly produce the remaining categories, including wage and compensation data, so that the parties would be in a position to have an early mediation before Mark Rudy, Esq., in January 2008. The agreement was without prejudice to Plaintiff's right to renew any formal discovery. On November 16, 2007, Defendant produced some initial documents. Defendant also agreed to present five separate PMK witnesses for deposition on the subjects of the alternative workweek schedules in place at Perot and the wage and compensation policies and practices for Perot. On December 3, 2007, and January 8, 2008, Defendant produced Tim Zeleny and Randy Gamino, respectively, for deposition on the AWS issues. Defendant has not produced any of the wage and compensation data that it had promised. Nor has Plaintiff had an opportunity to take the depositions of Kim Hoskins, Michael Carpenter, and Marcia Blandford, the witnesses who will be speaking

JoAnna L. Brooks, Esq.
January 16, 2008
Page 2 of 2

on behalf of Perot on subjects relating to both policies and the wage and compensation data.

The parties first discussed the production of wage and compensation data for the purposes of early mediation on September 28, 2007. As we confirmed in our letter of October 5 (and you confirmed again on October 26), Defendant was originally scheduled to produce wage and compensation data on November 9. After this deadline passed, the parties spoke on November 13 and certain policy documents were ultimately produced on November 16. The letter accompanying the policy documents stated in part, "We hope to have payroll data ready for production by the end of the last week of November." Plaintiffs confirmed the November 30 deadline in a letter on November 21.

On November 30, Defendant indicated that further delay was necessary, and that the wage and compensation data would be produced on December 4, 2007. Plaintiff confirmed this in a December 3 letter. On December 5, Defendant indicated in a phone call that the wage and compensation data would be produced by December 14. At this point, the parties agreed to postpone the scheduled January mediation to March 17, 2008, and agreed to postpone the depositions scheduled for December 2007 to January 2008.

The December 14 deadline then came and went, without any further production by Defendant. Defendant indicated that it would produce the wage and compensation data a week later, on December 21. However, on December 20, Defendant informed Plaintiff that it would not be able to meet the December 21 deadline. Nonetheless, Defense counsel assured Plaintiff's counsel that Defendant would be able to produce all the data by January 4, 2008. Finally, at the deposition of Randy Gamino on January 8, you indicated that Defendant was still unable to produce any data until at least the end of January. Because this discovery is relevant to the depositions of Ms. Hoskins, Mr. Carpenter, and Ms. Blandford, the depositions of these individuals had to be postponed again.

Given Defendant's lengthy delay in the production of the requested discovery, and without a date certain by which a production will be made, it is now necessary to proceed with litigation. To this end, Plaintiff will be serving early next week new discovery, including new dates for the outstanding PMK depositions and the production of a class list, in order to move the case forward. If you would please provide available dates at the end of February for your PMK witnesses, I will conform our notice to your client's availability. In addition, please be advised that we intend to amend the Complaint in order to add claims for meal and rest break violations.

We are still able to appear for mediation before Mr. Rudy on March 17. Given the circumstances, however, Plaintiff now needs to proceed on a dual litigation and settlement track. In addition, as we have previously indicated, mediation will not be successful unless we receive the wage and compensation data, as well as complete the depositions previously deferred as a result of the delayed production, well in advance of

JoAnna L. Brooks, Esq.
January 16, 2008
Page 3 of 3


the mediation.  Please advise if Defendant is still able to proceed with mediation before
Mr. Rudy on March 17 under these parameters and, if so, when the outstanding discovery
and deponents will be produced.

        Thank you very much for your consideration in this matter.

                    Very truly yours,

                    SCHNEIDER & WALLACE

                    CHRISTIAN SCHREIBER
                    Attorney at Law




cc:       All Counsel (via facsimile & U.S. mail)

# EXHIBIT 3

# SCHNEIDER & WALLACE

## ATTORNEYS AT LAW

Todd M. Schneider
Guy B. Wallace
Carolyn H. Cottrell
Clint J. Brayton
Joshua Konecky

W.H. Willson, IV
Camilla L. Roberson
Patrick J. Suter
Rachel E. Brill
Nancy Park
Christian Schreiber
Monica Quivey
Megan M. Lewis
Andrew P. Lee

Paula Hagan Bennett, of Counsel

RECEIVED MAR 1 0 2008

March 7, 2008

**VIA FACSIMILE & U.S. Mail: (415) 394-9401**

JoAnna L. Brooks, Esq.
JACKSON LEWIS LLP
199 Fremont St, 10th Floor
San Francisco, CA 94105

Re:    *Jimenez v. Perot Systems Corporation*

Dear JoAnna:

I write to follow up regarding Defendant's data production and the deposition of Michael Carpenter last week.

You indicated that Defendant anticipated producing the corrected version of Gloria Jimenez's wage and compensation data by last Friday, February 29. We have not yet received any data from you. Please indicate when you intend to produce this data.

During his deposition, Mr. Carpenter stated that he produced to counsel two databases comprised of <u>all</u> wage and compensation data for the putative class, including <u>all</u> PeopleSoft tables related to wage and compensation for non-exempt employees in California during the class period. Mr. Carpenter testified that the databases were titled, "Jimenez_01.mdb" and "Jimenez_02.mdb," referred to on PSC 00556. Mr. Carpenter also testified that the data produced to Plaintiff's counsel was merely a subset of the data he retrieved and produced in the two databases. Mr. Carpenter's testimony also made clear that the production delays we have experienced in this case were the result of problems related to manipulation of the dataset after he provided it to defense counsel, but before received by Plaintiff's counsel.

It will be futile to negotiate with incomplete or unverified data. As we've expressed in the past, as class counsel, we really cannot negotiate in the dark because it would compromise the process. To this end, we request that Defendant produce these databases in their entirety so that we have a sufficient opportunity to examine the data

JoAnna L. Brooks, Esq.
March 7, 2008
Page 2 of 2

prior to mediation. This includes the data for Ms. Jimenez, as well as all other members of the putative class. This data is necessary for mediation, and it is also responsive to Plaintiff's formal discovery.

We would like to go forward with the mediation, just to be clear. But at this point it's becoming less likely we can do so. We would suggest, if you wish to go forward with the mediation as scheduled, that the information be provided no later than 3 p.m. on Tuesday. If this cannot be done, we would suggest that Plaintiff proceed to amend the complaint and push forward with the pending formal discovery, including the motion to compel production of a class list. When Perot produces complete wage and compensation data, we will be prepared to mediate. That could still be on April 3, as currently scheduled, or later.

It's up to Defendant to provide complete data if it wishes to attempt an early resolution. I hope you understand that our position is dictated by our experience and responsibilities. Negotiating in the dark is not in our class members' interests. If you wish to discuss this matter further, please let me know.

I look forward to hearing from you.

Very truly yours,

SCHNEIDER & WALLACE

CHRISTIAN SCHREIBER
Attorney at Law

cc:    All Counsel (via facsimile & U.S. mail)

# EXHIBIT 4

RECEIVED APR 1 4 2008

1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  JOSEPH R. IGELMUND (Bar No. 52493)
   42 Miller Avenue, Mill Valley, CA  94941
3  Tel: (415) 381-5599 Fax:  (415) 381-5572

4
   TODD M. SCHNEIDER (Bar No. 158253)
5  JOSHUA G. KONECKY (Bar No. 182897)
   CHRISTIAN SCHREIBER (Bar No. 245597)
6  SCHNEIDER & WALLACE
   180 Montgomery Street, Suite 2000
7  San Francisco, CA 94104
   Tel: (415) 421-7100 Fax: (415) 421-7105
8
9  RICARDO DE ROSA (Bar No. 221226)
   LAW OFFICES OF RICARDO DE ROSA
10 6640 Brook Falls Circle
   Stockton, California, 95219
11 Tel: (209) 345-7077 Fax: (209) 476-0443

12
   Attorneys for Plaintiff GLORIA JIMENEZ
13 And the Proposed Plaintiff Class

14
15          SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                     COUNTY OF ALAMEDA

17                   UNLIMITED JURISDICTION

18 GLORIA JIMENEZ, individually, and on      )  Case No:  RG07-335321
   behalf of all others similarly situated,  )
19                                           )
                                             )
20            Plaintiff,                      )  **PLAINTIFF'S COMPLEX CASE**
                                             )  **MANAGEMENT CONFERENCE**
21         vs.                               )  **STATEMENT**
                                             )
22 PEROT SYSTEMS CORPORATION, a              )  Date: April 18, 2008
   Delaware Corporation; and DOES 1 to 50,   )  Time: 10:00 a.m.
23                                           )  Department: 20
                                             )  Judge: Hon. Robert B. Freedman
24            Defendants                      )
                                             )
25                                           )
                                             )
26                                           )
                                             )
27                                           )
                                             )
28

**A.    Introduction**

Plaintiff Gloria Jimenez filed this case as a class action to challenge several discrete and easily documented policies and procedures that Defendant Perot Systems Corporation ("Perot Systems") has applied to its non-exempt employees in California. Perot Systems estimates that there are 993 non-exempt employees in the putative class. During the initial Case Management Conference (CMC) on November 1, 2007, the Court deferred setting a discovery or pretrial schedule because the parties had at that time scheduled a mediation before Mark S. Rudy, Esq., to take place in January 2008. Unfortunately, delays by Defendant in the production of discovery necessary for that mediation caused delays in the mediation process. At the last CMC, the Court deferred again in setting a schedule because the parties' had rescheduled the mediation.

On April 3, the parties participated in an all-day mediation before Mr. Rudy, an experienced mediator in wage and hour class actions. Unfortunately, though the parties continue in discussion, no resolution is currently in sight. While Plaintiff still believes that this case is amenable to an early mediation, Plaintiff does not believe that sufficient progress has been made to date to warrant further delays in the litigation schedule. Thus, Plaintiff proposes that the Court set a discovery and pretrial schedule.

During the course of Plaintiff's investigation of the current claims, Plaintiff has discovered other wage and hour violations. Plaintiff is considering whether to amend the current complaint to add additional claims or bring these claims in a separate case. Should the current complaint be amended, Plaintiff would request a further CMC to address changes in the litigation schedule proposed below. In addition, Plaintiff expects to bring a motion to compel a class list and other discovery, as Defendant has thus far refused to produce a class list pursuant to Plaintiff's discovery.

**B.    Statement of the Issues Presented**

The policies and procedures alleged in the operative complaint are summarized as follows:

**1.    Unlawful Imposition of an Alternative Workweek Schedule ("AWS")**

Plaintiff alleges that Perot Systems did not comply with mandatory election and reporting

requirements prior to instituting alternative workweek schedules ("AWS"). An AWS, if properly implemented and administered, permits an employer in limited circumstances to schedule its employees for more than eight hours of work per day without the payment of daily overtime. California law prohibits an employer such as Perot Systems from denying daily overtime through an AWS unless the employer strictly complies with a series of procedural safeguards for the benefit of the employees. *See* Wage Order 4-2001(3)(C). For example, the employer must hold pre-election meetings with the affected employees, must provide written materials to affected employees explaining the AWS election process, must conduct the election via secret ballot, and must report the results of the election to the California Division of Labor Statistics & Research (DLSR). *Id.*

It is undisputed that Perot Systems has required non-exempt employees in various locations in California to work schedules consisting of more than eight hours of work in a day without daily overtime. However, the records maintained by Perot Systems and the DLSR show that the company failed to adhere to the mandatory procedural protections and reporting requirements, and therefore has never lawfully implemented its AWS program. Consequently, the affected employees have been denied overtime pay for their daily overtime hours.

## 2. Unlawful Denial of Two-thirds Overtime Due on Shift Differential Component of Wage

A discrete subclass of Perot Systems' non-exempt employees in California earn a shift differential for working night shifts. It is undisputed that the shift differential is paid as a flat amount of additional wages per shift. As a matter of law, Perot Systems must include the amount of the shift differential in the total wages earned during the pay period when determining the "regular rate of pay" of the employee for that pay period. *See* DLSE Manual at 49.1.2 (citations omitted). While Perot Systems includes the shift differential in calculating the regular rate, it uses an unlawful formula for doing so that deprives employees of at least two-thirds the overtime due.

Under California law, the regular rate of pay for the shift differential equals the total amount of the shift differentials earned during the applicable pay period divided by the number

of straight time hours worked during the pay period. California law requires Perot Systems to pay the employee overtime on the shift differential component of the wage by multiplying this regular rate by 1.5, and then multiplying this product by the number of overtime hours worked during the applicable pay period. *See, e.g.,* DLSE Manual (2002) at § 49.1.4, 49.2.4 & 49.2.4.2. The resulting overtime due is in addition to the overtime due on the regular hourly component of the wage and is independent of the AWS.

Perot Systems fails to follow the California formula in two ways: First, Defendant determines the regular rate by dividing the shift differentials earned by the *total* number of hours worked during the pay period (rather than non-overtime hours). Second, Perot Systems divides the regular rate by two instead of multiplying by 1.5. This results in a reduction of two-thirds or more in the overtime paid, and a substantial windfall to Perot Systems. The shortfall is apparent from comparison of the formulas:

> *California Formula: (shift differentials/straight time hours) X (1.5) X (No. OT hours)*
>
> *Perot Systems' Formula: (shift differentials/total hours) X (0.5) X (No OT hours)*

Perot Systems' formula resembles the "fluctuating work week" method permitted under the Fair Labor Standards Act (FLSA). However, this is not sufficient to comply with California law. It is well established that employers in California must comply with California law <u>and</u> the FLSA, rather than just the FLSA, when California law yields greater protection for the employees. *See Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575; *see also See Skyline Homes, Inc. v. Department of Industrial Relations* (1985) 165 Cal.App.3d 239, 24 (rejecting federal fluctuating work week model for calculating overtime in California), *overruled on other grounds by Tidewater Marine Western, Inc. v. Bradshaw* (1996) 14 Cal.4th 557, 572.

### 3. Failure to Include Other Earned Wages in Determining the Regular Rate of Pay for Overtime Calculations

In addition to the hourly wage and shift differentials, Plaintiff and other members of the class also earn a "06 Benefits Bridge" and a "Benefits Bridge." Like the shift differentials, these two wages must be included in the regular rate of pay when calculating overtime. *See e.g.,* DLSE Manual at 49.1.2 ("...the regular rate at which an employee is employed shall be deemed

1   to include all remuneration for the employment paid to, or on behalf of, the employee...") (citing

2   29 U.S.C. § 207(e)).  Perot Systems does not include these wages at all in calculation of the

3   regular rate of pay, resulting in the further underpayment of overtime wages due.

4           **4.    Failure to Pay Accrued Vacation Benefits Upon Separation from Employment**

5           Plaintiff's Second Cause of Action alleges that Perot Systems has failed to pay accrued

6   vacation time to employees upon separation of their employment, in violation of Labor Code

7   §227.3.  *See Suastez v. Plastic Dress-up Co.* (1982) 31 Cal.3d 774.  Class certification and

8   liability on this claim will revolve around an analysis of Perot Systems' vacation policy and

9   compensation data for the putative class.

10          **5.    Waiting Time Penalties**

11          Plaintiff's Third Cause of Action seeks waiting time penalties on behalf of the former

12  employees pursuant to Cal. Labor Code §§ 201-203.  This will require a classwide determination

13  of whether any unlawful policy was willful within the meaning of Labor Code §203 and, if so,

14  adding 30-days' worth of wages to the recovery for class members no longer employed with

15  Perot Systems.

16          **6.    Failure to Provide Accurate Itemized Wage Statements**

17          Plaintiff's Fourth Cause of Action alleges that the wage statements Perot Systems provides

18  to its non-exempt employees are not accurate as a result of the foregoing violations.  Labor Code

19  §226 requires that the wage statement accurately reflect all wages earned and applicable rates of

20  pay.  However, Perot Systems understates the wages lawfully earned because the wage statement

21  is based on the unlawful formulas.  Furthermore, the formulas actually used by Perot Systems are

22  not accurately portrayed on the wage statements.  For example, Perot Systems' template wage

23  statements state that employees are paid 1.5 times their regular wage for any overtime worked,

24  when in fact they are paid only 0.5 times their regular rate for the shift differential component of

25  the wage and nothing for the Benefits Bridge components.

26          **7.    Unfair Competition Law**

27          Plaintiff's Fifth Cause of Action alleges that the foregoing violations constitute a violation

28

1 | of Bus. & Prof. Code §17200, *et. seq.*

2 |     **8.**    **Class Allegations and Relief Sought**

3 |     The class that Plaintiff seeks to represent is composed of all current and former non-

4 | exempt employees of Perot Systems Corporation in California, who at any time in the four years

5 | preceding the filing of this action, were subject to one or more of the policies described above.

6 | *See* Complaint at ¶7. Plaintiff seeks injunctive and declaratory relief; unpaid wages (as

7 | restitution and/or damages); all applicable penalties; interest; and attorneys' fees and costs.

8 | **C.**    **Number of Parties and Their Posture**

9 |     Plaintiff Gloria Jimenez is the named Plaintiff and proposed class representative. Plaintiff

10 | will verify the size of the putative class through discovery, though Defendant states that the

11 | putative class consists of 993 current and former non-exempt employees. Perot Systems

12 | Corporation is the only named Defendant. Plaintiff also has alleged Doe defendants in the event

13 | additional responsible entities are identified during discovery.

14 | **D.**    **Deadlines and Limits on Joinder of Parties and Amended or Additional Pleadings**

15 |     Plaintiff's investigation since the filing of the Complaint has raised concerns that Perot

16 | Systems has deficiencies in its policies for meal and rest periods, as well as deficiencies in its

17 | record keeping procedures pertaining to meal periods, that are causing widespread denial of off-

18 | duty meal and rest periods. In addition, Plaintiff's investigation has also revealed possible

19 | violations related to on-call pay and Cal. Labor Code §204.3, which prescribes rules for imposing

20 | a policy of providing compensating time off in lieu of overtime payments. Plaintiff may therefore

21 | seek leave of the Court to amend the Complaint to add violations of Cal. Labor Code §§ 204.3,

22 | 226.7 & 512, as well as the applicable Wage Order provisions. Plaintiff estimates that she may

23 | file this motion in or about May 2008.

24 | **E.**    **Class Discovery and Class Certification.**

25 |     On September 24, 2007, Plaintiff served Defendant with Special Interrogatories, Requests

26 | for Production of Documents, Form Interrogatories, and Requests for Admission. Plaintiff also

27 | served Defendant with several person most knowledgeable deposition notices. As part of the

28 |

1  settlement process, Plaintiff agreed to defer certain categories of responses on the condition that

2  Defendant would produce the remaining categories. The agreement was without prejudice to

3  Plaintiff's right to reissue the discovery for litigation, rather than mediation purposes. In

4  November 2007, Defendant produced some initial documents and Plaintiff took two depositions

5  on a portion of the PMK subjects in December. Thereafter, the document and deposition

6  production stalled. As a result, the mediation before Mark Rudy, scheduled for January 2008,

7  could not go forward.

8         Given the lengthy delay, Plaintiff was forced to initiate the discovery process again. On

9  January 25, 2008, Plaintiff re-served an amended PMK Deposition Notice, as well as Requests for

10  Admission, Special Interrogatories, and Requests for Production of Documents. Plaintiff served

11  form interrogatories on February 12, 2008. Defendant produced three witnesses for deposition on

12  February 26 and 27 pursuant to Plaintiff's January 25, 2008, PMK notice. Defendant's responses

13  to the written discovery were served on March 12, 2008. Plaintiff is reviewing Defendant's

14  production and has begun the meet and confer process on Defendant's production, which Plaintiff

15  contends is inadequate. For example, in addition to discovery of the policies and procedures,

16  Plaintiff's initial discovery requests seek pre-certification production of a list of class member

17  names and contact information pursuant to now well-established California law. *See Pioneer*

18  *Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 360; *Belaire-West Landscape, Inc. v.*

19  *Superior Court* (2007) 149 Cal.App.4th 554; *and see Puerto v. Superior Court (Wild Oats*

20  *Market)* (2008) 158 Cal.App.4th 1242. If Defendant does not agree to produce a complete class

21  list pursuant to the procedures set forth in the foregoing authorities, Plaintiff will bring a motion

22  to compel in April 2008.

23         With respect to discovery more generally, Plaintiff does not believe that any formal

24  bifurcation between class issues and merits issues is warranted at this time. As in many class

25  actions, there is by necessity some overlap between these class certification questions and the

26  underlying merits of Plaintiff's class claims. For example, Plaintiff requested information

27  regarding Perot Systems' election procedures for adopting the AWS, as well as its formulas for

28

1   calculating overtime wages for non-exempt employees who earn a shift differential or Benefits

2   Bridge. While this discovery is necessary to identify the common policies and procedures, the

3   responses also will reveal whether or not the policies and procedures comply with applicable

4   law. Thus, formal bifurcation of discovery between class and merits issues will be

5   counterproductive. *See* Newberg on Class Actions (4th ed.) § 7:8 at 25; *see also Gray v. First*

6   *Winthrop Corp.*, 133 F.R.D. 39 (N.D. Cal. 1990) ("Discovery relating to class certification is

7   closely enmeshed with merits discovery, and in fact cannot be meaningfully developed without

8   inquiry into basic issues of the litigation.")

9        Presuming timely discovery responses to this discovery, and prompt resolution of

10  discovery disputes (if any), Plaintiff anticipates filing a motion for class certification in

11  November 2008.

12  **E.    Proposed Litigation Schedule**

13       After class certification, Plaintiff anticipates that class liability on most, if not all, the

14  claims can be determined on summary judgment because they will revolve around an evaluation

15  of Perot Systems' written policies and procedures. The AWS claim will revolve around the

16  common deficiencies in Perot Systems' election, reporting and other adoption procedures for the

17  AWS; the other overtime claims can be resolved simply by determining if Perot Systems'

18  uniformly applied calculation formulas comply with California law; the vacation pay claim will

19  turn upon Defendant's policies and records with respect to the payment of accrued vacation

20  benefits at termination; and the anticipated meal and rest period claim will be informed largely

21  by a review of the company's record keeping (or lack thereof) on meal periods. In other words,

22  the evidence will consist mainly of policy documents and testimony from Defendant's witnesses

23  regarding the implementation of the policies. With the possible exception of meal and rest break

24  violations, class liability will not require any testimony of individual class members as to their

25  particular work experience, as it might in an overtime misclassification case. Moreover, the

26  calculation of individual monetary relief for class members can be bifurcated into a second phase

27  of the litigation, to begin after a determination is made on class liability. *See* Cal. Code of Civ.

28

1   Proc. §598; *Department of Industrial Relations v. UI Video Stores, Inc.* (1997) 55 Cal.App.4th

2   1084, 1097; *cf. Arnold v. United Artists Theatre Circuit, Inc.* (1994) 158 F.R.D. 439, 458-459.

