JOANNA L. BROOKS (State Bar No. 182986)
TIMOTHY C. TRAVELSTEAD (State Bar No. 215260)
ANNE V. LEINFELDER (State Bar #230272)
DOUGLAS M. BRIA (State Bar No. 226966)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Telephone    415.394.9400
Facsimile:    415.394.9401
brooksj@jacksonlewis.com

Attorneys for Defendant
PEROT SYSTEMS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA JIMENEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50,<br><br>Defendants. | Case No. CV 08-2607 MMC<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR FEES**<br><br>Date:    August 8, 2008<br>Time:    9:00 a.m.<br>Courtroom:    7<br>Judge:    Hon. Maxine M. Chesney |

Plaintiff's motion to remand does not contest the calculation of the amount in controversy or the diversity of citizenship required for removal. Rather, Plaintiff argues the notice of removal is procedurally improper, the complaint does not encompass wages owed for missed meal and rest periods, and that even if it did, Defendant had notice of such inclusion more than thirty days before the April 25, 2008 letter. None of these arguments have merit. The Notice or Removal was procedurally proper because it properly referenced the April 25th letter that first established the basis of removal, a letter first received by Defendants within thirty days of the filing of the removal. There is no requirement that Defendant include this "other paper" with the Notice of Removal.

The letter also establishes that the amount in controversy exceeds $5,000,000 because it establishes, for the first time, that Plaintiff's unfair competition claim includes restitution for the

1

1  wages allegedly owed for missed meal and rest periods. Given Plaintiff's insistence that meal
2  and rest period claims are "within the scope of the complaint" and given that the Complaint itself
3  seeks "restitution in the amounts of all earned wages unpaid by defendant," the April 25th letter
4  made it clear, for the first time, that the meal and rest claims are within the restitution sought in
5  the complaint.

6  Plaintiff's argument that Defendant knew about the meal and rest period issue earlier than
7  the April 25th letter is incorrect. As Plaintiff points out, an intention to file an amended
8  complaint does not create a right to remove a case to federal court until the amended complaint is
9  actually filed. Before the April 25th letter, Plaintiff's discussions about meal and rest period
10 claims were all made solely in the context of filing an amended complaint. It was not until the
11 April 25th letter that Plaintiff asserted the claims were "within the scope" of the initial complaint.

12 In addition to the April 25th letter establishing the amount in controversy, an additional
13 "other paper" received by Defendant after the initial removal papers were filed establishes a
14 separate and equally valid basis to establish the amount in controversy. In preparation for a
15 mediation held on June 18, 2008, Plaintiff and Defendant shared mediation briefs. Plaintiff's
16 mediation brief calculated the amount of damages owed as more than $17 million even without
17 the meal and rest period claims. Given Plaintiff's analysis in the mediation, it is now clear that
18 more than $5 million is in controversy in this case, even without reference to the April 25 letter.

### **BACKGROUND**

On July 12, 2007, Plaintiff filed a class action complaint in Alameda County Superior Court alleging four causes of action against Defendant: (i) failure to pay overtime; (ii) failure to pay accrued vacation; (iii) waiting-time penalties; (iv) failure to provide itemized wage statements; (v) unfair competition; and (vi) declaratory relief. Nowhere does the complaint allege the size of the class, the amount in controversy, or the amount of damages sought by either the Plaintiff or the class.

While the parties agreed to stay formal discovery during settlement discussions, Plaintiff decided in early 2008 that the stay could no longer remain in effect, and sent a letter on January 16, 2008 notifying Defendant of that decision. On January 29, 2008, Plaintiff served her "First

