JOANNA L. BROOKS (State Bar #182986)
TIMOTHY C. TRAVELSTEAD (State Bar #215260)
DOUGLAS M. BRIA (State Bar #226966)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Telephone    415.394.9400
Facsimile:   415.394.9401
brooksj@jacksonlewis.com

Attorneys for Defendant
PEROT SYSTEMS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA JIMENEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50,<br><br>Defendants. | Case No.: CV 08-2607 MMC<br><br>**DEFENDANT PEROT SYSTEMS CORPORATION'S ADMINISTRATIVE MOTION TO RELATE CASES**<br><br>Department: 7<br>Judge: Hon. Maxine M. Chesney<br><br>Complaint Filed: 7/12/07<br><br>**RELATED CASES:**<br>*Mancera v. Perot Systems Corporation*, Case No. CV 08-03064-MHP<br>*Gomez v. Perot Systems Corporation*, Case No. CV 08-03337-SC<br><br>**E-FILED** |

### NOTICE OF ADMINISTRATIVE MOTION TO RELATE CASES

TO THE PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Perot Systems Corporation ("Perot Systems") will move the Honorable Maxine M. Chesney, Judge of the United States District Court, Northern District of California, pursuant to Civil Local Rule 3-12(b), to determine whether this case should be related to *Mancera v. Perot Systems Corporation* (removed to this district on June 24, 2008 and designated as Case No. CV 08 3064 MHP) and *Gomez v. Perot Systems Corporation* (removed to this district court on July 10, 2008 and designated as Case No. CV 08 03337 SC). Pursuant to Northern District Court Local Rule 7-11(b), any opposition to this administrative

1

motion is due three days after this administrative motion is filed. Under Local Rule 7-11(c), unless otherwise ordered by the Court, this administrative motion will be deemed submitted for immediate determination without hearing on the day after the opposition is due.

Plaintiff contests federal jurisdiction in the Jimenez case. Plaintiff will stipulate to the relation suggested herein only in the event that this Court retains jurisdiction in the Jimenez matter after Plaintiff's Motion to Remand is decided. Defendant believes the Jimenez action was properly removed, and therefore believes there is no need to wait to relate the matters.

Because Jimenez and Gomez's counsel has not agreed to an unconditional stipulation to the motion, Defendant submits this as an unstipulated administrative motion.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ADMINISTRATIVE MOTION TO RELATE CASES

### I.  LEGAL STANDARD

Under Civil Local Rule 3-12(a), an action is related to another when:

(1) The actions concern substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

### II.  STATEMENT OF FACTS

#### The Jimenez Complaint

On July 12, 2007, Plaintiff Gloria Jimenez, on behalf of herself and a putative class, filed a class action complaint in Alameda County Superior Court, Case No. RC 07-335321 (the "Jimenez Action"). The Jimenez Action alleges Perot Systems: (i) failed to pay overtime; (ii) failed to pay accrued vacation to departing employees; (iii) failed to provide itemized wage statements; and (iv) engaged in unlawful business practices. The complaint seeks injunctive and declaratory relief. (Declaration of Timothy C. Travelstead ("Travelstead Dec.") ¶ 3, Ex. A.) The complaint seeks to certify a class that includes "all current and former Data Center Operations/Technicians and other non-exempt employees of Perot Systems Corporation in

California, who at any time in the four years preceding the filing of this action" worked an alternate work schedule or who received certain shift differential or "Benefit Bridge" payments Plaintiff alleges were improperly excluded from the calculation of overtime.

On July 16, 2007, Plaintiff served Perot Systems with the Summons and Complaint. (Id.) On May 23, 2008, Perot Systems removed the action to the Northern District of California, pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446. (Travelstead Dec., ¶ 4, Ex. B.) On June 18, 2008, Jimenez moved this Court to remand the action. The remand motion is currently pending before the Court.

**The Mancera Complaint**

On April 29, 2008, Raul Mancera filed a complaint in the Santa Cruz County Superior Court, designated as Case No. CV160155 (the "Mancera Action"). The Mancera Action alleges Perot Systems: (i) failed to pay wages; (ii) failed to pay overtime; (iii) owes waiting time penalties; and (iv) retaliated against Mr. Mancera when he raised an issue about unpaid wages. (Travelstead Dec., ¶ 5, Ex. C.) Mr. Mancera received "Benefit Bridge" payments and therefore is likely a putative class member in the Jimenez Action. (Id.)