3         Plaintiff also proposes the following pretrial dates:

4         File Motion for Class Certification:  November 7, 2008;

5         Last day to complete non-expert discovery:  May 1, 2009;

6         Last day to disclose expert witnesses: May 1, 2009

7         Last day to disclose rebuttal expert witnesses:  May 22, 2009;

8         Last day to conduct expert discovery: June 12, 2009;

9         Last day to file dispositive motions: June 19, 2009.

10  **F.**    **Evidentiary Issues Involving Confidentiality or Protected Evidence**

11        On November 1, 2007, the parties filed a stipulated protective order for purposes of

12  mediation.  On March 25, 2008, the parties filed a stipulated protective order for purposes of

13  litigation.

14  **G.**    **Procedural Posture**

15      (1)    Defendant has been served.

16      (2)    Plaintiff is not aware of any unserved or unfiled cross complaints.

17      (3)    Plaintiff is not aware of any related actions pending in another jurisdiction.

18      (4)    Plaintiff is not aware of any jurisdictional or venue issue that affects this matter.

19      (5)    See Sections D & E above.

20      (6)    There are no unresolved motions at this time.  Plaintiff anticipates bringing a

21          motion to compel a class list prior to class certification, a motion for class

22          certification, a motion for summary judgment, and a motion to bifurcate the issues

23          of class liability and injunctive relief from the determination of overtime

24          reimbursement and other monetary relief to class members.

25      (7)    As discussed above, Plaintiff remains amenable to mediation at either an early or

26          later stage of this litigation, provided that any mediation takes place after sufficient

27          discovery has been produced to identify the policies at issue and to calculate the

28

wages and penalties owed pursuant to Plaintiff's legal theory of the case. Plaintiff expects to meet and confer with Defendant regarding on an ongoing basis to resolve certain claims raised in the mediation.

(8)    Plaintiff may bring a motion for bifurcation of monetary relief to class members as described above.

(9)    Plaintiff's counsel does not presently have any conflicts that would affect the setting of a trial date.

**H.**    **Suggestions for Streamlining Litigation**

Discovery related to Defendant's overtime policies and calculations are central to Plaintiff's class and merits allegations. Therefore, the prompt handling of discovery disputes related to these areas is the most certain way to streamline litigation. Plaintiffs are amenable to letter briefs regarding discovery disputes on an expedited schedule in order to avoid calendar delays for motions to compel.

Respectfully Submitted,

Dated: April 11, 2008

CHAVEZ & GERTLER LLP
SCHNEIDER AND WALLACE
LAW OFFICES OF RICARDO DE ROSA

By:    _Christian Schreiber_

Christian Schreiber
Attorneys for Plaintiff
Gloria Jimenez

**PROOF OF SERVICE**

*Jimenez, et al. v Perot Systems Corp*, Case No. RG07-335321

I am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within entitled action; my business address is 180 Montgomery Street, Suite 2000, San Francisco, CA 94104.

On April 11, 2008, I served the following document(s) described as:

- **PLAINTIFF'S COMPLEX CASE MANAGEMENT CONFERENCE STATEMENT**

**BY U.S. MAIL:** I served the said document(s) on the interested parties by placing true copies thereof enclosed in sealed envelopes and /or packages, and deposited in the mail with the postage thereon fully prepaid addressed as follows:

> Joanna L. Brooks
> Tim Travelstead
> Anne V. LeinFelder
> **JACKSON LEWIS, LLP**
> 199 Fremont St, 10th Floor
> San Francisco, CA  94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on April 11, 2008, at San Francisco, California.

Mildred De La Rosa

# EXHIBIT 5

RECEIVED

APR 1 4 2008

1  JOANNA L. BROOKS (State Bar #182986)
    TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2  ANNE V. LEINFELDER (State Bar #230272)
    JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
    San Francisco, CA 94105
4  Telephone   415.394.9400
    Facsimile:    415.394.9401
5

6  Attorneys for Defendant
    PEROT SYSTEMS CORPORATION

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10

11  GLORIA JIMENEZ, individually, and on behalf  |  Case No. RG 07-335321
    of all others similarly situated,

12

13            Plaintiff,

14      v.

15  PEROT SYSTEMS CORPORATION, a
    Delaware Corporation; and DOES 1 to 50,

16            Defendants.

| | |
|---|---|
| | Case No. RG 07-335321 |
| | **DEFENDANT PEROT SYSTEMS CORPORATION'S CASE MANAGEMENT STATEMENT** |
| | Date:    April 18, 2008 |
| | Time:   2:00 p.m. |
| | Dept:   20 |
| | Judge:  Hon. Robert B. Freedman |
| | Complaint Filed:  July 12, 2007 |
| | Trial Date:    None Set |

### A.    Introduction

Plaintiff Gloria Jimenez filed a class action against Defendant Perot Systems Corporation ("Defendant" or the "Company") alleging specified wage and hour violations, in addition to a Business & Professions Code 17200 claim. Defendant denied the allegations and the parties entered into preliminary discovery to investigate whether the parties could resolve the dispute through early mediation. The day before the scheduled mediation, Plaintiff's counsel asserted they were investigating additional claims not included in the original complaint, but did not take a position on whether they would assert those claims, either in this case or in separate litigation.

As a result of this, the mediation did not resolve the case. Until Plaintiff decides whether to seek leave to amend the complaint to assert new claims, additional mediation is not likely to

1    succeed.  Further, because the scope and magnitude of the litigation could change significantly as

2    a result of an amended complaint, Defendant believes it is premature to set a litigation schedule at

3    this time.

4         Perot Systems respectfully requests the Court continue the Case Management Conference

5    for 90 days to permit Plaintiff to determine whether to seek leave to amend the complaint, and to

6    give Defendants time to respond to any amended complaint, before establishing a litigation

7    schedule in this matter.

8        **B.**    **Statement of the Issues Presented**

9         Defendant provides information technology ("IT") services 120 facilities/worksites in

10    California.  Plaintiff's complaint asserts Defendant failed to properly compute overtime owed to

11    non-exempt employees working at these sites, failed to pay for accrued vacation at the end of

12    employment, placed some non-exempt employees on an Alternate Workweek Schedule without

13    complying with the California state law beforehand, and failed to provide accurate wage

14    statements. Plaintiff's action, filed on July 12, 2007 in Alameda County Superior Court, alleges

15    violations of Labor Code sections 201, 202, 226, 227.3, 510, and California Business &

16    Professions Code section 17200 *et seq*.  Defendant answered Plaintiff's complaint and generally

17    denied the claims.

18         Defendant intends to oppose any motion to certify this matter as a class action.  Defendant

19    believes this matter is not appropriate for class certification because Plaintiff's claim that Data

20    Operations Technicians were not paid overtime applies to a select few number of employees, and

21    because her claims that Defendant failed to pay earned wages or to pay accrued vacation requires

22    an individualized assessment of each individual employee who parted with the Company.  We

23    anticipate we will be able to show that discrepancies in the payment of final wages and accrued

24    vacation, if any, vary from employee to employee and that Plaintiff's alleged experience is not

25    typical of all non-exempt employees.  Moreover, Defendant believes that it will be able to show

26    that only a select few employees received a shift differential, that the benefits bridge payments

27    were properly excluded from the calculation of overtime, and that employees received varying

28

DEFENDANT'S CASE MANAGEMENT STATEMENT                                    Case No. RG 07-335321

1   amounts, if any, of the "Benefits Bridge" benefit and therefore, Plaintiff's claims are not typical

2   of the entire class she claims to represent.

3          Moreover, Defendants will show the class lacks commonality because not all non-exempt

4   employees worked an alternative workweek schedule, and because not all employees received a

5   shift differential or a "Benefits Bridge" benefit. Accordingly, all non-exempt employees do not

6   have issues regarding overtime and the calculation of overtime in common.

7          If this court determines Plaintiff is representative of the class she seeks to represent

8   (which we will vigorously contest), the determination of wages owed for overtime, vacation

9   accrual and final wages will require individualized assessment. In fact, wages for vacation

10  accrual and final earned wages will not apply to any employee who has not separated

11  employment with Defendant. Overtime wages will vary depending on what shift each employee

12  worked and whether or not they worked on an alternative workweek schedule. The court would

13  need to conduct an individualized inquiry of each employee to determine the proper overtime

14  calculation based on each employee's shift differential, if any.

15         If the court finds that the "Benefits Bridge" benefit should be included in the calculation

16  of overtime, which Defendant contends it should not, the court would need to conduct an

17  individualized inquiry of each employee based on whether or not they received any "Benefits

18  Bridge" benefit. For any employee who has left the employ of Defendant, this court would need

19  to conduct an individualized inquiry of each employee to assess potential liability for failure to

20  pay accrued vacation or earned wages. Because of the potential class size of 993 members, we

21  anticipate a trial of this magnitude could take several weeks to complete. This simply is not the

22  type of case that is appropriate for class certification.

23         **C.**    **Number of Parties and Their Posture**

24         Defendant has employees working at approximately 120 facilities/worksites in California.

25  Defendant provides a full range of IT services and network and hardware support at these

26  facilities. Defendant estimates that the potential putative class of all non-exempt employees in

27  California for the claims currently pleaded is approximately 993 present and former employees.

28

3

1    We will be working with Plaintiff's counsel to attempt to reduce the class size. Only 42

2    employees worked an alternative workweek schedule during the class period.

3

4         **D.**    **Deadlines and Limits on Joinder of Parties and Amended or Additional Pleadings**

5         But for the unasserted claims, Defendant anticipates completing discovery relating to class

6    certification by August 2008. A second phase of post-certification discovery would be necessary

7    if the case is certified as a class action. Because of the class allegations and the unasserted

8    claims, it is premature to predict with any certainty when discovery will be complete.

9         **E.**    **Class Discovery and Class Certification**

10        Counsel has not completed pre-certification discovery. Once Plaintiff's counsel decides

11   whether to seek leave to amend the complaint or pursue the litigation based on the current

12   allegations, Defendant is willing to work with Plaintiff's counsel to reach mutual agreement on

13   the scope of the discovery in the pending matter.

14        Based on the current claims only, Defendant estimates that all pre-certification discovery

15   can be complete by August 2008. However, the size of the potential class and complicated issues

16   relating to data retrieval make this case much more difficult to quickly resolve. Defendant has

17   worked diligently to gather the data at issue in this litigation, and will continue its efforts to

18   gather the relevant data should the Plaintiff seek leave to amend her complaint.

19        **F.**    **Proposed Litigation Schedule**

20        Defendant believes it would be premature to establish a litigation schedule until Plaintiff

21   decides whether to seek leave to amend her complaint. Therefore, Defendant respectfully

22   requests the Court continue the Case Management Conference for 90 days to permit the Plaintiff

23   to make that determination and to permit Defendant to respond to any amended complaint.

24        If no unasserted claims were at issue, Defendant believes the case could proceed on the

25   following schedule:

26       1.     Pre-class certification discovery          August 29, 2008

27       3.     Class certification motion deadline      September 30, 2008

28       5.     Non-expert discovery cut-off           April 30, 2009

| 6. | Expert disclosure | June 15, 2009 |
| 7. | Expert discovery cut-off | August 31, 2009 |
| 8. | Dispositive motion deadline | July 1, 2009 |
| 9. | Trial | October 30, 2009 |

**G.    Evidentiary Issues Involving Confidentiality or Protective Evidence**

Defendant's present and former employees have a constitutional right to maintain the privacy of their personnel file and documents. Case law is clear that "[i]n the context of discovery of confidential information in personnel files, even when such information is directly relevant to litigation, discovery will not be permitted until a balancing of the compelling need for discovery against the fundamental right of privacy determines that disclosure is appropriate. And, even when the balance tips in favor of disclosure, constitutional concerns require a strict circumspection of the scope of the disclosure." *El Dorado Sav. & Loan Ass'n v. Superior Court* (1987) 190 Cal.App.3d 342, 346. Plaintiff can obtain the same information through the least intrusive means such as by propounding written interrogatories or conducting depositions. These least intrusive means will ensure strict circumspection of the employees' constitutional right to privacy.

Defendant is willing to produce redacted time and payroll records to preserve the privacy of its employees. Defendant is also willing to enter into a mutually agreed upon protective order to treat certain private matters as confidential in order to avoid protracted discovery disputes in this regard.

**H.    Procedural Posture**

1.    The parties in the action have been served.

2.    Plaintiff's counsel have asserted that they are investigating possible additional claims, but have not yet taken a position on whether they will pursue these potential claims and if they do, whether they would seek to do so by amending the complaint in this matter or filing separate litigation.

3.    The Court has designated the matter as complex. Defendant is presently unaware of any related actions.

5

1   4.   Defendant is presently unaware of any jurisdictional or venue issues that may

2        arise. However, because the nature of the unasserted claims has not been

3        determined, jurisdictional or venue issues could arise depending on the nature of

4        any claims made in an amended complaint.

5   5.   Discovery in the pre-certification phase has not been completed.

6   6.   Defendant believes there is no unresolved law and motion matter pending.

7   7.   Defendant has participated in early mediation, which was unsuccessful because of

8        the unasserted claims Plaintiff's counsel is investigating.

9   8.   Defendant may propose bifurcation of the liability and damage phases of the case.

10  9.   Counsel for Defendant does not currently have any dates of unavailability for trial.

11

12  **I.**   **Suggestions for Streamlining Litigation**

13  Plaintiff's proposed class requires an individualized determination of whether employees

14  are entitled to overtime, how any overtime should be calculated for each employee based on shift

15  differential and "Benefits Bridge" benefit, and whether any employees are entitled to unpaid

16  earned wages or accrued vacation. These kinds of claims require individual inquiry as they will

17  vary from employee to employee. A trial of this magnitude could take several months to

18  complete. Defendant believes streamlining may be necessary if the case is certified as a class

19  action. We will propose suggestions if we reach a point where it becomes necessary to do so.

20

21  Dated: April 11, 2008

                                        JACKSON LEWIS LLP

22

23

24  By: _____

                                        JoAnna L. Brooks

25                                      Timothy C. Travelstead
                                        Anne V. Leinfelder

26                                      Attorney for Defendant
                                        PEROT SYSTEMS CORPORATION,

27                                      a Delaware Corporation

28

                                          6

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 |     I, Mary Stoner, declare that I am employed with the law firm of Jackson Lewis LLP, |
| 3 | whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the |
| 4 | age of eighteen (18) years and am not a party to this action. |
| 5 |     On April 11, 2008, I served the attached document(s): |
| 6 | **DEFENDANT'S CASE MANAGEMENT STATEMENT** |
| 7 | in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed |
| 8 | as follows: |

| | | |
|---|---|---|
| 9 | Jonathan E. Gertler, Esq. | Todd M. Schneider, Esq. |
| 10 | Joseph R. Igelmund, Esq.<br>Chavez & Gertler LLP | Joshua G. Konecky, Esq.<br>Schneider & Wallace |
| 11 | 42 Miller Avenue<br>Mill Valley, CA 94941 | 180 Montgomery Street, Suite 2000<br>San Francisco, CA 94104 |
| 12 | Telephone:    415.381.5599<br>Facsimile:    415.381.5572 | Telephone:    415.421.7100<br>Facsimile:    415.421.7105 |

| | |
|---|---|
| 13 | Ricardo De Rosa, Esq. |
| 14 | Law Offices of Ricardo De Rosa<br>6640 Brook Falls Circle |
| 15 | Stockton, CA 95219<br>Telephone:    209.345.7077 |
| 16 | Facsimile:    209.476.0443 |

| | | |
|---|---|---|
| 17 | **[ X ]** | BY MAIL: United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary |
| 18 | | business practices, in the United States mail at San Francisco, California. |
| 19 | **[ ]** | BY HAND DELIVERY: I caused such envelope(s) to be delivered by Messenger Service to the above address. |
| 20 | | |
| 21 | **[ ]** | BY OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to the above address within 24 hours by OVERNIGHT EXPRESS service. |
| 22 | **[ ]** | BY FACSIMILE: I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above. |
| 23 | | |
| 24 | |     I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |
| 25 | |     Executed on April 11, 2008 at San Francisco, California. |
| 26 | | |
| 27 | | |
| 28 | | <br>_____<br>Mary Stoner |

---

DEFENDANT'S CASE MANAGEMENT STATEMENT                  Case No. RG 07-335321

# EXHIBIT 6



1   JONATHAN E. GERTLER (Bar No. 111531)
2   JOSEPH R. IGELMUND (Bar No. 52493)
    CHAVEZ & GERTLER LLP
3   42 Miller Avenue, Mill Valley, CA 94941
    Tel: (415) 381-5599 Fax: (415) 381-5572
4
5   TODD M. SCHNEIDER (Bar No. 158253)
    JOSHUA G. KONECKY (Bar No. 182897)
6   CHRISTIAN SCHREIBER (Bar No. 245597)
    SCHNEIDER & WALLACE
7   180 Montgomery Street, Suite 2000
    San Francisco, CA 94104
8   Tel: (415) 421-7100 Fax: (415) 421-7105
9
10  RICARDO DE ROSA (Bar No. 221226)
    LAW OFFICES OF RICARDO DE ROSA
11  6640 Brook Falls Circle
    Stockton, California, 95219
12  Tel: (209) 345-7077 Fax: (209) 476-0443
13
    Attorneys for Plaintiff GLORIA JIMENEZ
14  And the Proposed Plaintiff Class

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA
16                          COUNTY OF ALAMEDA
17                         UNLIMITED JURISDICTION
18

19  GLORIA JIMENEZ, individually, and on      ) Case No:
    behalf of all others similarly situated,   )
20                                             ) **CLASS ACTION**
              Plaintiff,                        )
21                                             ) **PLAINTIFF'S FIRST SET OF SPECIAL**
          vs.                                   ) **INTERROGATORIES TO**
22                                             ) **DEFENDANT PEROT SYSTEMS**
                                               ) **CORPORATION**
23  PEROT SYSTEMS CORPORATION, a               )
    Delaware Corporation; and DOES 1 to 50,    )
24                                             ) Complaint filed: July 12, 2007
              Defendants                        ) Trial date: None set
25                                             )
                                               )
26                                             )
                                               )
27                                             )
                                               )
28  _____)

RECEIVED
JAN 29 2008

1

PLAINTIFF'S FIRST SET OF SPECIAL INTERROGATORIES

1    REQUESTING PARTY:    Plaintiff, GLORIA JIMENEZ

2    RESPONDING PARTY:    Defendant, PEROT SYSTEMS CORPORATION

3    SET NUMBER:    One

4    TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

5    Plaintiff GLORIA JIMENEZ hereby demands, pursuant to Code of Civil Procedure

6    §2030.010 *et seq.*, that defendant PEROT SYSTEMS CORPORATION respond under oath

7    to the following special interrogatories within the time permitted by law.

8                                   **DEFINITIONS**

9    1.    The term "AFFECTED EMPLOYEES" means current and former Data Center

10   Operations/Technicians and/or other NON-EXEMPT employees of PEROT in California,

11   who at any time in the four years preceding the filing of this action to final resolution of this

12   action, worked ANY ALTERNATIVE WORKWEEK SCHEDULE, AND/OR were paid a

13   shift differential for any time period in which they worked more than 8 hours in a day or

14   more than 40 hours in a week, AND/OR were paid a "06 Benefits" for any time period in

15   which they worked more than 8 hours in a day or more than 40 hours in a week AND/OR

16   were paid a "Benefits Bridge" benefit for any time period in which they worked more than 8

17   hours in a day or more than 40 hours in a week, AND/OR had were not paid for all accrued

18   vacation  at the time of termination of their employment.

19   2.    The term "ANY" includes and encompasses the term "all."

20   3.    The term "AWS" means a regularly scheduled alternative workweek schedule.

21   4.    The term "COMMUNICATION" means ANY instance in which words or

22   information are transferred or transmitted between two or more PERSONS by whatever

23   manner or means, and regardless of how or by whom the COMMUNICATION was initiated,

24   including, but not limited to, correspondence, conversation, instructions, meetings, requests,

25   demands, and conferences.

26   5.    The term "CONCERNING" or "CONCERN" means referring to, alluding to,

27   relating to, connected with, commenting upon, in respect of, about, regarding, discussing,

28

2

1    reflecting, analyzing, evaluating, summarizing, touching upon, or constituting, sent to, served

2    upon, mailed or delivered to.

3        6.    The term "DOCUMENT" means any writing as that term is defined in

4    California Evidence Code §250, however produced or reproduced, of every kind and

5    regardless of where located, which is in YOUR possession, custody, or control; or in the

6    possession, custody or control of any servant or agent of YOU or of YOUR attorneys. The

7    terms include the following: electronically recorded information such as electronic mail

8    ("email"), html files, databases, data processing cards or tapes, computerized data, computer

9    diskettes, or information otherwise contained on a computer's hard drive, disks or backup

10   tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital,

11   electronic, magnetic or other media; and any other summary, schedule, memorandum, note,

12   statement, letter, telegram, interoffice COMMUNICATION, report, diary, worksheet, list,

13   graph, chart, or index, tape record, partial or complete report of telephone or oral

14   conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such

15   writing or recording. The terms "DOCUMENT" and "DOCUMENTS" include any

16   originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in

17   connection with such DOCUMENTS, whether or not used, as well as the file in which the

18   DOCUMENTS are maintained. A draft or non-identical copy of a DOCUMENT, including

19   a copy or duplicate of a DOCUMENT which has any nonconforming notes, marginal

20   annotations or other markings, and any preliminary version, draft or revision of the

21   foregoing, is a separate DOCUMENT within the meaning of these terms.

22       7.    The term "METADATA" means the data found within documents. It includes

23   all electronically-stored information that describes or defines the DOCUMENT that is not

24   generally visible in the ordinary electronic display or printing of the document. Common

25   examples include comments, markups and revisions, author name, owner name, names of

26   those who have edited the document, creation dates, edit dates, and other information,

27   including but not limited to records of past versions and drafts.

28

1    8.    The term "NATIVE FORMAT," as it relates to the production of electronic

2    data, means the file format in which the DOCUMENT is ordinarily read and written by its

3    related software application.  For example, a Microsoft Word 2003 document has a NATIVE

4    FORMAT of .doc while an ADOBE ACROBAT document has a NATIVE FORMAT of

5    .pdf.

6    9.    The term "NON-EXEMPT" for purposes of these requests means that an

7    employee is classified by the employer to be paid a premium wage for hours worked in

8    excess of 40 hours per week and/or 8 hours per day.

9    10.    The term "PERSON(S)" means any natural PERSON or other legal entity,

10    including without limitation any corporation, partnership, business, trust, agency, joint

11    venture, or governmental organization, department or entity.

12    11.    The term "PLAINTIFF" means GLORIA JIMENEZ.

13    12.    The terms "VACATION PAY," "VACATION BENEFIT," and "VACATION

14    TIME" include leave time which is provided without conditioning its use on a specific event

15    or chain of events, no matter what name is given to the leave by the employer, and includes

16    (if provided without such condition) sick time, holiday time or any other form of paid time

17    off (PTO).