1  Request for Production of Documents" on Defendant, including several requests related to meal
2  and rest period policies, procedures and records. (Decl. of Daniel B. Siegel ("Siegel Decl.") Exh.
3  7, (Plaintiff's First Request for Production of Documents, Request Nos. 35-45), p. 12-14.)
4  　　　Defendant objected to these requests because, as Plaintiff describes the objection,
5  "Plaintiff's complaint contains no allegations of meal and rest period violations." (Siegel Decl.
6  Exh. 8, (April 25, 2008 letter from Plaintiff to Defendant ["April 25th Letter"]), p. 8; *see also*
7  Mot. p, 6:4-7.) As Defendant read the Complaint, the first cause of action sought overtime
8  compensation, the second cause of action sought vacation payments only, and the unfair
9  competition claim only sought for those overtime and vacation payments. The fact Plaintiff's
10 January 16, 2008 letter stated she intended to <u>amend</u> the complaint to assert meal and rest period
11 claims supported this interpretation. (Siegel Decl. Exh. 2, p. 2.)
12 　　　Plaintiff never amended the Complaint. Instead, on April 25, 2008, when Plaintiff took
13 issue with Defendant's objection to meal and rest period discovery, rather than acknowledging
14 the complaint did not include meal and rest period claims and stating they were entitled to
15 discovery on claims outside the scope of the complaint, Plaintiff instead argued her "deficient"
16 pleading still entitled her to discovery on these issues because "Meal and rest periods are ***directly***
17 relevant to the class allegations of wage and hour violations." (April 25, 2008 Letter, p. 8-9
18 [emphasis added].)
19 　　　Defendant compared the April 25th letter to the allegations in the complaint and
20 concluded the only reasonable interpretation of the April 25th Letter's "directly relevant"
21 language was that Plaintiff's unfair competition claim now sought restitution not only for the
22 overtime claim, but also for any wages owed for allegedly missed meal and rest periods. Missed
23 meal and rest periods could not be relevant to Plaintiff's overtime claims because those claims are
24 expressly based on narrow grounds that have nothing to do with meal and rest periods.
25 　　　Yet, Plaintiff's newly asserted meal and rest period claims could arguably be directly
26 relevant to Plaintiffs unfair competition claim because of the broad language used. In describing
27 the remedies it seeks, Plaintiff's unfair competition claim states "Plaintiff and members of the
28 class are entitled to restitution in the amounts of all earned wages unpaid by defendant PEROT."

1  (Complaint ¶ 68.) Plaintiff's April 25th Letter <u>for the first time</u> made it clear she sought to
2  include meal and rest period damages within the scope of this "deficiently" pled claim.
3        This placed Defendant in an impossible position. Ignoring the April 25th Letter's
4  attempts to expand the scope of the action could later be seen as a waiver of Defendant's right to
5  remove. Should a court find this "other paper" placed Defendant on notice of the removability of
6  the complaint, a court could rule that the subsequent amended complaint expressly adding meal
7  and rest claims did not create a removable case. To avoid this ambiguity, and because the only
8  reasonable interpretation of the April 25th Letter was that Plaintiff sought meal and rest period
9  damages under the unfair competition claim, Defendant determined the meal and rest period
10 claims exceeded $5,000,000 and on that basis filed a Notice of Removal.
11       After filing the Notice of Removal, Defendant attended a mediation session with Plaintiff
12 to attempt to resolve the matter. As part of that mediation, Defendant and Plaintiff shared
13 mediation briefs. As part of her mediation brief, Plaintiff for the first time included a calculation
14 of the damages sought in the case under the initial complaint. For her first cause of action alone,
15 Plaintiff asserted the class was entitled to damages of over $17 million. (Declaration of Timothy
16 Travelstead ("Travelstead Decl."), Exh. 1.)