On May 27, 2008, Mancera served Perot Systems with the Summons and Complaint. (Id.) On June 24, 2008, Perot Systems removed the action to the Northern District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446. (Travelstead Dec. ¶ 6, Ex. D.)

**The Gomez Complaint**

On May 27, 2008, Angelita Gomez, on behalf of herself and a putative class, filed a class action complaint in Alameda County Superior Court, designated as Case No. RG 08389410 (the "Gomez Action"). The Gomez Action alleges Perot Systems: (i) failed to pay wages; (ii) failed to pay overtime; (iii) owes waiting time penalties; (iv) failed to provide itemized wage statements; and (v) engaged in unlawful business practices. The complaint seeks injunctive and declaratory relief. (Travelstead Dec., ¶ 7, Ex. E.) The complaint seeks to certify a class of "all current and

former employees of Perot Systems in California who worked on-call time at any time in the four years preceding the filing of this action." (Id.)

On June 13, 2008, Gomez served Perot Systems with the Summons and Complaint. The plaintiff in the Gomez Action is represented by the same counsel as the Plaintiff in the Jimenez Action. (Id.) On July 10, 2008, Perot Systems removed the Gomez Action to the Northern District of California, pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446. (Travelstead Dec., ¶ 8, Ex. F.)

### III. DISCUSSION

#### Relatedness Of Actions

11. The Jimenez Complaint, Mancera Complaint, and Gomez Complaint concern substantially the same parties, property, transactions or events as follows:

  i. Each action alleges wage and hour violations under the California Labor Code, including claims for wages, overtime, and waiting-time penalties;

  ii. Perot Systems is the only named Defendant in each action;

  iii. The putative classes of the Jimenez Action and the Gomez Action substantially overlap. The class periods have more than three years of overlap, and any putative class member in the Gomez Action who worked an alternate work schedule, received a shift differential payment, or received a "Benefit Bridge" payment would also be a member of the Jimenez Action's putative class.

  iv. All three actions seek recovery for unpaid wages owed and waiting-time penalties; and

  iv. The plaintiff in the Mancera Action is likely a putative class member of the Jimenez Action.

Litigating these three cases before different Judges would lead to an unnecessary duplication of effort, would unduly burden the parties and the Court, and would create a risk of inconsistent rulings. *McGee v. Ross Stores, Inc.*, 2007 U.S. Dist. LEXIS 76479 (N.D. Cal. 2007) (two overlapping class actions involving the same defendant and substantially the same claim ordered related).

1  Here, as in *McGee,* the cases involve a single named defendant, Perot Systems. They involve the same legal and factual issues, whether Perot Systems properly paid wages and overtime to its employees under California law. And they all seek payment of wages due and waiting-time penalties. The Jimenez and Gomez Actions also both seek declaratory and injunctive relief. As in *McGee,* the putative classes largely overlap, as both the Jimenez and Gomez Actions seek damages for allegedly unpaid wages, including overtime claims for more than three overlapping years.

For these reasons, separate assignment raises would lead to an unnecessary duplication of effort, would unduly burden the parties and the Court, and would create a risk of inconsistent rulings.

### Stipulation Of The Parties

Plaintiff Mancera stipulates to the relation of the cases. (Travelstead Dec., ¶ 8.) Plaintiff in the Jimenez Action has contested federal jurisdiction. Plaintiff therefore has indicated she will stipulate to the relation suggested herein only in the event that this Court retains jurisdiction in the Jimenez matter after Plaintiff's Motion to Remand is decided. Because Jimenez and Gomez's counsel has not agreed to an unconditional stipulation to the motion, Defendant submits this as an unstipulated administrative motion. (Travelstead Dec., ¶ 9, Ex. G.)

**WHEREFORE**, the Defendant respectfully requests that the Court issue an order determining that the Jimenez Action, Mancera Action, and Gomez Action are related.

Dated: July 22, 2008

JACKSON LEWIS LLP

By: _____
JoAnna L. Brooks
Timothy C. Travelstead
Douglas M. Bria
Attorney for Defendant
PEROT SYSTEMS CORPORATION,
a Delaware Corporation