18    13.    The term "YOU" or "YOUR" or "PEROT" means defendant PEROT

19    SYSTEMS CORPORATION, including ANY facilities, offices and locations of PEROT

20    SYSTEMS CORPORATION and ANY of its divisions, affiliates, subsidiaries, successors,

21    predecessors, present or former partners, officers, directors, employees, agents, attorneys or

22    representatives, insurers, co-insurers, re-insurers, auditors, accountants, advisors, and ALL

23    other persons or entities acting, purporting to act or authorized to act on its behalf, including

24    consultants, pension and welfare benefit plans, plan fiduciaries, administrators, trustees,

25    general and limited partners, and assigns.

26    14.    The term "IDENTIFY" means to state the person's full name, last known

27    home address, last known home telephone number, job title(s) while employed with PEROT

28    and dates of all such job titles held.

4

1    15.    The term "GROUP(S)" means all employees in a readily identifiable work

2  unit, such as a division, a department, a job classification, a shift, a separate physical

3  location, or a recognized subdivision of any such work unit.

4    16.    The term "SHIFT DIFFERENTIAL" means an increased hourly rate paid to

5  an employee for working a shift other than the regular daytime shift.

6    17.    The term CALIFORNIA FORMULA means dividing the amount of the

7  SHIFT DIFFERENTIAL by the non-overtime hours worked during the period for which the

8  SHIFT DIFFERENTIAL was earned, then multiplying this quotient by 1.5, and then

9  multiplying this product by the number of overtime hours worked during the period.

10                              **INTERROGATORIES**

11  **INTERROGATORY NO. 1:**

12    IDENTIFY any and all GROUP(S) of PEROT employees in California that have had

13  ANY AWS at any time from July 12, 2003 to present.

14  **INTERROGATORY NO. 2:**

15    How many PEROT employees in California have worked ANY AWS since July 12,

16  2003.

17  **INTERROGATORY NO. 3:**

18    State all PEROT divisions, affiliates, OR subsidiaries with employees in California.

19  **INTERROGATORY NO. 4:**

20    State the number of employees in California to whom PEROT has paid a SHIFT

21  DIFFERENTIAL since July 12, 2003.

22  **INTERROGATORY NO. 5:**

23    State the number of employees in California to whom PEROT has paid a SHIFT

24  DIFFERENTIAL since July 12, 2003 for whom PEROT has used a method for calculating

25  overtime on the SHIFT DIFFERENTIAL which results in a lower overtime wage than the

26  CALIFORNIA FORMULA.

27

28

**INTERROGATORY NO. 6:**

State the addresses and company names of all locations where PEROT has had NON-EXEMPT employees in California since July 12, 2003.

**INTERROGATORY NO. 7:**

State the number of NON-EXEMPT employees in California to whom PEROT has paid an 06 Benefits Bridge since July 12, 2003.

**INTERROGATORY NO. 8:**

State the number of NON-EXEMPT employees in California to whom PEROT has paid a Benefits Bridge since July 12, 2003.

**INTERROGATORY NO. 9:**

State the number of NON-EXEMPT employees in California to whom PEROT has paid a Benefits Bridge but not included such payment when determining such employees' overtime rate since July 12, 2003.

**INTERROGATORY NO. 10:**

State the number of NON-EXEMPT employees in California to whom PEROT has paid an 06 Benefits Bridge but not included such payment when determining such employees' overtime rate since July 12, 2003.

**INTERROGATORY NO. 11:**

State the number of PEROT NON-EXEMPT employees in California who have not been paid accrued vacation time upon termination of their employment since July 12, 2003.

**INTERROGATORY NO. 12:**

State when, if ever, PEROT conducted an AWS election for the AFFECTED EMPLOYEES.

**INTERROGATORY NO. 13:**

State the total number of NON-EXEMPT PEROT employees in California since July 12, 2003.

**INTERROGATORY NO. 14:**

State the total number of AFFECTED EMPLOYEES.

6

1 | **INTERROGATORY NO. 15:**

2 |     IDENTIFY all AFFECTED EMPLOYEES.

3 | **INTERROGATORY NO. 16:**

4 |     State when, if ever, PEROT reported an AWS election, for any of the AFFECTED

5 | EMPLOYEES, to the California Division of Labor Statistics and Research or any other State

6 | of California government entity for the purpose of complying with Wage Order 4-2001.

7 | **INTERROGATORY NO. 17:**

8 |     Please describe in detail all policies, procedures and practices used by PEROT to

9 | store and retain electronic information.

10 | **INTERROGATORY NO. 18:**

11 |     IDENTIFY all NON-EXEMPT employees in California to whom PEROT has paid an

12 | 06 Benefits Bridge since July 12, 2003.

13 | **INTERROGATORY NO. 19:**

14 |     IDENTIFY all NON-EXEMPT employees in California to whom PEROT has paid a

15 | Benefits Bridge since July 12, 2003.

16 | **INTERROGATORY NO. 20:**

17 |     IDENTIFY all NON-EXEMPT employees in California to whom PEROT has paid a

18 | Benefits Bridge but not included such payment when determining such employees' overtime

19 | rate since July 12, 2003.

20 | **INTERROGATORY NO. 21:**

21 |     IDENTIFY all NON-EXEMPT employees in California to whom PEROT has paid an

22 | 06 Benefits Bridge but not included such payment when determining such employees'

23 | overtime rate since July 12, 2003.

24 | **INTERROGATORY NO. 22:**

25 |     IDENTIFY all PEROT NON-EXEMPT employees in California who have not been

26 | paid accrued vacation time upon termination of their employment since July 12, 2003.

27 |

28 |

7

1  **SPECIAL INTERROGATORY NO. 23:**

2      IDENTIFY all PEROT NON-EXEMPT employees in California who were denied

3  MEAL and REST PERIODS since July 12, 2003.

4  **SPECIAL INTERROGATORY NO. 24:**

5      IDENTIFY all PEROT NON-EXEMPT employees in California who were denied

6  MEAL and REST PERIODS since July 12, 2003 and who were not paid one additional hour

7  of pay.

8  **SPECIAL INTERROGATORY NO. 25:**

9      State all facts supporting PEROT'S contention that the nature of the work performed

10 by NON-EXEMPT employees in California is such that NON-EXEMPT employees in

11 California cannot take an off-duty MEAL PERIOD.

12

13

14 Dated:  January 25, 2008                CHAVEZ & GERTLER LLP

15                                          SCHNEIDER & WALLACE

16                                          LAW OFFICES OF RICARDO DE ROSA

17

18

19                                          By: _____

20                                              Christian Schreiber

21                                          Attorneys of record for Plaintiff
                                            GLORIA JIMENEZ
22

23

24

25

26

27

28

# EXHIBIT 7

1  JONATHAN E. GERTLER (Bar No. 111531)
   JOSEPH R. IGELMUND (Bar No. 52493)
2  CHAVEZ & GERTLER LLP
3  42 Miller Avenue, Mill Valley, CA 94941
   Tel: (415) 381-5599 Fax: (415) 381-5572
4
                                                    **RECEIVED**
5  TODD M. SCHNEIDER (Bar No. 158253)
   JOSHUA G. KONECKY (Bar No. 182897)                JAN 2 9 2008
6  CHRISTIAN SCHREIBER (Bar No. 245597)
   SCHNEIDER & WALLACE
7  180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
8  Tel: (415) 421-7100 Fax: (415) 421-7105

9
   RICARDO DE ROSA (Bar No. 221226)
10 LAW OFFICES OF RICARDO DE ROSA
   6640 Brook Falls Circle
11 Stockton, California, 95219
   Tel: (209) 345-7077 Fax: (209) 476-0443
12

13 Attorneys for Plaintiff GLORIA JIMENEZ
   And the Proposed Plaintiff Class
14

15            SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                        COUNTY OF ALAMEDA

17                       UNLIMITED JURISDICTION

18

19 GLORIA JIMENEZ, individually, and on      ) Case No: RG07-335321
   behalf of all others similarly situated,   )
20                                            ) **CLASS ACTION**
             Plaintiff,                        )
21                                            ) **PLAINTIFF'S FIRST REQUEST FOR**
                                              ) **PRODUCTION OF DOCUMENTS TO**
22      vs.                                    ) **DEFENDANT PEROT SYSTEMS**
                                              ) **CORPORATION**
23 PEROT SYSTEMS CORPORATION, a              )
   Delaware Corporation; and DOES 1 to 50,    )
24                                            ) Complaint filed: July 12, 2007
                                              ) Trial date: None set
25           Defendants                        )
                                              )
26                                            )
                                              )
27                                            )
                                              )
28 _____)

_____
                    PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   REQUESTING PARTY:    Plaintiff, GLORIA JIMENEZ

2   RESPONDING PARTY:    Defendant, PEROT SYSTEMS CORPORATION

3   SET NUMBER:          One

4   TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

5       Plaintiff GLORIA JIMENEZ hereby demands, pursuant to Code of Civil Procedure

6   §2031.010 *et seq.*, that Defendant PEROT SYSTEMS CORPORATION ("PEROT" or

7   "Defendant") respond under oath to the following document requests, and produce and

8   permit inspection or copying of the original documents and materials described below at the

9   Law Offices of Chavez & Gertler, 42 Miller Avenue, Mill Valley, California 94941, within

10  the time permitted by law.

11  **DEFINITIONS**

12      1.    The term "AFFECTED EMPLOYEES" means current and former Data Center

13  Operations/Technicians and/or other NON-EXEMPT employees of PEROT in California,

14  who at any time in the four years preceding the filing of this action to final resolution of this

15  action, worked ANY ALTERNATIVE WORKWEEK SCHEDULE, AND/OR were paid a

16  shift differential for any time period in which they worked more than 8 hours in a day or

17  more than 40 hours in a week, AND/OR were paid a "06 Benefits" for any time period in

18  which they worked more than 8 hours in a day or more than 40 hours in a week AND/OR

19  were paid a "Benefits Bridge" benefit for any time period in which they worked more than 8

20  hours in a day or more than 40 hours in a week, AND/OR had were not paid for all accrued

21  vacation  at the time of termination of their employment.

22      2.    The term "ANY" includes and encompasses the term "all."

23      3.    The term "AWS" means a regularly scheduled alternative workweek schedule.

24      4.    The term "COMMUNICATION" means ANY instance in which words or

25  information are transferred or transmitted between two or more PERSONS by whatever

26  manner or means, and regardless of how or by whom the COMMUNICATION was initiated,

27  including, but not limited to, correspondence, conversation, instructions, meetings, requests,

28  demands, and conferences.

1    5.    The term "CONCERNING" or "CONCERN" means referring to, alluding to,

2    relating to, connected with, commenting upon, in respect of, about, regarding, discussing,

3    reflecting, analyzing, evaluating, summarizing, touching upon, or constituting, sent to, served

4    upon, mailed or delivered to.

5    6.    The term "DOCUMENT" means any writing as that term is defined in

6    California Evidence Code §250, however produced or reproduced, of every kind and

7    regardless of where located, which is in YOUR possession, custody, or control; or in the

8    possession, custody or control of any servant or agent of YOU or of YOUR attorneys.  The

9    terms include the following: electronically recorded information such as electronic mail

10    ("email"), html files, databases, data processing cards or tapes, computerized data, computer

11    diskettes, or information otherwise contained on a computer's hard drive, disks or backup

12    tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital,

13    electronic, magnetic or other media; and any other summary, schedule, memorandum, note,

14    statement, letter, telegram, interoffice COMMUNICATION, report, diary, worksheet, list,

15    graph, chart, or index, tape record, partial or complete report of telephone or oral

16    conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such

17    writing or recording.  The terms "DOCUMENT" and "DOCUMENTS" include any

18    originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in

19    connection with such DOCUMENTS, whether or not used, as well as the file in which the

20    DOCUMENTS are maintained.  A draft or non-identical copy of a DOCUMENT, including

21    a copy or duplicate of a DOCUMENT which has any nonconforming notes, marginal

22    annotations or other markings, and any preliminary version, draft or revision of the

23    foregoing, is a separate DOCUMENT within the meaning of these terms.

24    7.    The term "METADATA" means the data found within documents.  It includes

25    all electronically-stored information that describes or defines the DOCUMENT that is not

26    generally visible in the ordinary electronic display or printing of the document.  Common

27    examples include comments, markups and revisions, author name, owner name, names of

28

2

1  those who have edited the document, creation dates, edit dates, and other information,

2  including but not limited to records of past versions and drafts.

3      8.    The term "NATIVE FORMAT," as it relates to the production of electronic

4  data, means the file format in which the DOCUMENT is ordinarily read and written by its

5  related software application. For example, a Microsoft Word 2003 document has a NATIVE

6  FORMAT of .doc while an ADOBE ACROBAT document has a NATIVE FORMAT of

7  .pdf.

8      9.    The term "NON-EXEMPT" for purposes of these requests means that an

9  employee is classified by the employer to be paid a premium wage for hours worked in

10  excess of 40 hours per week and/or 8 hours per day.

11      10.    The term "PERSON(S)" means any natural PERSON or other legal entity,

12  including without limitation any corporation, partnership, business, trust, agency, joint

13  venture, or governmental organization, department or entity.

14      11.    The term "PLAINTIFF" means GLORIA JIMENEZ.

15      12.    The terms "VACATION PAY," "VACATION BENEFIT," and "VACATION

16  TIME" include leave time which is provided without conditioning its use on a specific event

17  or chain of events, no matter what name is given to the leave by the employer, and includes

18  (if provided without such condition) sick time, holiday time or any other form of paid time

19  off (PTO).

20      13.    The term "YOU" or "YOUR" or "PEROT" means defendant PEROT

21  SYSTEMS CORPORATION, including ANY facilities, offices and locations of PEROT

22  SYSTEMS CORPORATION and ANY of its divisions, affiliates, subsidiaries, successors,

23  predecessors, present or former partners, officers, directors, employees, agents, attorneys or

24  representatives, insurers, co-insurers, re-insurers, auditors, accountants, advisors, and ALL

25  other persons or entities acting, purporting to act or authorized to act on its behalf, including

26  consultants, pension and welfare benefit plans, plan fiduciaries, administrators, trustees,

27  general and limited partners, and assigns.

28

14. "OFF-DUTY MEAL PERIOD" means a break of at least thirty (30) minutes for every five (5) hours an employee works, during which time he or she must be relieved of all duties.

15. "ON-DUTY MEAL PERIOD" means a break of at least thirty (30) minutes for every five (5) hours an employee works, during which time he or she is not be relieved of all duties.

16. "REST PERIOD" means a compensable break of ten consecutive minutes, during which time an employee is relieved of all duties, for every four hours worked, or two compensable breaks of ten consecutive minutes for every six hours worked, in a day.

## SCOPE OF DISCOVERY

1. Unless otherwise stated in a specific discovery request, these requests for the production of DOCUMENTS shall be deemed to cover the time period from July 12, 2003, to the present.

2. All requests phrased in either the disjunctive ("or") or conjunctive ("and") or both, should be interpreted in the manner that makes Defendant's response inclusive rather than exclusive.

3. To the extent that ANY DOCUMENT requested herein is maintained by YOU in electronic format, Plaintiff requests that such DOCUMENT be produced in its ordinary electronic format (including METADATA).

## OBJECTIONS and DOCUMENTS WITHHELD

1. If YOU object to part of a DOCUMENT request and refuse to answer that part, state YOUR objection and answer the remaining portion of that DOCUMENT request. If YOU object to the scope or time period of a DOCUMENT request and refuse to answer for that scope or time period, state YOUR objection, and answer the DOCUMENT request for the scope or time period YOU believe is appropriate.

1    2.  With respect to any requested DOCUMENT which YOU refuse to produce in response

2       to these Requests for Production, please state:

3          a.     the full identity of the DOCUMENT including:

4              i.     date of the DOCUMENT;

5              ii.     its title (if any);

6              iii.     its authors, addressees, recipients or parties;

7              iv.     the nature of the DOCUMENT (e.g., letter, memorandum, etc.);

8              v.     the individual or source from whom or which YOU obtained it;

9                   and

10             vi.     its present location and identity of its custodian;

11          b.     whether YOUR objection or refusal is directed to the entire DOCUMENT

12             or part thereof;

13          c.     if YOUR objection or refusal goes to part of the DOCUMENT, specify the

14             specific part(s) of the DOCUMENT to which YOUR objection or refusal is

15             directed;

16          d.     the specific factual basis which gives rise to the objection or refusal; and

17             the specific legal ground on which the objection or refusal is based.

18    3.  If any of the following requested DOCUMENTS cannot be located or produced after

19       exercising due diligence to secure the information, please so state and respond to the

20       extent possible, specifying YOUR inability to respond fully, and stating whatever

21       information YOU have concerning the non-produced DOCUMENTS.  If YOUR

22       response is qualified in any particular, please set forth the details of such qualification.

23

24                        **DOCUMENTS TO BE PRODUCED**

25   **REQUEST NO. 1:**

26       All DOCUMENTS submitted to the California Division of Labor Statistics and

27  Research or any other State of California government entity regarding ANY AWS for ANY

28  NON-EXEMPT employee or group of NON-EXEMPT employees of PEROT in California.

**REQUEST NO. 2:**

ANY policy and procedures manuals, policy statements, bulletins, documents, communications or memoranda in effect since January 1, 2000, which describe ANY company practices, procedures or policies CONCERNING the payment of overtime premium wages to NON-EXEMPT PEROT employees in California.

**REQUEST NO. 3:**

ANY DOCUMENT that contains, reflects, or refers to the formula(s) and/or method(s) used to calculate the amount of overtime, double time, and/or other premium wage to pay ANY AFFECTED EMPLOYEE for ANY time worked in excess of 8 hours per day and/or 40 hours per week.

**REQUEST NO. 4:**

ANY policy and procedures manuals, policy statements, bulletins, documents, communications or memoranda in effect since January 1, 2000, which describe company practices, procedures or policies CONCERNING the accrual and/or payment of VACATION BENEFITS to NON-EXEMPT PEROT employees working in California.

**REQUEST NO. 5:**

All PEROT AWS agreements related to PEROT NON-EXEMPT employees in California that have been in effect at ANY time since January 1, 1998.

**REQUEST NO. 6:**

ANY policy and procedures manuals, policy statements, bulletins, documents, communications or memoranda in effect since January 1, 2000, which describe ANY company practices, procedures or policies CONCERNING the recordation and/or coding of time worked, by NON-EXEMPT PEROT employees in California.

**REQUEST NO. 7:**

Any written disclosures, since January 1, 1998, created, produced, promulgated, disseminated, or provided by PEROT to PEROT NON-EXEMPT employees in California regarding the effect of ANY AWS.

**REQUEST NO. 8:**

Any DOCUMENT relating to ANY meeting. since January 1, 1998, held with PEROT NON-EXEMPT employees related to ANY proposed AWS prior to ANY AWS election.

**REQUEST NO. 9:**

Any DOCUMENT CONCERNING whether, since January 1, 1998, ANY AWS election held with PEROT NON-EXEMPT employees was conducted by secret ballot.

**REQUEST NO. 10:**

Any DOCUMENT CONCERNING whether, since January 1, 1998, ANY AWS election held with PEROT NON-EXEMPT employees there was at least a 2/3 affirmative vote of each work unit for the AWS.

**REQUEST NO. 11:**

The complete personnel file of PLAINTIFF Gloria Jimenez.

**REQUEST NO. 12:**

ALL DOCUMENTS, including the complete computer records in electronically readable format, showing all hours worked and compensation paid, accrued vacation time at termination, and accrued vacation time paid at termination to PLAINTIFF Gloria Jimenez.

**REQUEST NO. 13:**

Any template wage statement or other DOCUMENT that states or indicates what information PEROT has included on the wage statements of PEROT NON-EXEMPT EMPLOYEES since July 12, 2003.

**REQUEST NO. 14:**

The complete computer records, in NATIVE FORMAT as maintained in the ordinary course of business, showing, by date, all hours in excess of 8 per day and/or 40 per week worked by each PEROT NON-EXEMPT employee in California since July 12, 2003. (Plaintiff is not seeking the names or identifying information of the employees in this particular request, although Plaintiff reserves the right to seek such identifying information in conjunction with these records at a later stage of the litigation.)

1

2 **REQUEST NO. 15:**

The complete computer records, in NATIVE FORMAT as maintained in the ordinary

3 course of business, showing, by date, all regular, overtime, double time, and other premium

4 wages paid to each PEROT NON-EXEMPT in California since July 12, 2003. (Plaintiff is

5 not seeking the names or identifying information of the employees in this particular request,

6 although Plaintiff reserves the right to seek such identifying information in conjunction with

7 these records at a later stage of the litigation.)

8 **REQUEST NO. 16:**

9 The complete computer records, in NATIVE FORMAT as maintained in the ordinary

10 course of business, showing, by date, all shift differential payments to each PEROT NON-

11 EXEMPT employee in California since July 12, 2003. (Plaintiff is not seeking the names or

12 identifying information of the employees in this particular request, although Plaintiff reserves

13 the right to seek such identifying information in conjunction with these records at a later

14 stage of the litigation.)

15 **REQUEST NO. 17:**

16 The complete computer records, in NATIVE FORMAT as maintained in the ordinary

17 course of business, showing, by date, all Benefits Bridge or "06 Benefits Bridge" payments

18 to each PEROT NON-EXEMPT employee in California since July 12, 2003. (Plaintiff is not

19 seeking the names or identifying information of the employees in this particular request,

20 although Plaintiff reserves the right to seek such identifying information in conjunction with

21 these records at a later stage of the litigation.)

22 **REQUEST NO. 18:**

23 For each PEROT NON-EXEMPT employee in California since July 12, 2003, the

24 complete computer records, in NATIVE FORMAT as maintained in the ordinary course of

25 business, showing, by date, ANY VACATION TIME accrued as of the end of the calendar

26 year AND, for individuals no longer employed with PEROT, at termination. (Plaintiff is not

27 seeking the names or identifying information of the employees in this particular request,

28

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    although Plaintiff reserves the right to seek such identifying information in conjunction with

2    these records at a later stage of the litigation.)

3    **REQUEST NO. 19:**

4         The complete computer records, in NATIVE FORMAT as maintained in the ordinary

5    course of business, showing, by date, ANY VACATION TIME accrued by ANY PEROT

6    NON-EXEMPT employee in California since July 12, 2003, which was not paid to the

7    employee upon his or her termination.  (Plaintiff is not seeking the names or identifying

8    information of the employees in this particular request, although Plaintiff reserves the right to

9    seek such identifying information in conjunction with these records at a later stage of the

10   litigation.)

11   **REQUEST NO. 20:**

12        ALL job postings, job announcements, job descriptions, or other DOCUMENTS that

13   list, describe, and/or memorialize the job titles of AFFECTED EMPLOYEES in California.