## ARGUMENT

18       When necessary to get the discovery she wants, Plaintiff's April 25th Letter asserts missed
19 meal and rest periods are "directly relevant to the class allegations of wage and hour violations."
20 But when this assertion would make the complaint removable, Plaintiff suddenly claims missed
21 meal and rest periods have nothing to do with the complaint. Her change-of-heart does not matter
22 here. Contrary to Plaintiff's assertion, the Notice of Removal was not procedurally deficient and
23 was properly filed within thirty days of Defendant's receipt of an "other paper" from which it was
24 first ascertainable that the amount in controversy exceeded $5,000,000. Plaintiff's arguments to
25 the contrary are a disingenuous attempt to game the removal statutes.
26       That her arguments are disingenuous is clear from the mediation demand Plaintiff made
27 soon after Defendant filed its Notice of Removal. There, Plaintiff said the overtime claim alone
28 was worth $17 million. The April 25th Letter made the case removable, Defendant properly

removed on that basis, and Plaintiff has subsequently admitted the case involves an amount in controversy that greatly exceeds the $5,000,000 required under the Class Action Fairness Act. Accordingly, the Court should deny Plaintiff's motion to remand.

## I. Legal Standard.

A defendant is entitled to remove a state court action the corresponding federal district court where either the complaint raises a federal question or where the case gives rise to the district court's diversity jurisdiction. 28 U.S.C. § 1441. Diversity jurisdiction applies where all plaintiffs and all defendants are citizens of different states, the defendant is not a citizen of the state in which the action is filed, and the amount in controversy is at least $75,000. 28 U.S.C. §§ 1332, 1441)(a). Alternatively, for class actions, diversity jurisdiction also applies where at least one plaintiff and defendant are citizens of different states and the amount in controversy for the entire class is at least $5,000,000. 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA").

A party seeking to remove a case must do so within thirty days of the date the action first becomes removable. 28 U.S.C. § 1446(b). "If the case stated by the initial pleading is not removable, a notice may be filed within thirty days after receipt by the defendant...of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* Where the complaint either states a federal question or alleges an amount in controversy that exceeds the jurisdictional minimum, the action is generally removable from when first served. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996). In contrast, where the complaint does not state a federal question and does not identify the citizenship of the parties or claim an amount in controversy, the action is generally not removable. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690-691 (9th Cir. 2005) (the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction"; *quoting Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). A defendant is not required to conduct any investigation or inquiry to determine the amount in controversy where the complaint is silent. *Harris*, 425 F.3d at 696-697. Rather,

where the complaint is silent, the timeframe to remove the action does not start until the defendant is served with a pleading or "other paper" that makes the amount in controversy ascertainable. *Id.*; 28 U.S.C. § 1446(b).

Here, the action does not involve a federal question, the complaint alleges Plaintiff is a citizen of California, and Plaintiff does not contest that Defendant is not a citizen of California. Further, the complaint does not: (i) identify an amount in controversy; (ii) identify the size and scope of the putative class; (iii) allege any facts about the size and scope of the alleged violations; or (iv) allege any facts by which Defendant could ascertain the amount in controversy. It is undisputed, therefore, that the action was not removable when served.

The question presented by Plaintiff's motion to remand the case, therefore, is did the action become removable within thirty days of the filing of the Notice of Removal. Plaintiff argues that the case never became removable, but if it did, it became removable more than thirty days before Defendant filed the Notice. Therefore, Plaintiff's motion to remand argues the non-removable case first became removable more than thirty days before Defendant filed its Notice.

## II. There is No Procedural Defect in Defendant's Notice of Removal.

Plaintiff first asserts the Notice of Removal is procedurally improper because 28 U.S.C. § 1446(a)'s requirement that removing parties include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" somehow requires Defendant to attached a copy of the April 25th Letter that first made the case removable. (Motion, p. 8.) There is no such requirement. Contrary to Plaintiff's argument, section 1446 does not require that any "other paper" be included in the Notice of Removal. Rather, it requires only a notice, signed according to Rule 11 of the Federal Rules of Civil Procedure, containing a "short and plaint statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendants." 28 U.S.C. § 1446(a). The April 25th Letter was not process, a pleading or an other served on defendants, and was not a necessary part of the notice of removal.

Neither is there any confusion over what letter served as the basis for the removal. Of the two letters Plaintiff sent on April 25, 2008, one dealt exclusively with the production of contact information for the putative class, and in no way mentioned or addressed meal and rest period

claims. The other letter included a specific discussion about meal and rest period claims. There could be no confusion over which letter served as the basis for the Notice of Removal, and the fact that Plaintiff's remand motion extensively discusses the proper April 25th Letter proves there was no confusion on Plaintiff's part.