14   **REQUEST NO. 21:**

15        ALL job postings, job announcements, job descriptions, or other DOCUMENTS that

16   list, describe, and/or memorialize the job duties and responsibilities of AFFECTED

17   EMPLOYEES in California.

18   **REQUEST NO. 22:**

19        ALL organizational or flow charts, or other DOCUMENTS CONCERNING the

20   corporate structure or hierarchy of PEROT and/or any other PERSON employing

21   AFFECTED EMPLOYEES jointly with PEROT, including any DOCUMENTS which

22   IDENTIFY (whether by name or otherwise) any corporate officers or other managers on a

23   state level, regional level, or national level.

24   **REQUEST NO. 23:**

25        ANY record or other DOCUMENT CONCERNING any COMMUNICATION

26   concerning any employee request(s) for OVERTIME PAY and/or VACATION BENEFITS,

27   including any response by PEROT management and/or other employees to any employee

28   request(s) for OVERTIME PAY.

**REQUEST NO. 24:**

ANY record or other DOCUMENT pertaining to any COMMUNICATION concerning any employee concern, question, request and/or complaint, whether formal or informal, about the denial or possible denial of OVERTIME PAY and/or VACATION BENEFITS, including any response by PEROT management to any employee concerns, questions, and/or complaints.

**REQUEST NO. 25:**

ALL civil or administrative complaints filed in whole or in part against PEROT for alleged labor law violations, including ANY DOCUMENTS that provide a summary of all such complaints by title, court, administrative agency or branch, date, subject or other information sufficient to identify and locate the matter.

**REQUEST NO. 26:**

ALL DOCUMENTS CONCERNING any internal complaints, charges, grievances, or inquiries concerning the failure to provide OVERTIME PAY and/or VACATION BENEFITS to EMPLOYEES of PEROT.

**REQUEST NO. 27:**

ANY DOCUMENTS CONCERNING any policies, practices, procedures, and/or guidelines used by PEROT to promote compliance with California and/or federal employment and labor laws.

**REQUEST NO. 28:**

ANY studies, audits, initiatives, programs, or procedures contemplated or implemented by PEROT to assess or promote compliance with state and federal employment and labor laws.

**REQUEST NO. 29:**

ANY COMMUNICATION OR OTHER DOCUMENT with a governmental agency or other PERSON CONCERNING ANY advice or opinion obtained by PEROT that its policies, practices, or procedures related to the payment of overtime wages and/or VACATION BENEFITS to AFFECTED EMPLOYEES is compliant with applicable law.

1 **REQUEST NO. 30:**

2       All computerized and machine-readable databases, reports, and other DOCUMENTS

3 that identify the names, most recent available addresses and telephone numbers of all

4 AFFECTED EMPLOYEES (whether part-time or full time, permanent or temporary) who

5 work or have worked for PEROT anywhere in California from July 12, 2003, to the present.

6 This request includes a key for interpreting any codes used to interpret the data, as well as

7 any DOCUMENTS describing, explaining, or CONCERNING the methods and techniques

8 used in compiling, editing, modifying or updating these computer databases.

9 **REQUEST NO. 31:**

10       Any insurance policies carried by PEROT, including, but not limited to, liability

11 insurance, worker's compensation insurance, business travel insurance, or automobile

12 insurance, under which a colorable claim for coverage in any manner (e.g., primary, pro-rata,

13 or excess liability coverage or medical expense coverage) might be made for unpaid wages,

14 damages, penalties, attorneys' fees, costs, claims, or actions of the nature asserted in this

15 litigation.

16 **REQUEST NO. 32:**

17       All DOCUMENTS indicating the extent to which PEROT pays AFFECTED

18 EMPLOYEES all wages owed to them either immediately upon involuntary discharge of

19 their employment or within 72 hours for those who voluntarily leave their employment,

20 including, but not limited to, the final paychecks paid to AFFECTED EMPLOYEES who

21 have left their employment with PEROT.

22 **REQUEST NO. 33:**

23       Any DOCUMENTS that define or describe any policies, guidelines or practices of

24 PEROT concerning the retention and preservation of DOCUMENTS (including

25 electronically stored data and information) CONCERNING wage and compensation policies

26 applicable to AFFECTED EMPLOYEES and/or wages or benefits paid to ANY

27 AFFECTED EMPLOYEE.

28

**REQUEST NO. 34:**

All DOCUMENTS concerning the destruction or non-existence of DOCUMENTS that may be responsive to these requests, which DOCUMENTS once existed but no longer exist.

**REQUEST NO. 35:**

For each PEROT NON-EXEMPT employee in California since July 12, 2003, the complete computer records, in NATIVE FORMAT as maintained in the ordinary course of business, showing, by date, OFF-DUTY MEAL PERIODS and ON-DUTY MEAL PERIODS, including, but not limited to, the following: (a) the total number of OFF-DUTY MEAL PERIODS scheduled during each pay period; (b) the total number of OFF-DUTY MEAL PERIODS actually taken during each pay period; (c) the total number of ON-DUTY MEAL PERIODS scheduled during the pay period; (d) the total number of ON-DUTY MEAL PERIODS actually taken during the pay period; (e) the total number of hours during which the AFFECTED EMPLOYEES time was recorded as being on duty in any timekeeping system or record of PEROT. (Plaintiff is not seeking the names or identifying information of the employees in this particular request, although Plaintiff reserves the right to seek such identifying information in conjunction with these records at a later stage of the litigation.)

**REQUEST NO. 36:**

All signed employee agreements for on-duty meal periods dated on or after January 1, 2000, and/or all DOCUMENTS containing or referring to such "agreements."

**REQUEST NO. 37:**

All DOCUMENTS that concern, describe, or address PEROT'S determination that the nature of the work performed by AFFECTED EMPLOYEES is such that AFFECTED EMPLOYEES cannot take an OFF-DUTY MEAL PERIOD.

**REQUEST NO. 38:**

ANY DOCUMENTS reflecting policies, procedures, guidelines, or practices of PEROT regarding MEAL and/or REST PERIODS for AFFECTED EMPLOYEES.

1  **REQUEST NO. 39:**

2      ANY record or other DOCUMENT CONCERNING ANY COMMUNICATION

3  concerning the methods, policies, or guidelines for MEAL and/or REST PERIODS for

4  AFFECTED EMPLOYEES.

5  **REQUEST NO. 40:**

6      ANY memoranda, notes, emails, correspondence, and/or reports (whether in draft or

7  final form), or ANY other COMMUNICATIONS, which analyze, describe, evaluate or

8  otherwise pertain to the methods, policies, or guidelines for MEAL and/or REST PERIODS

9  for AFFECTED EMPLOYEES.

10  **REQUEST NO. 41:**

11      ANY record or other DOCUMENT CONCERNING ANY COMMUNICATION

12  concerning ANY AFFECTED EMPLOYEES request(s) for MEAL and/or REST

13  PERIODS.

14  **REQUEST NO. 42:**

15      ANY record or other DOCUMENT CONCERNING ANY COMMUNICATION

16  concerning ANY AFFECTED EMPLOYEE concern, question, request and/or complaint,

17  whether formal or informal, about the denial or possible denial of MEAL and/or REST

18  PERIODS.

19  **REQUEST NO. 43:**

20      ANY record or other DOCUMENT CONCERNING ANY COMMUNICATION

21  concerning ANY response by PEROT management to ANY AFFECTED EMPLOYEE

22  concern, question, request and/or complaint about the denial of MEAL and/or REST

23  PERIODS.

24  **REQUEST NO. 44:**

25      ANY other DOCUMENTS summarizing or otherwise CONCERNING MEAL and/or

26  REST PERIODS for AFFECTED EMPLOYEES in California.

27      ///

28

1

**REQUEST NO. 45:**

2

    ALL MEAL and/or REST PERIOD waivers signed by AFFECTED EMPLOYEES in

3

California since July 12, 2003.

4

5

Dated:  January 25, 2008                              CHAVEZ & GERTLER LLP

6

                                                  SCHNEIDER & WALLACE

7

                                                  LAW OFFICES OF RICARDO DE ROSA

8

9

10

                                                  By:
                                                      Christian Schreiber

11

12

                                                  Attorneys of record for Plaintiff
                                                  GLORIA JIMENEZ

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

# EXHIBIT 8

# SCHNEIDER & WALLACE
### A T T O R N E Y S    A T    L A W

Todd M. Schneider
Guy B. Wallace
Carolyn H. Cottrell
Clint J. Brayton
Joshua Konecky

W.H. Willson, IV
Camilla L. Roberson
Patrick J. Suter
Rachel E. Brill
Nancy Park
Christian Schreiber
Monica Quivey
Megan M. Lewis
Andrew P. Lee
Naomi B. Sunshine

April 25, 2008

Paula Hagan Bennett, of Counsel

***VIA FACSIMILE & U.S. MAIL***

JoAnna L. Brooks, Esq.
Jackson Lewis
199 Fremont Street, 10th Fl
San Francisco, CA 94105

     Re:    **Jimenez v. Perot Systems Corporation**
               **Case No. RG0733532**

Dear Ms. Brooks:

     This is an attempt to meet and confer regarding Perot Systems Corporation's ("Perot Systems") responses to Plaintiff's First Set of Special Interrogatories, First Set of Form Interrogatories, and responses to Plaintiff's First Set of Requests for Production of Documents. Please respond to this letter no later than May 1, 2008, so that we have sufficient time to prepare a motion to compel should the parties be unable to resolve the issues detailed below. (The current motion to compel deadline is May 6, 2008.)

     As an initial matter, Defendant's verifications, signed by Kimberly Hoskins, are inadequate. Ms. Hoskins' verifications state in part, "Based on my personal knowledge or information and belief, the matters stated therein are true and correct." Ms. Hoskins does not state what matters are within her personal knowledge, and what matters she is verifying based on her information and belief; nor is this distinction made plain in Defendant's responses. Verifications based on information and belief are insufficient *See* Weil & Brown, CAL. PRAC. GUIDE: CIV. PRO. BEFORE TRIAL (The Rutter Group 2007), ch. 8F-5 [8:1106]. Please provide proper verifications.

## Special Interrogatories

     Many of Defendant's responses offer nothing but improper objections, and often when a substantive response is provided, Defendant's responses are incomplete. Plaintiff therefore demands that Perot Systems amend and supplement its responses. To the extent possible, we have attempted to group common problems with Defendant's responses for the sake of convenience. Specific responses are also discussed.

---

JoAnna L. Brooks, Esq.
April 25, 2008
Page 2 of 2

*Definition of "Perot"*

Defendant objects to Plaintiff's definition of Perot Systems as "overbroad, vexatious, oppressive and solely intended to harass Defendant." Plaintiff's requests are intended to cover all California non-exempt employees employed by Perot Systems. For purposes of this discovery, at this time Plaintiff is willing to limit the scope of the definition to Perot Systems Corporation, its wholly-owned subsidiaries, and its affiliates in California. Please confirm that Defendant's responses will include all California non-exempt employees. Plaintiff has not yet deposed Perot Systems' person most knowledgeable regarding the organizational structure of Perot Systems Corporation, and therefore reserves the right to seek discovery from additional corporate entities at a future date if this becomes necessary.

*"IDENTIFY"/Class list discovery requests*

Plaintiff's request for identifying information has been the subject of other correspondence between Mr. Siegel and Mr. Travelstead. The Court has ordered the parties to submit a joint letter brief on the dispute by May 21, 2008, and the parties continue to meet and confer on the issue. Plaintiff's Interrogatories 15 and 18-21, as well as Request for Production No. 30 (discussed below) request the identity of various members of the putative class subject to certain Perot Systems payment practices and compensation policies.

With respect to these interrogatories, Defendant stated that it produced "a list of all non-exempt employees by employee identification number who received" the respective payments. Please confirm whether these lists are contained on PSC 00040-PSC 00060, and whether these lists include the employee ID of all affected employees. However, even with the lists, these responses are incomplete; Plaintiff's interrogatories define the term "identify" to require Defendant "to state the person's full name, last known home address, last known home telephone number, job title(s) while employed with PEROT and dates of all such job titles held." Defendant's production of employee identification numbers is therefore insufficient. Moreover, California discovery law provides that "the identity and location of persons having [discoverable] knowledge" are proper subjects of discovery. CCP § 2017.010. It is well settled that "contact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case." *Pioneer Electronics (USA), Inc. v. Superior Court (Olmstead)*, (2007) 40 Cal.4th 360, 373, citing *Bartold v. Glendale Federal Bank*, 81 Cal.App.4th 816, 836; and *Budget Finance Plan v. Superior Court (McDowell)* (1973) 34 Cal.App.3d 794, 799. *See also, Puerto v. Superior Court*, 158 Cal. App.4th 1242, 1249-50 (Jan. 15, 2008).

With respect to the identifying information sought by Plaintiff in these interrogatories, Plaintiff's requests are related to her general demand for a class list. To

JoAnna L. Brooks, Esq.
April 25, 2008
Page 3 of 3

this end, Plaintiff will incorporate these requests into the parties' parallel meet and confer efforts on that subject. Plaintiff does not waive its right to have Defendant "identify" the recipients of payments described in these interrogatories.

*Specific interrogatory responses*

Interrogatory No. 1 asks Perot Systems to "IDENTIFY any and all GROUP(S) of PEROT employees in California that have had ANY AWS at any time from July 12, 2003 to present." Perot Systems responds with objections, including that the term "AWS" is ambiguous, but then states that it has "produced a list of all non-exempt employees identified as working a regularly recurring schedule other than a 5 days per week, 8 hours per day schedule who have been paid overtime under an AWS which specifies the locations where these individuals worked on behalf of Perot Systems Corporation." Perot Systems' response recognizes that the definition of AWS is not ambiguous. Please confirm that PSC 00411 is the document to which you are referring, and either: (a) that there are no other responsive documents; or (b) that there are no other such documents.

Interrogatory No. 2 asks that Perot Systems state "how many PEROT employees in California have worked ANY AWS since July 12, 2003." Perot Systems raises the same objections as Interrogatory No. 1, but states that it will produce such a list. Again, please confirm that PSC 00411 is the document to which you are referring, and that it includes the requested information as to Perot Systems (nee "PEROT") as now defined.

Interrogatory No. 3 asks that Perot Systems "[s]tate all PEROT divisions, affiliates, or subsidiaries with employees in California." Perot Systems responded with only objections. This is improper. Plaintiff is entitled to this information as to the divisions, affiliates, and subsidiaries of Perot Systems Corporation because this information is reasonably calculated to lead to the discovery of admissible evidence. *Cal. C. Civ. Proc.* §2016(b). The dispersion of non-exempt employees in California among Perot Systems corporate entities is relevant to the ascertainability and community of interest components of Plaintiff's class claims, as well as Plaintiff's investigation of the class claims and her policy-based challenges. Accordingly, Plaintiff's complaint names Doe Defendants to reserve the possibility that other entities, including Defendant's divisions, affiliates, or subsidiaries, must be named as parties.

In addition, the information is relevant to Defendant's contention that non-exempt employees work at dozens of job sites around the state. To the extent that these employees are employed by affiliates of Perot Systems Corporation, documents and information controlled by these entities are within the legal control of Perot Systems Corporation. *See, e.g., Insurance Co. of North America v. Superior Court,* 108 Cal.App.3d 758, 766 (1980); *In re ATM Fee Antitrust Litigation,* 233 F.R.D. 542, 545 (N.D. Cal., 2005). Finally, the actions of these entities are relevant and may have bearing on the scope of Plaintiff's claims and/or the applicability of Defendant's

JoAnna L. Brooks, Esq.
April 25, 2008
Page 4 of 4

affirmative defenses. For example, Perot Systems Government Services QSS Group, Inc.
filed notice of an alternative workweek schedule election with the California Division of
Labor Statistics & Research in November 2007.

Interrogatory No. 13 asks that Perot Systems "[s]tate the total number of NON-
EXEMPT PEROT employees in California since July 12, 2003." Despite stating in its
first case management conference statement that there are 993 non-exempt employees in
California, here Perot Systems responds solely with objections. This is improper. The
requested information is within the scope of proper discovery. Plaintiff's complaint
alleges that all non-exempt employees in California were subject to the same policies
establishing an unlawful calculation of overtime wages. To the extent that some
employees did not work overtime, this is a question of damages and not relevant at this
stage of the litigation. Plaintiff's request goes directly to issues related to class
certification, including numerosity.

Interrogatory No. 14 asks Perot Systems to "[s]tate the total number of
AFFECTED EMPLOYEES." Perot Systems objects to the term "affected employees" as
ambiguous. The term "affected employees" is defined in Plaintiff's requests, and the
definition is clear:

> The term "AFFECTED EMPLOYEES" means current and former Data Center
> Operations/Technicians and/or other NON-EXEMPT employees of PEROT in California,
> who at any time in the four years preceding the filing of this action to final resolution of
> this action, worked ANY ALTERNATIVE WORKWEEK SCHEDULE, AND/OR were
> paid a shift differential for any time period in which they worked more than 8 hours in a
> day or more than 40 hours in a week, AND/OR were paid a "06 Benefits" for any time
> period in which they worked more than 8 hours in a day or more than 40 hours in a week
> AND/OR were paid a "Benefits Bridge" benefit for any time period in which they
> worked more than 8 hours in a day or more than 40 hours in a week, AND/OR [] were
> not paid for all accrued vacation at the time of termination of their employment.

Defendant's response is plainly incorrect because it misinterprets Plaintiff's
definition. The term "affected employees" is written in the conjunctive, and includes all
of the categories listed. Perot Systems' response that there are 42 affected employees
represents, presumably, the number of employees that Perot Systems said were subjected
to an AWS. It neglects to consider the remainder of the categories.

Defendant's response to Interrogatory No. 17 refers to its production of
documents without identifying the document. Please confirm that PSC 00474- PSC
00546 and PSC 00576 – 00581 are the documents to which response No. 17 refers.
Please also confirm also (a) that there are no other responsive documents; or (b) that there
are no other such documents

JoAnna L. Brooks, Esq.
April 25, 2008
Page 5 of 5

**Form Interrogatories**

*Response to Form Interrogatory No. 12.1*

Perot Systems has improperly responded only with objections to Form Interrogatory No. 12.1, which asks Perot Systems to "State the name, ADDRESS, and telephone number of each individual:

a)  who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;
b)  who made any statement at the scene of the INCIDENT;
c)  who heard any statements made about the INCIDENT by any individual at the scene; and
d)  who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure – Section 2034)."

Perot Systems responded as follows: "Defendant objects to this interrogatory, and each of its subparts, on the grounds that it is inappropriate in the context of this litigation, and the meaning of the term "INCIDENT" is vague, ambiguous, overly broad, and susceptible to a variety of interpretations, all rendering the interrogatory incapable of a precise response. Defendant objects to this interrogatory on the grounds that it is overbroad, harassing, oppressive and unduly burdensome. Defendant further objects to this interrogatory to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence."

While Plaintiff will not require at this time a response to subparts b) and c), Perot Systems must respond to subparts a) and d). Further, at this time, Plaintiff will not require Perot Systems to list putative class members, as this request is part of the parties' parallel meet and confer effort regarding the production of a class list. The request in form interrogatories for witnesses or those with knowledge of the "INCIDENT" is appropriate because California discovery law provides that "the identity and location of persons having [discoverable] knowledge" are proper subjects of discovery. CCP § 2017.010. Moreover, "INCIDENT" is plainly defined as "the conduct described in the allegations of the complaint in this action." Defendant does not state that it is unable to identify individuals with knowledge of Plaintiff's allegations in this lawsuit, nor can it claim that it does not understand Plaintiff's allegations. However, if Defendant does not understand the complaint, it must so state.

The propriety of this interrogatory is well settled, as is the discovery of witness information. *Nacht & Lewis Architects, Inc. v. Superior Court*, 47 Cal.App.4th 216-217 (1996) (Defendant provided names of witnesses even where objections to Form Interrogatories 12.2 and 12.3 were sustained).

JoAnna L. Brooks, Esq.
April 25, 2008
Page 6 of 6

## Requests for Production of Documents

Defendant's "Preliminary Statement and Objections" contains improper limitations pertaining to Defendant's ongoing search for documents requested by Plaintiff. To the extent that Defendant did not complete its investigation or is unable to comply with the document request, it must so state. CCP §2031.210(a). It is improper to leave open the possibility that Defendant's responses are inadequate because it intends to engage in "further discovery." The CCP requires Defendant to search for and inquire about relevant and responsive documents. If Defendant did not, or cannot, comply with this requirement, it must so state. *Id.*

Defendant's misinterpretation of the term "AFFECTED EMPLOYEES" in its interrogatory responses raises the specter that its responses to Plaintiff's document requests are also incomplete. Please confirm whether Defendant's responses to Plaintiff's document requests properly consider the accurate group of employees described above (rather than only those subjected to an AWS).

Defendant improperly objected to numerous document requests with the same series of objections. For convenience, these objections are discussed generally below. Specific document requests are also detailed.

*"Premature in that a class has not been certified"*

Defendant objected to Plaintiff's document requests Nos. 14-18 and 30 on grounds that the requests are "premature in that a class has not been certified." This objection is frivolous. It is well settled that parties "must have an opportunity to conduct discovery on class action issues before filing documents to support or oppose a class action certification motion…so the trial court can realistically determine if common questions are sufficiently pervasive to permit adjudication in a class action." *Stern v. Superior Court* (2003) 105 Cal.App.4th 223, 232-233 [citations omitted]; *see also Carabini v. Superior Court* (1994) 26 Cal.App.4th 239, 244; *Bartold v. Glendale Federal Bank* (2000) 81 Cal.App.4th 816, 836; *Atari, Inc. v. Superior Court* (1985) 166 Cal.App.3d 867, 870.) "[W]hether the common questions are sufficiently pervasive to permit adjudication in a class action rather than in a multiplicity of suits cannot realistically be made until the parties have had a chance to conduct reasonable investigation." (*Bartold, supra*, 81 Cal.App.4th at 836 [internal quotations and citations omitted].)

In addition, this discovery is permissible at the pre-certification stage: "A party is entitled to such discovery [necessary to support class certification] before the class is certified, not after…Whether the common questions are sufficiently pervasive to permit adjudication in a class action rather than in a multiplicity of suits cannot realistically be made until the parties have had a chance to conduct reasonable investigation." *Bartold,*

JoAnna L. Brooks, Esq.
April 25, 2008
Page 7 of 7

81 Cal.App.4th 816, 836, citing *Carabini v. Superior Court, supra*, 26 Cal.App.4th at 244
and *Atari, Inc. v. Superior Court* (1985) 166 Cal.App.3d 867, 870 (internal citations
omitted, emphasis added). Seeking information related to Perot Systems policies and
practices related to the putative class members is reasonable, and is part of necessary
investigation to determine whether common issues exist in the class.