### III. Defendant Did Not Remove Based on A Prospective, Future Amendment, and Affect of Removal on Discovery Cannot Be the Basis of a Remand Motion.

Plaintiff next argues the complaint is not removable because: (i) it does not include any claim for damages under California Labor Code section 226.7; (ii) the prospect of a future amendment cannot serve as the basis for removal; (iii) even if complaint included meal and rest period damages, removal would be untimely; and (iv) Defendant filed the Notice of Removal to delay discovery.

The second and fourth arguments are simply irrelevant here. Defendant did not remove based on a future, amended complaint, but rather because Defendant's letter made it apparent for the first time that Plaintiff was asserting meal and rest period wages damages were within the scope of the initial complaint. Defendant likewise did not remove to avoid or delay discovery. On the contrary, the federal rules require much more complete disclosure of relevant information through the initial disclosure process than the state rules. A proper removal is not somehow rendered improper because a party will have to conduct discovery under the federal rules rather than the state rules. The second and fourth arguments simply are not relevant to this analysis.

### IV. The Complaint First Became Removable When Plaintiff Served the April 25th Letter.

Plaintiff's first and third arguments, while at least addressing the removal standards, when closely examined actually show that removal was proper here. Plaintiff argues that on January 16, 2008, she notified Defendant that she intended to file an amended complaint that would include meal and rest period claims. She argues that Defendant's removal was improper because it cannot be based on an unfiled amendment. This is precisely why Defendant did not remove in January 2008. It is also why Defendant's May 2008 removal was not untimely. It was not until her April 25th Letter that Plaintiff first claimed meal and rest period claims were part of the

7

1  current complaint rather than some future amended complaint. It is because of Plaintiff's change
2  in position that Defendant's May 2008 removal was timely and appropriate.
3      The fact of Plaintiff's shift in position made the matter removable is clear by comparing
4  the language of the April 25th Letter to the remedies Plaintiff seeks as part of her unfair
5  competition claim. In that claim, Plaintiff seeks "restitution in the amounts of all unearned wages
6  unpaid by defendant PEROT." (Compl. ¶ 68.) The Prayer for Relief makes it equally clear the
7  complaint seeks "restitution for all earned wages earned and unpaid." (Compl., Prayer for Relief
8  ¶ 7.) Under California law, "the remedy provided in [California] Labor Code section 226.7
9  constitutes a wage." *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1099 (2007).
10     Before the April 25th Letter, Defendant interpreted the fifth cause of action as seeking
11 restitution for only those wage claims expressly raised in the complaint (overtime claims). The
12 January 16, 2008 letter seemed to support this interpretation. In that letter, Plaintiff stated that
13 they intended to amend the complaint to add meal and rest period claims. (Mot. p. 4:15-16.)
14 Defendant therefore proceeded with litigation and mediation efforts under the presumption that
15 any wages owed for allegedly missed meal and rest breaks were not part of the case. Indeed, as
16 Plaintiff points out, Defendant objected to various discovery requests seeking information on
17 meal and rest periods on this basis. The prospect of an amended complaint does not make an
18 action removable, as Plaintiff points out. (Mot. p. 10:20-11:12.) Therefore, the January 16, 2008
19 letter did not trigger a right to remove the action and Defendants did not try and remove on that
20 basis.
21     The right to remove the case to federal court did not arise until Plaintiff changed this view
22 and asserted, for the first time, that wages owed for allegedly missed meal and rest periods were
23 within the scope of the filed complaint. As the April 25th Letter noted, Plaintiff had sought
24 information about missed meal and rest periods, and Defendant objected to the discovery because
25 "Plaintiff's complaint contains no allegations of meal and rest period violations." (Mot. p, 6:4-7,
26 quoting April 25, 2008 Letter.) Rather than conceding the point, filing an amended complaint
27 and seeking discovery under the new complaint, Plaintiff responded by saying the "objection is
28 meritless." (Id.) For the first time, Plaintiff took the position that "[m]eal and rest periods are

directly relevant to the class allegations of wage and hour violations" and that she was entitled to the information despite any "pleading deficiencies" that the complaint may contain. (Mot. p. 6:4-18; quoting April 25, 2008 Letter.)