*"Overly broad in scope and time/outside the time period of this action"*

    Defendant's responses to Plaintiff's request Nos. 1-10, 20-21, 23-27 include an
objection that Plaintiff seeks documents that are "overly broad in scope and time as [they]
seek[] information from outside the time period relevant to this action." This is an
improper objection. Defendant cites no authority, and cannot, that limits what is
"relevant" to the class period itself. For nearly every request, Plaintiff has limited the
scope of its discovery to the "class period." For certain requests, Plaintiff has limited the
scope to a period shortly before the liability period—January 1, 2000. This is an
appropriate limitation. Though "the class period here is short and definite, it does not
determine the period of relevancy for discovery purposes." *In re Seagate Technology II
Securities Litigation*, 1993 WL 293008, *2 (N.D.Cal.,1993). *See also, In re Control
Data Corp. Securities Litigation*, 1988 WL 92085, *3 (D.Minn.,1988), *citing National
Organization For Women, Inc. v. Minnesota Mining and Manufacturing*, 73 F.R.D. 467,
472 (D.C.Minn.1977) ("there is no rule fixing discovery in class-action litigation to the
class period"). To the extent Defendant seeks to limit the geographical scope of
Plaintiff's requests, Plaintiff will limit the geographical scope to the extent stated in its
discussion of specific requests, below.

    Changes (or non-changes) to policies and practices at Perot Systems prior to the
liability period are relevant to numerous of Plaintiff's claims and Defendant's affirmative
defenses, and therefore are reasonably calculated to lead to the discovery of admissible
evidence. For example, under Defendant's definition of what is relevant, alternative
workweek schedules (AWS) instituted *prior* to the "class period"—but which were still
in effect *during* the "class period"—would escape discovery as to their original
implementation, which is directly at issue in this case. Documents relating to overtime
payment policies, alternative workweek schedules, or vacation policies are likewise
relevant even if they were in effect before July 2003.

*"Privacy"*

    Defendant objected to Plaintiff's Request Nos. 13-19, 24-26, 30, and 32 on
grounds that releasing the information sought "would be a violation of any individual's
right of privacy...." Defendant's objection is without merit. Plaintiff's requests
specifically provide that "Plaintiff is not seeking the names or identifying information of
the employees in this particular request, although Plaintiff reserves the right to seek such
identifying information in conjunction with these records at a later stage of the litigation"
(emphasis added). Defendant cannot maintain that the release of anonymous wage and

JoAnna L. Brooks, Esq.
April 25, 2008
Page 8 of 8

payroll data would violate anyone's right to privacy, because there would be <u>no</u> identifying information included in the data produced.

Plaintiff's Document Request No. 30 seeks the identities of members of the class, and would require the disclosure of names and other identifying information. As this request is the subject of a separate meet and confer effort, it should suffice to say that Defendant's privacy objection will be addressed as part of an opt-out process pursuant to *Puerto v. Superior Court*, 158 Cal.App.4th 1242, 1249-50 (Jan. 15, 2008) and *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 374-75 (2007).

*Lack of electronic data*

Plaintiff's document requests Nos. 12 and 14-19 seek, "The complete computer records, in NATIVE FORMAT as maintained in the ordinary course of business" of various types of wage and compensation and vacation data maintained by Defendant. Defendant produced a sample of electronic data for the named Plaintiff and 22 other members of the putative class, which Defendant described as a "representative sample."

Defendant's production is incomplete and its limitation inappropriate. Defendant may not limit its production to its own, unilateral selection of 23 members of the class when data for the entire class is relevant and responsive.

*Meal & Rest Period Discovery*

Plaintiff's Document Request Nos. 35-45 seek various categories of documents related to meal and rest period policies and practices for non-exempt California employees of Perot Systems. Defendant objected to each of Plaintiff's requests on grounds that the information sought is not relevant because Plaintiff's complaint contains no allegations of meal and rest period violations. This objection is meritless.

It is well settled that Plaintiff is entitled to this discovery whether the allegations are pled or not because even pleading deficiencies generally do not affect a parties' right to obtain discovery. *Mattco Forge, Inc. v. Arthur Young & Co.*, 223 Cal.App.3d 1429, 1437 n. 2 (1990); see *Budget Finance Plan v. Superior Court*, 34 Cal.App.3d 794, 797-98 (1973) (plaintiff entitled to reasonable discovery after demurrer sustained, when no pleading before the court). It is "well-established that relevancy of the subject matter does not depend on a legally sufficient pleading...discovery is proper if it would be material to any possible issue raised by new allegations in an amended complaint." *Union Mutual Life Ins. Co. v. Superior Court*, 80 Cal.App.3d 1, 10 (1978). Under these authorities, California law even permits a party to use the discovery process to obtain information necessary to plead a cause of action.

Here, Defendant's time recordation, compensation, and overtime policies are directly at issue. Meal and rest periods are directly relevant to the class allegations of

JoAnna L. Brooks, Esq.
April 25, 2008
Page 9 of 9

wage and hour violations. Defendant's objections are improper, and Defendant must supplement its production immediately.

*Specific Document Requests*

Document Request No. 2-3 (OT policies): Defendant produced one policy. Plaintiff has provided Defendant with an additional document that was not produced by Defendant related to the OT policy/policies, raising the question of whether Defendant conducted a good faith search for responsive documents in discharging its discovery obligations. Defendant must immediately supplement its production with all documents concerning all the subject policies and procedures.

Document Request No. 4 (vacation policies): To the extent that Perot Systems has a policy to adopt or allow different vacation benefits than those in the policy it produced, such documents would be relevant. This includes all documents maintained by specific accounts for which Perot Systems employees work and to which they are subject.

Document Request No. 5 (time recording policies): Defendant did not produce all policy documents. Plaintiff has provided Defendant with examples of time recording policies, for example, of time recording policies for compensating time off in lieu of overtime.

Document Request No. 13 (template wage statement): Defendant produced a template wage statement from Plaintiff's payroll records. However, this document was not the wage statement provided to Plaintiff because Plaintiff did not receive paper copies of wage statements. Please identify the origin of this document.

Document Request No. 18-19 (computerized vacation records): Please confirm that Defendant's response includes computerized records retained on each job site at which Perot Systems employees work.

Document Request No. 20-21 (job postings): Defendant produced one job description, though the definition of "affected employees" plainly encompasses employees in other job categories. Plaintiff is aware that other class members were not part of this job category and these job descriptions were not produced, raising the question of whether Defendant conducted a good faith search for responsive documents in discharging its discovery obligations. Defendant must immediately supplement its production with all job descriptions.

Document Request No. 22 (org charts): Defendant produced four pages of organizational charts. Plaintiff is aware that other charts exist and were not produced, raising the question of whether Defendant conducted a good faith search for responsive documents in discharging its discovery obligations. Defendant must immediately supplement its production with all such charts.

JoAnna L. Brooks, Esq.
April 25, 2008
Page 10 of 10

<u>Document Request Nos. 23-24 (employee communications and complaints)</u>: Defendant produced only documents related to the named Plaintiff, and must supplement its production for the remainder of the class. Plaintiff will limit the geographic scope of this request to California.

<u>Document Request No. 25 (civil and administrative complaints)</u>: Defendant produced no documents related to Plaintiff's request for all civil and administrative complaints alleging labor law violations. Defendant's objection that responsive documents would violate third-party privacy rights is frivolous. Civil and administrative complaints are not confidential. The time and scope of Plaintiff's request is from July 12, 2003 to the present. Plaintiff will limit the scope of its request to the United States. Defendant has made no showing that production of all civil and administrative complaints filed within the United States during this time period is unduly burdensome.

<u>Document Request No. 26 (internal complaints)</u>: Defendant produced just 11 pages related to the named Plaintiff only. Defendant must supplement its production related to the rest of the putative class.

<u>Document Request Nos. 28-29 (compliance)</u>: Defendant's responses to Plaintiff's Request Nos. 28 and 29 cite, without authority, a privilege based on "Defendant's confidential and proprietary business information." No such privilege exists. California law provides for a trade secret privilege, which Defendant notably does <u>not</u> cite. Such a privilege certainly would not apply to the documents at issue in any event. Moreover, Defendant has no grounds to assert a "business privilege," and has produced no privilege log in support of its contention that the documents sought are protected by either the attorney-client privilege or attorney work-product doctrine. Moreover, the parties stipulated to, and the Court ordered, a protective order that provides for either party to designate certain documents as "Confidential." Defendant must immediately supplement its production with all relevant and responsive documents.

<u>Document Request No. 32 (vacation benefit payout)</u>: Defendant produced only one vacation policy responsive to this request (PSC 00014-00025), and certain documents limited to the named Plaintiff. Defendant produced no documents related to the payment of vacation wages for any other former employee. Please produce all vacation policies, including revisions prior to the August 29, 2005 revision.

<u>Document Request No. 33 (document retention policies)</u>: Defendant identified PSC 00474- PSC 00546 and PSC 00576 – 00581 as responsive to Plaintiff's request for document retention policies. However, these policies show an effective date of December 12, 2003, five months after the liability period begins. Please produce all responsive documents, including those in effect prior to the December 12, 2003 policy, and those currently in effect.

JoAnna L. Brooks, Esq.
April 25, 2008
Page 11 of 11

<u>Privilege Log</u>:  Defendant must produce a privilege log delineating all documents withheld under claim of privilege or confirm that no documents are being withheld under claim of privilege.

Finally, Anne Leinfelder has not yet replied to my previous request that Perot Systems produce the fifteenth and final page of the document that is part of PSC 00992-PSC 01006.

I look forward to meeting with you about the concerns contained herein.

Very truly yours,

SCHNEIDER & WALLACE

CHRISTIAN SCHREIBER
Attorney at Law

cc:    All Counsel (via facsimile)

**Schneider & Wallace**

180 Montgomery Street
Suite 2000
San Francisco, CA 94104

415-421-7100 (Telephone)
415-421-7105 (Fax)

| | |
|---|---|
| To: | Jon Gertler |
| Company: | Chavez & Gertler, LLP |
| Fax number: | 3815572 |
| Date & Time: | 4/25/2008 3:29:39 PM |
| Pages: | 12 |
| Re: | Jimenez v. Perot |

Important:  This fax is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.   If the reader of this message is not the intended fax recipient, you are hereby notified that reading, disseminating, distributing or copying this fax is strictly prohibited.   If you have received this fax in error, please immediately notify us by telephone and we will arrange to retrieve it at no cost to you.

If you do not receive all pages or transmission is not clear, please call 415-421-7100.

# EXHIBIT 9

CHAVEZ & GERTLER LLP
JONATHAN E. GERTLER (Bar No. 111531)
JOSEPH R. IGELMUND (Bar No. 52493)
42 Miller Avenue, Mill Valley, CA  94941
Tel:  (415) 381-5599 Fax:   (415) 381-5572

TODD M. SCHNEIDER (Bar No. 158253)
JOSHUA G. KONECKY (Bar No. 182897)
CHRISTIAN SCHREIBER (Bar No. 245597)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel:  (415) 421-7100 Fax:  (415) 421-7105

RICARDO DE ROSA (Bar No. 221226)
LAW OFFICES OF RICARDO DE ROSA
6640 Brook Falls Circle
Stockton, California, 95219
Tel:  (209) 345-7077 Fax:  (209) 476-0443

Attorneys for Plaintiff GLORIA JIMENEZ
And the Proposed Plaintiff Class

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ALAMEDA
UNLIMITED JURISDICTION

| | |
|---|---|
| GLORIA JIMENEZ, individually, and on behalf of all others similarly situated, <br><br>             Plaintiff, <br><br>       vs. <br><br> PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50, <br><br>             Defendants <br> _____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No:  RG07-335321 <br><br> **[PROPOSED] COMPLEX CASE MANAGEMENT ORDER** |

Good cause appearing therefore, the Court hereby makes the following ORDERS and FINDINGS:

(1)   A complex case management conference was held on 4/18/2008.  Joshua Konecky and Jon Gertler appeared on behalf of Plaintiff Gloria Jimenez. Tim Travelstead appeared telephonically on behalf of Defendant Perot Systems Corporation.

(2)   The Court sets the following briefing schedule:

   a.   Last day for Plaintiff to file Motion for Class Certification:  November 7, 2008;

   b.   Last day to complete non-expert discovery:  May 1, 2009;

   c.   Last day to disclose expert witnesses: May 1, 2009

   d.   Last day to disclose rebuttal expert witnesses:  May 22, 2009;

   e.   Last day to conduct expert discovery: June 12, 2009;

   f.   Last day to file dispositive motions: June 19, 2009.

(3)   No later than May 21, 2008, the parties shall file a joint letter brief regarding Plaintiff's Motion to Compel the production of a Class List, pursuant to Plaintiff's First Set of Requests for Production of Documents.

(4)   The Court will hold a hearing on Plaintiff's Motion to Compel the Production of a Class List on May 28, 2008 at 2 PM.

(5)   The next Case Management Conference is set for Friday, November 14, 2008 at 10:00 AM in Department 20.  A Joint Case Management Statement must be filed with the Court by November 12, 2008, with an electronic courtesy copy provided to the Court's chambers.  During the Case Management Conference, the Court will consider whether to extend the discovery and/or briefing schedule for the Motion for Class Certification.

IT IS SO ORDERED.

Dated:  April ____, 2008

_____

JUDGE OF THE SUPERIOR COURT

# EXHIBIT 10

**From:** Tim Travelstead [mailto:travelsteadt@jacksonlewis.com]
**Sent:** Tuesday, May 20, 2008 10:33 AM
**To:** Christian Schreiber; Brooks, JoAnna L. (S.F.)
**Subject:** Re: Proposed CMC Order

Looks ok to me.


On 5/20/08 10:32 AM, "Christian Schreiber"
<cschreiber@schneiderwallace.com> wrote:

JoAnna and Tim,

I'm not certain why, but I don't believe this proposed Order was ever filed with the court.
We will do so today (with a change to the date for Judge Freedman).  I don't have any
reply from either of you on this, so I assume it meets your approval - please let me know
ASAP if that is not the case.

cs

**From:** Christian Schreiber
**Sent:** Monday, April 21, 2008 1:30 PM
**To:** 'Brooks, JoAnna L. (S.F.)'; Travelstead, Tim C. (S.F.)
**Cc:** Josh G. Konecky; 'Jonathan Gertler'; 'Dan Siegel'
**Subject:** Proposed CMC Order

JoAnna and Tim,

Please see attached [Proposed] CMC Order.  Let me know if you have any edits to
make (or if you need MS Word version).  If you don't have any problems, I'll file it
tomorrow with the Court.

Thanks,

Christian Schreiber
Schneider & Wallace
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
(415) 421-7100 x 313
(415) 421-7105 (FAX)


--
**Timothy C. Travelstead**
**Jackson Lewis LLP**
199 Fremont Street, 10th Floor
San Francisco, California 94105
Tel. (415) 394-9400

Fax (415) 394-9401

Representing management exclusively in workplace law and related litigation.

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT 11

Chavez & Gertler LLP
Attn: Gertler, Janathan E.
42 Miller Avenue
Mill Valley, CA  94941-____

Jackson Lewis LLP
Attn: Brooks, Joanna L.
199 Fremont Street
10th Floor
San Francisco, CA  9410



## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Jimenez | No. RG07335321 |
|---|---|
| Plaintiff/Petitioner(s) | Case Management Order |
| VS. | |
| Perot Sysems Corporation, a Delaware Corporation | Complaint Business Tort/Unfair Business Practice |
| Defendant/Respondent(s) (Abbreviated Title) | |

ORDER re: CASE MANAGEMENT

The Court has ordered the following after review of the case, including timely filed Case Management Statements, without a conference.

OTHER ORDERS

1. The court is in receipt of a joint letter from the parties dated 5/21/08 (a copy if filed herein for reference) seeking informal resolution of a discovery dispute regarding class contact information to be addressed at the then pending CMC set for 5/28/08 at 2:00 p.m.
2. On 5/23/08 defendant filed a Notice of Removal to the United States District Court.
3. Necessarily the CMC will be dropped from calendar and the matter deemed beyond the jurisdiction of this court unless and until any order of remand is issued by the District Court.

NOTICES

Clerk is directed to serve endorsed-filed copies of this order, with proof of service, to counsel and to self-represented parties of record by mail.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

Dated: 05/28/2008

_facsimile_

_____
Judge Robert Freedman

Order

# EXHIBIT 12



SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP



RECEIVED
MAY 22 2008
By_____

May 21, 2008

Hon. Robert Freedman
Superior Court of California
County of Alameda, Dept. 20
1221 Oak St.
Oakland, CA 94612

Re:    **Jimenez v. Perot Systems Corporation**
       **Case No. RG0733532**

       **Hearing:  May 28, 2008, 2 p.m.**

Dear Judge Freedman:

Pursuant to the Court's May [ ], 2008 Complex Case Management Order, Plaintiff Gloria Jimenez ("Plaintiff") and Defendant Perot Systems Corporation ("Perot Systems" or "Defendant") submit this joint letter brief concerning Plaintiffs' Motion to Compel production of a "class list." The parties have met and conferred on this issue but have not been able to come to a resolution.

<u>DISCOVERY AT ISSUE AND EFFORTS TO MEET AND CONFER</u>

Plaintiffs served their First Set of Special Interrogatories and First Set of Requests for Production of Documents on September 24, 2007. The parties thereafter agreed to stay discovery pending early mediation of the case. Discovery was thereafter re-served "anew" on January 25, 2008.

Plaintiff's First Set of Interrogatories, No. 15, states, "IDENTIFY all AFFECTED EMPLOYEES." The term "AFFECTED EMPLOYEES" was defined in the Interrogatories as

current and former Data Center Operations/Technicians and/or other NON-EXEMPT employees of PEROT in California, who at any time in the four years preceding the filing of this action to final resolution of this action, worked ANY ALTERNATIVE WORKWEEK SCHEDULE, <u>AND/OR</u> were paid a shift differential for any time period in which they worked more than 8 hours in a day or more than 40 hours in a week, <u>AND/OR</u> were paid a "06 Benefits" for any time period in which they worked more than 8 hours in a day or more than 40 hours in a week <u>AND/OR</u> were paid a "Benefits Bridge" benefit for any time period in which they worked more than 8 hours in a day or more than 40 hours in a week, <u>AND/OR</u> had [sic] were not paid for all accrued vacation at the time of termination of their employment.



The term "IDENTIFY" was defined as stating "the person's full name, last known home address, last known home telephone number, job title(s) while employed with PEROT and dates of all such job titles held."

Interrogatory No. 18 asks Perot Systems to "IDENTIFY all NON-EXEMPT employees in California to whom PEROT has paid an 06 Benefits Bridge since July 12, 2003."

Interrogatory No. 19 asks Perot Systems to "IDENTIFY all NON-EXEMPT employees in California to whom PEROT has paid a Benefits Bridge since July 12, 2003."

Interrogatory No. 20 asks Perot Systems to "IDENTIFY all NON-EXEMPT employees in California to whom PEROT has paid a Benefits Bridge but not included such payment when determining such employees' overtime rate since July 12, 2003."

Interrogatory No. 21 asks Perot Systems to "IDENTIFY all NON-EXEMPT employees in California to whom PEROT has paid an 06 Benefits Bridge but not included such payment when determining such employees' overtime rate since July 12, 2003."

In addition, Plaintiffs' First Set of Requests for Production of Documents, No. 30, sought:

> [a]ll computerized and machine-readable databases, reports, and other DOCUMENTS that identify the names, most recent available addresses and telephone numbers of all AFFECTED EMPLOYEES (whether part-time or full time, permanent or temporary) who work or have worked for PEROT anywhere in California from July 12, 2003, to the present.[1]

Perot Systems objected to providing the requested information regarding members of the putative class. Plaintiffs and Defendant thereafter met and conferred through correspondence dated April 16, 18, and 25, and May 2 and 15 but failed to come to an agreement regarding the disclosure of a class list. Accordingly, Plaintiff now moves the Court to compel Perot Systems to provide the requested class list.

### *Plaintiff's Position Re Production of Class List:*

INTRODUCTION

Plaintiff Gloria Jimenez filed this case as a class action on behalf of herself and other non-exempt employees of Perot Systems, Inc., in California. In her complaint, Plaintiff alleges that Perot Systems has:

- implemented alternative workweek schedules without complying with mandatory notice, voting and reporting provisions of California law, thereby resulting in Plaintiff and members of the class working in excess

---

[1] For purposes of this particular discovery dispute, Plaintiff does not seek any documents or portions of documents other than those that identify the names and contact information of putative class members.

of eight hours per day without the daily overtime to which they are entitled;

- incorrectly calculated the overtime due on the "shift premium" component of the wages earned by Plaintiff and class members, by following a federal formula that has been rejected under California law.

- further underpaid overtime wages to Plaintiff and class members by failing to include other bonus earnings (called "Benefits Bridges") in the calculation of the regular rate of pay;

- regularly and systematically refused to pay Plaintiff and members of the class compensation for accrued vacation, either when due or not at all, in violation of the California Labor Code;

- regularly and systematically issued wage statements to Plaintiff and members of the class that fail to disclose, or misrepresent, information required by the California Labor Code, including without limitation the true applicable hourly rate paid for overtime work and the true wages earned by Plaintiff and members of the class.

There are no special circumstances presented by this case that would justify a departure from the usual principles permitting the discovery of a class list. Rather, Perot Systems' primary argument against the discovery boils down to conjecture and insinuation that Plaintiff's counsel is seeking to speak with class members to engage in improper solicitation. Yet, Defendant has no evidence to support this speculation, and the case law makes clear that such unsubstantiated attacks on Plaintiff's counsel cannot prevent discovery of a class list. Moreover, the Court of Appeal has recognized "'to the extent that plaintiff's attorney, on request, provides information to other claimants which causes them to recognize legal problems, his [or her] behavior is laudable.'" *Puerto*, 158 Cal.App.4th at 1253. So long as Defendant continues to challenge class certification, and to contest liability and damages, then Plaintiff must be allowed to contact the putative class to ensure full, fair and vigorous prosecution of all claims.

In addition, Perot Systems cannot credibly claim that disclosing the class member contact information in its possession will be unduly burdensome, particularly given that Perot Systems already has ascertained the putative class members through its collection of other discovery in this case. Moreover, while the parties have discussed the possibility of amending the current complaint to add new claims, such amendments would not change significantly, if at all, the identity of class members. Instead, they would simply provide certain members of the already-defined class with additional claims. Thus, there is no reason to delay production of the class list for an amendment that may or may not occur. In fact, Plaintiff's counsel should have the opportunity to discuss the facts underlying the potential new claims with the existing class members before making a final decision about whether to add them. In any event, Plaintiff has offered to stipulate to an opt-out notice in order to address Defendant's overstated claim of third-party privacy rights.