Only one interpretation makes this contention accurate -- that Plaintiff now viewed her unfair competition claim as including wages owed for missed meal and rest periods. Only two of her claims deal with wages, the overtime and unfair competition claims. Meal and rest periods have no direct relevance to Plaintiff's overtime claim because it is based on very narrow grounds: an improperly-implemented alternate work schedule and miscalculations of the regular rate of pay. (Compl. ¶¶ 19-39.) Whether a meal period is missed or not has no relevance to whether an alternate work schedule has been properly implemented. Similarly, missed meal and rest periods play no role in the calculation of the regular rate of pay because under *Murphy v. Kenneth Cole Productions,* employees receive "premium pay" for missed meals and breaks, and premium pay is excluded from the calculation of the regular rate. *See* 29 CFR §§ 778.201 and 778.202; California Dept. of Labor Standards Enforcement, Enforcement Policies and Interpretations Manual, § 49.1.2.4.

With no relevance to the only other wage claim asserted, meal and rest period information can only be relevant to the unfair competition claim. Given Plaintiff's new assertion in the April 25th Letter, and given the unfair competition's broad language seeking restitution for "all wages", Plaintiff's April 25th Letter made clear that for the first time, Plaintiff sought missed meal and rest period wages under the unfair competition claim. Including such claims in the matter raised the amount in controversy above the $5,000,000 jurisdictional requirement.

Any other interpretation would require Defendant to risk a waiver of its right to remove. If Defendant had not removed, but rather waited for the amended complaint as Plaintiff suggests, Defendant would have faced the argument that the April 25th Letter made the case removable, and that by not removing within thirty days of the letter, Defendant had waived its right. Plaintiffs regularly try to avoid removal with such semantic and interpretive games. Defendant cannot risk a waiver of its right to have the matter heard in a federal court by not removing in the face of such games. Defendant.

**V.  Plaintiff Has Subsequently Admitted The Amount In Controversy Exceeds $5,000,000 Without the Meal and Rest Period Damages.**

On June 18, 2008 Defendant received Plaintiff's settlement demand made in a mediation brief.  "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *see also Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994).

Plaintiff made a settlement demand after Defendant filed its Notice of Remand.  As a prelude to mediation, Plaintiff shared a mediation brief where she asserted damages for her overtime claims alone of $17 million. (Declaration of Timothy C. Travelstead, Exh. 1.)  This is the first document Plaintiff has provided to Defendant that asserts an amount in controversy, an amount that clearly satisfies the removal requirements under the Class Action Fairness Act.  Plaintiff is seeking to remand a case where Plaintiff herself asserts the amount in controversy clearly satisfies the jurisdictional requirement.  Plaintiff recently reiterated that view when, after the parties' experts provided summary analyses to prepare for another mediation effort, Plaintiff asserted the claims in the complaint amounted to $13.6 million in damages, penalties and restitution.   Thus, even if Defendant lacked grounds for removal based on the April 25 letter, Plaintiff's subsequent damage demands meet the amount in controversy requirement.

## CONCLUSION

Based on the foregoing, Defendant respectfully asks the Court to deny Plaintiff's Motion to Remand.

Dated: July 21, 2008

JACKSON LEWIS LLP
By: /s/ JoAnna L. Brooks
JoAnna L. Brooks
Timothy C. Travelstead
Anne V. Leinfelder
Douglas M. Bria
Attorneys for Defendant
PEROT SYSTEMS CORPORATION

OPPOSITION TO PLAINTIFF'S MOTION TO REMAND & REQUEST FOR FEES       Case No. CV 08-2607 MMC