3



ARGUMENT

*PLAINTIFF IS ENTITLED TO DISCOVER THE NAME AND CONTACT INFORMATION OF ALL POTENTIAL CLASS MEMBERS*

It is well settled that precertification communication by a plaintiff with potential class members is permissible. *Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 373; *Puerto v. Superior Court* (2008) 158 Cal.App.4th 1249, 1260; *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 560-62; *Best Buy Stores, L.P. v. Superior Court* (2006) 137 Cal.App.4th 772, 778–79; *Parris v. Superior Court* (2003) 109 Cal.App.4th 285, 300–01; *Howard Gunty Profit Sharing Plan v. Superior Court* (2001) 88 Cal.App.4th 572, 578. Such precertification discovery is based on the well-established policy acknowledging the importance of class actions in California and the breadth of California's discovery statutes. *See Stern v. Superior Court* (2003) 105 Cal.App.4th 223, 233-34 ("Each party… must have an opportunity to conduct discovery on class action issues before filing documents to support or oppose a class action certification motion.")

As made clear by the Court of Appeal's discussion in the most recent decision in *Puerto, supra,* Plaintiff is entitled to the class list without any protective order or notice to putative class members at all. *Puerto,* 158 Cal.App.4th at 1252-1253. Nonetheless, in an attempt to resolve the dispute through meet and confer, Plaintiff has offered to stipulate to an opt-out notice in order to address Defendant's claim of third-party privacy rights. Defendant has not responded to Plaintiffs' Draft Opt-Out Notice, which is attached as Exhibit A to this Joint Letter.

There is no legal or equitable justification for denying Plaintiff the names and contact information of potential class members that Perot Systems has in its possession. The discovery statutes make this very clear:

> any party may obtain discovery regarding *any matter,* not privileged, that is *relevant* to the subject matter involved in the pending action or *to the determination of any motion* made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence and the identity and location of persons having knowledge of any discoverable matter.

Code Civ. Proc. § 2017.010 (emphasis added). The identity of potential class members— like any other potential witnesses—is integral to such class discovery. Accordingly, courts have recognized that class action plaintiffs like Ms. Jimenez are entitled to conduct pre-certification discovery of a list of class member names and contact information. *Stern, supra,* at 243-33 (citing *Carabini v. Superior Court* (1994) 26 Cal.App.4th 239.)

The Court of Appeal in *Atari, Inc. v. Superior Court* (1985) 166 Cal.App.3d 867 affirmed the right of parties both to obtain precertification discovery of the names, addresses and telephone numbers of putative class members and also to contact them. The Court of Appeal in that case reversed a trial court order prohibiting communications with defendant's 600 employees (all of whom were potential class members) because there was no justification for "denying any party equal access to persons who potentially

4



have an interest in or relevant knowledge of the subject of the action, but who are not yet parties," and because there was "no persuasive objection to use of this kind of precertification communication by class-action plaintiffs to potential class members." *Atari*, 166 Cal.App.3d at 869, 870-71. The Court of Appeal held that "consistent with fundamental fairness...neither party should be precluded from investigating and preparing the case." *Id.* at 873; *accord Howard Gunty Profit Sharing Plan*, 88 Cal.App.4th at 578 (plaintiff's counsel "are permitted precertification communication with potential class members for the purpose of investigation and preparation of their claims or defenses"); *Budget Finance Plan v. Superior Court* (1973) 34 Cal.App.3d 794, 798-99 (even at the "incipient stage of the lawsuit" plaintiffs in putative class actions "are entitled to have discovery directed towards appropriate parties in order to learn the names of other proper plaintiffs who may be of assistance in the presentation of the case and who may share the burdens of its prosecution.").

The California Supreme Court last year confirmed that the identity of potential class members is generally discoverable, and that the disclosure of their contact information does not unduly intrude on their right to privacy. In *Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 360, plaintiffs brought a damages class action alleging that Pioneer's DVD players were defective, and sought to discover the names and contact information of all other individuals who had complained to Pioneer about the DVD players. Defendant objected, claiming that compliance with the request would violate its customers' privacy rights. The Supreme Court disagreed. It held that disclosure of the names and addresses of potential class members warrants only minimal privacy protection as it "involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches." *Id.* at 373. The *Pioneer* Court ruled that any privacy concerns could be allayed by the plaintiff's proposed "opt-out" notice, which gave any class member who objected to disclosure of his/her information the right to opt not to have that information disclosed. The Court declined to impose the more stringent "opt-in" requirement advocated by the defendant, whereby customers would have had to affirmatively indicate their consent to the disclosure of their contact information before it could be produced. Such a requirement, observed the Court, would "hamper litigation designed to remedy social problems, including consumer rights litigation, and reduce the effectiveness of class actions in securing consumer relief." *Id.* at 373-74.

A court's obligation to permit discovery of basic employee information is based not just on the broad discovery statutes, but also on California's public policy that "class actions are favored." *Howard Gunty Profit Sharing Plan*, 88 Cal.App.4th at 578. This public policy is especially strong as to class actions to enforce employee rights. *See Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 324. California courts are obligated to protect the rights of putative class members to assert their claims, and without communication by class counsel with the class members both to help establish commonality of claims for class certification as well as the merits of these claims, the class is at risk of losing its ability to assert its class action claims.

5



In line with this authority, Plaintiff wishes to contact the potential class members who worked for Perot Systems during the class period. Perot Systems' files are the only source of this information. Plaintiff is entitled to this information to gather evidence demonstrating the commonality of the class claims, to identify potential witnesses, and to prove the substantive allegations regarding Perot Systems' unlawful employment practices. There are no special circumstances presented by this case that would justify a departure from the usual principles permitting such discovery. *Belaire-West,* 149 Cal.App.4th at 560-62. If Defendant is going to continue to challenge the certification of the class, and to contest liability and damages, then Plaintiff must be allowed to contact the putative class.[2]

Defendant has no evidence to support its speculation that Plaintiff's counsel would use the contact information to improperly solicit individuals to bring unplead claims. This speculation is far from the actual evidence of improper solicitation needed to prevent Plaintiff from obtaining the class list. *Puerto,* 158 Cal.App.4th at 1253; *Best Buy Stores,* 137 Cal.App.4th at 776-77.

*DISCLOSING POTENTIAL CLASS MEMBER CONTACT INFORMATION IS NOT UNDULY BURDENSOME*

The party opposing a motion to compel further responses to special interrogatories has the burden of proving the validity of the party's objections. *Columbia Broadcasting System, Inc. v. Superior Court* (1968) 263 Cal.App.2d 12, 18. Here, Perot Systems is unable to claim that disclosing the class member contact information in their possession will be unduly burdensome given that Perot Systems already knows who the putative class members are. Otherwise, Perot Systems would not have been able to provide such a precise estimate of class size (993) to the Court in its September 11, 2007 Case Management Statement. It cannot be "unduly burdensome" to produce contact information for such a small number of current and/or former employees. *See West Pico Furniture Co. v. Superior Court* (1961) 56 Cal.2d 407, 418 ("The objection of burden is valid only when that burden is demonstrated to result in injustice.").

Further, Perot Systems has either composed the list already or can easily do so, as is evidenced by its offer to provide all the wage and timekeeping information for the class members. If Defendant can provide all of this information, then it certainly can provide a class list.

---

[2] On May 14, 2008, Plaintiff's counsel sent a letter to Defendant's counsel requesting that Defendant stipulate to class certification. To date, Defendant's counsel has not responded to the request. Assuming there is an immediate stipulation and/or order for class certification, production of the class list still should not be delayed. Indeed, once a class is certified, Plaintiff's counsel would then represent the class members as clients and be entitled to the contact information on that basis alone. Further, unless and until there is complete resolution of all merits and damages issues, Plaintiff's counsel will need this contact information to continue investigating and prosecuting the class claims.



*ANY LIMITED PRIVACY INTEREST OF THE PUTATIVE CLASS MEMBERS IN THEIR CONTACT INFORMATION WOULD BE PROTECTED BY AN OPT-OUT NOTICE*

In *Belaire-West,* the Court of Appeal found that the employees had only a limited privacy interest in their names and contact information, and that disclosure of such information is "neither unduly personal nor overly intrusive." 149 Cal.App.4th at 562. The Court of Appeal further held that this privacy interest is easily outweighed by the need of plaintiffs "to learn the names of other persons who might assist in prosecuting the case." *Id.* at 560. The court reasoned:

> [w]hile it is unlikely that the employees anticipated broad dissemination of their contact information when they gave it to [their employer], that does not mean that they would wish it to be withheld from a class action plaintiff who seeks relief for violations of employment laws. Just as the dissatisfied Pioneer customers could be expected to want their information revealed to a class action plaintiff who might obtain relief for the allegedly defective DVD players (*Pioneer, supra,* 40 Cal.4th at 371-372), so can current and former Belaire-West employees reasonably be expected to want their information disclosed to a class action plaintiff who may ultimately recover for them unpaid wages that they are owed.

*Id.* at 561.  The court held that the employees' limited privacy interests in their contact information could be protected by providing them with the opportunity to "opt-out" from its disclosure.

As set forth in *Belaire-West,* precertification disclosure of the names and contact information of Perot Systems' current and former employees who are members of the putative class does not involve an invasion of privacy.  However, Plaintiff has offered to stipulate to an opt-out notice similar to that used in *Belaire-West* in order to address Defendant's claim of third-party privacy rights.  Defendant has not responded to Plaintiffs' Draft Opt-Out Notice, which is attached as Exhibit A to this Joint Letter.

*THERE IS NO BASIS FOR PEROT SYSTEMS' ASSERTION THAT PRODUCTION OF THE CLASS LIST SHOULD BE DENIED AS PREMATURE*

Perot Systems' assertion that the request for the class list is premature based on the procedural status of the litigation lacks merit.  Perot Systems offers no authority for this objection, and cannot.  The class list seeks the names and contact information of the most likely group of class members as Plaintiff views the case at this time.  If Plaintiff determines that there are grounds to seek to amend the complaint to add additional causes of action, which could potentially involve additional putative class members, then any resulting discovery issues would be dealt with at that time.

Further, it is highly unlikely that new claims would cause the class list to expand, as the class definition already encompasses all, or virtually all, non-exempt employees in California.  The possible amendments simply involve potential new claims for certain subclasses within the overall umbrella class that is already pled.  The identity of the class members would remain the same; some would just have additional claims.  There is nothing burdensome, wasteful, confusing or unnecessary by proceeding with the class list

7



notice now. To the contrary, Plaintiff is entitled to discovery (including discovery of a class list) to investigate the propriety of possible amendments. *Puerto*, 158 Cal.App.4th at 1253 ("Provided that counsel observes ethical rules in interactions with prospective witnesses, 'to the extent that plaintiff's attorney, on request, provides information to other claimants which causes them to recognize legal problems, his [or her] behavior is laudable.'").

Finally, it is well settled that Plaintiff is entitled to this discovery whether the allegations are pled or not because even pleading deficiencies generally do not affect a parties' right to obtain discovery. *Mattco Forge, Inc. v. Arthur Young & Co.* (1990) 223 Cal.App.3d 1429, 1437 n. 2; *see also Budget Finance Plan v. Superior Court* (1973) 34 Cal.App.3d 794, 797-98 (plaintiff entitled to reasonable discovery after demurrer sustained, when no pleading before the court). It is "well-established that relevancy of the subject matter does not depend on a legally sufficient pleading...discovery is proper if it would be material to any possible issue raised by new allegations in an amended complaint." *Union Mutual Life Ins. Co. v. Superior Court* (1978) 80 Cal.App.3d 1, 10. Under these authorities, California law even permits a party to use the discovery process to obtain information necessary to plead a cause of action.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court issue an order compelling Perot Systems to produce the names and contact information it has in its possession of those current and former employees who are members of the putative class pursuant to an opt-out procedure.

### *Defendant's Position Re Production of Class List:*

Perot Systems Corporation believes it is not appropriate to go through the process required to disclose putative class members' contact information at this time for four reasons. First, the composition of the putative class has not been resolved. Because of vagaries in the putative-class definition, Plaintiff's assertion that employees working for unnamed and unserved Perot Systems Corporation subsidiaries are included in the putative class, and Plaintiff's assertion that she may seek to add new claims that would expand the putative class, the composition of the class as pleaded cannot yet be ascertained. Second, the currently pleaded claims are entirely based on the allegation that Perot Systems Corporation miscalculated employee payroll – claims about which putative class members have no relevant information. Third, Perot Systems Corporation has offered to produce all electronic payroll and timekeeping information needed for Plaintiff to resolve her miscalculation claims. Fourth, disclosing the putative class members' contact information now would create a risk the information will be used simply to solicit persons to bring the unpleaded claims, raising questions under the California Rules of Professional Conduct. For these reasons, Perot Systems Corporation believes the better course is to defer any ruling on this issue until after the composition of the putative class is resolved and Plaintiff's counsel either seeks leave to amend the complaint or clearly disclaims any intention to do so.

8



### Legal Background

Under Article I, Section I of the California Constitution, privacy is an inalienable right. Even highly relevant, non-privileged information may be shielded from discovery if its disclosure would impair a person's "inalienable" right of privacy provided by the Constitution. (Cal. Const. Art. 1, § 1; *see also* Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial [The Rutter Group] ¶ 8C-70.) Courts have consistently ruled that employment information protected by this privacy right. (*Harding Lawson Associate v. Superior Court* (1992) 10 Cal.App.4th 7, 10; *Planned Parenthood Golden Gate v. Superior Court (Foti)* (2000) 83 Cal.App.4th 347, 358.) Because the third party is not involved in the action, and therefore do not know that their privacy rights are at issue, any party to the action may assert a third-party's privacy rights. (*Valley Bank of Nevada v. Superior Court, supra*, 15 Cal.3d at 657.)

Where an employer is asked for private information about its employees, the employer must assert the privacy rights of its employees. Where a plaintiff seeks the private information about employees, the employer, as custodian of that information, "has the right, in fact, the duty, to resist attempts at unauthorized disclosure and the person who is the subject of [it] is entitled to expect that his right will be thus asserted," (*Board of Trustees v. Superior Court* (1980) 119 Cal.App.3d 516 [discussing one employee's request for the personnel file of another employee], citing *Craig v. Municipal Court* (1979) 100 Cal.App.3d 69, 77; *see also* (*Britt v. Superior Court. (San Diego Unified Port Dist.)* (1978) 20 Cal.3d 844, 855- 856; *Valley Bank of Nevada v. Superior Court (Barkett)* (1975) 15 Cal.3d 652, 657.)

Where the plaintiff seeks disclosure of private information and "the right to discovery conflicts with a privileged right, the court is required to carefully balance the right of privacy with the need for discovery." (*Harris v. Superior Court* (1992) 3 Cal. App. 4th 661, 665.) *Pioneer Electronics, Inc. v. Superior Court* (2007) 40 Cal.4th 360, and *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, did not change this analyss. They merely applied the balancing test under the facts of those cases and determined that the discovery could only continue if putative class members were given an opportunity to opt out of the disclosure of their contact information.

Applying the balancing test in this case, given its current posture, indicates that it would be at best premature to go through the contact-information disclosure process now.

### Scope of the Putative Class is Unsettled

Given the current posture of the litigation, the balancing test indicates it would be premature to go through the disclosure process now. First, the composition of the putative class as currently pleaded is not resolved. The putative class definition used in the complaint bases membership in the class on certain alleged violations, such as not receiving an accurate wage statement, not receiving payment for all accrued vacation owed, not receiving all overtime owed. Because membership in the class depends on the resolution of the underlying claims, membership in the putative class cannot be determined sufficiently to proceed with the disclosure of putative class contact information. Moreover, Plaintiff has taken the position that her claims include claims for employees working for Perot Systems Corporation subsidiaries and affiliates that are not named as parties in the complaint and that have not received any service of process of the

9



complaint. The scope of the putative class under the currently pleaded complaint is therefore uncertain, making it impossible to accurately determine whose contact information should be disclosed and who to notify about the possible disclosure.

Plaintiff's counsel has also indicated on several occasions that they are exploring the prospect of seeking leave to amend the complaint to add new claims. Those prospective new claims include allegations of missed meal periods, failure to pay for on-call time, and improper use of compensatory-time in lieu of overtime pay. If added to this case, these claims would significantly expand the scope of the putative class.

With the pendency of those possible changes, the burden of undertaking the notice process required under *Pioneer* and *Belaire-West* for the current putative class would be wasteful, confusing and unnecessary. By simply waiting until the Plaintiff decides whether or not to pursue additional claims, the parties can avoid the waste and confusion that could be engendered by multiple *Belaire-West* notices.

### Putative Class Members Have No Discoverable Information

Based on the current complaint, the balancing test counsels against disclosure of the putative class members' contact information in this case because the putative class members have no discoverable information about the pleaded claims. The potential privacy invasion and burdens the process would impose therefore outweigh the almost insignificant relevancy the information may have to this case.

That the burdens outweigh the trivial relevancy here is clear from a review of the pleaded claims. The current complaint alleges six causes of action, that Perot Systems Corporation: (i) calculated overtime incorrectly by not including certain shift-differential and benefit-bridge payments in the calculation and applying alternate work-week schedules that had not been properly approved and documented; (ii) failed to make payments for the accrued and unused vacation time at the end of employment; (iii) failed to pay waiting time penalties to employees who did not receive all pay owed by their last day of employment; (iv) failed to provide accurate wage statements; (v) unfair competition based on the first four claims; and (vi) declaratory relief based on the first four causes of action.

All of these claims are miscalculation claims that depend exclusively on the records of the employer. The putative class members cannot have any relevant information. The overtime claims are purely whether overtime was properly calculated under the law. The calculations used by Perot Systems Corporation, and the calculations required under the law, are not matters that putative class members will have any pertinent knowledge. Similarly, a failure to pay accrued vacation time is not a matter for which putative class members have relevant information. Perot Systems Corporation's vacation policies are clear from its records, the timekeeping records clearly show the amount of vacation time used by each employee, and the payroll records clearly show what vacation-time payments former employees received. Thus, the vacation time claim is also one of pure calculation.

The waiting-time-penalties and inaccurate wage statement claims are derivative of the first two claims. If the first two claims succeed, the affected employees are entitled to damages for the third and fourth claim, and if the first two claims do not succeed, the third and fourth claims fail. Again, there is no information putative class members could possibly possess that sheds light on these claims. The sixth and seventh claims are



alternative legal theories based on the same miscalculation allegations underlying the first and second causes of action; putative class members cannot add any possibly relevant information to these claims either.

Balanced against this is both the invasion of privacy of the absent class members and the burdens it places on Perot Systems Corporation. While *Pioneer Electronics* and *Belaire-West Landscape, Inc.* establish a method to protect the privacy interests of putative class members in circumstances where the balancing of the interests permits discovery of contact information, neither case changes the basic analysis of when such discovery is permitted. It is permitted only when the need for the discovery outweighs the privacy interests at stake. As *Belaire-West* observed, employees have a legitimate privacy interest in their contact information, a stronger privacy interest than the one at issue in *Pioneer*. Given that there is no legitimately discoverable information that can reasonably be expected from contact with the class members, there is no interest in this case that can outweigh the putative class members' legitimate privacy interests.

### Perot Systems Corporation Has Offiered to Produce
### All Wage and Timekeeping Information for the Putative Class

Any possible information Plaintiff can derive from the putative class contact information is more easily attainable through Perot Systems Corporation's payroll and timekeeping records. To that end, Perot Systems Corporation has offered to produce its complete electronic payroll and timekeeping records for the putative class during the class period, redacted only to remove personally identifying information about the class members. Given that the pleaded claims are entirely claims of miscalculation, the complete dataset will provide Plaintiff with all the information needed to prosecute the currently pleaded claims.

### Disclosing Contact Information Now Creates a Risk
### the Information Will Be Misused

The unresolved pendency of additional claims also counsels against disclosure here. Given the fact that putative class members have no information relevant to the currently pleaded claims, Plaintiff's counsel's only relevant use for the information would be to contact putative class members about the unpleaded claims.

This could lead to a potential violation of California's rules against solicitation. The additional claims plaintiff's counsel has raised involve on-call pay and compensatory-time in lieu of overtime pay. Yet Ms. Jimenez has acknowledged she did not receive compensatory time and was not among the persons subject to the disputed "on-call" policies. Contacting putative class members when counsel has identified a potential legal claim for which it does not have a client raises the significant risk that the putative-class contact information would be used to solicit Perot Systems Corporation employees and former employees to bring the claims.

The prospect of such improper solicitation can be avoided entirely if the putative class members' contact information is not disclosed until, at the very least, those claims are pending in Court.

11



### Conclusion

For these reasons, Perot Systems Corporation respectfully requests the Court postpone any decision on disclosure of the putative class members' contact information until the scope of the current putative class as pleaded can be ascertained and Plaintiff's counsel decides whether or not to amend the complaint to assert the new claims that would change the composition of the class.

Very Truly Yours,

Joshua Konecky
Counsel for Plaintiff

Timothy C. Travelstead
Counsel for Defendant

cc: All Counsel (via electronic mail)

12



### Conclusion

For these reasons, Perot Systems Corporation respectfully requests the Court postpone any decision on disclosure of the putative class members' contact information until the scope of the current putative class as pleaded can be ascertained and Plaintiff's counsel decides whether or not to amend the complaint to assert the new claims that would change the composition of the class.

Very Truly Yours,

Joshua Konecky
Counsel for Plaintiff

Timothy C. Travelstead
Counsel for Defendant

cc: All Counsel (via electronic mail)

12

# EXHIBIT A

**Superior Court of California, County of Alameda**
**1221 Oak Street, 4th Floor**
**Oakland, CA 94612**

**The Honorable Robert B. Freedman**

May ___, 2008

Dear current or former Perot Systems Corporation employee:

A lawsuit is currently pending in the Superior Court of California, County of Alameda, against Perot Systems Corporation ("Perot Systems"). The judge in this lawsuit is the Honorable Robert B. Freedman. The lawsuit alleges that hourly, non-exempt employees of Perot Systems in California were not properly paid for overtime because Perot Systems failed to pay overtime, or failed to calculate properly the overtime payments, for employees who worked more than eight hours in a day or more than 40 hours in a week. Employees who may not have received all their overtime wages include those employees who were told they were working an "alternative workweek schedule" (including those working a schedule consisting of 4-days-per week, 10-hours-per-day). Other affected employees may be those who received a "Benefits Bridge" or "Benefits Bridge 06" payment in their wages, or those employees who received a "shift differential" payment in their wages. Perot Systems denies these claims.

The Plaintiff in the case seeks to bring the case as a class action on behalf of all current and former hourly, non-exempt employees of Perot Systems in California. To pursue these claims as a class action, Plaintiff's attorneys have requested the names and contact information of persons who might be included in the potential class of current and former employees described above. You have received this letter because Perot Systems' records indicate that you may be a member of this potential class.

If you do not want your contact information to be disclosed to the Plaintiff's attorneys, you must sign the enclosed form and return it to the administrator appointed by the Court at the following address: _____, by no later than June __, 2008 [20 days]. If you do not return the form, your contact information will be conveyed to Plaintiff's counsel. Your contact information will be kept confidential and used only by the attorneys for the proposed class to help investigate the claims in this lawsuit. Even if you are contacted by either Plaintiff's or Perot Systems' lawyers, you have no obligation to speak to them or to any other person about the case. You will not be rewarded or punished in any way based on your decision to allow or not allow your contact information to be conveyed to the Plaintiff. You may also contact the independent third party that sent this notice if you have any questions.

For your information, the Plaintiff is represented by:

**CHAVEZ & GERTLER LLP**
Jonathan E. Gertler
Daniel B. Siegel
42 Miller Avenue
Mill Valley, California 94941
Tel: (415) 381-5599; Fax: (415) 381-5572
http://www.chavezgertler.com

**SCHNEIDER & WALLACE**
Todd M. Schneider
Joshua G. Konecky
Christian Schreiber
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100; (800) 689-0024

Fax: (415) 421-7105
http://www.schneiderwallace.com

**LAW OFFICES OF RICARDO DE ROSA**
Ricardo De Rosa
6640 Brook Falls Circle
Stockton, California, 95219
Tel: (209) 345-7077 Fax: (209) 476-0443

Very Truly Yours,

The Honorable Robert B. Freedman

# EXHIBIT 13

# CHAVEZ & GERTLER LLP

## ATTORNEYS AT LAW

42 MILLER AVENUE
MILL VALLEY, CA 94941
TELEPHONE: (415) 381-5599
FACSIMILE: (415) 381-5572
dsiegel@chavezgertler.com

April 25, 2008

**VIA FACSIMILE & FIRST CLASS MAIL**

Timothy C. Travelstead, Esq.
Jackson Lewis
199 Fremont Street, 10th Fl
San Francisco, CA 94105

Re:    **Jimenez v. Perot Systems Corporation
Case No. RG0733532**

Dear Mr. Travelstead:

I am responding to your letter dated April 18, 2008 concerning Plaintiff's discovery requests for the names and contact information of "AFFECTED EMPLOYEES." As you are aware, if we are unable to resolve this issue, the Court ordered at the April 18 case management conference that the parties submit a letter brief on this issue by May 21. As Judge Freedman made clear at the conference, he is inclined to follow the long line of authority authorizing such discovery after providing the putative class members with an opt-out opportunity. It would make the most sense for the parties to agree on the language of the opt-out notice and not waste the resources of the Court and the parties on a brief and a hearing on the issue.

This letter addresses not only Special Interrogatory No. 15 and Document Request No. 30, but also Special Interrogatory Nos. 18-21, as all of these discovery requests seek the identity and contact information of various members of the putative class subject to certain Perot Systems payment practices and compensation policies. The following addresses each of the issues raised in your letter.

Perot Systems objects to Plaintiff's definition of "PEROT" as "overly broad, unduly burdensome, vague and ambiguous." For purposes of this discovery, at this time Plaintiff is willing to limit the scope of the definition to Perot Systems Corporation, its wholly-owned subsidiaries, and its affiliates in California.

April 25, 2008
Page 2

Perot Systems asserts that the definition of "AFFECTED EMPLOYEES" is overbroad because the definition of this term incorporates the definition of "PEROT." As Plaintiff has now narrowed the definition of PEROT for purposes of this discovery, there should no longer be any objection to the definition of "AFFECTED EMPLOYEES."

Perot Systems also contends that the definition of "AFFECTED EMPLOYEES" is overbroad because the complaint seeks to certify a class of persons who, among other things, "worked a 4/10 Alternative Work Schedule" while this definition includes employees who worked "ANY ALTERNATIVE WORK SCHEDULE." There is nothing improper about discovery that would potentially expand the scope of the asserted class, especially such a minor expansion to include employees with a slightly different Alternative Work Schedule than 4/10. Union Mutual Life Insurance Co. v. Sup. Ct., 80 Cal.App.3d 1, 12 (1978) (the potential to expand the class, even to a national class, is "the precise reason why the discovery should be permitted."). Until the Court certifies a class, the class definition is not fixed and Plaintiff is entitled to a reasonable amount of discovery beyond the current class definition. See id. Such discovery is "reasonably calculated to lead to discovery of admissible evidence." CCP §§ 2017.010; 2030.010.[1]

Perot Systems further asserts that the definition of "AFFECTED EMPLOYEES" requires Perot Systems to undertake an extensive and unduly burdensome data analysis on Plaintiff's behalf in order to determine those non-exempt employees who "were paid a shift differential," a "06 Benefits Bridge," or a "Benefits bridge," respectively, for any time period in which they worked more than eight hours in a day or more than 40 hours in a week. Without citation, Perot Systems contends that this provides a basis for Perot Systems to not provide responsive information. Moreover, Perot Systems fails to offer any explanation for why providing the requested information is burdensome, let alone unduly burdensome. Perot Systems must detail what is involved to provide the requested information. Determining the number and identities of putative class members is central to the case, both in terms of showing ascertainability of the class and numerosity for class claims, and obtaining evidence to support both certification and the merits. In fact, Defendant has apparently already undertaken this analysis; its first Complex Case Management Statement identified 993 class members, and its responses to Plaintiff's First Set of Special Interrogatories identified each category of "affected employees." In sum, Defendant's claim that production of a class list is burdensome is belied by its own admissions.

Perot Systems concedes that any privacy rights of the Affected Employees are protected by providing them with an opportunity to opt out of production of their names and contact information. Plaintiffs have enclosed an "opt out" notice that could be sent to these individuals that would fully protect their privacy rights. As the definition of

---

[1] See also, Anti-Defamation League of B'nai B'rith v. Sup. Ct., 67 Cal.App.4th 1072, 1095 (1998) ("discovery is not confined to the actual issues framed by the pleadings"); Sav-on Drugs, Inc. v. Sup. Ct., 15 Cal.3d 1, 7 (1975) ("test of relevancy in discovery proceedings is a broad one").

April 25, 2008
Page 3

PEROT has been narrowed, there are no longer any individuals included who are not likely to be part of the putative class. This basis for an objection therefore no longer exists.

Perot System's assertion that the request for the class list is premature based on the procedural status of the litigation simply lacks merit. Perot Systems offers no authority for its novel position that Plaintiff is not entitled to a class list now simply because there is some possibility of an amendment to the pleadings at a later date. If Plaintiff determines that there are grounds to amend the complaint to add additional causes of action, then any resulting discovery issues would be dealt with at that time.

It is our sincere hope that by having limited the definition of "PEROT" and providing you with a draft "opt-out" notice, Perot Systems will now agree to provide the requested information after class members have the opportunity to opt-out. We look forward to your response by May 1, 2008.

Very truly yours,

Daniel B. Siegel

cc: All Counsel (via facsimile, with attachment)

**Superior Court of California, County of Alameda**
**1221 Oak Street, 4th Floor**
**Oakland, CA 94612**

**The Honorable Robert B. Freedman**

May ___, 2008

Dear current or former Perot Systems Corporation employee:

A lawsuit is currently pending in the Superior Court of California, County of Alameda, against Perot Systems Corporation ("Perot Systems"). The judge in this lawsuit is the Honorable Robert B. Freedman. The lawsuit alleges that Perot Systems has failed to pay overtime and/or has failed to calculate properly the overtime payments for its hourly, non-exempt employees in California. The lawsuit alleges that employees who did not receive all their overtime wages include employees who were told they were working an "alternative workweek schedule." Other affected employees are those who were paid one of several kinds of benefit bridges as well as those employees who were paid a "shift differential." The lawsuit also alleges that former employees of Perot Systems did not receive all their earned vacation wages upon termination of their employment. Perot Systems denies these claims.

The Plaintiff in the case seeks to bring the case as a class action on behalf of all current and former hourly, non-exempt employees of Perot Systems in California. To pursue these claims as a class action, Plaintiff's attorneys have requested the names and contact information of persons who might be included in the potential class of current and former employees described above. You have received this letter because Perot Systems' records indicate that you may be a member of this potential class.

If you do not want your contact information to be disclosed to the Plaintiff's attorneys, you must sign the enclosed form and return it to the administrator appointed by the Court at the following address: _____, by no later than June __, 2008 [20 days]. If you do not return the form, your contact information will be conveyed to Plaintiff's counsel. If you do not object to having your name conveyed to Plaintiff's counsel or if you want to have your name conveyed to Plaintiff's counsel, do not return the form and your name and contact information will be conveyed automatically. Your contact information will be kept confidential and used only by the attorneys for the proposed class to help investigate the claims in this lawsuit. Even if you are contacted by either Plaintiff's or Perot Systems' lawyers, you have no obligation to speak to them or to any other person about the case. You will not be rewarded or punished in any way based on your decision to allow or not allow your contact information to be conveyed to the Plaintiff. You may also contact the independent third party that sent this notice if you have any questions.

For your information, the Plaintiff is represented by:

**CHAVEZ & GERTLER LLP**
Jonathan E. Gertler
Daniel Siegel
42 Miller Avenue
Mill Valley, California 94941
Tel: (415) 381-5599; Fax: (415) 381-5572
http://www.chavezgertler.com

**SCHNEIDER & WALLACE**
Christian Schreiber
Joshua G. Konecky
Todd M. Schneider
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100; (800) 689-0024

Fax: (415) 421-7105
http://www.schneiderwallace.com

**LAW OFFICES OF RICARDO DE ROSA**
Ricardo De Rosa
6640 Brook Falls Circle
Stockton, California, 95219
Tel: (209) 345-7077 Fax: (209) 476-0443

Very Truly Yours,

The Honorable Robert B. Freedman

```
*********************
*** FAX TX REPORT ***
*********************


              TRANSMISSION OK

JOB NO.                 4448
DEPT. ID                431
DESTINATION ADDRESS     4217105
PSWD/SUBADDRESS
DESTINATION ID
ST. TIME                04/25 15:58
USAGE T                 03'46
PGS.                    6
RESULT                  OK
```

# CHAVEZ & GERTLER LLP

### ATTORNEYS AT LAW

### 42 MILLER AVENUE
### MILL VALLEY, CA  94941
### TELEPHONE:  (415) 381-5599
### FACSIMILE:  (415) 381-5572
### Info@chavezgertler.com

April 25, 2008

## FACSIMILE COVER SHEET

| | | | |
|---|---|---|---|
| TO: | Timothy C. Travelstead, Esq. | FAX NO: | (415) 394-9401 |
| | Joanna L. Brooks, Esq. | | |
| | Anne V. Leinfelder, Esq. | | |
| | Nicholas Hua, Esq. | | |
| | JACKSON LEWIS | | |
| | | | |
| | Todd Schneider, Esq. | FAX NO: | (415) 421-7105 |
| | Josh Konecky, Esq. | | |
| | SCHNEIDER & WALLACE | | |

FROM:  Daniel B. Siegel

CASE REFERENCE:     Jimenez v. Perot systems Corporation
                    Case No. RG0733532

TOTAL NUMBER OF PAGES, including this cover sheet:     6

SENT BY:     Pete

REPLY: (415) 381-5599 (telephone)     (415) 381-5572 (fax)

ADDITIONAL COMMENTS:     Correspondence

```
                    **********************
                    *** FAX TX REPORT ***
                    **********************

                       TRANSMISSION OK

          JOB NO.                 4447
          DEPT. ID                431
          DESTINATION ADDRESS     3949401
          PSWD/SUBADDRESS
          DESTINATION ID
          ST. TIME                04/25 15:56
          USAGE T                 01'47
          PGS.                    6
          RESULT                  OK
```

# CHAVEZ & GERTLER LLP

### ATTORNEYS AT LAW

42 MILLER AVENUE
MILL VALLEY, CA 94941
TELEPHONE: (415) 381-5599
FACSIMILE: (415) 381-5572
Info@chavezgertler.com

April 25, 2008

## FACSIMILE COVER SHEET

| | | | |
|---|---|---|---|
| **TO:** | Timothy C. Travelstead, Esq. | **FAX NO:** | **(415) 394-9401** |
| | Joanna L. Brooks, Esq. | | |
| | Anne V. Leinfelder, Esq. | | |
| | Nicholas Hua, Esq. | | |
| | **JACKSON LEWIS** | | |
| | | | |
| | Todd Schneider, Esq. | **FAX NO:** | **(415) 421-7105** |
| | Josh Konecky, Esq. | | |
| | **SCHNEIDER & WALLACE** | | |

**FROM:** Daniel B. Siegel

**CASE REFERENCE:** <u>**Jimenez v. Perot systems Corporation**</u>
Case No. RG0733532

**TOTAL NUMBER OF PAGES, including this cover sheet:** 6

**SENT BY:** Pete

**REPLY:** (415) 381-5599 (telephone)    (415) 381-5572 (fax)

**ADDITIONAL COMMENTS:** Correspondence

# CHAVEZ & GERTLER LLP

**ATTORNEYS AT LAW**

42 MILLER AVENUE
MILL VALLEY, CA 94941
TELEPHONE: (415) 381-5599
FACSIMILE: (415) 381-5572
Info@chavezgertler.com

April 25, 2008

## FACSIMILE COVER SHEET

**TO:**    Timothy C. Travelstead, Esq.    **FAX NO:**    **(415) 394-9401**
Joanna L. Brooks, Esq.
Anne V. Leinfelder, Esq.
Nicholas Hua, Esq.
JACKSON LEWIS

Todd Schneider, Esq.    **FAX NO:**    **(415) 421-7105**
Josh Konecky, Esq.
SCHNEIDER & WALLACE

**FROM:**  Daniel B. Siegel

**CASE REFERENCE:**    <u>Jimenez v. Perot systems Corporation</u>
Case No. RG0733532

**TOTAL NUMBER OF PAGES, including this cover sheet:**    6

**SENT BY:**    Pete

**REPLY:** (415) 381-5599 (telephone)    (415) 381-5572 (fax)

**ADDITIONAL COMMENTS:**    Correspondence

*CONFIDENTIALITY NOTICE*

*THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS CONFIDENTIAL, AND MAY BE LEGALLY PRIVILEGED, LEGALLY PROTECTED ATTORNEY WORK-PRODUCT, OR MAY BE INSIDE INFORMATION.   THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE RECIPIENT(S) NAMED ABOVE.  IF YOU HAVE RECEIVED THIS INFORMATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR RETURN OF ALL DOCUMENTS. ANY UNAUTHORIZED DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL.*

# EXHIBIT 14



1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  DANIEL B. SIEGEL (Bar No. 160742)
   42 Miller Avenue, Mill Valley, CA  94941
3  Tel: (415) 381-5599  Fax:  (415) 381-5572

4
   SCHNEIDER WALLACE
5  COTTRELL BRAYTON KONECKY LLP
   TODD M. SCHNEIDER (Bar No. 158253)
6  JOSHUA G. KONECKY (Bar No. 182897)
   CHRISTIAN SCHREIBER (Bar No. 245597)
7  180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
8  Tel:  (415) 421-7100  Fax:  (415) 421-7105

9
   LAW OFFICES OF RICARDO DE ROSA
10 RICARDO DE ROSA (Bar No. 221226)
   6640 Brook Falls Circle
11 Stockton, California, 95219
   Tel: (209) 345-7077 Fax:  (209) 476-0443
12

13 Attorneys for Plaintiff ANGELITA GOMEZ
   And the Proposed Plaintiff Class
14

15          SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                    COUNTY OF ALAMEDA

17                 UNLIMITED JURISDICTION

18 ANGELITA GOMEZ, individually, and on       )  Case No:  RG 08389410
   behalf of all others similarly situated,   )
19                                            )
                                              )  CLASS ACTION        BY FAX
20          Plaintiff,                         )
                                              )  COMPLAINT FOR FAILURE TO PAY
21     vs.                                     )  WAGES (Cal. Labor C. § 218); FAILURE
                                              )  TO PAY OVERTIME (Cal. Labor C. §§
22 PEROT SYSTEMS CORPORATION, a               )  510 & 1194); RECOVERY OF WAITING
   Delaware Corporation; and DOES 1 to 50,    )  TIME PENALTIES (Cal. Labor C. § 203);
23                                            )  FAILURE TO PROVIDE ITEMIZED
                                              )  WAGE STATEMENTS (Cal. Labor C. §
24          Defendants                         )  226); UNFAIR, UNLAWFUL &
                                              )  FRAUDULENT BUSINESS PRACTICES
25                                            )  (Cal. Bus. & Prof C.
                                              )  § 17200); AND INJUNCTIVE AND
26                                            )  DECLARATORY RELIEF
                                              )
27                                            )  DEMAND FOR JURY TRIAL
                                              )
28 _____)

_____
COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

ENDORSED
FILED
ALAMEDA COUNTY

MAY 2 7 2008

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

1    Plaintiff ANGELITA GOMEZ ("GOMEZ" or "Plaintiff"), individually and on behalf of all

2    others similarly situated, hereby complains against defendants PEROT SYSTEMS

3    CORPORATION ("PEROT SYSTEMS") and Does 1 through 50, inclusive (collectively,

4    "Defendants"), and, on information and belief, alleges as follows:

5                                    **PRELIMINARY STATEMENT**

6        1.    This class action seeks to halt and remedy defendant PEROT SYSTEMS

7    CORPORATION'S violations of California Labor Code and California Industrial Welfare

8    Commission Order ("Wage Order") provisions requiring pay for all hours worked, including

9    overtime for all hours worked over 40 per week or 8 per day and time for hours worked over twelve

10   in one day or beyond 8 hours on the seventh consecutive day of work in a workweek.  Defendant

11   PEROT SYSTEMS, which provides technology information support services in the health care

12   industry and other industries, regularly and systematically has required, encouraged, and/or permitted

13   Plaintiff and members of the class to work on-call time ("on-call time" being when the employee is

14   the point of contact assigned to respond to trouble calls within a pre-determined period of time)

15   beyond their regular part-time or full-time (40 or more hours per week) schedules.  The parameters of

16   the on-call requirements has included: a 15-minute required response time followed by immediate

17   assessment and solution of the client's technical problems; a restriction to locations with access to a

18   high-speed internet connection; and restrictions on travel in order that the highest-severity problems

19   could be dealt with at the job site within one hour.  Plaintiff and members of the class have received,

20   and were required to respond to, regular and frequent calls without payment of required straight time

21   and/or premium overtime wages for the on-call time.  Defendant PEROT SYSTEMS has also

22   regularly and systematically issued wage statements to Plaintiff and members of the class that failed

23   to disclose or misrepresented the true hours spent on-call, and the resulting straight time and/or

24   premium overtime wages earned by Plaintiff and members of the class for the on-call time,

25   information required by the California Labor Code.  Plaintiff seeks injunctive and declaratory

26   relief, restitution, compensatory damages, penalties, interest, and attorneys' fees, costs and

27   expenses.

28

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

**VENUE**

2.      Proper venue lies in Alameda County in that, while defendant PEROT SYSTEMS does business in the State of California, PEROT SYSTEMS has not designated with the California Secretary of State a principal place of business within the State of California pursuant to Corporations Code § 2105(a)(3).  Accordingly, PEROT SYSTEMS may be sued in any county in the State of California, including the County of Alameda.  Venue also is proper in Alameda County in that Plaintiff is informed and believes and on that basis alleges that defendants committed some of the wrongful acts alleged herein, in the County of Alameda.

**PARTIES**

3.      Plaintiff GOMEZ is an individual over the age of eighteen (18) and at all relevant times, was a resident of the State of California.  Plaintiff GOMEZ was employed by PEROT SYSTEMS as a non-exempt Business Systems Analysis Specialist as part of the Catholic Healthcare West ("CHW") account at St. Joseph's Medical Center ("SJMC") in Stockton, California from on or around July 2001 through February 2007.  SJMC was one of 44 hospitals in the CHW system that comprised the CHW Account at PEROT SYSTEMS.

4.      Defendant PEROT SYSTEMS is a corporation organized under Delaware law and admitted to conduct business in the State of California.  Plaintiff was employed by PEROT SYSTEMS as an Applications Analyst from July 2001 to about February 2007.

5.      Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1-50 and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and on that basis alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein, and thereby proximately caused Plaintiff's injuries alleged herein.

6.      Plaintiff is informed and believes and on that basis alleges that at all relevant times each of the defendants was the agent or employee of each of the remaining defendants, and in doing the things herein alleged was acting within the course and scope of such agency or employment, and that defendants authorized, ratified, and approved, expressly or impliedly, all of

1    the conduct herein alleged.

2    <u>**CLASS AND COLLECTIVE ACTION ALLEGATIONS**</u>

3    7.    Plaintiff brings this action for violations of California's Wage and Hour Law as a

4    class action, pursuant to Code of Civil Procedure § 382 and Business & Professions Code §

5    17200, on behalf of herself and all current and former non-exempt employees of PEROT

6    SYSTEMS in California who worked on-call time at any time in the four years preceding the

7    filing of this action to final resolution of this action.

8    8.    Common questions of law and fact exist as to members of the class that include, but

9    are not limited to the following:

10    a)    Whether defendant PEROT SYSTEMS' on-call policy described herein

11    violates California law by denying overtime wages to members of the class;

12    b)    Whether defendant PEROT SYSTEMS' on-call policy as described

13    herein violates California law by denying straight time wages to members of the class;

14    c)    Whether defendant PEROT SYSTEMS' on-call policy results in the

15    failure to pay all wages at the time of termination of employment for on-call time

16    worked by members of the class;

17    d)    Whether defendant PEROT SYSTEMS' failure to credit and pay class

18    members for all their on-call hours results in itemized wage statements to the class that

19    do not accurately show all hours worked, all earned wages, and/or the other information

20    required by Labor Code § 226; and

21    e)    Whether defendant PEROT SYSTEMS' on-call policy and failure to

22    pay class members for all their on-call hours constitute unfair, unlawful or fraudulent

23    business practices proscribed by Business & Professions Code § 17200.

24    9.    Plaintiff's claims are typical of the claims of the class that Plaintiff seeks to

25    represent.  Plaintiff and members of the class were not compensated for all on-call time worked

26    at the rate required by California law.  Plaintiff and members of the class were not paid all

27    earned wages at the time of termination of employment for all on-call time worked, including

28    straight time and/or premium overtime wages.  Plaintiff and members of the class were not

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1  provided itemized wage statements that disclosed all information required by Labor Code § 226

2  for all on-call time worked.  Plaintiff and members of the class are entitled to injunctive relief, as

3  permitted by law, in that PEROT SYSTEMS' violations of California law have harmed, and are

4  continuing to harm, Plaintiff and members of the class.

5          10.    The potential quantity of members of the class is so numerous that

6  joinder of all members would be unfeasible and impractical.  The disposition of their claims

7  through this class action will benefit both the parties and the Court.  The quantity of members

8  is unknown to Plaintiff at this time; however, it is estimated that the class size is over 100

9  individuals.  The quantity and identity of the proposed class are readily ascertainable through

10  inspection of PEROT SYSTEMS' records.

11          11.    Plaintiff will fairly and adequately represent and protect the interests of the members

12  of the class.  Plaintiff has retained and is represented by counsel competent and experienced in

13  complex class action litigation, including wage and hour class actions.

14          12.    The nature of this action and the nature of laws available to Plaintiff

15  make use of the class action format the superior and appropriate procedure to afford relief for the

16  wrongs alleged herein.

17          **FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

18          13.    Defendant PEROT SYSTEMS required, encouraged, suffered and/or permitted

19  Plaintiff and members of the class to work on-call time in which they were subject to PEROT

20  SYSTEMS' control.  Plaintiff and members of the class included non-exempt employees who

21  worked for PEROT SYSTEMS clients and accounts at job sites in California.  Some of the class

22  members were known as "Desktop Technicians," "Analysts," and "Specialists."  Plaintiff and

23  members of the class were required to provide technical support, both remotely and at job sites, for

24  PEROT SYSTEMS clients and accounts, on an on-call basis.  Specifically, Plaintiff and members of

25  the class were required to respond within 15 minutes to any call seeking technical support; were

26  restricted to locations with a high-speed internet connection; were required to notify their manager

27  any time they went out of cell range; were required to be able to appear at the job site within one

28  hour to provide technical support for problems of certain severity; and regularly and frequently

1   received calls to which they were required to assess and then solve a technical problem.  Defendant

2   PEROT SYSTEMS failed to pay Plaintiff and members of the class all required wages, including

3   premium overtime wages, for the on-call time, in violation of Labor Code §§ 510 and 1194 and

4   IWC Wage Orders including without limitation Wage Order 4-2001.

5        14.    Defendant PEROT SYSTEMS regularly and systematically issued wage statements

6   to Plaintiff and members of the class that fail to disclose or misrepresent the true hours spent on-call

7   and the resulting overtime wages earned by Plaintiff and members of the class for all the on-call time,

8   information required by the California Labor Code § 226.

9        15.    Defendant PEROT SYSTEMS failed to pay all earned straight time and overtime

10  wages to Plaintiff and members of the class at the time of termination of employment for all their

11  on-call time, in violation of Labor Code §§ 201, 202, 510 and 1194.

12       16.    Plaintiff and members of the class are non-exempt employees under the laws of

13  the State of California.

14       17.    The practices of defendant PEROT SYSTEMS in failing to pay Plaintiff and

15  members of the class earned compensation, including premium overtime wages, for all of their

16  on-call time, to pay all earned wages for all of their on-call time at the time of termination of

17  employment, and to provide itemized wage statements that disclose all lawfully required

18  information as to their on-call time and resulting straight time and overtime wages owed, are

19  substantially similar, if not identical.

20   **FIRST CAUSE OF ACTION**

21   **UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION**
**(California Labor Code §§ 510, 1194; Wage Order 4-2001)**

22        18.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

23   though fully set forth herein.

24        19.    Plaintiff and class members have been employed by PEROT SYSTEMS within

25   the time period covered by this Complaint.

26        20.    California Labor Code § 510 and the IWC Wage Orders, including without

27   limitation Wage Order 4-2001, provide in substance and effect that an employer shall pay a

28

1    premium "overtime" rate for all "hours worked" by employees in excess of eight hours in a work day

2    or forty hours in a work week and "doubletime" for all "hours worked" by employees in excess of

3    twelve hours per work day, or all hours worked beyond 8 hours on the seventh consecutive day of

4    work in a workweek.  "Hours worked" is defined in the wage order as "the time during which an

5    employee is subject to the control of an employer, and includes all the time the employee is suffered

6    or permitted to work, whether or not required to do so."

7         21.    During all relevant times, defendant PEROT SYSTEMS required, encouraged,

8    suffered and/or permitted Plaintiff and the members of the class to be on-call for certain weeks

9    in which they were subject to PEROT SYSTEMS' control, with a 15-minute required response time,

10   a restriction to locations where they had access to a high-speed internet connection, geographic

11   limitations on their movements, and a required in-person response to problems of certain severity.

12   They received regular and frequent calls to which they immediately had to assess and solve the

13   technical problem.  They were also required to notify their manager any time they went out of cell

14   range.

15        22.    Plaintiff and members of the class who worked certain weeks of on-call time at any

16   time during the class period are entitled to straight time pay for their on-call time worked, and

17   overtime pay for those hours worked beyond any full-time 8 hour/day and 40 hour/week schedule (or

18   beyond any hours of a lawfully adopted Alternative Workweek Schedule), pursuant to Labor Code §

19   510 and IWC Wage Orders, including without limitation Wage Order 4-2001.

20        23.    Defendant PEROT SYSTEMS has failed to pay earned overtime compensation,

21   either when due or not at all, for the on-call time worked by Plaintiff and members of the class other

22   than time responding to a call and then assessing and solving the technical problem.

23        24.    IWC Wage Orders, including without limitation Wage Order 4-2001, further provide

24   in substance and effect that an employer shall pay one and one-half times the employee's regular rate

25   of pay for all work performed in the work day beyond eight per day or 40 hours per week, and

26   double the employee's regular rate of pay for all hours worked in excess of 12 hours per day and any

27   work in excess of eight hours on the seventh day worked in a workweek.

28        25.    As a proximate result of the conduct of defendant PEROT SYSTEMS, Plaintiff and

1    members of the class have suffered damages, including for straight time and overtime worked and

2    not paid for on-call time, in an amount to be proven at trial.

3        26.    Plaintiff and members of the class request interest on all compensation earned and

4    unpaid for on-call time, pursuant to Labor Code § 218.6.

5        27.    Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

6    applicable California law, including Labor Code §§ 1194.

7        WHEREFORE, Plaintiff prays for relief as set forth below.

8                            **SECOND CAUSE OF ACTION**
         **(Failure to Pay Wages: Cal. Lab. Code §§ 204, 218; Wage Order 4-2001)**

9

10       28.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

11   though fully set forth herein.

12       29.    At all relevant times, PEROT SYSTEMS has failed to pay wages for time spent

13   on call as required by California law.

14       30.    Defendants have suffered and/or permitted Plaintiff and class members to be on

15   call and perform work for the benefit of PEROT SYSTEMS without being paid wages, and/or

16   Plaintiff and class members have been under the control of PEROT SYSTEMS while on call and

17   performing work without being paid wages.  The work performed "on-call" was the same kind of

18   work they did in the scope of their regular daily work hours.

19       31.    Labor Code § 218 states that "[n]othing in this article shall limit the right of any

20   wage claimant to sue directly or through an assignee for any wages or penalty due him under this

21   article."

22       32.    Labor Code § 204 states that "All wages . . . earned by any person in any

23   employment are due and payable twice during each calendar month . . . ."

24       33.    IWC Wage Order 4-2001 requires compensation for all "hours worked," which is

25   defined in the Wage Order as "the time during which an employee is under the control of an

26   employer, and includes all the time the employee is suffered or permitted to work . . ."

27       34.    As a result, Plaintiff and class members are entitled to regular wages pursuant to

28   California law including, but not limited to, Cal. Lab. Code §§ 204 and 218 and IWC Wage

1    Order 4-2001.

2         35.    Defendants' failure to pay Plaintiff and class members for each on-call hour

3    worked was willful, and there remain due and unpaid wages in amounts to be determined.

4         36.    Plaintiff, on her own behalf and on behalf of others similarly situated, seeks as

5    damages in an amount to be determined, fees and costs pursuant to California law including, but

6    not limited to, Cal. Lab. Code §§ 201-204, and 218, plus costs, disbursements, attorneys' fees,

7    and interest pursuant to California law including, but not limited to, Cal. Lab. Code § 218.6.

8         WHEREFORE, Plaintiff prays for relief as set forth below.

9                          **THIRD CAUSE OF ACTION**
                    **RECOVERY OF WAITING TIME PENALTIES**
10                        <u>**(California Labor Code §§ 203)**</u>

11

12        37.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

13   though fully set forth herein.

14        38.    California Labor Code § 203 provides that if an employer willfully fails to pay,

15   without abatement or reduction, in accordance with California Labor Code §§ 201, 201.5, 202 and

16   205.5, any wages of an employee who is discharged or who resigns, the wages of the employee shall

17   continue as a penalty from the due date thereof at the same rate until paid up to a maximum of thirty

18   (30) days.

19        39.    During all relevant times, defendant PEROT SYSTEMS had and continues to have a

20   consistent and uniform policy, practice and procedure of willfully failing to pay the earned and

21   unpaid wages of its employees at the termination of their employment earned for all of their on-call

22   time, in violation of California Labor Code §§ 201 and 202.

23        40.    Plaintiff and certain members of the class are no longer employed by defendant

24   PEROT SYSTEMS, in that they were either discharged from or quit PEROT SYSTEMS'

25   employ.

26        41.    During all relevant times, defendant PEROT SYSTEMS willfully failed to pay

27   Plaintiff and said members of the class who are no longer employed by PEROT SYSTEMS a sum

28   certain for earned wages earned for all their on-call time, at the time of their termination or within

---

8

1   seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days

2   thereafter.

3        42.    During all relevant times, defendant PEROT SYSTEMS willfully failed to pay

4   Plaintiff and said members of the class who are no longer employed by PEROT SYSTEMS, in that

5   PEROT SYSTEMS knew wages were due for all on-call time, but nevertheless failed to pay them.

6        43.    Plaintiff and members of the class who are no longer employed by defendant PEROT

7   SYSTEMS are entitled to penalties pursuant to California Labor Code § 203, in the amount of

8   each person's daily wage multiplied by thirty (30) days.

9        WHEREFORE, Plaintiff prays for relief as set forth below.

10                      **FOURTH CAUSE OF ACTION**
                 **FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**

11                        **(California Labor C. § 226)**

12       44.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

13   though fully set forth herein.

14       45.    Plaintiff and class members were employed by PEROT SYSTEMS within the

15   time period covered by this Complaint.

16       46.    IWC Wage Orders, including without limitation Wage Order 4-2001, provide that

17   the employer shall keep accurate information with respect to each employee, including total

18   hours worked and applicable rates of pay.

19       47.    Labor Code § 226 provides that the employer shall provide at the time of each

20   payment of wages an accurate itemized statement that discloses (1) gross wages earned, (2) total

21   hours worked by the employee, (3) the number of piece rate units earned and any applicable

22   piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned,

23   (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

24   employee and compliant identifying information, (8) the name and address of the legal entity that

25   is the employer, and (9) all applicable hourly rates in effect during the pay period and the

26   corresponding number of hours worked at each hourly rate by the employee.

27       48.    Labor Code § 226 further provides that an employee may bring an action for

28   injunctive relief to ensure compliance with that code section.

49. During all relevant times, defendant PEROT SYSTEMS provided to plaintiff and members of the class, at the time of payment of wages, wage statements that failed to disclose, without limitation, the total hours worked by the employee and the gross wages earned, through PEROT SYSTEMS' failure to include all of the on-call time of the employee other than, in some instances, time responding to a call and then assessing and resolving the technical issue.

50. Plaintiff requests that the Court grant injunctive relief restraining defendant PEROT SYSTEMS from further violating the provisions of Labor Code § 226, and commanding defendant PEROT SYSTEMS to issue to Plaintiff and each member of the class further itemized wage statements that disclose, without limitation, the total hours worked by the employee, and the gross wages earned, resulting from all on-call time of the employee, information required by Labor Code § 226 and which PEROT SYSTEMS failed to provide in any wage statement issued to Plaintiff or the respective class member during all relevant times.

51. Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to California Labor Code § 226(g).

WHEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CAUSE OF ACTION
### UNFAIR COMPETITION – UNFAIR ,UNLAWFUL & FRAUDULENT BUSINESS PRACTICES
### (California Business & Professions Code § 17200)

52. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

53. Plaintiff and class members were employed by PEROT SYSTEMS during the time period covered by this Complaint.

54. The Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, et seq., defines unfair competition to include, inter alia, any unfair or unlawful business act or practice. The UCL provides that a Court may enjoin acts of unfair competition, and order restitution to affected members of the public.

55. Plaintiff is informed and believes and on that basis alleges that, during the four years preceding the filing of this complaint, PEROT SYSTEMS has committed acts of unfair

1    competition proscribed by California Business and Professions Code § 17200, et seq., including

2    the practices alleged herein.

3        56.    Plaintiff is informed and believes and on that basis alleges, as more fully set out

4    above, that PEROT SYSTEMS has engaged in the following unfair and/or unlawful acts and

5    practices:

6            a)    PEROT SYSTEMS regularly and systematically has required,

7        encouraged, suffered and/or permitted Plaintiff and members of the class to regularly

8        work on-call time, including on-call time beyond their regular full-time (8/day and

9        40/week) schedule (or beyond the hours of a lawfully adopted Alternative Workweek

10       Schedule), with a 15-minute required response time, a restriction to locations with

11       access to a high speed internet connection, a requirement to notify a manager whenever

12       out of cell phone range, a requirement to be able to report to a job site within one hour

13       for calls of certain severity, and numerous calls that they must respond to, all without

14       payment of required wages for the on-call time other than the time spent responding to

15       calls and then assessing and resolving technical problems, in violation of California

16       Labor Code §§ 510 and 1194 and applicable Wage Orders, including without limitation

17       Wage Order 4-2001; and

18           b)    Defendant PEROT SYSTEMS also regularly and systematically issued

19       wage statements to Plaintiff and members of the class that fail to disclose or

20       misrepresent the true hours spent on on-call time and resulting wages earned by Plaintiff

21       and members of the class for the on-call time, information required by the California

22       Labor Code § 226.

23           c)    Defendants have regularly and systematically failed to pay members of

24       the class that have left their employment, either voluntarily or involuntarily, all the

25       wages due them as required by Labor Code §§ 201-202.

26       57.    The business acts and practices of PEROT SYSTEMS as hereinabove alleged

27    constitute unfair and/or unlawful business practices in that, for the reasons set forth above, said

28    acts and practices violate explicit provisions of the California Labor Code and/or Wage Orders,

1    including without limitation Wage Order 4-2001.  PEROT SYSTEMS has obtained a significant

2    competitive advantage, and engaged in unfair competition, through its acts and practices of

3    obtaining employee labor without paying legally required overtime compensation for primary

4    on-call time; and without reporting to governmental authorities the true overtime wages earned

5    for on-call time and paying to such authorities all taxes and levies on the true wages earned.

6        58.    Plaintiff and members of the class are entitled to restitution in the amounts of all

7    earned wages unpaid by defendant PEROT SYSTEMS.

8        59.    The unfair and unlawful business acts and practices of defendant PEROT

9    SYSTEMS described herein present a continuing threat to members of the general public in that

10   PEROT SYSTEMS is currently engaging in such acts and practices, and will persist and

11   continue to do so unless and until an injunction is issued by this Court.  On behalf of all others

12   similarly situated, Plaintiff requests that this Court issue an injunction restraining the foregoing

13   conduct by PEROT SYSTEMS.

14       60.    Plaintiff requests that the Court grant further injunctive relief, commanding

15   defendant PEROT SYSTEMS to issue to Plaintiff and each member of the class itemized wage

16   statements that reflect all on-call time worked and resulting wages owed as required by Labor

17   Code § 226 and which PEROT SYSTEMS failed to provide in any wage statement issued to

18   Plaintiff or the respective class member during the four years preceding the filing of this

19   complaint.

20       61.    On behalf of all others similarly situated, Plaintiff further requests that the Court

21   issue an interim order requiring PEROT SYSTEMS to advise all members of the class of their

22   rights as to entitlement to overtime pay for on-call time pursuant to the California Labor Code

23   and Wage Orders.

24       62.    On behalf of all others similarly situated, Plaintiff further requests a declaration as

25   to the respective rights, remedies, and obligations of the parties, and establishment of a post-

26   judgment reference proceeding to identify, locate and fully reimburse all affected employees all

27   monies due to them.

28       63.    On behalf of all others similarly situated, Plaintiff further requests that the Court

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1    enforce the penalty provision of Labor Code § 203, pursuant to Business and Professions Code §

2    17202, which provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive

3    relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."

4    　　　　64.　　Plaintiff requests an award of attorneys fees, costs and expenses pursuant to Code

5    of Civil Procedure § 1021.5 and as otherwise permitted by statute.

6    　　　　WHEREFORE, Plaintiff prays for relief as set forth below.

7

8    **SIXTH CAUSE OF ACTION**<br>**DECLARATORY RELIEF**

9
10   　　　　65.　　Plaintiff incorporates the allegations contained in the foregoing paragraphs as

     though fully set forth herein.

11
12   　　　　66.　　Plaintiff and class members were employed by PEROT SYSTEMS within the

     time period covered by this Complaint.

13
14   　　　　67.　　An actual controversy has arisen between Plaintiff and members of the class, on the

     one hand, and defendant PEROT SYSTEMS, on the other hand, as to their respective rights,

15
16   remedies and obligations. Specifically, Plaintiff alleges that the acts and practices of PEROT

     SYSTEMS as hereinabove alleged:

17
18   　　　　　　　　a)　　violate the California Labor Code and Wage Orders, including Labor

     Code §§ 510 and 1194 and Wage Order 4-2001, in that PEROT SYSTEMS has failed

19
20   to pay overtime and straight time compensation for all on-call time of Plaintiff and

     members of the class, either when due or not at all;

21
22   　　　　　　　　b)　　violate Labor Code § 226, in that PEROT SYSTEMS has failed to

     maintain records that show, and provided wage statements to plaintiff and members of

23
24   the class that fail to disclose or misrepresent the true hours spent on on-call time and

     resulting wages earned by Plaintiff and members of the class for the on-call time; and

25
26   　　　　　　　　c)　　violate Labor Code §§ 201-203, in that Defendants have failed to class

     members all wages due upon their termination of employment.

27
28   　　　　68.　　Plaintiff further alleges that members of the class are entitled to recover earned

---

13

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1    wages and penalties as hereinabove alleged.

2        69.    Defendant PEROT SYSTEMS contends to the contrary.

3        70.    Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies, and

4    obligations of the parties.

5        WHEREFORE, Plaintiff prays for relief as set forth below.

6                        **<u>PRAYER FOR RELIEF</u>**

7    WHEREFORE, Plaintiff, on behalf of herself and members of the class, respectfully prays for

8    relief as follows:

9        1.    For an order certifying this case as a class action, and appointing Plaintiff as the

10    representative of the class;

11        2.    For an order finding and declaring that PEROT SYSTEMS' acts and practices as

12    challenged herein are unlawful and unfair;

13        3.    For an order finding and declaring that PEROT SYSTEMS' acts and practices in

14    failing to pay earned wages when due were willful, and penalties shall be awarded against

15    PEROT SYSTEMS pursuant to Labor Code § 203;

16        4.    For an order preliminarily and permanently enjoining PEROT SYSTEMS from

17    engaging in the practices challenged herein;

18        5.    For an order commanding defendant PEROT SYSTEMS to issue to Plaintiff and

19    each member of the class itemized wage statements that state all of the true hours spent on-call

20    and resulting wages earned by Plaintiff and members of the class for the on-call time,

21    information required by Labor Code § 226 and which PEROT SYSTEMS failed to provide in

22    any wage statement issued to Plaintiff or the respective class member during the four years

23    preceding the filing of this complaint;

24        6.    For an order requiring PEROT SYSTEMS to advise all members of the class of

25    their rights as to entitlement to pay, including overtime pay, for on-call time pursuant to the

26    California Labor Code, Wage Orders, and Business & Professions Code;

27        7.    For restitution of all earned wages earned and unpaid;

28        8.    For compensatory damages in amounts to be determined at trial;

1        9.     For a declaration as to the respective rights, remedies, and obligations of the

2  parties, and establishment of a post-judgment reference proceeding to identify, locate, and fully

3  reimburse all affected employees all monies due to them;

4        10.    For an award of all applicable statutory penalties;

5        11.    For prejudgment interest to the extent permitted by law;

6        12.    For an award of attorneys' fees, costs and expenses incurred in the prosecution of

7            this action; and

8        13.    For such other and further relief as the Court may deem proper.

9  Dated:  May 27, 2008

                                    CHAVEZ & GERTLER LLP

10

11                                    SCHNEIDER WALLACE
                                    COTTRELL BRAYTON

12                                    KONECKY LLP

13                                    LAW OFFICES OF RICARDO DE ROSA

14

15

16                        By:  _____

17                              Jonathan E. Gertler
                        Attorneys of record for Plaintiff

18                        ANGELITA GOMEZ

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes for which she is entitled a jury.

Dated: May 27, 2008                       CHAVEZ & GERTLER LLP

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

LAW OFFICES OF RICARDO DE ROSA

By: _____
        Jonathan E. Gertler
Attorneys of record for Plaintiff
ANGELITA GOMEZ

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

CHAVEZ & GERTLER LLP
JONATHAN E. GERTLER (Bar No. 111531)
DANIEL B. SIEGEL (Bar No. 160742)
42 Miller Avenue, Mill Valley, CA 94941
Tel: (415) 381-5599; Fax: (415) 381-5572

SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
TODD M. SCHNEIDER (Bar No. 158253)
JOSHUA G. KONECKY (Bar No. 182897)
CHRISTIAN SCHREIBER (Bar No. 245597)
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100; Fax: (415) 421-7105

LAW OFFICES OF RICARDO DE ROSA
RICARDO DE ROSA (Bar No. 221226)
6640 Brook Falls Circle
Stockton, CA 95219
Tel: (209) 345-7077; Fax: (209) 476-0443

Attorneys for Plaintiff GLORIA JIMENEZ
And the Proposed Plaintiff Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GLORIA JIMENEZ, individually, and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      vs.<br><br>PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50,<br><br>            Defendants. | Case No: CV08-2607 EDL<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR FEES** |

1       This matter having come before the Court on Plaintiff's Motion to Remand and Request

2   for Fees, and the Court having fully considered the matter and good cause appearing hereby

3   ORDERS as follows:

4       1.      Plaintiff's Motion to Remand is GRANTED.  The case is remanded to the

5   Alameda County Superior Court forthwith.

6       2.      Plaintiff's Request for Fees is GRANTED.  Defendant's removal was objectively

7   unreasonable.  The Court has reviewed the declarations submitted in association with the request

8   and finds that the hourly rates requested by Plaintiff are reasonable.  The Court also finds that the

9   number of hours expended by Plaintiff in seeking to remand the case are also reasonable given

10  the complexity and multiplicity of the issues presented by Defendant's objectively unreasonable

11  removal.  Accordingly, Defendant is hereby ORDERED to pay Plaintiff's attorneys' fees and

12  costs in the amount of $_____ within 30 days of the entry of this Order.

13      IT IS SO ORDERED.

14

15  Dated: _____        _____

16                                      HON. ELIZABETH D. LAPORTE
                                        DISTRICT COURT MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

---

1