JOANNA L. BROOKS (State Bar #182986)
TIMOTHY C. TRAVELSTEAD (State Bar #215260)
DOUGLAS M. BRIA (State Bar #226966)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Telephone    415.394.9400
Facsimile:    415.394.9401
brooksj@jacksonlewis.com

Attorneys for Defendant
PEROT SYSTEMS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA JIMENEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50,<br><br>Defendants. | **Case No.:** CV 08-2607 MMC<br><br>**DECLARATION OF TIMOTHY C. TRAVELSTEAD IN SUPPORT OF ADMINISTRATIVE MOTION TO RELATE CASES**<br><br>Department:    7<br>Judge:    Hon. Maxine M. Chesney<br><br>Complaint Filed: 7/12/07<br><br>**RELATED CASES:**<br>*Mancera v. Perot Systems Corporation,* Case No. CV 08-03064-MHP<br>*Gomez v. Perot Systems Corporation,* Case No. CV 08-03337-SC<br><br>**E-FILED** |

I, Timothy C. Travelstead, declare:

1.     I am an associate with Jackson Lewis LLP, the attorneys of record for Defendant Perot Systems Corporation ("Perot Systems"). I submit this Declaration in support of Perot System's Administrative Motion to Consider Whether Cases Should be Related. I make the following statements either based on my personal knowledge of the facts or based on information and belief. If called as a witness, could testify competently to them.

2.     Counsel has in good faith conferred with the parties in an effort to obtain a stipulation without court action.

1

a.  In conversations with another associate at Jackson Lewis, Doug Bria, counsel for the plaintiff in the Mancera Action stated he would stipulate to relate the Mancera and Jimenez actions.

b.  In conversations I had with counsel for Plaintiff today, Plaintiff's counsel stated they contest federal jurisdiction in the Jimenez case.  Plaintiff will stipulate to the relate the cases only in the event that this Court retains jurisdiction in the Jimenez matter after Plaintiff's Motion to Remand is decided.

3.  Attached as Exhibit A are true and correct copies of the Summons and Complaint filed by Gloria Jimenez in Alameda County Superior Court, Case No. RG 07-335321.

4.  Attached as Exhibit B is a true and correct copy of the Notice of Removal removing this action to the Northern District of California, filed on May 23, 2008.

5.  Attached as Exhibit C are true and correct copies of the Summons and Complaint filed by Raul Mancera in Santa Cruz County Superior Court, Case No. CV160155.

6.  Attached as Exhibit D is a true and correct copy of the Notice of Removal removing the Mancera action to the Northern District of California, Case No. CV 08-3064 RS, filed on June 24, 2008.

7.  Attached as Exhibit E are true and correct copies of the Summons and Complaint filed by Angelita Gomez, filed in Alameda Superior Court, Case No. RG 08389410.

8.  Attached as Exhibit F is a true and correct copy of the Notice of Removal removing the Gomez action to the Northern District of California, Case No. CV 08-3337 SC, filed on July 10, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 22nd day of July, 2008 at San Francisco, California.

Timothy C. Travelstead

2

# EXHIBIT A

SU ...ONS
**(CITACION JUDICIAL)**

R
(SOLO                              *5441701*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50

F I L E D
ALAMEDA COUNTY

JUL 1 2 2007

CLERK OF THE SUPERIOR COURT

By _____
                              Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
GLORIA JIMENEZ, individually, and on behalf of all others
similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* | CASE NUMBER <br> *(Número del Caso):* 17 - 3 3 5 3 2 1 |
| --- | --- |

Alameda County Superior Court

1225 Fallon Street                    Oakland, CA 94612
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Gertler          Chavez & Gertler LLP          PAT S. SWEETEN
42 Miller Ave             Mill Valley CA 94941
(415) 381-5599
DATE:                     Clerk, by _Deborah L. Lee_ , Deputy
*(Fecha)* JUL 1 2 2007    *(Secretario)*                *(Adjunto)*
*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
*Martin Dean's Essential Forms* ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465



Jimenez/40 ORIGINAL

*5441689*

1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  JOSEPH R. IGELMUND (Bar No. 52493)
3  42 Miller Avenue, Mill Valley, CA 94941
   Tel: (415) 381-5599 Fax: (415) 381-5572

4
   SCHNEIDER & WALLACE
5  TODD M. SCHNEIDER (Bar No. 158253)
6  JOSHUA G. KONECKY (Bar No. 182897)
   180 Montgomery Street, Suite 2000
7  San Francisco, CA 94104
   Tel: (415) 421-7100 Fax: (415) 421-7105
8
9  LAW OFFICES OF RICARDO DE ROSA
   RICARDO DE ROSA (Bar No. 221226)
10 6640 Brook Falls Circle
   Stockton, California, 95219
11 Tel: (209) 345-7077 Fax: (209) 476-0443

12
   Attorneys for Plaintiff GLORIA JIMENEZ
13 And the Proposed Plaintiff Class

14            SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                      COUNTY OF ALAMEDA

16                      UNLIMITED JURISDICTION

17
   GLORIA JIMENEZ, individually, and on      ) Case No. RG 07 - 335321
18 behalf of all others similarly situated,   )
                                              )
19          Plaintiff,                        ) **CLASS ACTION**
                                              )
20     vs.                                    ) **COMPLAINT FOR FAILURE TO PAY**
                                              ) **OVERTIME (Cal. Labor C. § 510);**
21                                            ) **FAILURE TO PAY ACCRUED**
   PEROT SYSTEMS CORPORATION, a               ) **VACATION (Cal. Labor C. § 227.3);**
22 Delaware Corporation; and DOES 1 to 50,    ) **FAILURE TO PROVIDE ITEMIZED**
                                              ) **STATEMENTS (Cal. Labor C. § 226);**
23                                            ) **UNFAIR AND UNLAWFUL BUSINESS**
          Defendants                          ) **PRACTICES (Cal. Bus. & Profs. C.**
24                                            ) **§ 17200); AND INJUNCTIVE AND**
                                              ) **DECLARATORY RELIEF**
25                                            )
                                              ) **DEMAND FOR JURY TRIAL**
26                                            )
                                              )
27 _____        )

28

ORIGINAL

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1   Plaintiff GLORIA JIMENEZ ("JIMENEZ" or "Plaintiff"), individually and on behalf

2   of all others similarly situated, hereby complains against defendants PEROT SYSTEMS

3   CORPORATION ("PEROT") and Does 1 through 50, inclusive (collectively, "Defendants"),

4   and, on information and belief, alleges as follows:

5   **PRELIMINARY STATEMENT**

6   1.   This class action seeks to halt and remedy defendant PEROT SYSTEMS

7   CORPORATION'S violations of California Labor Code and California Industrial

8   Welfare Commission Order ("Wage Order") provisions requiring overtime pay,

9   compensation for accrued vacation time, and record-keeping and disclosure to employees

10  of wage information including the true overtime rate paid and true wages earned.

11  Defendant PEROT, which provides technology information support services in the health care

12  industry, regularly and systematically has required, encouraged, and/or permitted Plaintiff and

13  members of the class to work alternative workweek schedules ("AWS") of ten hours per day and

14  four days per week ("4/10" schedules), and failed to pay Plaintiff and members of the class

15  overtime pay for their ninth and tenth hours of work daily under those schedules, without

16  complying with the explicit requirements of the California Labor Code and Wage Orders in

17  order to lawfully implement an AWS.  Defendant PEROT also regularly and systematically has

18  required, encouraged, and/or permitted Plaintiff and members of the class to work overtime, but

19  failed to pay the overtime rate required by California law.  Further, defendant PEROT regularly

20  and systematically has refused to pay Plaintiff and members of the class compensation for

21  accrued vacation, either when due or not at all, in violation of the California Labor Code.

22  Defendant PEROT also regularly and systematically has issued wage statements to Plaintiff and

23  members of the class that fail to disclose, or misrepresent, information required by the California

24  Labor Code, including without limitation the true applicable hourly rate paid by PEROT for

25  overtime work and the true wages earned by Plaintiff and members of the class.  Plaintiff seeks

26  injunctive and declaratory relief, restitution, compensatory damages, penalties, interest, and

27  attorneys' fees, costs and expenses.

28

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1          **VENUE**

2      2.      Proper venue lies in Alameda County in that, while defendant PEROT does

3   business in the State of California, PEROT has not designated with the California Secretary

4   of State a principal place of business within the State of California pursuant to Corporations

5   Code § 2105(a)(3).  Accordingly, PEROT may be sued in any county in the State of

6   California, including the County of Alameda.  Venue also is proper in Alameda County in

7   that Plaintiff is informed and believes and on that basis alleges that defendants committed

8   some of the wrongful acts alleged herein, in the County of Alameda.

9          **PARTIES**

10      3.      Plaintiff JIMENEZ is an individual over the age of eighteen (18) and at all

11  relevant times, was a resident of the State of California.

12      4.      Defendant PEROT SYSTEMS CORPORATION is a corporation organized

13  under Delaware law and admitted to conduct business in the State of California.  Plaintiff

14  was employed by PEROT as a Data Center Operations/Technician from July, 2001 to in or

15  about April, 2007.

16      5.      Plaintiff does not know the true names and capacities of defendants sued herein

17  as DOES 1-50 and therefore sues these defendants by such fictitious names.  Plaintiff will

18  amend this Complaint to allege their true names and capacities when ascertained.

19  Plaintiff is informed and believes and on that basis alleges that each of these fictitiously named

20  defendants is responsible in some manner for the occurrences alleged herein, and thereby

21  proximately caused Plaintiff's injuries alleged herein.

22      6.      Plaintiff is informed and believes and on that basis alleges that at all relevant

23  times each of the defendants was the agent or employee of each of the remaining defendants,

24  and in doing the things herein alleged was acting within the course and scope of such

25  agency or employment, and that defendants authorized, ratified, and approved, expressly or

26  impliedly, all of the conduct herein alleged.

27  _//_

28

2

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

7.    Plaintiff brings this action for violations of California's Wage and Hour Law as a class action, pursuant to Code of Civil Procedure § 382 and Business & Professions Code § 17200, on behalf of herself and all current and former Data Center Operations/Technicians and other non-exempt employees of Perot Systems Corporation in California, who at any time in the four years preceding the filing of this action to final resolution of this action, worked a 4/10 Alternative Workweek Schedule; earned a shift differential, "06 Benefits Bridge" and/or "Benefits Bridge" benefit during any week in which they worked overtime hours; were not paid for all accrued vacation at the time of termination of their employment; and/or were not provided lawful itemized wage statements.

8.    Common questions of law and fact exist as to members of the class that include, but are not limited to the following:

(a)    Whether defendant PEROT required members of the class to work overtime without payment of the overtime rate required by the State of California;

(b)    Whether defendant PEROT failed to pay all accrued vacation benefits at the time of termination of employment;

(c)    Whether defendant PEROT failed to pay all earned wages at the time of termination of employment;

(d)    Whether defendant PEROT failed to provide to class members itemized wage statements that disclosed all information required by Labor Code § 226; and

(e)    Whether defendant PEROT engaged in unfair competition proscribed by Business & Professions Code § 17200 by engaging in the conduct described hereinabove as to members of the class.

9.    Plaintiff's claims are typical of the claims of the class that Plaintiff seeks to represent. Plaintiff and members of the class were not compensated for overtime work at the rate required by California law. Plaintiff and members of the class were not paid all accrued vacation benefits at the time of termination of employment. Plaintiff and members of the

1  class were not paid all earned wages at the time of termination of employment.  Plaintiff and

2  members of the class were not provided itemized wage statements that disclosed all

3  information required by Labor Code § 226.  Plaintiff and members of the class are entitled to

4  injunctive relief, as permitted by law, in that PEROT's violations of California law have

5  harmed and are continuing to harm Plaintiff and members of the class.

6      10.    The potential quantity of members of the class is so numerous that

7  joinder of all members would be unfeasible and impractical. The disposition of their claims

8  through this class action will benefit both the parties and the Court. The quantity of

9  members is unknown to Plaintiff at this time; however, it is estimated that the class size is

10  over 100 individuals.  The quantity and identity of the proposed class are readily

11  ascertainable through inspection of PEROT'S records.

12      11.    Plaintiff will fairly and adequately represent and protect the interests of the

13  members of the class.  Plaintiff has retained and is represented by counsel competent and

14  experienced in complex class action litigation, including minimum wage and overtime class

15  actions.

16      12.    The nature of this action and the nature of laws available to Plaintiff

17  make use of the class action format the superior and appropriate procedure to afford relief for

18  the wrongs alleged herein.

19              **FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

20      13.    Defendant PEROT required, encouraged and/or permitted Plaintiff and

21  members of the class to work overtime, and failed to pay Plaintiff and members of the

22  class overtime compensation at the rate required by Labor Code § 510 and IWC Wage

23  Orders, including without limitation Wage Order 4-2001.

24      14.    Defendant PEROT failed to pay all accrued vacation benefits to Plaintiff and

25  class members at the time of termination of employment, in violation of Labor Code §

26  227.3.

27      15.    Defendant PEROT failed to pay all earned wages to Plaintiff and members

28  of the class at the time of termination of employment, in violation of Labor Code §§ 201,

4

1   202, 510 and 1194.

2       16.   Defendant PEROT failed to provide to Plaintiff and members of the class

3   itemized wage statements that disclose all information required by Labor Code § 226.

4       17.   Plaintiff and members of the class are non-exempt employees under the laws

5   of the State of California.

6       18.   The practices of defendant PEROT in failing to pay Plaintiff and members

7   of the class earned overtime compensation at the required rate, to pay all accrued vacation

8   benefits at the time of termination of employment, to pay all earned wages at the time of

9   termination of employment, and to provide itemized wage statements that disclose all

10   lawfully required information, are substantially similar, if not identical.

11

**FIRST CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION**
**(California Labor Code §§ 510, 1194; Wage Order 4-2001)**

12

13

14       19.   Plaintiff incorporates herein each of the foregoing paragraphs as though fully

15   set forth herein.

16

4/10 Overtime Claim for Ninth and Tenth Hours Daily

17       20.   The IWC Wage Orders, including without limitation Wage Order 4-2001,

18   provide in substance and effect that an employer shall pay a premium, "overtime" rate

19   for all hours worked by employees in excess of eight hours in a work day or forty hours

20   in a work week. Wage Order 4-2001 further states in substance and effect that an

21   employer does not violate the foregoing provision by instituting a regularly scheduled

22   alternative workweek ("AWS") of not more than ten hours per day in a forty hour week

23   (a "4/10" schedule) without paying overtime for such hours, provided that the employer

24   has complied with the election procedures mandated by the Wage Order for adoption of

25   an AWS. Wage Order 4-2001 further provides in substance and effect that the election

26   procedures for the adoption of an AWS require that the employer propose an AWS to

27   employees in the form of a written agreement; that the employer disclose in writing to

28   affected employees the effect of the AWS; that the employer hold a meeting with

5

1  affected employees at least fourteen days prior to the AWS election; that the employer

2  conduct the election by secret ballot, and that at least a 2/3 affirmative vote of each work

3  unit is required to establish an AWS; and that the employer report to the California

4  Division of Labor Statistics and Research within thirty days after the results are final,

5  including the final tally of the vote, the size of the work unit, and the nature of the

6  business of the employer.

7        21.    During all relevant times, defendant PEROT purported to adopt a 4/10

8  AWS for Plaintiff and members of the class in order to evade payment of overtime for the

9  ninth and tenth hours worked daily. Plaintiff is informed and believes and on that basis

10 alleges that, in fact, PEROT did not lawfully adopt the 4/10 schedule for Plaintiff and

11 members of the class, in that PEROT failed to comply with the mandatory election

12 procedures of the Wage Order, including without limitation failing to disclose to the

13 California Division of Labor Statistics and Research any election conducted among

14 PEROT work units, the PEROT work units that voted, and the results of each election.

15       22.    During all relevant times, and notwithstanding that it had failed to comply

16 with the mandatory election procedures of the Wage Order, defendant PEROT required,

17 encouraged and/or permitted Plaintiff and the members of the class to work 4/10

18 schedules, and paid Plaintiff and the members of the class only their respective hourly,

19 non-premium rates for work during the ninth and tenth hours of each 4/10 workday.

20 Plaintiff is informed and believes and on that basis alleges that PEROT knew that Plaintiff

21 and members of the class had performed the ninth and tenth hours of work daily.

22       23.    As defendant PEROT failed to lawfully implement an AWS, Plaintiff and

23 members of the class who worked a 4/10 schedule at any time during all relevant times are

24 entitled to overtime pay for the ninth and tenth hours worked each day under said schedule,

25 pursuant to Labor Code § 510 and IWC Wage Orders, including without limitation Wage

26 Order 4-2001.

27       24.    Defendant PEROT has failed to pay earned overtime compensation, either

28 when due or not at all, for the ninth and tenth hours worked each day under the 4/10

6

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1    schedule by Plaintiff and members of the class.

2    <u>Failure to Properly Calculate Overtime Rate – Shift Differential</u>

3    25.   IWS Wage Orders, including without limitation Wage Order 4-2001,

4 provide in substance and effect that an employer shall pay one and one-half times the

5 employee's regular rate of pay for all hours worked by employees over eight hours in a

6 work day or forty hours in a work week, and double the employee's regular rate of pay

7 for hours worked in excess of twelve in a day.

8    26.   IWC Wage Orders, including without limitation Wage Order 4-2001,

9 further provide in substance and effect that, as to employees working a lawfully-adopted

10 Alternative Workweek Schedules, an employer shall pay one and one-half times the

11 employee's regular rate of pay for all work performed in the work day beyond the

12 schedule established by the AWS, up to twelve hours per day or beyond forty hours per

13 week, and double the employee's regular rate of pay for all hours worked in excess of

14 twelve hours per day and any work in excess of eight hours on those days worked beyond

15 the regularly scheduled number of work days established by the AWS.

16    27.   IWC Wage Orders, including without limitation Wage Order 4-2001,

17 further provide in substance and effect that, as to employees working Alternative

18 Workweek Schedules, where an employer requires an employee to work fewer hours

19 than those that are regularly scheduled under the AWS, an employer shall pay one and

20 one-half the employee's regular rate of pay for all hour worked in excess of eight hours,

21 and double the employee's regular rate of pay for all hours worked in excess of twelve

22 hours, for the day the employee is required to work the reduced hours.

23    28.   During all relevant times, defendant PEROT required, encouraged and/or

24 permitted Plaintiff, and members of the class either on or not on a 4/10 AWS, to work

25 their regular hours on the "night shift." During all relevant times, PEROT paid Plaintiff

26 and members of the class working the night shift, in addition to their regular hourly

27 wages, a weekly shift differential of $76.36 during forty-hour weeks and a prorated shift

28 differential of $57.27 during thirty-hour weeks. The shift differential is not production-

7

1   based. The number of hours, if any, worked by Plaintiff and members of the class in

2   addition to the regular hours on the night shift is irrelevant to the calculation.

3       29.    During all relevant times, defendant PEROT further required, encouraged

4   and/or permitted Plaintiff and members of the class on the night shift to work hours over

5   and above their regular hours on that shift. Plaintiff is informed and believes and on that

6   basis alleges that PEROT knew this overtime work was performed.

7       30.    During all relevant times, defendant PEROT included the shift differential

8   in the regular rate used to determine overtime pay for Plaintiff and members of the class

9   on the night shift. During all relevant times, in calculating the effect of the shift

10  differential on the regular rate and overtime compensation to be paid Plaintiff and

11  members of the class on the night shift, defendant PEROT used the FLSA "fluctuating

12  work week" method, which yields a lesser overtime rate than the "maximum legal hours"

13  method under California law. Plaintiff is informed and believes and on that basis alleges

14  that, in failing to use the "maximum legal hours" method in calculating the regular rate

15  and overtime pay, PEROT deprived Plaintiff and members of the class working the night

16  shift of earned overtime compensation that is owed under California law. Plaintiff

17  further is informed and believes and on that basis alleges that PEROT's failure to use the

18  "maximum legal hours" method violates California public policy in that PEROT failed to

19  pay less premium pay than was owed, and premium pay is the primary device under

20  California law for enforcing limitations on maximum hours of work.

21      31.    Defendant PEROT has failed to pay earned overtime compensation, either

22  when due or not at all, for all such overtime work performed by Plaintiff and members of

23  the class working the night shift, in violation of California Labor Code §§ 510 and IWC

24  Wage Orders, including without limitation Wage Order 4-2001.

25  <u>Failure to Properly Calculate Overtime Rate – 06 Benefits Bridge and Benefits Bridge</u>

26      32.    During all relevant times, defendant PEROT required, encouraged and/or

27  permitted Plaintiff, and members of the class working any shift and whether or not

28  working an AWS, to work hours over and above their regular hours. Plaintiff is informed

8

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1  and believes and on that basis alleges that PEROT knew this overtime work was

2  performed.

3      33.    During all relevant times, Plaintiff and said members of the class earned

4  two additional weekly wages: (1) The "06 Benefits Bridge" wage, in the amount of

5  $11.73 weekly, and (2) the "Benefits Bridge" wage, in the amount of $2.27 weekly.

6  Defendant PEROT paid these two wages to Plaintiff and said members of the class

7  weekly while they were employees of PEROT. These two wages are not discretionary.

8  These two wages are not production-based. The number of hours, if any, worked by

9  Plaintiff and members of the class in addition to the regular hours on the night shift is

10 irrelevant to the calculation of these two wages.

11     34.    Plaintiff is informed and believes and on that basis alleges that, during all

12 relevant times, these two wages were not excludable under California law from the

13 regular rate in calculating overtime pay.

14     35.    Plaintiff is informed and believes and on that basis alleges that, during all

15 relevant times, defendant PEROT failed to include the 06 Benefits Bridge wage and

16 Benefits Bridge wage in the regular rate used to determine overtime pay to be paid

17 Plaintiff and said members of the class, in violation of Labor Code § 510 and IWC Wage

18 Orders, including without limitation Wage Order 4-2001. Plaintiff is informed and

19 believes and on that basis alleges that, in failing to include these two wages in the regular

20 rate used to determine overtime pay, PEROT deprived Plaintiff and said members of the

21 class of earned overtime compensation that is owed under California law. Plaintiff

22 further is informed and believes and on that basis alleges that PEROT's failure to include

23 these two wages in the regular rate used to determine overtime pay violates California

24 public policy in that PEROT failed to pay less premium pay than was owed, and

25 premium pay is the primary device under California law for enforcing limitations on

26 maximum hours of work.

27     36.    Defendant PEROT has failed to pay earned overtime compensation, either

28 when due or not at all, for all such overtime work performed by Plaintiff and said members

1   of the class, in violation of California Labor Code §§ 510 and IWC Wage Orders,

2   including without limitation Wage Order 4-2001.

3                    All Claims Under This Cause Of Action

4       37.    As a proximate result of the conduct of defendant PEROT, Plaintiff and

5   members of the class have suffered damages, including for overtime worked and not paid, in

6   an amount to be proven at trial.

7       38.    Plaintiff and members of the class request interest on all overtime

8   compensation earned and unpaid, pursuant to Labor Code §§ 218.6.

9       39.    Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

10  Labor Code § 1194 or 218.5.

11      WHEREFORE, Plaintiff prays for relief as set forth below.

12                    **SECOND CAUSE OF ACTION**
                    **FAILURE TO PAY ACCRUED VACATION**
13                        **(Labor Code § 227.3)**

14      40.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

15  set forth herein.

16      41.    Under Labor C. § 227.3, a proportionate right of an employee to a paid

17  vacation vests as the labor is rendered, and is protected from forfeiture.

18      42.    During all relevant times, PEROT had and continues to have a consistent and

19  uniform policy providing for annual paid vacation time for Plaintiff and members of the class.

20      43.    Plaintiff is informed and believes and on that basis alleges that, during all

21  relevant times, defendant PEROT had and continues to have a consistent and uniform policy

22  that employees lose all rights to paid vacation time upon termination of their employment.

23      44.    During all relevant times, Plaintiff and members of the class earned annual

24  paid vacation pursuant to defendant PEROT's aforesaid policies.  Plaintiff is informed and

25  believes and on that basis alleges that, during all relevant times, defendant PEROT failed

26  and refused to pay accrued vacation to Plaintiff and said members of the class upon

27  termination of their respective employment.

28      45.    As a proximate result of the conduct of defendant PEROT, Plaintiff and said

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1  members of the class have suffered damages, including for vacation wages earned but not

2  paid, in amounts to be proven at trial.

3      46.    Plaintiff and said members of the class are entitled to interest on all vacation

4  wages earned but not paid, accruing from the date that the vacation wages were due and

5  payable, pursuant to California Labor Code § 218.6.

6      47.    Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

7  California Labor Code § 218.5.

8      WHEREFORE, Plaintiff prays for relief as set forth below.

9                          **THIRD CAUSE OF ACTION**
                **RECOVERY OF WAITING TIME PENALTIES**
10                    **(California Labor Code §§ 203)**

11     48.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

12  set forth herein.

13     49.    California Labor Code § 203 provides that if an employer willfully fails to

14  pay, without abatement or reduction, in accordance with California Labor Code §§ 201,

15  201.5, 202 and 205.5, any wages of an employee who is discharged or who resigns,

16  the wages of the employee shall continue as a penalty from the due date thereof at the same

17  rate until paid up to a maximum of thirty (30) days.

18     50.    During all relevant times, defendant PEROT had and continues to have a

19  consistent and uniform policy, practice and procedure of willfully failing to pay the

20  earned and unpaid wages of its employees at the termination of their employment, in

21  violation of California Labor Code §§ 201 and 202.

22     51.    Plaintiff and certain members of the class are no longer employed by

23  defendant PEROT, in that they were either discharged from or quit PEROT'S employ.

24     52.    During all relevant times, defendant PEROT willfully failed to pay Plaintiff

25  and said members of the class who are no longer employed by PEROT a sum certain for

26  earned wages, at the time of their termination or within seventy-two (72) hours of their

27  resignation, and failed to pay those sums for thirty (30) days thereafter.

28     53.    During all relevant times, defendant PEROT willfully failed to pay Plaintiff

                                    11
                                    COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1    and said members of the class who are no longer employed by PEROT, in that PEROT

2    knew wages were due, but nevertheless failed to pay them.

3         54.    Plaintiff and members of the class who are no longer employed by defendant

4    PEROT are entitled to penalties pursuant to California Labor Code § 203, in the amount of

5    each person's daily wage multiplied by thirty (30) days.

6         WHEREFORE, Plaintiff prays for relief as set forth below.

7    **FOURTH CAUSE OF ACTION**
     **FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**
8    **(California Labor C. § 226)**

9         55.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

10   set forth herein.

11        56.    IWC Wage Orders, including without limitation Wage Order 4-2001,

12   provide that the employer shall keep accurate information with respect to each employee,

13   including total hours worked and applicable rates of pay.

14        57.    Labor Code § 226 provides that the employer shall provide at the time of

15   each payment of wages an accurate itemized statement that discloses (1) gross wages

16   earned, (2) total hours worked by the employee, (3) the number of piece rate units earned

17   and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

18   deductions, (5) net wages earned, (6) the inclusive dates of the period for which the

19   employee is paid, (7) the name of the employee and compliant identifying information, (8)

20   the name and address of the legal entity that is the employer, and (9) all applicable hourly

21   rates in effect during the pay period and the corresponding number of hours worked at each

22   hourly rate by the employee.

23        58.    Labor Code § 226 further provides that an employee may bring an action for

24   injunctive relief to ensure compliance with that code section.

25        59.    During all relevant times, defendant PEROT provided to plaintiff and

26   members of the class, at the time of payment of wages, wage statements that failed to

27   disclose, without limitation, the inclusive dates of the period for which the employee is

28   being paid, the name of the employee and identifying information for the employee, and

12

1    the name and address of the legal entity that is the employer.

2         60.    During all relevant times, defendant PEROT also failed to maintain records

3    that show, and provided wage statements to plaintiff and members of the class that fail to

4    disclose, and misrepresent, the true applicable rate at which the overtime pay of plaintiff

5    and members of the class was calculated and paid, and the true amount of gross and net

6    wages earned.  The aforesaid wage statements provided by PEROT represent, for example,

7    that overtime pay was calculated at a rate of "1.5x (number of overtime hours x $16.475)"

8    when in fact overtime pay was calculated at a different rate that yielded less overtime pay

9    than the calculation represented and which had been earned in fact.

10        61.    Plaintiff requests that the Court grant injunctive relief restraining defendant

11   PEROT from further violating the provisions of Labor Code § 226, and commanding

12   defendant PEROT to issue to Plaintiff and each member of the class further itemized wage

13   statements that provide all information required by Labor Code § 226 and which PEROT

14   failed to provide in any wage statement issued to Plaintiff or the respective class member

15   during all relevant times.

16        62.    Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

17   California Labor Code § 226(g).

18        WHEREFORE, Plaintiff prays for relief as set forth below.

19              **FIFTH CAUSE OF ACTION**
     **UNFAIR COMPETITION – UNFAIR AND UNLAWFUL BUSINESS PRACTICES**
20             **(California Business & Professions Code § 17200)**

21        63.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

22   set forth herein.

23        64.    The Unfair Competition Law ("UCL"), California Business & Professions

24   Code § 17200, et seq., defines unfair competition to include, inter alia, any unfair or

25   unlawful business act or practice. The UCL provides that a Court may enjoin acts of unfair

26   competition, and order restitution to affected members of the public.

27        65.    Plaintiff is informed and believes and on that basis alleges that, during the

28   four years preceding the filing of this complaint, PEROT has committed acts of unfair

                                    13

1  competition proscribed by California Business and Professions Code § 17200, et seq.,

2  including the practices alleged herein.

3      66.    Plaintiff is informed and believes and on that basis alleges, as more fully set

4  out above, that PEROT has engaged in the following unfair and/or unlawful acts and

5  practices:

6          (a)    PEROT has failed to pay overtime compensation for all overtime

7          work performed by Plaintiff and members of the class, either when due or not at all,

8          in violation of California Labor Code §§ 201, 202, 510 and 1194 and applicable

9          Wage Orders, including without limitation Wage Order 4-2001;

10         (b)    PEROT has failed to pay accrued vacation wages to Plaintiff and

11         members of the class, either when due or not at all, in violation of Labor Code

12         § 227.3; and

13         (c)    PEROT has failed to maintain records that show, and provided wage

14         statements to plaintiff and members of the class that fail to disclose, and misrepresent,

15         the true applicable rate at which the overtime pay of plaintiff and members of the

16         class was calculated and paid, and the true amount of gross and net wages earned;

17         PEROT also has failed to provide to Plaintiff and members of the class itemized wage

18         statements that show the inclusive dates of the period for which the employee is being

19         paid, the name of the employee and identifying information for the employee, and the

20         name and address of the legal entity that is the employer.

21     67.    The business acts and practices of PEROT as hereinabove alleged constitute

22  unfair and/or unlawful business practices in that, for the reasons set forth above, said acts

23  and practices violate explicit provisions of the California Labor Code and/or Wage Orders,

24  including without limitation Wage Order 4-2001. PEROT has obtained a significant

25  competitive advantage, and engaged in unfair competition, through its acts and practices

26  of obtaining employee labor without paying legally required overtime compensation;

27  without providing accrued vacation pay; and without reporting to governmental authorities

28  the true wages earned and paying to such authorities all taxes and levies on the true wages

---

14

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1   earned.

2       68.     Plaintiff and members of the class are entitled to restitution in the amounts

3   of all earned wages unpaid by defendant PEROT.

4       69.     The unfair and unlawful business acts and practices of defendant PEROT

5   described herein present a continuing threat to members of the general public in that

6   PEROT is currently engaging in such acts and practices, and will persist and continue to do

7   so unless and until an injunction is issued by this Court.  On behalf of all others similarly

8   situated, Plaintiff requests that this Court issue an injunction restraining the foregoing

9   conduct by PEROT.

10      70.     Plaintiff requests that the Court grant further injunctive relief, commanding

11  defendant PEROT to issue to Plaintiff and each member of the class itemized wage

12  statements that provide all information required by Labor Code § 226 and which PEROT

13  failed to provide in any wage statement issued to Plaintiff or the respective class member

14  during the four years preceding the filing of this complaint.

15      71.     On behalf of all others similarly situated, Plaintiff further requests that the

16  Court issue an interim order requiring PEROT to advise all members of the class of their

17  rights pursuant to the California Labor Code and Wage Orders.

18      72.     On behalf of all others similarly situated, Plaintiff further requests a

19  declaration as to the respective rights, remedies, and obligations of the parties, and

20  establishment of a post-judgment reference proceeding to identify, locate and fully

21  reimburse all affected employees all monies due to them.

22      73.     On behalf of all others similarly situated, Plaintiff further requests that the

23  Court enforce the penalty provision of Labor Code § 203, pursuant to Business and

24  Professions Code § 17202, which provides: "Notwithstanding Section 3369 of the Civil Code,

25  specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in

26  a case of unfair competition."

27      74.     Plaintiff requests an award of attorneys fees, costs and expenses pursuant to

28  Code of Civil Procedure § 1021.5 and as otherwise permitted by statute.

1    WHEREFORE, Plaintiff prays for relief as set forth below.

2    **SIXTH CAUSE OF ACTION**
     **DECLARATORY RELIEF**

3

4    75.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

5    set forth herein.

6    76.    An actual controversy has arisen between Plaintiff and members of the class,

7    on the one hand, and defendant PEROT, on the other hand, as to their respective rights,

8    remedies and obligations. Specifically, Plaintiff alleges that the acts and practices of

9    PEROT as hereinabove alleged:

10       (a)    violate Labor Code §§ 510, 1194, 201 and 202 and Wage Order 4-

11       2001, in that PEROT has failed to pay overtime compensation for all overtime

12       work performed by Plaintiff and members of the class, either when due or not at all;

13       (b)    violate Labor Code § 227.3, in that PEROT has failed to pay accrued

14       vacation wages to Plaintiff and members of the class, either when due or not at all;

15       (c)    violate Labor Code § 226, in that PEROT has failed to maintain

16       records that show, and provided wage statements to plaintiff and members of the

17       class that fail to disclose, and misrepresent, the true applicable rate at which the

18       overtime pay of plaintiff and members of the class was calculated and paid, and the

19       true amount of overtime and wages earned; PEROT also has failed to provide to

20       Plaintiff and members of the class itemized wage statements that show the inclusive

21       dates of the period for which the employee is being paid, the name of the employee

22       and identifying information for the employee, and the name and address of the legal

23       entity that is the employer; and

24       (d)    Plaintiff further alleges that members of the class are entitled to

25       recover earned wages and penalties as hereinabove alleged.

26    77.    Defendant PEROT contends to the contrary.

27    78.    Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies,

28    and obligations of the parties.

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1    WHEREFORE, Plaintiff prays for relief as set forth below.

2    **PRAYER FOR RELIEF**

3    WHEREFORE, Plaintiff, on behalf of herself and members of the class,

4    respectfully prays for relief as follows:

5        1.    For an order certifying this case as a class action, and appointing Plaintiff as

6    the representative of the class;

7        2.    For an order finding and declaring that PEROT'S acts and

8    practices as challenged herein are unlawful and unfair;

9        3.    For an order finding and declaring that PEROT'S acts and

10    practices in failing to pay earned wages when due were willful, and penalties

11    shall be awarded against PEROT pursuant to Labor Code § 203;

12        4.    For an order preliminarily and permanently enjoining PEROT

13    from engaging in the practices challenged herein;

14        5.    For an order commanding defendant PEROT to issue to Plaintiff and

15    each member of the class itemized wage statements that provide all information

16    required by Labor Code § 226 and which PEROT failed to provide in any wage

17    statement issued to Plaintiff or the respective class member during the four years

18    preceding the filing of this complaint;

19        6.    For an order requiring PEROT to advise all members of the class of

20    their rights pursuant to the California Labor Code, Wage Orders, and Business &

21    Professions Code;

22        7.    For restitution of all earned wages earned and unpaid;

23        8.    For compensatory damages in amounts to be determined at trial;

24        9.    For a declaration as to the respective rights, remedies, and

25    obligations of the parties, and establishment of a post-judgment reference proceeding to

26    identify, locate and fully reimburse all affected employees all monies due to them;

27        10.    For an award of all applicable statutory penalties;

28        11.    For prejudgment interest to the extent permitted by law;

17

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1      12.    For an award of attorneys' fees, costs and expenses incurred in

2  the prosecution of this action; and

3      13.    For such other and further relief as the Court may deem proper.

4

5  Dated: July 12, 2007

                      CHAVEZ & GERTLER LLP

6                          SCHNEIDER & WALLACE LLP

                          LAW OFFICES OF RICARDO DE ROSA

7

8                      By:         _____

9                            Jonathan E. Gertler

10                    Attorneys of record for Plaintiff

                      GLORIA JIMENEZ

11

12  07.07.11.Complaint.Final

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

*EXHIBIT B*

COPY

1   JOANNA L. BROOKS (State Bar #182986)
    TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2   ANNE V. LEINFELDER (State Bar #230272)   ORIGINAL FILED
    JACKSON LEWIS LLP
3   199 Fremont Street, 10th Floor
    San Francisco, CA  94105                 MAY 23 2008
4   Telephone    415.394.9400
    Facsimile    415.394.9401                RICHARD W. WIEKING
5                                            CLERK U.S. DISTRICT COURT
                                             NORTHERN DISTRICT OF CALIFORNIA
    Attorneys for Defendant
6   PEROT SYSTEMS CORPORATION                                          EDL

7
                    E-filing        UNITED STATES DISTRICT COURT
8
                           NORTHERN DISTRICT OF CALIFORNIA
9
                                   CV 08        2607
10

11  GLORIA JIMENEZ, individually, and on behalf   |  Case No.:
    of all others similarly situated,             |
12                                                 |  NOTICE OF REMOVAL OF CIVIL
                    Plaintiff,                     |  ACTION TO THE UNITED STATES
13                                                 |  DISTRICT COURT FOR THE
           v.                                      |  NORTHERN DISTRICT OF
14                                                 |  CALIFORNIA PURSUANT TO 28
    PEROT SYSTEMS CORPORATION, a                  |  U.S.C. SECTIONS 1332, 1441 AND 1446
15  Delaware Corporation; and DOES 1 to 50,       |  [CAFA DIVERSITY]
                                                   |
16                  Defendants.                    |  (Filed concurrently with Notice of
                                                   |  Interested Parties, Certificate of Service of
17                                                 |  Notice of Interested Parties)

18

19      TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

20  THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF GLORIA JIMENEZ AND

21                        TO HER ATTORNEYS OF RECORD:

22       **PLEASE TAKE NOTICE:**  Defendant Perot Systems Corporation ("Perot

23  Systems") hereby removes this action from the Superior Court of the State of California for the

24  County of Alameda to the United States District Court for the Northern District of California,

25  pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub.

26  L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446, for the following reasons:

27       1.      On July 12, 2007, Plaintiff Gloria Jimenez ("Plaintiff") filed her class

28  action complaint in the Superior Court of the State of California, County of Alameda, designated

                                            1

1   as Case No. RG 07-335321 ("Complaint").  The Complaint alleged the following five (5) causes

2   of action against Perot Systems and Does 1 through 50:  (1) failure to pay overtime in violation of

3   California Labor Code sections 510 and 1194; (2) failure to pay for accrued vacation at

4   termination of employment in violation of California Labor Code section 227.3; (3) penalties

5   under California Labor Code section 203 for failure to pay all wages owed on termination of

6   employment ("Waiting-Time Penalties"); (4) failure to provide an itemized wage statement in

7   violation of California Labor Code section 226; and (5) violation of California Business and

8   Professions Code section 17200 *et seq.*

9           2.      On July 16, 2008, Perot Systems first was served with the Summons and

10  Complaint, when it was delivered to Perot Systems' agent for service of process.  The Complaint

11  specifically stated that it did not seek damages in excess of $75,000 per person and did not

12  identify the total amount-in-controversy at issue in the case.  Accordingly, because the complaint

13  did not state a federal claim, specifically alleged damages of less than $75,000 per person, and did

14  not identify an amount-in-controversy of $5,000,000 or more, the complaint was not removable at

15  the time of service of the summons and complaint, pursuant to 28 U.S.C. section 1446(b).

16          3.      On April 25, 2008, Perot Systems received a letter from Plaintiff's counsel

17  that asserted, for the first time, that the Complaint's allegations included damages for violations

18  of California Labor Code sections 226.7 for missed meal and rest periods.  Pursuant to 28 U.S.C.

19  section 1446(b), this letter was an "other paper" from which Perot Systems could first ascertain

20  "that the case is one which is or has become removable."

21          4.      This Notice of Removal is timely because it is being filed within thirty (30)

22  days of receipt of the April 25, 2008.  *See* 28 U.S.C. § 1446(b).

23          5.      The Summons and Complaint, as well as the notices and orders collectively

24  attached as Exhibit "A," constitute all process, pleadings and orders served on Perot Systems in

25  this action pursuant to 28 U.S.C. section 1446(a).

26          6.      In accordance with 28 U.S.C. section 1446(d), the undersigned counsel

27  certifies that a copy of this Notice of Removal and all supporting papers promptly will be served

28  on Plaintiff's counsel and filed with the Clerk of the Alameda County Superior Court.  True and

---

2

1    correct copies of the form of such notices are attached hereto as Exhibits "B" and "C." Therefore,

2    all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

3            7.    Venue of this action lies in the United States District Court for the

4    Northern District of California pursuant to 28 U.S.C. sections 1441, *et seq.* and 1391(a) because

5    this is the judicial district of this Court in which the action arose, where Plaintiff resides and

6    where the causes of action arose.

7

8    **REMOVAL BASED ON DIVERSITY AND CLASS ACTION FAIRNESS ACT OF 2005**

9    **(28 U.S.C. sections 1332(a) and (d))**

10            8.    The Complaint is pleaded as a putative class action by which Plaintiff

11    seeks to represent "all current and former Data Center Operations/Technicians and other non-

12    exempt employees of Perot Systems Corporation in California, who at any time in the four years

13    preceding the filing of this action to final resolution of this action, worked a 4/10 Alternative

14    Workweek Schedule; earned a shift differential, '06 Benefits Bridge' and/or 'Benefits Bridge'

15    benefit during any week in which they worked overtime hours; were not paid for all accrued

16    vacation at the time of termination of their employment; and/or were not provided lawful

17    itemized wage statements." (Complaint ¶ 7.)

18            9.    Perot Systems properly may remove the Complaint on the basis of

19    diversity of citizenship jurisdiction pursuant to 28 U.S.C. section 1332(a) or 28 U.S.C section

20    1332(d)(2), because:

21            a.    Plaintiff now is, and was at the time this action was commenced, a

22    citizen of the State of California within the meaning of 28 U.S.C. section 1332(a). (Complaint ¶

23    3.)

24            b.    Perot Systems now is, and was at the time this action was

25    commenced, a citizen of the State of Delaware within the meaning of section 1332(c)(1), because

26    it now is and was at all times incorporated under the laws of that state of Delaware. (Complaint ¶

27    4.)

28            c.    Perot Systems also now is, and was at the time this action was

3

1  commenced, a citizen of the State of Texas within the meaning of section 1332(c)(1), because a

2  substantial predominance of its corporate operations do not take place in California or any other

3  state in which it conducts operations, and Perot Systems' executive and administrative functions

4  primarily are performed in the State of Texas.

5      d.    Perot Systems is not now nor was at the time this action was

6  commenced a citizen of the State of California within the meaning of section 1332(c) because it is

7  not and was not incorporated in California and its principal place of business is not and was not in

8  California.

9      e.    The presence of Doe defendants has no bearing on the diversity

10  with respect to removal. *See* 28 U.S.C. section 1441(a) ("For purposes of removal under this

11  Chapter, the citizenship of defendants used under a fictitious name shall be disregarded."); and

12      f.    Without admitting that Plaintiff or the purported class could recover

13  any damages, the amount in controversy in this action for which Plaintiff asserts a four year

14  liability period could exceed $5,000,000.00, exclusive of interest and costs on the following

15  grounds:

16      i.    On April 25, 2008, Plaintiff's counsel first averred that the

17  Complaint's allegations include claims for premium wages owed for allegedly missed meal and

18  rest periods, pursuant to California Labor Code section 226.7. Under the California Labor Code,

19  employees are entitled to one (1) hour of premium wages for each day of work during the class

20  period for which Perot Systems failed to provide each putative class member a meal period and

21  one (1) hour of premium wages for each day of work during the class period for which Perot

22  Systems failed to provide rest breaks. *See* Cal. Labor Code § 226.7. There are at least 2,340

23  non-exempt employees working for Perot Systems in California during the four years before the

24  filing of the Complaint. In aggregate, these employees worked a total of approximately 287,080

25  weeks during that period. With a combined, average hourly wage of $33.01 and assuming

26  Plaintiff seeks damages equal to at least one missed meal or rest period per week, the total

27  amount-in-controversy from the meal and rest period allegations alone are at least $9.5 million

28  (287,080 weeks x 1 violation a week @ $33.01 per hour = $9,476,510.80).

DEFENDANT'S NOTICE OF REMOVAL

1        10.    The Court may not decline to exercise jurisdiction over the action pursuant

2 to 28 U.S.C. sections 1332(d)(3), because Perot Systems is not a citizen of the state in which the

3 action was filed.

4

5      **WHEREFORE,** Perot Systems removes the above-entitled action now pending in the

6 Superior Court of the State of California for the County of Alameda to this Court.

7

8 Dated:  May 23, 2008

9                          JACKSON LEWIS LLP

10

11                By:

12                     JoAnna L. Brooks
                            Timothy C. Travelstead

13                     Anne V. Leinfelder
                            Attorney for Defendant

14                     PEROT SYSTEMS CORPORATION,
                            a Delaware Corporation

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

1

2     I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3    whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4    age of eighteen (18) years and am not a party to this action.

5     On May 23, 2008, I served the attached document(s):

6     NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C.

7    SECTIONS 1332, 1441 AND 1446 [CAFA DIVERSITY]

8    in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

9    as follows:

10   Jonathan E. Gertler, Esq.              Todd M. Schneider, Esq.
       Joseph R. Igelmund, Esq.             Joshua G. Konecky, Esq.

11   Chavez & Gertler LLP               Schneider & Wallace
       42 Miller Avenue                 180 Montgomery Street, Suite 2000

12   Mill Valley, CA 94941             San Francisco, CA 94104
       Telephone:  415.381.5599        Telephone:   415.421.7100

13   Facsimile:   415.381.5572        Facsimile:    415.421.7105
       **By Overnight Delivery**            **By Hand Delivery**

14

15   Ricardo De Rosa, Esq.
       Law Offices of Ricardo De Rosa
       6640 Brook Falls Circle

16   Stockton, CA 95219
       Telephone:   209.345.7077

17   Facsimile:   209.476.0443
       **By Overnight Delivery**

18

19   [  ]   <u>BY MAIL:</u>  United States Postal Service - by placing sealed envelopes with the postage
          thereon fully prepaid, placed for collection and mailing on this date, following ordinary

20        business practices, in the United States mail at San Francisco, California.

21   [ X ]  <u>BY HAND DELIVERY:</u>  I caused such envelope(s) to be delivered by Messenger Service
          to the above address[es].

22

23   [ X ]  <u>BY OVERNIGHT DELIVERY:</u>  I caused such envelope(s) to be delivered to the above
          address within 24 hours by OVERNIGHT EXPRESS service.

24   [  ]   <u>BY FACSIMILE:</u>  I caused such documents to be transmitted by facsimile to the
          telephone number(s) indicated above.

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on May 23, 2008 at San Francisco, California.

_Linda A. Moore_
LINDA A. MOORE

2

COPY

1    JOANNA L. BROOKS (State Bar #182986)
     TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2    ANNE V. LEINFELDER (State Bar #230272)
     JACKSON LEWIS LLP
3    199 Fremont Street, 10th Floor
     San Francisco, CA 94105
4    Telephone    415.394.9400
     Facsimile    415.394.9401
5
     Attorneys for Defendant
6    PEROT SYSTEMS CORPORATION

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11   GLORIA JIMENEZ, individually, and on behalf        Case No.:
     of all others similarly situated,
12                                                       INDEX OF EXHIBITS IN SUPPORT
                   Plaintiff,                            OF NOTICE OF REMOVAL OF CIVIL
13                                                       ACTION TO THE UNITED STATES
           v.                                            DISTRICT COURT FOR THE
14                                                       NORTHERN DISTRICT OF
     PEROT SYSTEMS CORPORATION, a                        CALIFORNIA PURSUANT TO 28
15   Delaware Corporation; and DOES 1 to 50,             U.S.C. SECTIONS 1332, 1441 AND 1446
                                                         [CAFA DIVERSITY]
16                 Defendants.
                                                         (Filed concurrently with Notice of
17                                                       Interested Parties, and Certificate of
                                                         Service of Notice of Interested Parties)
18

19   Exhibit A:

20   True and correct copies of Summons and Complaint, as well as the collective notices and orders,
     as follows:
21
             1.    A true and correct copy of the Complaint for Business Tort/Unfair Business
22                 Practice, dated July 12, 2007;

23           2.    A true and correct copy of the Summons on Complaint Issued and Filed, dated
24                 July 12, 2007;

25           3.    A true and correct copy of the Proof of Service of Summons and Complaint, dated
                   July 31, 2007;
26
             4.    A true and correct copy of the Answer to Complaint, dated August 22, 2007;
27
             5.    A true and correct copy of the Order granting motion designating this case as
28                 complex, dated August 22, 2007;

                                                  1

                  INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL

1      6.    A true and correct copy of returned envelope containing order granting motion, dated September 19, 2007;

2

3      7.    A true and correct copy of the Case Management Conference Order, dated September 26, 2007;

4      8.    A true and correct copy of the Stipulation and Order Re: Protective Orders Filed for Perot Systems Corporation, a Delaware Corporation, dated November 1, 2007;

5

6      9.    A true and correct copy of the Stipulation and Order Re: Protective Orders Granted, dated November 2, 2007;

7      10.    A true and correct copy of the Complex Case Management Order, dated November 9, 2007;

8

9      11.    A true and correct copy of the Stipulation and Protective Order Re: Disclosure of Confidential Documents, dated March 21, 2008;

10     12.    A true and correct copy of the Order Re: Complex Case Management Conference, dated March 21, 2008;

11

12     13.    A true and correct copy of the Stipulation and Protective Order Re: Disclosure of Confidential Documents dated March 25, 2008;

13     14.    A true and correct copy of the Notice of Entry of Order filed dated April 2, 2008.

14 **Exhibit B:**

15 A true and correct copy of the Notice to Adverse Parties of Removal to Federal Court.

16

17 Dated: May 23, 2008

18                       JACKSON LEWIS LLP

19

20                   By:

21                       JoAnna L. Brooks
                      Timothy C. Travelstead

22                       Anne V. Leinfelder
                      Attorney for Defendant
                      PEROT SYSTEMS CORPORATION,

23                       a Delaware Corporation

24

25

26

27

28

                            2

1    **PROOF OF SERVICE**

2        I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3    whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4    age of eighteen (18) years and am not a party to this action.

5        On  May 23, 2008, I served the attached document(s):

6        INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL
     ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
7    DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND
     1446 [CAFA DIVERSITY]
8
9    in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

10   as follows:

11   Jonathan E. Gertler, Esq.                    Todd M. Schneider, Esq.
     Joseph R. Igelmund, Esq.                     Joshua G. Konecky, Esq.
12   Chavez & Gertler LLP                         Schneider & Wallace
     42 Miller Avenue                             180 Montgomery Street, Suite 2000
13   Mill Valley, CA  94941                       San Francisco, CA  94104
     Telephone:    415.381.5599                   Telephone:  , 415.421.7100
14   Facsimile:    415.381.5572                   Facsimile:    415.421.7105
     **By Overnight Delivery**                    **By Hand Delivery**
15
     Ricardo De Rosa, Esq.
16   Law Offices of Ricardo De Rosa
     6640 Brook Falls Circle
17   Stockton, CA 95219
     Telephone:    209.345.7077
18   Facsimile:    209.476.0443
     **By Overnight Delivery**
19

20   [ ]    BY MAIL:  United States Postal Service - by placing sealed envelopes with the postage
            thereon fully prepaid, placed for collection and mailing on this date, following ordinary
21          business practices, in the United States mail at San Francisco, California.

22   [ X ]  BY HAND DELIVERY:  I caused such envelope(s) to be delivered by Messenger Service
            to the above address[es].

23   [ X ]  BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
            address within 24 hours by OVERNIGHT EXPRESS service.
24
     [ ]    BY FACSIMILE:  I caused such documents to be transmitted by facsimile to the
25          telephone number(s) indicated above.

26

27

28

                                        3
─────────────────────────────────────────────────────────────
              INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL

1       I declare under penalty of perjury under the laws of the United States that the above is true

2  and correct.

3       Executed on May 23, 2008 at San Francisco, California.

4

5

6                                    LINDA A. MOORE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

*EXHIBIT A*

*EXHIBIT 1*

1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  JOSEPH R. IGELMUND (Bar No. 52493)
   42 Miller Avenue, Mill Valley, CA 94941
3  Tel: (415) 381-5599  Fax: (415) 381-5572

4
   SCHNEIDER & WALLACE
5  TODD M. SCHNEIDER (Bar No. 158253)
   JOSHUA G. KONECKY (Bar No. 182897)
6  180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
7  Tel: (415) 421-7100  Fax: (415) 421-7105

8
9  LAW OFFICES OF RICARDO DE ROSA
   RICARDO DE ROSA (Bar No. 221226)
10 6640 Brook Falls Circle
   Stockton, California, 95219
11 Tel: (209) 345-7077  Fax: (209) 476-0443

12
   Attorneys for Plaintiff GLORIA JIMENEZ
13 And the Proposed Plaintiff Class

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                          COUNTY OF ALAMEDA

16                        UNLIMITED JURISDICTION

17
   GLORIA JIMENEZ, individually, and on        )  Case No. RG 07 - 335321
18 behalf of all others similarly situated,    )
                                               )  CLASS ACTION
19                                             )
                  Plaintiff,                   )  COMPLAINT FOR FAILURE TO PAY
20                                             )  OVERTIME (Cal. Labor C. § 510);
          vs.                                  )  FAILURE TO PAY ACCRUED
21                                             )  VACATION (Cal. Labor C. § 227.3);
   PEROT SYSTEMS CORPORATION, a                )  FAILURE TO PROVIDE ITEMIZED
22 Delaware Corporation; and DOES 1 to 50,     )  STATEMENTS (Cal. Labor C. § 226);
                                               )  UNFAIR AND UNLAWFUL BUSINESS
23                                             )  PRACTICES (Cal. Bus. & Profs. C.
                  Defendants                   )  § 17200); AND INJUNCTIVE AND
24                                             )  DECLARATORY RELIEF
                                               )
25                                             )  DEMAND FOR JURY TRIAL
                                               )
26                                             )
                                               )
27 _____ )

28

                                    ORIGINAL

                                        COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1    Plaintiff GLORIA JIMENEZ ("JIMENEZ" or "Plaintiff"), individually and on behalf

2    of all others similarly situated, hereby complains against defendants PEROT SYSTEMS

3    CORPORATION ("PEROT") and Does 1 through 50, inclusive (collectively, "Defendants"),

4    and, on information and belief, alleges as follows:

5                              **PRELIMINARY STATEMENT**

6        1.    This class action seeks to halt and remedy defendant PEROT SYSTEMS

7    CORPORATION'S violations of California Labor Code and California Industrial

8    Welfare Commission Order ("Wage Order") provisions requiring overtime pay,

9    compensation for accrued vacation time, and record-keeping and disclosure to employees

10   of wage information including the true overtime rate paid and true wages earned.

11   Defendant PEROT, which provides technology information support services in the health care

12   industry, regularly and systematically has required, encouraged, and/or permitted Plaintiff and

13   members of the class to work alternative workweek schedules ("AWS") of ten hours per day and

14   four days per week ("4/10" schedules), and failed to pay Plaintiff and members of the class

15   overtime pay for their ninth and tenth hours of work daily under those schedules, without

16   complying with the explicit requirements of the California Labor Code and Wage Orders in

17   order to lawfully implement an AWS. Defendant PEROT also regularly and systematically has

18   required, encouraged, and/or permitted Plaintiff and members of the class to work overtime, but

19   failed to pay the overtime rate required by California law. Further, defendant PEROT regularly

20   and systematically has refused to pay Plaintiff and members of the class compensation for

21   accrued vacation, either when due or not at all, in violation of the California Labor Code.

22   Defendant PEROT also regularly and systematically has issued wage statements to Plaintiff and

23   members of the class that fail to disclose, or misrepresent, information required by the California

24   Labor Code, including without limitation the true applicable hourly rate paid by PEROT for

25   overtime work and the true wages earned by Plaintiff and members of the class. Plaintiff seeks

26   injunctive and declaratory relief, restitution, compensatory damages, penalties, interest, and

27   attorneys' fees, costs and expenses.

28

1

1

<u>**VENUE**</u>

2      2.      Proper venue lies in Alameda County in that, while defendant PEROT does

3   business in the State of California, PEROT has not designated with the California Secretary

4   of State a principal place of business within the State of California pursuant to Corporations

5   Code § 2105(a)(3).  Accordingly, PEROT may be sued in any county in the State of

6   California, including the County of Alameda.  Venue also is proper in Alameda County in

7   that Plaintiff is informed and believes and on that basis alleges that defendants committed

8   some of the wrongful acts alleged herein, in the County of Alameda.

9

**PARTIES**

10      3.      Plaintiff JIMENEZ is an individual over the age of eighteen (18) and at all

11   relevant times, was a resident of the State of California.

12      4.      Defendant PEROT SYSTEMS CORPORATION is a corporation organized

13   under Delaware law and admitted to conduct business in the State of California.  Plaintiff

14   was employed by PEROT as a Data Center Operations/Technician from July, 2001 to in or

15   about April, 2007.

16      5.      Plaintiff does not know the true names and capacities of defendants sued herein

17   as DOES 1-50 and therefore sues these defendants by such fictitious names.  Plaintiff will

18   amend this Complaint to allege their true names and capacities when ascertained.

19   Plaintiff is informed and believes and on that basis alleges that each of these fictitiously named

20   defendants is responsible in some manner for the occurrences alleged herein, and thereby

21   proximately caused Plaintiff's injuries alleged herein.

22      6.      Plaintiff is informed and believes and on that basis alleges that at all relevant

23   times each of the defendants was the agent or employee of each of the remaining defendants,

24   and in doing the things herein alleged was acting within the course and scope of such

25   agency or employment, and that defendants authorized, ratified, and approved, expressly or

26   impliedly, all of the conduct herein alleged.

27   //

28

2

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

7.     Plaintiff brings this action for violations of California's Wage and Hour Law as a class action, pursuant to Code of Civil Procedure § 382 and Business & Professions Code § 17200, on behalf of herself and all current and former Data Center Operations/Technicians and other non-exempt employees of Perot Systems Corporation in California, who at any time in the four years preceding the filing of this action to final resolution of this action, worked a 4/10 Alternative Workweek Schedule; earned a shift differential, "06 Benefits Bridge" and/or "Benefits Bridge" benefit during any week in which they worked overtime hours; were not paid for all accrued vacation at the time of termination of their employment; and/or were not provided lawful itemized wage statements.

8.     Common questions of law and fact exist as to members of the class that include, but are not limited to the following:

(a)     Whether defendant PEROT required members of the class to work overtime without payment of the overtime rate required by the State of California;

(b)     Whether defendant PEROT failed to pay all accrued vacation benefits at the time of termination of employment;

(c)     Whether defendant PEROT failed to pay all earned wages at the time of termination of employment;

(d)     Whether defendant PEROT failed to provide to class members itemized wage statements that disclosed all information required by Labor Code § 226; and

(e)     Whether defendant PEROT engaged in unfair competition proscribed by Business & Professions Code § 17200 by engaging in the conduct described hereinabove as to members of the class.

9.     Plaintiff's claims are typical of the claims of the class that Plaintiff seeks to represent. Plaintiff and members of the class were not compensated for overtime work at the rate required by California law. Plaintiff and members of the class were not paid all accrued vacation benefits at the time of termination of employment. Plaintiff and members of the

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1  class were not paid all earned wages at the time of termination of employment.  Plaintiff and

2  members of the class were not provided itemized wage statements that disclosed all

3  information required by Labor Code § 226.  Plaintiff and members of the class are entitled to

4  injunctive relief, as permitted by law, in that PEROT's violations of California law have

5  harmed and are continuing to harm Plaintiff and members of the class.

6      10.    The potential quantity of members of the class is so numerous that

7  joinder of all members would be unfeasible and impractical. The disposition of their claims

8  through this class action will benefit both the parties and the Court. The quantity of

9  members is unknown to Plaintiff at this time; however, it is estimated that the class size is

10  over 100 individuals.  The quantity and identity of the proposed class are readily

11  ascertainable through inspection of PEROT'S records.

12      11.    Plaintiff will fairly and adequately represent and protect the interests of the

13  members of the class.  Plaintiff has retained and is represented by counsel competent and

14  experienced in complex class action litigation, including minimum wage and overtime class

15  actions.

16      12.    The nature of this action and the nature of laws available to Plaintiff

17  make use of the class action format the superior and appropriate procedure to afford relief for

18  the wrongs alleged herein.

19              **FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

20      13.    Defendant PEROT required, encouraged and/or permitted Plaintiff and

21  members of the class to work overtime, and failed to pay Plaintiff and members of the

22  class overtime compensation at the rate required by Labor Code § 510 and IWC Wage

23  Orders, including without limitation Wage Order 4-2001.

24      14.    Defendant PEROT failed to pay all accrued vacation benefits to Plaintiff and

25  class members at the time of termination of employment, in violation of Labor Code §

26  227.3.

27      15.    Defendant PEROT failed to pay all earned wages to Plaintiff and members

28  of the class at the time of termination of employment, in violation of Labor Code §§ 201,

4

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1  202, 510 and 1194.

2      16.    Defendant PEROT failed to provide to Plaintiff and members of the class

3  itemized wage statements that disclose all information required by Labor Code § 226.

4      17.    Plaintiff and members of the class are non-exempt employees under the laws

5  of the State of California.

6      18.    The practices of defendant PEROT in failing to pay Plaintiff and members

7  of the class earned overtime compensation at the required rate, to pay all accrued vacation

8  benefits at the time of termination of employment, to pay all earned wages at the time of

9  termination of employment, and to provide itemized wage statements that disclose all

10  lawfully required information, are substantially similar, if not identical.

11                          **FIRST CAUSE OF ACTION**
12      **UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION**
             (California Labor Code §§ 510, 1194; Wage Order 4-2001)
13

14      19.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

15  set forth herein.

16                  _4/10 Overtime Claim for Ninth and Tenth Hours Daily_

17      20.    The IWC Wage Orders, including without limitation Wage Order 4-2001,

18  provide in substance and effect that an employer shall pay a premium, "overtime" rate

19  for all hours worked by employees in excess of eight hours in a work day or forty hours

20  in a work week.  Wage Order 4-2001 further states in substance and effect that an

21  employer does not violate the foregoing provision by instituting a regularly scheduled

22  alternative workweek ("AWS") of not more than ten hours per day in a forty hour week

23  (a "4/10" schedule) without paying overtime for such hours, provided that the employer

24  has complied with the election procedures mandated by the Wage Order for adoption of

25  an AWS.  Wage Order 4-2001 further provides in substance and effect that the election

26  procedures for the adoption of an AWS require that the employer propose an AWS to

27  employees in the form of a written agreement; that the employer disclose in writing to

28  affected employees the effect of the AWS; that the employer hold a meeting with

5

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1  affected employees at least fourteen days prior to the AWS election; that the employer

2  conduct the election by secret ballot, and that at least a 2/3 affirmative vote of each work

3  unit is required to establish an AWS; and that the employer report to the California

4  Division of Labor Statistics and Research within thirty days after the results are final,

5  including the final tally of the vote, the size of the work unit, and the nature of the

6  business of the employer.

7       21.    During all relevant times, defendant PEROT purported to adopt a 4/10

8  AWS for Plaintiff and members of the class in order to evade payment of overtime for the

9  ninth and tenth hours worked daily. Plaintiff is informed and believes and on that basis

10  alleges that, in fact, PEROT did not lawfully adopt the 4/10 schedule for Plaintiff and

11  members of the class, in that PEROT failed to comply with the mandatory election

12  procedures of the Wage Order, including without limitation failing to disclose to the

13  California Division of Labor Statistics and Research any election conducted among

14  PEROT work units, the PEROT work units that voted, and the results of each election.

15       22.    During all relevant times, and notwithstanding that it had failed to comply

16  with the mandatory election procedures of the Wage Order, defendant PEROT required,

17  encouraged and/or permitted Plaintiff and the members of the class to work 4/10

18  schedules, and paid Plaintiff and the members of the class only their respective hourly,

19  non-premium rates for work during the ninth and tenth hours of each 4/10 workday.

20  Plaintiff is informed and believes and on that basis alleges that PEROT knew that Plaintiff

21  and members of the class had performed the ninth and tenth hours of work daily.

22       23.    As defendant PEROT failed to lawfully implement an AWS, Plaintiff and

23  members of the class who worked a 4/10 schedule at any time during all relevant times are

24  entitled to overtime pay for the ninth and tenth hours worked each day under said schedule,

25  pursuant to Labor Code § 510 and IWC Wage Orders, including without limitation Wage

26  Order 4-2001.

27       24.    Defendant PEROT has failed to pay earned overtime compensation, either

28  when due or not at all, for the ninth and tenth hours worked each day under the 4/10

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1    schedule by Plaintiff and members of the class.

2    <u>Failure to Properly Calculate Overtime Rate – Shift Differential</u>

3         25.     IWS Wage Orders, including without limitation Wage Order 4-2001,

4    provide in substance and effect that an employer shall pay one and one-half times the

5    employee's regular rate of pay for all hours worked by employees over eight hours in a

6    work day or forty hours in a work week, and double the employee's regular rate of pay

7    for hours worked in excess of twelve in a day.

8         26.     IWC Wage Orders, including without limitation Wage Order 4-2001,

9    further provide in substance and effect that, as to employees working a lawfully-adopted

10    Alternative Workweek Schedules, an employer shall pay one and one-half times the

11    employee's regular rate of pay for all work performed in the work day beyond the

12    schedule established by the AWS, up to twelve hours per day or beyond forty hours per

13    week, and double the employee's regular rate of pay for all hours worked in excess of

14    twelve hours per day and any work in excess of eight hours on those days worked beyond

15    the regularly scheduled number of work days established by the AWS.

16         27.     IWC Wage Orders, including without limitation Wage Order 4-2001,

17    further provide in substance and effect that, as to employees working Alternative

18    Workweek Schedules, where an employer requires an employee to work fewer hours

19    than those that are regularly scheduled under the AWS, an employer shall pay one and

20    one-half the employee's regular rate of pay for all hour worked in excess of eight hours,

21    and double the employee's regular rate of pay for all hours worked in excess of twelve

22    hours, for the day the employee is required to work the reduced hours.

23         28.     During all relevant times, defendant PEROT required, encouraged and/or

24    permitted Plaintiff, and members of the class either on or not on a 4/10 AWS, to work

25    their regular hours on the "night shift." During all relevant times, PEROT paid Plaintiff

26    and members of the class working the night shift, in addition to their regular hourly

27    wages, a weekly shift differential of $76.36 during forty-hour weeks and a prorated shift

28    differential of $57.27 during thirty-hour weeks. The shift differential is not production-

1    based.  The number of hours, if any, worked by Plaintiff and members of the class in

2    addition to the regular hours on the night shift is irrelevant to the calculation.

3        29.    During all relevant times, defendant PEROT further required, encouraged

4    and/or permitted Plaintiff and members of the class on the night shift to work hours over

5    and above their regular hours on that shift.  Plaintiff is informed and believes and on that

6    basis alleges that PEROT knew this overtime work was performed.

7        30.    During all relevant times, defendant PEROT included the shift differential

8    in the regular rate used to determine overtime pay for Plaintiff and members of the class

9    on the night shift.  During all relevant times, in calculating the effect of the shift

10   differential on the regular rate and overtime compensation to be paid Plaintiff and

11   members of the class on the night shift, defendant PEROT used the FLSA "fluctuating

12   work week" method, which yields a lesser overtime rate than the "maximum legal hours"

13   method under California law.  Plaintiff is informed and believes and on that basis alleges

14   that, in failing to use the "maximum legal hours" method in calculating the regular rate

15   and overtime pay, PEROT deprived Plaintiff and members of the class working the night

16   shift of earned overtime compensation that is owed under California law.  Plaintiff

17   further is informed and believes and on that basis alleges that PEROT's failure to use the

18   "maximum legal hours" method violates California public policy in that PEROT failed to

19   pay less premium pay than was owed, and premium pay is the primary device under

20   California law for enforcing limitations on maximum hours of work.

21       31.    Defendant PEROT has failed to pay earned overtime compensation, either

22   when due or not at all, for all such overtime work performed by Plaintiff and members of

23   the class working the night shift, in violation of California Labor Code §§ 510 and IWC

24   Wage Orders, including without limitation Wage Order 4-2001.

25   Failure to Properly Calculate Overtime Rate – 06 Benefits Bridge and Benefits Bridge

26       32.    During all relevant times, defendant PEROT required, encouraged and/or

27   permitted Plaintiff, and members of the class working any shift and whether or not

28   working an AWS, to work hours over and above their regular hours.  Plaintiff is informed

8

1   and believes and on that basis alleges that PEROT knew this overtime work was
2   performed.

3       33.     During all relevant times, Plaintiff and said members of the class earned
4   two additional weekly wages: (1) The "06 Benefits Bridge" wage, in the amount of
5   $11.73 weekly, and (2) the "Benefits Bridge" wage, in the amount of $2.27 weekly.
6   Defendant PEROT paid these two wages to Plaintiff and said members of the class
7   weekly while they were employees of PEROT. These two wages are not discretionary.
8   These two wages are not production-based. The number of hours, if any, worked by
9   Plaintiff and members of the class in addition to the regular hours on the night shift is
10  irrelevant to the calculation of these two wages.

11      34.     Plaintiff is informed and believes and on that basis alleges that, during all
12  relevant times, these two wages were not excludable under California law from the
13  regular rate in calculating overtime pay.

14      35.     Plaintiff is informed and believes and on that basis alleges that, during all
15  relevant times, defendant PEROT failed to include the 06 Benefits Bridge wage and
16  Benefits Bridge wage in the regular rate used to determine overtime pay to be paid
17  Plaintiff and said members of the class, in violation of Labor Code § 510 and IWC Wage
18  Orders, including without limitation Wage Order 4-2001. Plaintiff is informed and
19  believes and on that basis alleges that, in failing to include these two wages in the regular
20  rate used to determine overtime pay, PEROT deprived Plaintiff and said members of the
21  class of earned overtime compensation that is owed under California law. Plaintiff
22  further is informed and believes and on that basis alleges that PEROT's failure to include
23  these two wages in the regular rate used to determine overtime pay violates California
24  public policy in that PEROT failed to pay less premium pay than was owed, and
25  premium pay is the primary device under California law for enforcing limitations on
26  maximum hours of work.

27      36.     Defendant PEROT has failed to pay earned overtime compensation, either
28  when due or not at all, for all such overtime work performed by Plaintiff and said members

9

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1   of the class, in violation of California Labor Code §§ 510 and IWC Wage Orders,

2   including without limitation Wage Order 4-2001.

3   <u>All Claims Under This Cause Of Action</u>

4        37.    As a proximate result of the conduct of defendant PEROT, Plaintiff and

5   members of the class have suffered damages, including for overtime worked and not paid, in

6   an amount to be proven at trial.

7        38.    Plaintiff and members of the class request interest on all overtime

8   compensation earned and unpaid, pursuant to Labor Code §§ 218.6.

9        39.    Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

10   Labor Code § 1194 or 218.5.

11       WHEREFORE, Plaintiff prays for relief as set forth below.

12   **SECOND CAUSE OF ACTION**<br>**<u>FAILURE TO PAY ACCRUED VACATION</u>**

13   **(Labor Code § 227.3)**

14        40.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

15   set forth herein.

16        41.    Under Labor C. § 227.3, a proportionate right of an employee to a paid

17   vacation vests as the labor is rendered, and is protected from forfeiture.

18        42.    During all relevant times, PEROT had and continues to have a consistent and

19   uniform policy providing for annual paid vacation time for Plaintiff and members of the class.

20        43.    Plaintiff is informed and believes and on that basis alleges that, during all

21   relevant times, defendant PEROT had and continues to have a consistent and uniform policy

22   that employees lose all rights to paid vacation time upon termination of their employment.

23        44.    During all relevant times, Plaintiff and members of the class earned annual

24   paid vacation pursuant to defendant PEROT's aforesaid policies. Plaintiff is informed and

25   believes and on that basis alleges that, during all relevant times, defendant PEROT failed

26   and refused to pay accrued vacation to Plaintiff and said members of the class upon

27   termination of their respective employment.

28        45.    As a proximate result of the conduct of defendant PEROT, Plaintiff and said

10

1   members of the class have suffered damages, including for vacation wages earned but not

2   paid, in amounts to be proven at trial.

3       46.    Plaintiff and said members of the class are entitled to interest on all vacation

4   wages earned but not paid, accruing from the date that the vacation wages were due and

5   payable, pursuant to California Labor Code § 218.6.

6       47.    Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

7   California Labor Code § 218.5.

8       WHEREFORE, Plaintiff prays for relief as set forth below.

9                          **THIRD CAUSE OF ACTION**
                  <u>RECOVERY OF WAITING TIME PENALTIES</u>
10                        (California Labor Code §§ 203)

11      48.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

12   set forth herein.

13      49.    California Labor Code § 203 provides that if an employer willfully fails to

14   pay, without abatement or reduction, in accordance with California Labor Code §§ 201,

15   201.5, 202 and 205.5, any wages of an employee who is discharged or who resigns,

16   the wages of the employee shall continue as a penalty from the due date thereof at the same

17   rate until paid up to a maximum of thirty (30) days.

18      50.    During all relevant times, defendant PEROT had and continues to have a

19   consistent and uniform policy, practice and procedure of willfully failing to pay the

20   earned and unpaid wages of its employees at the termination of their employment, in

21   violation of California Labor Code §§ 201 and 202.

22      51.    Plaintiff and certain members of the class are no longer employed by

23   defendant PEROT, in that they were either discharged from or quit PEROT'S employ.

24      52.    During all relevant times, defendant PEROT willfully failed to pay Plaintiff

25   and said members of the class who are no longer employed by PEROT a sum certain for

26   earned wages, at the time of their termination or within seventy-two (72) hours of their

27   resignation, and failed to pay those sums for thirty (30) days thereafter.

28      53.    During all relevant times, defendant PEROT willfully failed to pay Plaintiff

1   and said members of the class who are no longer employed by PEROT, in that PEROT

2   knew wages were due, but nevertheless failed to pay them.

3       54.    Plaintiff and members of the class who are no longer employed by defendant

4   PEROT are entitled to penalties pursuant to California Labor Code § 203, in the amount of

5   each person's daily wage multiplied by thirty (30) days.

6       WHEREFORE, Plaintiff prays for relief as set forth below.

7                          **FOURTH CAUSE OF ACTION**
        **FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**
8                          **(California Labor C. § 226)**

9       55.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

10  set forth herein.

11      56.    IWC Wage Orders, including without limitation Wage Order 4-2001,

12  provide that the employer shall keep accurate information with respect to each employee,

13  including total hours worked and applicable rates of pay.

14      57.    Labor Code § 226 provides that the employer shall provide at the time of

15  each payment of wages an accurate itemized statement that discloses (1) gross wages

16  earned, (2) total hours worked by the employee, (3) the number of piece rate units earned

17  and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

18  deductions, (5) net wages earned, (6) the inclusive dates of the period for which the

19  employee is paid, (7) the name of the employee and compliant identifying information, (8)

20  the name and address of the legal entity that is the employer, and (9) all applicable hourly

21  rates in effect during the pay period and the corresponding number of hours worked at each

22  hourly rate by the employee.

23      58.    Labor Code § 226 further provides that an employee may bring an action for

24  injunctive relief to ensure compliance with that code section.

25      59.    During all relevant times, defendant PEROT provided to plaintiff and

26  members of the class, at the time of payment of wages, wage statements that failed to

27  disclose, without limitation, the inclusive dates of the period for which the employee is

28  being paid, the name of the employee and identifying information for the employee, and

1    the name and address of the legal entity that is the employer.

2        60.    During all relevant times, defendant PEROT also failed to maintain records

3    that show, and provided wage statements to plaintiff and members of the class that fail to

4    disclose, and misrepresent, the true applicable rate at which the overtime pay of plaintiff

5    and members of the class was calculated and paid, and the true amount of gross and net

6    wages earned.  The aforesaid wage statements provided by PEROT represent, for example,

7    that overtime pay was calculated at a rate of "1.5x (number of overtime hours x $16.475)"

8    when in fact overtime pay was calculated at a different rate that yielded less overtime pay

9    than the calculation represented and which had been earned in fact.

10        61.    Plaintiff requests that the Court grant injunctive relief restraining defendant

11    PEROT from further violating the provisions of Labor Code § 226, and commanding

12    defendant PEROT to issue to Plaintiff and each member of the class further itemized wage

13    statements that provide all information required by Labor Code § 226 and which PEROT

14    failed to provide in any wage statement issued to Plaintiff or the respective class member

15    during all relevant times.

16        62.    Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

17    California Labor Code § 226(g).

18        WHEREFORE, Plaintiff prays for relief as set forth below.

19                    **FIFTH CAUSE OF ACTION**
      **UNFAIR COMPETITION – UNFAIR AND UNLAWFUL BUSINESS PRACTICES**
20                  **(California Business & Professions Code § 17200)**

21        63.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully

22    set forth herein.

23        64.    The Unfair Competition Law ("UCL"), California Business & Professions

24    Code § 17200, et seq., defines unfair competition to include, inter alia, any unfair or

25    unlawful business act or practice. The UCL provides that a Court may enjoin acts of unfair

26    competition, and order restitution to affected members of the public.

27        65.    Plaintiff is informed and believes and on that basis alleges that, during the

28    four years preceding the filing of this complaint, PEROT has committed acts of unfair

                                    13

1  competition proscribed by California Business and Professions Code § 17200, et seq.,

2  including the practices alleged herein.

3      66.    Plaintiff is informed and believes and on that basis alleges, as more fully set

4  out above, that PEROT has engaged in the following unfair and/or unlawful acts and

5  practices:

6          (a)    PEROT has failed to pay overtime compensation for all overtime

7      work performed by Plaintiff and members of the class, either when due or not at all,

8      in violation of California Labor Code §§ 201, 202, 510 and 1194 and applicable

9      Wage Orders, including without limitation Wage Order 4-2001;

10          (b)    PEROT has failed to pay accrued vacation wages to Plaintiff and

11      members of the class, either when due or not at all, in violation of Labor Code

12      § 227.3; and

13          (c)    PEROT has failed to maintain records that show, and provided wage

14      statements to plaintiff and members of the class that fail to disclose, and misrepresent,

15      the true applicable rate at which the overtime pay of plaintiff and members of the

16      class was calculated and paid, and the true amount of gross and net wages earned;

17      PEROT also has failed to provide to Plaintiff and members of the class itemized wage

18      statements that show the inclusive dates of the period for which the employee is being

19      paid, the name of the employee and identifying information for the employee, and the

20      name and address of the legal entity that is the employer.

21      67.    The business acts and practices of PEROT as hereinabove alleged constitute

22  unfair and/or unlawful business practices in that, for the reasons set forth above, said acts

23  and practices violate explicit provisions of the California Labor Code and/or Wage Orders,

24  including without limitation Wage Order 4-2001. PEROT has obtained a significant

25  competitive advantage, and engaged in unfair competition, through its acts and practices

26  of obtaining employee labor without paying legally required overtime compensation;

27  without providing accrued vacation pay; and without reporting to governmental authorities

28  the true wages earned and paying to such authorities all taxes and levies on the true wages

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1   earned.

2      68.    Plaintiff and members of the class are entitled to restitution in the amounts

3   of all earned wages unpaid by defendant PEROT.

4      69.    The unfair and unlawful business acts and practices of defendant PEROT

5   described herein present a continuing threat to members of the general public in that

6   PEROT is currently engaging in such acts and practices, and will persist and continue to do

7   so unless and until an injunction is issued by this Court.  On behalf of all others similarly

8   situated, Plaintiff requests that this Court issue an injunction restraining the foregoing

9   conduct by PEROT.

10      70.    Plaintiff requests that the Court grant further injunctive relief, commanding

11   defendant PEROT to issue to Plaintiff and each member of the class itemized wage

12   statements that provide all information required by Labor Code § 226 and which PEROT

13   failed to provide in any wage statement issued to Plaintiff or the respective class member

14   during the four years preceding the filing of this complaint.

15      71.    On behalf of all others similarly situated, Plaintiff further requests that the

16   Court issue an interim order requiring PEROT to advise all members of the class of their

17   rights pursuant to the California Labor Code and Wage Orders.

18      72.    On behalf of all others similarly situated, Plaintiff further requests a

19   declaration as to the respective rights, remedies, and obligations of the parties, and

20   establishment of a post-judgment reference proceeding to identify, locate and fully

21   reimburse all affected employees all monies due to them.

22      73.    On behalf of all others similarly situated, Plaintiff further requests that the

23   Court enforce the penalty provision of Labor Code § 203, pursuant to Business and

24   Professions Code § 17202, which provides: "Notwithstanding Section 3369 of the Civil Code,

25   specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in

26   a case of unfair competition."

27      74.    Plaintiff requests an award of attorneys fees, costs and expenses pursuant to

28   Code of Civil Procedure § 1021.5 and as otherwise permitted by statute.

15

WHEREFORE, Plaintiff prays for relief as set forth below.

## SIXTH CAUSE OF ACTION
## DECLARATORY RELIEF

75. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

76. An actual controversy has arisen between Plaintiff and members of the class, on the one hand, and defendant PEROT, on the other hand, as to their respective rights, remedies and obligations. Specifically, Plaintiff alleges that the acts and practices of PEROT as hereinabove alleged:

(a)     violate Labor Code §§ 510, 1194, 201 and 202 and Wage Order 4-2001, in that PEROT has failed to pay overtime compensation for all overtime work performed by Plaintiff and members of the class, either when due or not at all;

(b)     violate Labor Code § 227.3, in that PEROT has failed to pay accrued vacation wages to Plaintiff and members of the class, either when due or not at all;

(c)     violate Labor Code § 226, in that PEROT has failed to maintain records that show, and provided wage statements to plaintiff and members of the class that fail to disclose, and misrepresent, the true applicable rate at which the overtime pay of plaintiff and members of the class was calculated and paid, and the true amount of overtime and wages earned; PEROT also has failed to provide to Plaintiff and members of the class itemized wage statements that show the inclusive dates of the period for which the employee is being paid, the name of the employee and identifying information for the employee, and the name and address of the legal entity that is the employer; and

(d)     Plaintiff further alleges that members of the class are entitled to recover earned wages and penalties as hereinabove alleged.

77. Defendant PEROT contends to the contrary.

78. Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies, and obligations of the parties.

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

1    WHEREFORE, Plaintiff prays for relief as set forth below.

2    **PRAYER FOR RELIEF**

3    WHEREFORE, Plaintiff, on behalf of herself and members of the class,

4    respectfully prays for relief as follows:

5    1.    For an order certifying this case as a class action, and appointing Plaintiff as

6    the representative of the class;

7    2.    For an order finding and declaring that PEROT'S acts and

8    practices as challenged herein are unlawful and unfair;

9    3.    For an order finding and declaring that PEROT'S acts and

10    practices in failing to pay earned wages when due were willful, and penalties

11    shall be awarded against PEROT pursuant to Labor Code § 203;

12    4.    For an order preliminarily and permanently enjoining PEROT

13    from engaging in the practices challenged herein;

14    5.    For an order commanding defendant PEROT to issue to Plaintiff and

15    each member of the class itemized wage statements that provide all information

16    required by Labor Code § 226 and which PEROT failed to provide in any wage

17    statement issued to Plaintiff or the respective class member during the four years

18    preceding the filing of this complaint;

19    6.    For an order requiring PEROT to advise all members of the class of

20    their rights pursuant to the California Labor Code, Wage Orders, and Business &

21    Professions Code;

22    7.    For restitution of all earned wages earned and unpaid;

23    8.    For compensatory damages in amounts to be determined at trial;

24    9.    For a declaration as to the respective rights, remedies, and

25    obligations of the parties, and establishment of a post-judgment reference proceeding to

26    identify, locate and fully reimburse all affected employees all monies due to them;

27    10.    For an award of all applicable statutory penalties;

28    11.    For prejudgment interest to the extent permitted by law;

17

1      12.    For an award of attorneys' fees, costs and expenses incurred in

2   the prosecution of this action; and

3      13.    For such other and further relief as the Court may deem proper.

4

5   Dated: July 12, 2007            CHAVEZ & GERTLER LLP

6                                   SCHNEIDER & WALLACE LLP

                                    LAW OFFICES OF RICARDO DE ROSA

7

8                           By:

9                               Jonathan E. Gertler

10                       Attorneys of record for Plaintiff

                             GLORIA JIMENEZ

11

12   07.07.11.Complaint.Final

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR FAILURE TO PAY OVERTIME, ETC.

*EXHIBIT 2*

SU⎯⎯ONS
**(CITACION JUDICIAL)**

|||||||| *5441701*

F̲ILED
ALAMEDA COUNTY

JUL 1 2 2007

CLERK OF THE SUPERIOR COURT
By⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                    Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
GLORIA JIMENEZ, individually, and on behalf of all others
similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 07-335321 |

Alameda County Superior Court

1225 Fallon Street                          Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jonathan Gertler                    Chavez & Gertler LLP
42 Miller Ave                       Mill Valley, CA 94941        PAT S. SWEETEN
(415) 381-5599

DATE:  JUL 1 2 2007         Clerk, by  _Dorothy L. Lee_  , Deputy
*(Fecha)*                   *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. January 1, 2004] <br> Martin Dean's Essential Forms ™ | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

Jimenez/407        ORIGINAL

*EXHIBIT 3*

1   CHAVEZ & GERTLER LLP
2   JONATHAN E. GERTLER (Bar No. 111531)
    JOSEPH R. IGELMUND (Bar No. 52493)
3   42 Miller Avenue, Mill Valley, CA 94941
    Tel: (415) 381-5599 Fax: (415) 381-5572
4
5   SCHNEIDER & WALLACE
    TODD M. SCHNEIDER (Bar No. 158253)
6   JOSHUA G. KONECKY (Bar No. 182897)
    180 Montgomery Street, Suite 2000
7   San Francisco, CA 94104
    Tel: (415) 421-7100 Fax: (415) 421-7105
8
9   LAW OFFICES OF RICARDO DE ROSA
    RICARDO DE ROSA (Bar No. 221226)
10  6640 Brook Falls Circle
    Stockton, California, 95219
11  Tel: (209) 345-7077 Fax: (209) 476-0443
12
    Attorneys for Plaintiff GLORIA JIMENEZ
13  And the Proposed Plaintiff Class

14          SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                     COUNTY OF ALAMEDA

16                     UNLIMITED JURISDICTION

17

18  GLORIA JIMENEZ, individually, and on      )  Case No: RG 07-335321
    behalf of all others similarly situated,   )
19                                             )  **CLASS ACTION**
            Plaintiff,                          )
20                                             )  **PROOF OF SERVICE OF SUMMONS,**
        vs.                                     )  **COMPLAINT, AND OTHER**
21                                             )  **INITIATING DOCUMENTS**
    PEROT SYSTEMS CORPORATION, a               )
22  Delaware Corporation; and DOES 1 to 50,    )
23                                             )
            Defendants                          )
24                                             )
25                                             )
26                                             )
27

ORIGINAL

28

PROOF OF SERVICE OF SUMMONS, COMPLAINT, AND OTHER INITIATING DOCUMENTS

FILED
ALAMEDA COUNTY
JUL 3 1 2007
CLERK OF THE SUPERIOR COURT
By S. Cooper
Deputy

SCANNED

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JONATHAN GERTLER, ESQ. (111531)<br>CHAVEZ & GERTLER<br>42 Miller Avenue<br>Mill Valley, California 94941<br>TELEPHONE NO.: (415) 381-5599    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): GLORIA JIMENEZ | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California  94612
BRANCH NAME:

| PLAINTIFF/PETITIONER: GLORIA JIMENEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PEROT SYSTEMS CORPORATION | RG07335321 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>W2480499 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* SUMMONS and COMPLAINT FOR DAMAGES; ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR THE ALAMEDA COUNTY SUPERIOR COURT; ALAMEDA COUNTY SUPERIOR COURT - NOTICE TO ALL PARTIES; CIVIL CASE COVER SHEET, WITH ADDENDUM

3. a. Party served *(specify name of party as shown on documents served):*
      PEROT SYSTEMS CORPORATION, a Delaware Corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      MARGARET WILSON, Authorized Agent Of CT Corporation System, Agent For Service Of Process

4. Address where the party was served: 818 West 7th Street
   Los Angeles, California  90017

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 7/16/2007    (2) at *(time):* 2:35 p.m.
   b. ☐ by substituted service. On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2
Code of Civil Procedure § 417.10

| PLAINTIFF/PETITIONER: GLORIA JIMENEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PEROT SYSTEMS CORPORATION | RG07335321 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* PEROT SYSTEMS CORPORATION, a Delaware Corporation
    under the following Code of Civil Procedure section:

      ☑ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                ☐ other:

7. Person who served papers
  a. Name: B. Anderson
  b. Address: Wheels of Justice, Inc., 657 Mission Street, Suite 502, San Francisco, California 94105
  c. Telephone number: (415) 546-6000
  d. The fee for service was: $
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
        (i) ☐ owner ☐ employee ☑ independent contractor.
        (ii) Registration No.: 3991
        (iii) County: Los Angeles

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: July 16, 2007

B. Anderson

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

                           _____
                                   (SIGNATURE)

POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

*EXHIBIT 4*

1    JOANNA L. BROOKS (State Bar #182986)
     ANNE V. LEINFELDER (State Bar #230272)
2    NICHOLAS HUA (State Bar #231035)
     JACKSON LEWIS LLP
3    199 Fremont Street, 10th Floor
     San Francisco, CA 94105
4    Telephone    415.394.9400
     Facsimile:    415.394.9401
5

     Attorneys for Defendant
6    PEROT SYSTEMS CORPORATION

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10

11    GLORIA JIMENEZ, individually, and on behalf     Case No. RG 07-335321
     of all others similarly situated,
12                             **DEFENDANT'S ANSWER TO**
13             Plaintiff,            **PLAINTIFF'S UNVERIFIED CLASS**
                                    **ACTION COMPLAINT**
14         v.
15    PEROT SYSTEMS CORPORATION, a
     Delaware Corporation; and DOES 1 to 50,
16                                 Complaint Filed:    July 12, 2007
           Defendants.             Trial Date:        None Set
17

18

19        Defendant PEROT SYSTEMS CORPORATION ("Defendant") hereby answers Plaintiff

20    GLORIA JIMENEZ' ("Plaintiff") unverified Class Action Complaint (the "Complaint").

21                              **GENERAL DENIAL**

22        Pursuant to Code of Civil Procedure section 431.30 subdivision (d), Defendant denies

23    each and every allegation contained in Plaintiff's unverified Complaint and denies that Plaintiff

24    was injured or damaged as alleged, or at all.

25                            **AFFIRMATIVE DEFENSES**

26        By way of affirmative defenses to the allegations of the Complaint herein, Defendant

27    alleges as follows:

28    ///

                                  1

### First Affirmative Defense
#### (Failure to State a Claim)

The Complaint, and all causes of action contained therein, fail to state facts sufficient to constitute a cause of action against Defendant.

### Second Affirmative Defense
#### (Failure to Mitigate Damages)

Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, if and to the extent that Plaintiff failed to exercise reasonable diligence to mitigate her alleged damages, if any.

### Third Affirmative Defense
#### (Unclean Hands)

Plaintiff is barred from recovery under this Complaint if and to the extent that she comes to this Court with unclean hands.

### Fourth Affirmative Defense
#### (Adequate Legal Remedies)

Any claim for equitable relief is barred, in whole or in part, to the extent Plaintiff has an adequate remedy at law.

### Fifth Affirmative Defense
#### (Statute of Limitations)

The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations, including without limitation Code of Civil Procedure section 338(a) or Code of Civil Procedure sections 340(a) and (b).

### Sixth Affirmative Defense
#### (Statute of Limitations)

The Complaint's Fifth Cause of Action is barred in whole or in part by the applicable statute of limitations, including without limitation Business and Professions Code section 17208.

### Seventh Affirmative Defense
#### (Lack of Standing)

The Complaint, and all causes of action contained therein, is barred to the extent Plaintiff lacks standing to bring the instant action on behalf of herself or other unnamed putative class members.

### Eighth Affirmative Defense
#### (Waiver)

The Complaint, and each cause of action contained therein, is barred by the doctrine of waiver.

### Ninth Affirmative Defense
#### (Good Faith)

To the extent Plaintiff seeks statutory penalties, such penalty must be barred or reduced to the extent Defendant acted in good faith and non-willfully.

### Tenth Affirmative Defense
#### (Estoppel)

The Complaint, and each cause of action contained therein, is barred by the doctrine of estoppel.

### Eleventh Affirmative Defense
#### (Laches)

The Complaint, and each cause of action contained therein, is barred by the doctrine of laches.

### Twelfth Affirmative Defense
#### (Failure To Notify Labor and Workforce Development Agency)

Defendant alleges, on information and belief, that the Complaint's First, Second, Third, and Fourth Causes of Action are barred to the extent Plaintiff was required and failed to notify the Labor and Workforce Development Agency, as required under Labor Code section 2699.3 subdivision (a)(1).

### Thirteenth Affirmative Defense

Defendant alleges, on information and belief, that the Complaint, and each cause of action contained therein, is barred to the extent Plaintiff, and the members of any purported class represented by Plaintiff, were at any time relevant herein exempt from the overtime provisions of the California Labor Code, the wage orders of the California Industrial Welfare Commission and/or applicable federal law.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT                    Case No. RG 07-335321

1.    That Plaintiff take nothing by way of her Complaint;

2.    That the Complaint and each claim for relief be dismissed in its entirety with prejudice;

3.    That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.    For costs of suit incurred herein, including reasonable attorney's fees, as and where permitted under California law; and

5.    For such other and further relief as the Court deems just and equitable.

Dated: August 21, 2007

JACKSON LEWIS LLP

By: _JoAnna L. Brooks_

JoAnna L. Brooks
Anne V. Leinfelder
Nicholas Hua
Attorney for Defendant
PEROT SYSTEMS CORPORATION,
a Delaware Corporation

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT    Case No. RG 07-335321

1

## PROOF OF SERVICE

2    I, Mary Stoner, declare that I am employed with the law firm of Jackson Lewis LLP,

3    whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4    age of eighteen (18) years and am not a party to this action.

5    On August 21, 2007, I served the attached document(s):

6    **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

7

8    in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

as follows:

9

10   Jonathan E. Gertler, Esq.                    Todd M. Schneider, Esq.
     Joseph R. Igelmund, Esq.                     Joshua G. Konecky, Esq.
     Chavez & Gertler LLP                         Schneider & Wallace
11   42 Miller Avenue                             180 Montgomery Street, Suite 2000
     Mill Valley, CA  94941                       San Francisco, CA  94104
12   Telephone:    415.381.5599                   Telephone:    415.421.7100
     Facsimile:    415.381.5572                   Facsimile:    415.421.7105
13
     Ricardo De Rosa, Esq.
14   Law Offices of Ricardo De Rosa
     6640 Brook Falls Circle
15   Stockton, CA  95219
     Telephone:    209.345.7077
16   Facsimile:    209.476.0443

17

18   [ X ]  **BY MAIL:**  United States Postal Service by placing sealed envelopes with the postage
            thereon fully prepaid, placed for collection and mailing on this date, following ordinary
19          business practices, in the United States mail at San Francisco, California.

20   [  ]   **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by Messenger Service
            to the above address.

21   [  ]   **BY OVERNIGHT DELIVERY:**  I caused such envelope(s) to be delivered to the above
22          address within 24 hours by OVERNIGHT EXPRESS service.

23   [  ]   **BY FACSIMILE:**  I caused such documents to be transmitted by facsimile to the
            telephone number(s) indicated above.

24   I declare under penalty of perjury under the laws of the State of California that the above

25   is true and correct.

26   Executed on August 21, 2007 at San Francisco, California.

27

28                                          _Mary Stoner_
                                            Mary Stoner

                                          5

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT          Case No. RG 07-335321

*EXHIBIT 5*

Chavez & Gertler LLP
Attn: Gertler, Janathan E.
42 Miller Avenue
Mill Valley, CA  94941-____

Wilson Sonsini Goodrich & Rosati
Attn: Brooks, Joanna L.
650 Page Mill Road
Palo Alto, CA  94304-1050

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Jimenez | | |
|---|---|---|
| | Plaintiff/Petitioner(s) | No. <u>RG07335321</u> |
| VS. | | Order |
| Perot Sysems Corporation, a Delaware Corporation | | Complaint Business Tort/Unfair Business Practice |
| | Defendant/Respondent(s) (Abbreviated Title) | |

The Complex Determination Hearing was set for hearing on 08/22/2007 at 02:00 PM in Department 20 before the Honorable Robert Freedman. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes to Department 20 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

Courtesy (bench) copies of all filing should be delivered directly to Dept. 20 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.20@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 20). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.

All motions and ex parte applications shall be noticed for hearing in Department 20. The parties shall reserve hearing dates and times by contacting the Department 20 courtroom clerk via email at Dept.20@alameda.courts.ca.gov. The courtroom clerk can also be contacted by phone at (510) 272-6165, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a

just, speedy and economical determination of the litigation.

The CCMC statements must address the following issues when applicable:

A.       A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B.  The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C.  Deadlines and limits on joinder of parties and amended or additional pleadings;

D.  Class discovery and class certification;

E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

   (1)  unserved parties and the reasons for the failure to serve;

   (2)  unserved and/or unfiled cross-complaints;

   (3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

   (4)  any possible jurisdictional or venue issues that may arise;

   (5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

   (6)  unresolved law and motion matters;

   (7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

   (8)  severance of issues for trial; and

   (9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date;  and

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

Dated:  08/22/2007

_____
                    Judge Robert Freedman

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG07335321
Order After Hearing Re: of 08/22/2007

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 08/22/2007.

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

*EXHIBIT 6*

K OF THE
IOR COURT
D·W
URT HOUSE
LLON STREET
LIFORNIA 94612-4280

*5486963*

UNITED ST
02 1A          $ 00.58D
0004618145.   AUG 23 2007
MAILED FROM ZIP CODE 94612



FILED
ALAMEDA COUNTY

SEP 1 9 2007

CLERK OF THE SUPERIOR COURT
By _____
                      Deputy

RG07335321

Left Company
Not At WSGR
Return To Sender

✓ Wilson Sonsini Goodrich & Rosati
Attn: Brooks, Joanna L.
650 Page Mill Road
Palo Alto, CA   94304-1050

9430481050 C081     Illulululllulullullullllullulullulul

*EXHIBIT 7*

Chavez & Gertler LLP
Attn: Gertler, Janathan E.
42 Miller Avenue
Mill Valley, CA  94941-____

Jackson Lewis LLP
Attn: Brooks, Joanna L.
199 Fremont Street
10th Floor
San Francisco, CA  94105-____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Jimenez | |
| --- | --- |
| Plaintiff/Petitioner(s) | No. RG07335321 |
| VS. | Case Management Order |
| Perot Sysems Corporation, a Delaware Corporation | Complaint Business Tort/Unfair Business Practice |
| Defendant/Respondent(s) (Abbreviated Title) | |

ORDER re: CASE MANAGEMENT

The Court has ordered the following after review of the case, including timely filed Case Management Statements, without a conference.

FURTHER CASE MANAGEMENT CONFERENCE

The Case Management Conference currently scheduled for 09/26/2007 is VACATED and continued to 10/04/2007 at 02:00 PM in Dept. 20.

OTHER ORDERS

1. The CMC is reset due to the unavailability of the Court on 9/26/07.

NOTICES

Clerk is directed to serve endorsed-filed copies of this order, with proof of service, to counsel and to self-represented parties of record by mail.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

Dated:  09/26/2007

_____
Judge Robert Freedman

---

Order

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG07335321
Case Management Conference Order of 09/26/2007

# DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 09/24/2007.

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

*EXHIBIT 8*

1  JOANNA L. BROOKS (State Bar #182986)
   ANNE V. LEINFELDER (State Bar #230272)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, CA 94105
   Telephone     415.394.9400
4  Facsimile:     415.394.9401

5  Attorneys for Defendant
   PEROT SYSTEMS CORPORATION, a Delaware
6  corporation

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

NOV – 1 2007

CLERK OF THE SUPERIOR COURT
By ___Barbara LaMotte___
                                    Deputy

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10

11  GLORIA JIMENEZ, individually, and on behalf       Case No. RG 07-335321
    of all others similarly situated,
12                                                    **STIPULATION AND PROTECTIVE**
              Plaintiff,                              **ORDER**
13
14        v.

15  PEROT SYSTEMS CORPORATION, a
    Delaware Corporation; and DOES 1 to 50,
16                                                    Complaint Filed:     July 12, 2007
              Defendants.                             Trial Date:          None Set
17

18

19        WHEREAS, Perot Systems Corporation ("Defendant") and Plaintiff Gloria Jimenez

20  ("Plaintiff") (collectively referred to herein as the "Parties") have agreed to mediate this action on

21  January 9, 2008 (the "Mediation Agreement"). Pursuant to the Mediation Agreement, Plaintiff

22  has agreed to produce documents and information in advance of the mediation, including, but

23  limited to, personnel records, time records and payroll records that support Plaintiff's claims as

24  alleged in the Complaint, some or all of which may constitute or contain confidential personnel,

25  financial, business and proprietary information which will be deemed confidential ("Confidential

26  Mediation Material"). Pursuant to the Mediation Agreement, Defendant has also agreed to

27  produce documents and information in advance of the mediation, including, but limited to, class

28  size and workweek wage and compensation data, policies and procedures as to implementation of

                                              1

1  alternative workweek schedules, methods for calculating overtime, policies for vacation benefits,

2  and organizational structure data, some or all of which may constitute or contain confidential

3  personnel, financial, business and proprietary information which will also be deemed Confidential

4  Mediation Material.

5  WHEREAS, the Parties desire to protect and preserve the confidential, private, proprietary

6  and trade secret nature of all such Confidential Mediation Material; and

7  WHEREAS, the disclosure or production of any such Confidential Mediation Material by

8  the means prescribed in this Stipulation and Protective Order shall not constitute a publication of

9  any such information or a waiver of the confidentiality, right to privacy, privilege or trade secret

10  protection that may otherwise apply; and

11  WHEREAS, it appears that good cause exists for the entry of a Protective Order setting

12  forth procedures for, and rules governing, the production and use of such Confidential Mediation

13  Material by the Parties.

14  NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between

15  the Parties herein through their respective counsel of record, that a Protective Order may be

16  entered in the following respects:

17  1.  **SCOPE**

18  a.  This Protective Order shall be applicable to and limit the use or disclosure

19  of the Confidential Mediation Material disclosed by the Parties pursuant to the Mediation

20  Stipulation and shall apply in all respects to:

21  i.  The Confidential Mediation Material;

22  ii.  All information, copies, extracts and complete or partial summaries

23  prepared or derived from the Confidential Mediation Material; and

24  iii.  Portions of briefs, memoranda or any writing filed with or

25  otherwise supplied to the Mediator, which include or refer to any such

26  Confidential Mediation Material that has been designated as "Confidential."

27  b.  Defendant has asserted that the Confidential Mediation Material is

28  privileged from discovery in this action under the attorney-client, work product, right to

2.

privacy, confidential proprietary and/or other applicable privileges or objections.  By this Stipulation and Protective Order, the Parties agree Defendant has not waived, and is not waiving, the protections of the attorney-client, work product, privacy, confidential proprietary and/or any other applicable privilege or objections.   Likewise, Defendant agrees Plaintiff is not waiving her objections or opposition to the assertion of the attorney-client, work product, privacy and/or other applicable privileges or objections asserted by Defendant.   Rather, the Parties intend to preserve their respective positions on these issues, and have agreed to enter into this Stipulation and Protective Order solely to facilitate the production of the Confidential Mediation Material.

2.   **DESIGNATION AS "CONFIDENTIAL"**

The Confidential Mediation Material is hereby designated "Confidential" pursuant to California Code of Civil Procedure sections 1775.10 and 1775.12; Evidence Code sections 703.5, 1115-1128 and 1152; Rojas v. Superior Court (Coffin) (2004) 33 Cal.4th 407.

3.   **LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL MEDIATION MATERIAL**

a.     No Confidential Mediation Material shall be disclosed by anyone receiving such Confidential Mediation Material to anyone other than those persons and Parties designated herein.  Confidential Mediation Material shall not be used, either directly or indirectly, by anyone receiving any such Confidential Mediation Material for any purpose whatsoever other than the preparation and participation in such mediation.

b.     The Confidential Mediation Material described by this Stipulation and Protective Order, and any summaries, copies, abstracts, or other documents derived in whole or in part from the Confidential Mediation Material, shall be used only for the purpose of the mediation of this action, and for no other purpose.  No Party shall disclose such Confidential Mediation Material outside of the mediation and this litigation.

c.     No Confidential Mediation Material shall be disclosed, disseminated or produced by any Party or person who has received such Confidential Mediation Material to any other person, except to the following:

3

i.      Attorneys of record for the Parties and their respective associates, paralegals, law clerks, secretaries, assistants and employees involved in the conduct of this litigation. Confidential Mediation Material can be reviewed by or disclosed to Plaintiff and putative class members, but no copies thereof shall be made or provided to Plaintiff or putative class members.

ii.     Outside consultants retained by any Party for the purpose of preparing or assisting in the mediation of this litigation, and their respective clerks and employees involved in assisting them in the mediation of this litigation, to the extent deemed necessary by counsel.

iii.    Any person who was involved in the preparation of the document or who lawfully received or reviewed the document or to whom the Confidential Mediation Material has previously been made readily available other than by the one receiving such Confidential Mediation Material in connection with this litigation.

iv.     The mediator and the mediator's staff.

v.      Any other person with the prior written consent of the Party who has produced such Confidential Mediation Material, or pursuant to Court Order.

d.      The Parties shall be entitled to protect the identity of their consultants. Accordingly, if a Party reveals information to any person described in subparagraph 3(c)(ii) who the Party retains as a consultant, then the Party need only notify each other Party, within one week of execution and prior to actual production of the Confidential Mediation Material, that such individual has executed an Acknowledgment and Agreement, but need not divulge the name of the individual executing the Acknowledgment and Agreement and need not serve a copy of the Acknowledgement and Agreement on any other Party at that time, but shall retain the Acknowledgement and Agreement executed by such consultant.

e.      The Parties and their respective attorneys, as defined above, consultants, and experts, will treat any and all information, copies, extracts and complete or partial

- 4 -

summaries of information, copies, extracts and complete or partial summaries of information derived from the Confidential Mediation Materials, as Confidential Mediation Materials pursuant to this Protective Order.

f.    The substance or content of Confidential Mediation Material as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth above.

## 4.    USE OF OWN DOCUMENTS BY PRODUCING PARTY

Nothing in this Protective Order shall limit the use by any Party, counsel or person of its own documents or information, even if such documents or information have been designated as Confidential Mediation Material.

## 5.    APPLICATION TO COURT

a.    This Protective Order shall not preclude or limit any Party's right to subsequently propound discovery which may include requests for production of documents or information that was previously exchanged as Confidential information for purposes of mediation. The producing party preserves all objections to said discovery requests on any ground which would be otherwise available.

b.    The Parties hereto, their counsel and all other persons who receive Confidential Mediation Material pursuant hereto, agree that any Party or other person injured by a violation of this Protective Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy. In the event any person shall violate or threaten to violate any terms of this Protective Order, the Parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. In the event that aggrieved party shall do so, the respondent person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law. All persons subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over it and them for the purpose of ordering and enforcing this Protective Order. The remedies set forth in

this subparagraph hereof are not exclusive to any other remedies that an aggrieved party may elect to pursue.

c.       Furthermore, by requesting the Court to enter this Protective Order and submitting to the jurisdiction of this Court for enforcement of any violations of this Protective Order, the Parties hereby agree that neither Party will be waiving whatever right it may have to proceed with binding arbitration.

d.       The Parties hereby agree that this Stipulation and Protective Order will be enforceable as to each party regardless of whether the Court executes this document.

6.    **AGREEMENT TO COOPERATE**

This Protective Order is entered for the purpose of facilitating the exchange of Confidential Mediation Material between the Parties solely in connection with mediation of this action without involving the Court unnecessarily in the mediation process. Accordingly, the Parties hereto and their respective attorneys of record agree to cooperate, meet and confer in good faith to ensure that the purposes of this Protective Order are achieved and facilitated.

7.    **NO ADMISSIONS**

Neither entering into this Stipulation and Protective Order, nor receiving any documents or other information designated as "Privileged or Confidential" shall be construed as an agreement or admission of any kind.

8.    **MODIFICATION – FURTHER AGREEMENT(S)**

Nothing contained herein shall restrict the power of the Court to modify this Protective Order or any term hereof in the interest of justice or for good cause shown. Additionally, nothing contained herein shall preclude any Party or counsel from seeking modification of this Stipulation and Protective Order from the Court upon proper notice to all other Parties, nor shall it preclude any of the Parties from entering into other written agreements designed to protect Confidential Mediation Material.

9.    **SURVIVAL OF ORDER – RETURN OF DOCUMENTS**

a.       The provisions of this Protective Order shall continue in effect until otherwise ordered by the Court after notice and opportunity to be heard is afforded to the

6

Parties and their counsel in this action. The final determination or settlement of this litigation shall not relieve any person or Party who has received Confidential Mediation Material or agreed to be bound by the terms of this Protective Order of the obligations provided hereunder. The Court shall retain jurisdiction after such final determination or settlement to enforce and implement the provisions of this Protective Order.

b.    Except as provided in subparagraph (c) herein below, upon entry of final termination of mediation, each Party or person subject to the terms of this Protective Order by reason of receipt of Confidential Mediation Material for any party shall either destroy or return to the Party from whom the information was received all documents and things designated as containing Confidential Mediation Material and shall certify under penalty of perjury within fifteen (15) days of written request by the other party, the destruction or return of all Confidential Mediation Material in writing. The return or destruction of such Confidential Mediation Material shall not relieve any Parties or persons from the obligations imposed by this Protective Order.

c.    At the conclusion of this litigation, counsel for each Party may retain a record, including the following, irrespective of whether or not Confidential Information of another party or of a third party is included: its correspondence file of this case, its pleadings file (including all briefs, memoranda, affidavits, and all papers served by/upon the party represented), and any briefs and appendix on appeal and all legal research memoranda.

## 10.    COUNTERPARTS

This Stipulation and Protective Order may be executed in counterparts and shall be deemed fully executed when each Party has signed and transmitted a counterpart to the other. All counterparts taken together shall constitute a single agreement. A facsimile signature shall have the some force and effect of an original signature.

///

///

///

7

1    IT IS SO STIPULATED

2

3    Dated: November 1, 2007

4
                                CHAVEZ & GERTLER LLP
5

6
                                By: _____
7                                   Jonathan E. Gertler
                                    Attorney for Plaintiff
8                                   Gloria Jimenez

9

10   Dated: November 1, 2007

11
                                SCHNEIDER & WALLACE
12

13                              By: _____
                                    Joshua Konecky
14                                  Attorney for Plaintiff
                                    Gloria Jimenez
15

16

17   Dated: November 1, 2007

18
                                JACKSON LEWIS LLP
19

20                              By: _____
                                    JoAnna L. Brooks
21                                  Anne V. Leinfelder
                                    Attorneys for Defendant
22                                  PEROT SYSTEMS CORPORATION,
                                    a Delaware Corporation
23

24

25

26

27

28

                                        8

STIPULATION AND PROTECTIVE ORDER

                                              Case No. RG 07-335321

1

## **PROTECTIVE ORDER**

2      Upon review of the Stipulation entered into by and between the Parties in the above-

3  referenced action, and good cause appearing therefor,

4      IT IS HEREBY ORDERED that the foregoing Stipulation and Protective Order is hereby

5  approved and the Parties and all persons are required to act in compliance therewith.

6

7

8  Dated: _____, 2007

9                                                    The Honorable Robert Freedman
                                                     Judge of the Superior Court
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1

## EXHIBIT "A"

2

3

## ACKNOWLEDGMENT AND AGREEMENT

4

The undersigned has received a copy of the Stipulation and Protective Order dated

5

_____, 2007, and hereby agrees to be bound by the terms of the Protective

6

Order.

7

8

Dated: _____        _____

9

(Name)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*EXHIBIT 9*

1  JOANNA L. BROOKS (State Bar #182986)
   ANNE V. LEINFELDER (State Bar #230272)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, CA 94105
   Telephone    415.394.9400
4  Facsimile:    415.394.9401

5  Attorneys for Defendant
   PEROT SYSTEMS CORPORATION, a Delaware
6  corporation

ENDORSED
FILED
ALAMEDA COUNTY

NOV 0 2 2007

CLERK OF THE SUPERIOR COURT
By    HOLLIE M. ADAMIC
                    Deputy

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10

11  GLORIA JIMENEZ, individually, and on behalf     Case No. RG 07-335321
    of all others similarly situated,
12                                                  **PROTECTIVE ORDER APPROVING
                                                    STIPULATION**
13              Plaintiff,

14      v.

15  PEROT SYSTEMS CORPORATION, a
    Delaware Corporation; and DOES 1 to 50,
16                                                  Complaint Filed:    July 12, 2007
                Defendants.                         Trial Date:         None Set
17

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

1

PROTECTIVE ORDER APPROVING STIPULATION                          Case No. RG 07-335321

1

## PROTECTIVE ORDER

2      Upon review of the Stipulation for Protective Order entered into by and between the

3 Parties in the above-referenced action, filed on November 1, 2007, and good cause appearing

4 therefor,

5      IT IS HEREBY ORDERED that the Stipulation for Protective Order, filed on November

6 1, 2007, is hereby approved and the Parties and all persons are required to act in compliance

7 therewith.

8

9

10 Dated: **Nov. 2**, 2007

11                                          _____
                                            The Honorable Robert Freedman
12                                          Judge of the Superior Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROTECTIVE ORDER APPROVING STIPULATION

Case No. RG 07-335321

*EXHIBIT 10*



CHAVEZ & GERTLER LLP
JONATHAN E. GERTLER (Bar No. 111531)
JOSEPH R. IGELMUND (Bar No. 52493)
42 Miller Avenue, Mill Valley, CA 94941
Tel: (415) 381-5599 Fax: (415) 381-5572

TODD M. SCHNEIDER (Bar No. 158253)
JOSHUA G. KONECKY (Bar No. 182897)
CHRISTIAN SCHREIBER (Bar No. 245597)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100 Fax: (415) 421-7105

RICARDO DE ROSA (Bar No. 221226)
LAW OFFICES OF RICARDO DE ROSA
6640 Brook Falls Circle
Stockton, California, 95219
Tel: (209) 345-7077 Fax: (209) 476-0443

Attorneys for Plaintiff GLORIA JIMENEZ
And the Proposed Plaintiff Class

**FILED**
**ALAMEDA COUNTY**

NOV 0 9 2007

CLERK OF THE SUPERIOR COURT
By _Hollie M. Adams_
                        Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| GLORIA JIMENEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50,<br><br>Defendants | Case No.: RG07-335321<br><br>[PROPOSED] COMPLEX CASE MANAGEMENT ORDER<br>Dept. 20<br><br>**BY FAX** |

1    An initial complex case management conference was held on November 1, 2007. Joshua

2  Konecky appeared on behalf of Plaintiff Gloria Jimenez and the putative class and Anne

3  Leinfelder appeared on behalf of Defendant Perot Systems Corporation.

4    Good cause appearing, the Court hereby CONTINUES the Case Management Conference

5  to January 24, 2008 at 2:00 PM in Department 20. Case Management Statements shall be filed

6  by January 17, 2008.

7    IT IS SO ORDERED.

8

9  Dated: November __9__, 2007

10

11

12                                         The Honorable Robert B. Freedman

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*EXHIBIT 11*



*6516221*

1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  JOSEPH R. IGELMUND (Bar No. 52493)
   42 Miller Avenue, Mill Valley, CA 94941
3  Tel: (415) 381-5599 Fax: (415) 381-5572
4
5  TODD M. SCHNEIDER (Bar No. 158253)
   JOSHUA G. KONECKY (Bar No. 182897)
6  CHRISTIAN SCHREIBER (Bar No. 245597)
   SCHNEIDER & WALLACE
7  180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
8  Tel: (415) 421-7100 Fax: (415) 421-7105
9
   RICARDO DE ROSA (Bar No. 221226)
10 LAW OFFICES OF RICARDO DE ROSA
   6640 Brook Falls Circle
11 Stockton, California, 95219
   Tel: (209) 345-7077 Fax: (209) 476-0443
12
13 Attorneys for Plaintiff GLORIA JIMENEZ
   and the Proposed Plaintiff Class
14

**FILED**
**ALAMEDA COUNTY**

MAR 21 2008

CLERK OF THE SUPERIOR COURT
By _____
                            Deputy

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                          COUNTY OF ALAMEDA

17                       UNLIMITED JURISDICTION          **BY FAX**

18

19 GLORIA JIMENEZ, individually, and on        )  RG 07335321
   behalf of all others similarly situated,    )
20                                             )  **CLASS ACTION**
                                               )
21                Plaintiff,                    )  **STIPULATION AND [PROPOSED]**
                                               )  **PROTECTIVE ORDER**
22         vs.                                  )  **REGARDING DISCLOSURE OF**
                                               )  **CONFIDENTIAL DOCUMENTS**
23 PEROT SYSTEMS CORPORATION, a               )
   Delaware Corporation; and DOES 1 to 50,     )
24                                             )
                                               )
25                Defendants                    )
                                               )
26                                             )
                                               )
27                                             )
                                               )
28                                             )

SCHNEIDER
& WALLACE

STIPULATION & [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321

1   Defendant Perot Systems Corporation ("Defendant") and Plaintiff Gloria Jimenez

2   ("Plaintiff") (collectively referred to herein as the "Parties") stipulate and agree to the following:

3        1.    "Receiving Party" means any party to the above-entitled action who may receive

4   any Confidential Information, as defined pursuant to paragraph 3 below.

5        2.    "Producing Party" means any person, whether or not a party to the above-entitled

6   action, who produces Confidential Information, as defined pursuant to paragraph 3.

7        3.    "Confidential Information" means any document, testimony, or other information

8   designated as "CONFIDENTIAL" by the Producing Party, and may include information that the

9   Producing Party may contend contains confidential business or technical information, proprietary

10  information, trade secrets, or other information considered by the Producing Party in good faith to

11  be confidential.

12       4.    This Protective Order shall apply to all documents, things, and information

13  designated as CONFIDENTIAL and produced by any party during the course of discovery and/or

14  at the time of trial, and all copies, excerpts, derivatives, or summaries thereof, including, without

15  limitation, documents produced, answers to requests for admissions, answers to interrogatories,

16  documents subpoenaed or produced in connection with deposition testimony, and deposition

17  transcripts (hereinafter referred to collectively as "Discovery Materials").

18       5.    Any party may designate as "CONFIDENTIAL" any Discovery Materials which

19  may contain Confidential Information, the disclosure of which to or by the Receiving Party

20  would, in the good faith judgment of the Producing Party, contains secret, proprietary, private, or

21  confidential information.

22       6.    Any party may designate information and/or documents as CONFIDENTIAL by so

23  indicating:

24       a.    in a discovery response if the discovery response is produced by the party wishing

25  to designate information;

26       b.    by stamping or affixing the appropriate legend "CONFIDENTIAL" on the face of

27  the document and on each page or portion thereof so designated. Any such designation shall

28

SCHNEIDER
& WALLACE

STIPULATION & [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321, Page 1

1   subject the document, its contents, and any portion thereof, to this Protective Order without any

2   further act on the party of the designating party;

3          c.      via written notification to the opposing party's counsel within thirty (30) calendar

4   days of receipt of discovery responses or documents from the opposing party so designating the

5   specific responses by number and/or documents by Bates number or Bates range;

6          d.      on the record at the deposition and, if preferred, requesting the preparation of a

7   separate transcript of such material; or

8          e.      via written notification to the opposing party's counsel within ten (10) calendar days

9   after receipt of the final deposition transcript specifying the pages of the transcript, exhibits

10  and/or videotape to be so designated.  Until the above-referenced 10-day period expires, the

11  complete deposition transcript (including exhibits) and videotape of any depositions shall be

12  treated as material unless otherwise specified in writing or on the record of the deposition by the

13  designating party.  All copies of deposition transcripts that contain CONFIDENTIAL material

14  shall be prominently marked CONFIDENTIAL on the cover thereof and on each page that

15  contains CONFIDENTIAL material and, if submitted with the Court, the portions of such

16  transcripts shall be so designated as well.

17         7.      The designation of Discovery Materials as CONFIDENTIAL, pursuant to this

18  Protective Order, shall not be construed as a concession by any party that such information is

19  relevant or material to any issue or is otherwise discoverable or admissible as evidence.

20         8.      The parties recognize that any documents produced as CONFIDENTIAL pursuant

21  to the terms of the Stipulated Protective Order entered into by the parties for purposes of

22  mediation will, subject to ¶¶s 17-18, also be treated as CONFIDENTIAL pursuant to the terms of

23  this Protective Order and that it will not be necessary to re-produce and re-label such documents

24  in response to formal discovery requests.  For all documents produced as CONFIDENTIAL prior

25  to the execution of the Stipulated Protective Order, the deadlines set forth in ¶¶17-18 of this

26  Agreement will begin to run from the date of the entry of order by the Court approving this

27  Agreement, and the Receiving Party will have twenty (20) court days to challenge any previous

28  designation of CONFIDENTIAL for these documents.

SCHNEIDER
& WALLACE

9.      Each party that designates information or items for protection under this order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g. to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this order.

10.     All CONFIDENTIAL Discovery Materials received by any party, and the information contained therein, may be provided by the Receiving Party only to the following persons, except upon the prior written consent of the Producing Party or upon further Order of this Court:

a.      Any individually named party;

b.      Any persons employed by any corporate defendant and who has authority to make strategic decisions regarding this litigation;

c.      Counsel of record for the Receiving Party, including employees of said counsel;

d.      Any experts or consultants retained by the Receiving Party or by its counsel of record, including secretarial and clerical personnel to said experts and/or consultants, as set forth in paragraphs 12 and 13 of this Protective Order;

e.      The authors, senders, addressees, and designated copy recipients of the CONFIDENTIAL Discovery Materials;

f.      Any other person whom the parties may later agree in writing will be bound by the terms of this Protective Order, including a third party (who is not employed by a known competitor) who may arrange for copying of documents pursuant to this Protective Order; and

g.      The Court and Court personnel, including stenographic reporters, and the jury for the trial of this matter.

SCHNEIDER & WALLACE

STIPULATION & [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
Jimenez v. Perot Systems Corp., Case No. RG07-335321, Page 3

11.    All CONFIDENTIAL Discovery Materials shall be used by the Receiving Party only for purposes directly related to discovery, preparation for trial, and/or trial in this action and for no other purpose. CONFIDENTIAL Discovery Materials shall not be disclosed by the Receiving Party to any person, entity, or governmental agency or otherwise made public except in compliance with the terms of this Protective Order. Counsel for the Receiving Party shall ensure that each of the attorneys and/or other individuals associated with them by employment or otherwise in the handling of this action has read and become thoroughly familiar with the terms of this Protective Order.

12.    Prior to the disclosure of any CONFIDENTIAL Discovery Materials, counsel for the Receiving Party shall serve upon such expert and/or consultant a copy of this Protective Order. Additionally, each expert and/or consultant shall sign an Agreement to be Bound by Protective Order, the form of which is attached hereto, to be retained by the Receiving Party's counsel. Upon noticed motion, and with a showing of good cause, the Producing Party may request that the identities of the experts and/or consultants to whom its CONFIDENTIAL Discovery Materials were disclosed be disclosed to the Producing Party. Any disclosure of the identities of experts and/or consultants compelled by any order entered pursuant to such a motion shall not be deemed a waiver of the attorney-client privilege or attorney work-product doctrine.

12.    Each person to whom disclosure of CONFIDENTIAL Discovery Materials is made in accordance with paragraph 9(d) or 9(f), above, of this Protective Order must consent in writing to be bound by the terms of this Protective Order by signing the Agreement to be Bound by Protective Order, and to be subject to the jurisdiction of this Court for appropriate proceedings in the event of any violation or alleged violation of this Protective Order. Counsel of record for all parties, including employees of such counsel, are deemed to be bound by the terms of this Protective Order and to be subject to the jurisdiction of this Court for appropriate proceedings in the event of any violation or alleged violation of this Protective Order.

13.    The parties, their counsel, and consultants, experts and/or others to whom CONFIDENTIAL Discovery Materials are disclosed shall at all times keep secure all notes, abstractions, or other work product derived from or containing CONFIDENTIAL Discovery

SCHNEIDER
& WALLACE

1   Materials; shall be obligated to maintain the confidentiality of such notes, abstractions, or other

2   work product; and shall not disclose or reveal the contents of said notes, abstractions, or other

3   work product after the CONFIDENTIAL Discovery Materials from which they were derived

4   have been returned or destroyed pursuant to paragraph 22, below, of this Protective Order.

5   Similarly, parties' counsel, consultants, and experts to whom HIGHLY CONFIDENTIAL

6   Discovery Materials are disclosed shall at all times keep secure all notes, abstractions, or other

7   work product derived from or containing Discovery Materials; shall be obligated to maintain the

8   confidentiality of such notes, abstractions, or other work product' and shall not disclose or reveal

9   the contents of said notes, abstractions or to her work product after the Discovery materials from

10  which they were derived have been returned or destroyed pursuant to paragraph 22, below of this

11  Protective Order.

12      14.   Nothing in this Order shall be construed to prevent any party from making any

13  CONFIDENTIAL Discovery Materials part of the Court record in this action as may be deemed

14  relevant in connection with any pretrial motion or at the trial of this action, provided, however,

15  that the confidentiality of such CONFIDENTIAL Discovery Materials shall be protected to the

16  greatest extent possible in conformance with this Protective Order.  Any party who files or

17  intends to file with the Court CONFIDENTIAL Discovery Materials, and does not intend to

18  request to have the Discovery Materials sealed, must comply with the notice and lodging

19  procedures set forth in Rule 2.551 of the California Rules of Court to file and lodge any

20  documents containing CONFIDENTIAL material under seal.

21      15.   Nothing in this Protective Order shall be interpreted to prohibit or prevent the

22  Producing Party from using or discussing its own CONFIDENTIAL Discovery Materials in any

23  way it sees fit to so use or discuss.

24      16.   Nothing in this Protective Order shall be interpreted to require disclosure of

25  Discovery Materials, which the Producing Party contends are protected from disclosure by the

26  attorney-client privilege or the attorney work-product doctrine.

27      17.   The following procedures shall apply to any disputes arising from the

28  CONFIDENTIAL designation of Discovery Materials subject to this Protective Order:

SCHNEIDER
& WALLACE

STIPULATION & [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321, Page 5

1       a.    If the Receiving Party in good faith disagrees with a CONFIDENTIAL designation,

2  the Receiving Party shall inform counsel for the Producing Party in writing of the disagreement

3  within a reasonable time, not exceeding ten (10) court days of the Receiving Party's receipt of the

4  designated Discovery Materials, unless an alternative deadline has been agreed to by the parties;

5       b.    Written notification pursuant to paragraph 17(a), above, shall include identification

6  of the Discovery Materials at issue with particularity and a statement of the grounds upon which

7  the CONFIDENTIAL designation is contested;

8       c.    Upon receipt of written notification that the Receiving Party disagrees with a

9  CONFIDENTIAL designation, counsel will confer in an effort to resolve the dispute without

10  Court intervention;

11       d.    If the dispute is not resolved within twenty (20) court days of the Producing Party's

12  receipt of the Receiving Party's written notification, unless an alternative deadline has been

13  agreed to by the parties, the designating party shall file a motion for a protective order or other

14  such request (if the court procedures permit or prefer resolution of such disputes means other than

15  a fully noticed motion) to preserve the confidentiality of the material. If the designating party

16  does not bring the motion or request within the time period stated above, then the material shall

17  no longer be designated as CONFIDENTIAL. The burden at all times shall be on the Producing

18  Party to establish the basis for the CONFIDENTIAL designation claimed.

19     18.    All Discovery Materials designated as CONFIDENTIAL shall retain that

20  designation and shall remain subject to the terms of this Protective Order until such time as the

21  Court renders a decision or the parties agree that a particular DISCOVERY MATERIAL is not

22  subject to this Protective Order and/or that the CONFIDENTIAL designation pertaining thereto

23  should be modified or vacated, and any and all proceedings or interlocutory appeals challenging

24  such decision have been concluded.

25     19.    Counsel for the Receiving Party or other individuals identified in paragraph 9,

26  above, of this Protective Order are restrained from using, disclosing, or otherwise divulging the

27  CONFIDENTIAL Discovery Materials produced by the Producing Party, as well as any

28

SCHNEIDER
& WALLACE

STIPULATION & [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321, Page 6

1  information derived from such material, in the prosecution or defense of any case other than the

2  above-entitled action.

3      20.    Within forty-five (45) days after the entry of a final judgment in the above-entitled

4  action, including resolution of appeals or petitions for review, all Discovery Materials which have

5  been designated as CONFIDENTIAL pursuant to this Protective Order, and all copies thereof,

6  including but not limited to those in possession of counsel for the Receiving Party and in the

7  possession of the person(s) executing the form(s) provided for in paragraph 9, above, of this

8  Protective Order, excluding excerpts incorporated into any privileged or work product materials

9  of the parties, and excepting such materials which have become a part of the record in the action,

10  shall be returned to counsel for the Producing Party.  Privileged or work product materials into

11  which CONFIDENTIAL Discovery Materials have been incorporated, and/or CONFIDENTIAL

12  Discovery Materials which have been annotated, highlighted, interlined or otherwise marked so

13  as to indicate or reveal the thought processes or work product of counsel, may be (a) destroyed no

14  later than forty-five (45) days following the entry of a final judgment in the above-entitled action,

15  including resolution of appeals or petitions for review, or (b) retained by counsel, subject to the

16  provisions of this Protective Order.  Written notice of the election of either destruction or

17  retention shall be given to counsel for the Producing Party no later than forty-five (45) days

18  following the entry of a final judgment in the above-entitled action, including resolution of

19  appeals or petitions for review.

20      21.    The inadvertent or unintentional production of Discovery Materials containing, or

21  otherwise disclosing, confidential, privileged, private, proprietary, or trade secret information

22  without being designated CONFIDENTIAL at the time of production or disclosure shall not be

23  deemed a waiver in whole or in part of the claim of confidentiality or privilege, either as to the

24  specific information disclosed or as to any other information relating thereto on the same or

25  related subject matter.  Any issue of waiver, to the extent contested by the parties, shall be

26  determined by this Court.  Any error in designation shall be corrected as soon as reasonably

27  possible after the Producing Party becomes aware of the error.

28

SCHNEIDER
& WALLACE

STIPULATION & [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
Jimenez v. Perot Systems Corp., Case No. RG07-335321, Page 7

22.     Unless otherwise agreed to in writing by the parties or ordered by this Court, this Protective Order shall remain in effect after the final resolution of this dispute by any means, and this Court shall retain jurisdiction to enforce this Protective Order.

23.     Any Party may apply to this Court, upon written notice, in accordance with the Rules of this Court, for an order amending, modifying, or vacating this Protective Order.

IT IS SO STIPULATED

Dated:  March 20, 2008

CHAVEZ & GERTLER LLP

SCHNEIDER AND WALLACE

LAW OFFICES OF RICARDO DE ROSA

By: _____
        Joshua Konecky
        Attorney for Plaintiff
        Gloria Jimenez

Dated:  March _20_, 2008

JACKSON LEWIS LLP

By: _____
        JoAnna L. Brooks
        Anne V. Leinfelder
        Attorney for Defendant
        PEROT SYSTEMS CORPORATION,
        a Delaware Corporation

SCHNEIDER
& WALLACE

STIPULATION & [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
Jimenez v. Perot Systems Corp., Case No. RG07 335321, Page 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

SCHNEIDER
& WALLACE

1

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

2

3          I acknowledge my understanding that Confidential Documents and/or Discovery Materials,
4   as defined in the Protective Order Regarding Disclosure of Confidential Documents entered in the
    matter of *Jimenez v. Perot Systems Corp.*, Case No. RG07-335321, Superior Court of California,
5   County of Alameda, are being provided to me pursuant to the terms and conditions of such
    Protective Order.  My signature below constitutes an acknowledgment that I have read the
6   Protective Order and agree to be bound by its terms and conditions.

7

8

9

10  Signed: _____

11

12  Printed Name: _____

13

14  Date: _____

15

16

17

18  Witness: _____

19

20  Printed Name: _____

21

22

23

24

25

26

27

28

SCHNEIDER
& WALLACE

STIPULATION & PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROTECTIVE ORDER

Upon review of the foregoing Stipulation regarding disclosure of confidential documents by and between the Parties in the above referenced action, and good cause appearing therefore,

IT IS HEREBY ORDERED that the foregoing Stipulation and Protective Order is hereby approved and the Parties and all persons are required to act in compliance therewith.

Dated: _____, 2008        _____

The Honorable Robert Freedman
Judge of the Superior Court

SCHNEIDER
& WALLACE

STIPULATION & PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321

**PROOF OF SERVICE**

*Jimenez, et al. v Perot Systems Corp*, Case No. RG07-335321

I am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within entitled action; my business address is 180 Montgomery Street, Suite 2000, San Francisco, CA 94104.

On March 21, 2008, I served the following document(s) described as:

- **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS**

**BY U.S. MAIL:** I served the said document(s) on the interested parties by placing true copies thereof enclosed in sealed envelopes and /or packages, and deposited in the mail with the postage thereon fully prepaid addressed as follows:

Joanna L. Brooks
Tim Travelstead
Anne V. LeinFelder
**JACKSON LEWIS, LLP**
199 Fremont St, 10th Floor
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on March 21, 2008, at San Francisco, California.

Mildred De La Rosa

*EXHIBIT 12*



1   JOANNA L. BROOKS (State Bar #182986)
2   ANNE V. LEINFELDER (State Bar #230272)
    JACKSON LEWIS LLP
3   199 Fremont Street, 10th Floor
    San Francisco, CA 94105
    Telephone    415.394.9400
4   Facsimile:    415.394.9401

5   Attorneys for Defendant
    PEROT SYSTEMS CORPORATION

6

7

ENDORSED
FILED
ALAMEDA COUNTY

MAR 2 1 2008

CLERK OF THE SUPERIOR COURT
By    HOLLIE M. ADAMIC
                              Deputy

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10

11   GLORIA JIMENEZ, individually, and on behalf          Case No. RG 07-335321
     of all others similarly situated,
12                                                        [~~PROPOSED~~] ORDER RE COMPLEX
13                   Plaintiff,                           CASE MANAGEMENT CONFERENCE

14         v.

15   PEROT SYSTEMS CORPORATION, a
     Delaware Corporation; and DOES 1 to 50,
16
                     Defendants.                          Complaint Filed:    July 12, 2007
17                                                        Trial Date:         None Set

18

19

20

21

22

23

24

25

26

27

28

                                          1

ORDER REGARDING COMPLEX CASE MANAGEMENT CONFERENCE          Case No. RG 07-335321

1    A Case Management Conference was held on Friday February 22, 2008. Jonathan Gertler

2 and Joshua Konecky appeared on behalf of Plaintiff Gloria Jimenez. JoAnna Brooks appeared on

3 behalf of Defendant, Perot Systems Corporation. After a review of the case, the Court hereby

4 orders the following:

5    A further Case Management Conference is set for April 18, 2008 at 10:00 a.m. in

6 Department 20. The parties shall file a joint case management statement five (5) calendar days

7 prior to the conference as scheduled.

8    IT IS SO ORDERED.

9

10 Dated: MAR 2 1 2008
_____, 2008                         ROBERT FREEDMAN

11                                          _____

12                                          The Honorable Robert Freedman
                                            Judge of the Superior Court

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER REGARDING COMPLEX CASE MANAGEMENT CONFERENCE                    Case No. RG 07-335321

1

## PROOF OF SERVICE

2      I, Mary Stoner, declare that I am employed with the law firm of Jackson Lewis LLP,

3  whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4  age of eighteen (18) years and am not a party to this action.

5      On March 10, 2008, I served the attached document(s):

6      **(PROPOSED) ORDER RE COMPLEX CASE**

7      **MANAGEMENT CONFERENCE**

8  in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

   as follows:

9

10  Jonathan E. Gertler, Esq.                    Todd M. Schneider, Esq.
    Joseph R. Igelmund, Esq.                     Joshua G. Konecky, Esq.
11  Chavez & Gertler LLP                         Schneider & Wallace
    42 Miller Avenue                             180 Montgomery Street, Suite 2000
    Mill Valley, CA 94941                         San Francisco, CA 94104
12  Telephone:   415.381.5599                    Telephone:   415.421.7100
    Facsimile:   415.381.5572                    Facsimile:   415.421.7105
13

14  Ricardo De Rosa, Esq.                        Daniel B. Siegel, Esq.
    Law Offices of Ricardo De Rosa              Law Offices of Daniel B. Siegel
15  6640 Brook Falls Circle                      2418 Woolsey Street
    Stockton, CA 95219                           Berkeley, CA 94705
    Telephone:   209.345.7077                    Telephone:   510.684.5580
16  Facsimile:   209.476.0443                    Facsimile:   510.540.5840

17  [ X ]  <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with the postage
           thereon fully prepaid, placed for collection and mailing on this date, following ordinary
18         business practices, in the United States mail at San Francisco, California.

19  [  ]   <u>BY HAND DELIVERY</u>:  I caused such envelope(s) to be delivered by Messenger Service
           to the above address.
20

21  [  ]   <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered to the above
           address within 24 hours by OVERNIGHT EXPRESS service.

22  [  ]   <u>BY FACSIMILE</u>:  I caused such documents to be transmitted by facsimile to the
           telephone number(s) indicated above.
23

24      I declare under penalty of perjury under the laws of the State of California that the above

   is true and correct.
25

26      Executed on March 10, 2008 at San Francisco, California.

27

28
                                                    _Mary Stoner_
                                                    Mary Stoner
                                    3
ORDER REGARDING COMPLEX CASE MANAGEMENT CONFERENCE                    Case No. RG 07-335321

*EXHIBIT 13*

*RCO*

*6180979*

1   CHAVEZ & GERTLER LLP
    JONATHAN E. GERTLER (Bar No. 111531)
2   JOSEPH R. IGELMUND (Bar No. 52493)
    42 Miller Avenue, Mill Valley, CA 94941
3   Tel: (415) 381-5599 Fax: (415) 381-5572

4
    TODD M. SCHNEIDER (Bar No. 158253)
5   JOSHUA G. KONECKY (Bar No. 182897)
    CHRISTIAN SCHREIBER (Bar No. 245597)
6   SCHNEIDER & WALLACE
    180 Montgomery Street, Suite 2000
7   San Francisco, CA 94104
    Tel: (415) 421-7100 Fax: (415) 421-7105
8

9   RICARDO DE ROSA (Bar No. 221226)
    LAW OFFICES OF RICARDO DE ROSA
10  6640 Brook Falls Circle
    Stockton, California, 95219
11  Tel: (209) 345-7077 Fax: (209) 476-0443

12

13  Attorneys for Plaintiff GLORIA JIMENEZ
    and the Proposed Plaintiff Class

14

15          SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                    COUNTY OF ALAMEDA

17                   UNLIMITED JURISDICTION

18

19  GLORIA JIMENEZ, individually, and on       )   RG07335321
    behalf of all others similarly situated,    )
20                                              )   CLASS ACTION
                  Plaintiff,                     )
21                                              )
                                                )   PROTECTIVE ORDER
22          vs.                                  )   REGARDING DISCLOSURE OF
                                                )   CONFIDENTIAL DOCUMENTS
23  PEROT SYSTEMS CORPORATION, a                )
    Delaware Corporation; and DOES 1 to 50,     )
24                                              )
                  Defendants                     )
25                                              )
                                                )
26                                              )
                                                )
27                                              )
                                                )
28                                              )

FILED
ALAMEDA COUNTY

MAR 2 5 2008

CLERK OF THE SUPERIOR COURT
By _Hollie M. Adams_
                    Deputy

SCHNEIDER
& WALLACE

STIPULATION & [PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321

1
2          **PROTECTIVE ORDER**
3          Upon review of the foregoing Stipulation regarding disclosure of confidential documents by
4    and between the Parties in the above referenced action, and good cause appearing therefore,
5          IT IS HEREBY ORDERED that the foregoing Stipulation and Protective Order is hereby
6    approved and the Parties and all persons are required to act in compliance therewith.
7
8    Dated: March 25, 2008
9                                                The Honorable Robert Freedman
10                                               Judge of the Superior Court
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCHNEIDER
& WALLACE

STIPULATION & PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL DOCUMENTS
*Jimenez v. Perot Systems Corp.*, Case No. RG07-335321

*EXHIBIT 14*

*6485399*



1  JOANNA L. BROOKS (State Bar #182986)
   TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2  ANNE V. LEINFELDER (State Bar #230272)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA 94105
4  Telephone    415.394.9400
   Facsimile    415.394.9401
5
6  Attorneys for Defendant
   PEROT SYSTEMS CORPORATION, a Delaware
7  corporation

**FILED**
**ALAMEDA COUNTY**

APR - 2 2008

CLERK OF THE SUPERIOR COURT
By _____
                          Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10

11  GLORIA JIMENEZ, individually, and on behalf      Case No. RG 07-335321
    of all others similarly situated,
12                                                    **NOTICE OF ENTRY OF ORDER RE**
                    Plaintiff,                        **COMPLEX CASE MANAGEMENT**
13                                                    **CONFERENCE**
         v.
14                                                         BY FAX
    PEROT SYSTEMS CORPORATION, a
15  Delaware Corporation; and DOES 1 to 50,
                                                     Complaint Filed:    July 12, 2007
16                  Defendants.                       Trial Date:         None Set

17

18

19        PLEASE TAKE NOTICE that the Order Re Complex Case Management Conference was

20  entered and filed on March 21, 2008. A true and correct copy of the Order is attached hereto as

21  Exhibit "A".

22  Dated: March 31, 2008

23                                     JACKSON LEWIS LLP

24

25                          By: _Joanna L. Brooks_

26                              Joanna L. Brooks
                                Timothy C. Travelstead
27                              Anne V. Leinfelder
                                Attorneys for Defendant
28                              PEROT SYSTEMS CORPORATION,
                                a Delaware Corporation

1

**EXHIBIT A**

1   JOANNA L. BROOKS (State Bar #182986)
2   ANNE V. LEINFELDER (State Bar #230272)
    JACKSON LEWIS LLP
3   199 Fremont Street, 10th Floor
    San Francisco, CA  94105
4   Telephone    415.394.9400
    Facsimile:    415.394.9401
5   Attorneys for Defendant
6   PEROT SYSTEMS CORPORATION

ENDORSED
FILED
ALAMEDA COUNTY

MAR 2 1 2008

CLERK OF THE SUPERIOR COURT
By  HOLLIE M. ADAMIC
                        Deputy

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10

11  GLORIA JIMENEZ, individually, and on behalf
    of all others similarly situated,                Case No. RG 07-335321
12
                    Plaintiff,                       [PROPOSED] ORDER RE COMPLEX
13                                                   CASE MANAGEMENT CONFERENCE
14          v.
15  PEROT SYSTEMS CORPORATION, a
    Delaware Corporation; and DOES 1 to 50,
16                                                   Complaint Filed:   July 12, 2007
                    Defendants.                      Trial Date:        None Set
17

18

19

20

21

22

23

24

25

26

27

28

                                            1
ORDER REGARDING COMPLEX CASE MANAGEMENT CONFERENCE
                                                        Case No. RG 07-335321

1    A Case Management Conference was held on Friday February 22, 2008. Jonathan Gertler

2  and Joshua Konecky appeared on behalf of Plaintiff Gloria Jimenez. JoAnna Brooks appeared on

3  behalf of Defendant, Perot Systems Corporation. After a review of the case, the Court hereby

4  orders the following:

5    A further Case Management Conference is set for April 18, 2008 at 10:00 a.m. in

6  Department 20. The parties shall file a joint case management statement five (5) calendar days

7  prior to the conference as scheduled.

8    IT IS SO ORDERED.

9

10  Dated: MAR 2 1 2008 _____, 2008

ROBERT FREEDMAN

11
The Honorable Robert Freedman
Judge of the Superior Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

ORDER REGARDING COMPLEX CASE MANAGEMENT CONFERENCE

Case No. RG 07-335321

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I, Mary Stoner, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On March 10, 2008, I served the attached document(s):

## (PROPOSED) ORDER RE COMPLEX CASE MANAGEMENT CONFERENCE

in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed as follows:

Jonathan E. Gertler, Esq.
Joseph R. Igelmund, Esq.
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA 94941
Telephone:    415.381.5599
Facsimile:    415.381.5572

Todd M. Schneider, Esq.
Joshua G. Konecky, Esq.
Schneider & Wallace
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:    415.421.7100
Facsimile:    415.421.7105

Ricardo De Rosa, Esq.
Law Offices of Ricardo De Rosa
6640 Brook Falls Circle
Stockton, CA 95219
Telephone:    209.345.7077
Facsimile:    209.476.0443

Daniel B. Siegel, Esq.
Law Offices of Daniel B. Siegel
2418 Woolsey Street
Berkeley, CA 94705
Telephone:    510.684.5580
Facsimile:    510.540.5840

[X]    BY MAIL:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[ ]    BY HAND DELIVERY:  I caused such envelope(s) to be delivered by Messenger Service to the above address.

[ ]    BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above address within 24 hours by OVERNIGHT EXPRESS service.

[ ]    BY FACSIMILE:  I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 10, 2008 at San Francisco, California.

_Mary Stoner_
Mary Stoner

3

ORDER REGARDING COMPLEX CASE MANAGEMENT CONFERENCE

Case No. RG 07-335321

1                               **PROOF OF SERVICE**

2           I, Mary Stoner, declare that I am employed with the law firm of Jackson Lewis LLP,

3 whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4 age of eighteen (18) years and am not a party to this action.

5           On April 2, 2008, I served the attached document(s):

6           **NOTICE OF ENTRY OF ORDER RE COMPLEX CASE**

7           **MANAGEMENT CONFERENCE**

in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

8 as follows:

9

| | |
|---|---|
| Jonathan E. Gertler, Esq. | Todd M. Schneider, Esq. |
| Joseph R. Igelmund, Esq. | Christian Schreiber, Esq. |
| Chavez & Gertler LLP | Joshua G. Konecky, Esq. |
| 42 Miller Avenue | Schneider & Wallace |
| Mill Valley, CA 94941 | 180 Montgomery Street, Suite 2000 |
| Telephone:    415.381.5599 | San Francisco, CA 94104 |
| Facsimile:    415.381.5572 | Telephone:    415.421.7100 |
| | Facsimile:    415.421.7105 |

14 Ricardo De Rosa, Esq.
15 Law Offices of Ricardo De Rosa
6640 Brook Falls Circle
16 Stockton, CA 95219
Telephone:    209.345.7077
Facsimile:    209.476.0443

17

18 [ X ]   **BY MAIL:** United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

19

20 [ ]   **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by Messenger Service to the above address.

21 [ ]   **BY OVERNIGHT DELIVERY:** I caused such envelope(s) to be delivered to the above address within 24 hours by OVERNIGHT EXPRESS service.

22

23 [ ]   **BY FACSIMILE:** I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

24           I declare under penalty of perjury under the laws of the State of California that the above

25 is true and correct.

26           Executed on April 2, 2008 at San Francisco, California.

27

28                                 _Mary Stoner_
                                          Mary Stoner

2

*EXHIBIT B*

JOANNA L. BROOKS (State Bar #182986)
TIMOTHY C. TRAVELSTEAD (State Bar #215260)
ANNE V. LEINFELDER (State Bar #230272)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Telephone    415.394.9400
Facsimile:    415.394.9401

Attorneys for Defendant
PEROT SYSTEMS CORPORATION, a Delaware
corporation

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

| | |
|---|---|
| GLORIA JIMENEZ, individually, and on behalf of all others similarly situated, | Case No. RG 07-335321 |
| Plaintiff, | |
| v. | NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT |
| PEROT SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 50, | |
| Defendants. | |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTE THAT a Notice of Removal of this action was filed in the United States District Court for the Northern District of California on May 23, 2008. A copy of said Notice of Removal is attached to this Notice, and is served and filed herewith.

Dated: May 23, 2008

JACKSON LEWIS LLP

By: _____
JoAnna L. Brooks
Timothy C. Travelstead
Anne V. Leinfelder
Attorneys for Defendant
PEROT SYSTEMS CORPORATION,
a Delaware Corporation

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On May 23, 2008, I served the attached document(s):

**NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT**

in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed as follows:

Jonathan E. Gertler, Esq.
Joseph R. Igelmund, Esq.
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA 94941
Telephone:   415.381.5599
Facsimile:    415.381.5572
**By Overnight Delivery**

Todd M. Schneider, Esq.
Christian Schreiber, Esq.
Joshua G. Konecky, Esq.
Schneider Wallace Cottrell Brayton
        Konecky LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:    415.421.7100
Facsimile:     415.421.7105
**By Overnight Delivery**

Ricardo De Rosa, Esq.
Law Offices of Ricardo De Rosa
6640 Brook Falls Circle
Stockton, CA 95219
Telephone:   209.345.7077
Facsimile:    209.476.0443
**By Overnight Delivery**

[ ]    BY MAIL:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[ X ]    BY HAND DELIVERY:  I caused such envelope(s) to be delivered by Messenger Service to the above address.

[ X ]    BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above address within 24 hours by OVERNIGHT EXPRESS service.

[ ]    BY FACSIMILE:  I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2

1    Executed on May 23, 2008 at San Francisco, California.

2

3                                       _____

4                                        LINDA A. MOORE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT                Case No. RG 07-335321

*EXHIBIT C*

5-2-7-08  2:50

SUM-100

# SU MONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Perot Systems Corporation and Does 1-25, inclusive

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
</table>

# F I L E D
### APR 2 9 2008

ALEX CALVO, CLERK
BY JENNIFER SAMBRAILO
DEPUTY, SANTA CRUZ COUNTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Raul Mancera

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of Santa Cruz<br>701 Ocean Street, Room 110<br><br>Santa Cruz, CA   95060 | CASE NUMBER:<br>*(Número del Caso):* CV 160155 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FRANK A. JELINCH, ESQ. SBN 42890          408-366-6300     408-252-3936
LAW OFFICE OF FRANK A. JELINCH
20045 STEVENS CREEK BLVD., #2G
CUPERTINO, CA   95014
DATE: April 29, 2008          **ALEX CALVO**    Clerk, by __**JENNIFER SAMBRAILO**_____, Deputy
*(Fecha)*                                          *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☑ on behalf of *(specify):* PEROT SYSTEMS CORPORATION<br><br>under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)<br>        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br>        ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

Legal
Solutions

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

MAY-28-2008 03:27PM    FAX:            ID:PEROT SYSTEMS            PAGE:002  R=100%

1  FRANK A. JELINCH, ESQ. - SBN 42890
   LAW OFFICE OF FRANK A. JELINCH
2  20045 Stevens Creek Boulevard, Suite 2G
   Cupertino, CA  95014
3  Tel.:    408-366-6300
   Fax:    408-252-3936
4
5  Attorney for Plaintiff

6

7

8              SUPERIOR COURT OF CALIFORNIA, SANTA CRUZ COUNTY

9

10  RAUL MANCERA                          :     CASE NO.:     CV 160155

11              Plaintiff,                       COMPLAINT FOR UNPAID WAGES
                                                 AND PENALTIES
12  PEROT SYSTEMS CORPORATION and
13  DOES 1 through 25, inclusive,                (Labor Code Sections 201, 202, 203,
                                                 218.5, and 226.7)
14              Defendants.                 :

15

16  _ __ _ __      __        _ _ _ _

17       PLAINTIFF ALLEGES:

18                          **FIRST CAUSE OF ACTION**
19                           **(Non-Payment of Wages)**

20  1.  The defendant, PEROT SYSTEMS CORPORATION, is and at all times relevant herein,

21      was a corporation organized under the laws of California and doing business in Santa

22      Cruz County, California.

23  2.  Does 1 through 25, inclusive are sued as fictitious defendants.  It is believed that each of

24      the Does was in some way responsible for the damages claimed herein.

25  3.  Beginning on January 8, 2003 and ending on December 30, 2007, plaintiff Raul Mancera

26      was employed by defendant as a Desk Site Support Analyst.

27  4.  During the period of the employment, the defendant employer did not pay the plaintiff

28      wages as follows:



F I L E D

APR 2 9 2008

ALEX CALVO, CLERK
BY JENNIFER SAMBRAILO
DEPUTY, SANTA CRUZ COUNTY

a)     He was required by defendants to work during meal and rest periods in violation of Labor Code Section 226.7 for 3 years, ending October 24, 2007, for an approximate amount owed of $7,823.

b)     He was required by defendants to work overtime in excess of 8 hours per day or 40 hours per week without regular or overtime pay for 3 years, ending October 14, 2007, for an approximate amount owed of $53,469.

(c)     He was not paid for regular hours worked for 23 days in August 2007 for an approximate amount owed of $4,204.

5.     At the time of their termination the defendants failed to pay the plaintiffs wages due them. Failure to pay the wages due violates Labor Code Sections 201, 202, 203, 226.7. There is new due and owing to plaintiffs a sum in excess of $25,000. Defendant refuses to pay the amount due.

**SECOND CAUSE OF ACTION**
**( PENALTIES, LABOR CODE 203 AND 226.7**
**AS TO ALL PLAINTIFFS)**

6.     Plaintiffs incorporate Paragraph 1-5.

7.     The defendant's failure to pay wages due violates Labor Code Sections 203 and 226.7, providing for penalties of one hour per pay for each day that rest and meal periods were not provided and for up to 30 days pay from time wages were due and not paid in an approximate amount owed of $5,484.

8.     The defendants have failed to pay wages due for a period in excess of 30 days and such failure was willful.

**THIRD CAUSE OF ACTION**
**(Retaliation for Complaint About Unpaid Wages, Labor Code § 201)**

9.     Plaintiffs incorporate the allegations of Paragraphs 1-8.

10.     Beginning when Louis Aquino became plaintiff's supervisor, Raul Mancera complained to his employer about hours worked which were not accounted for in his paycheck (sometimes 2-3 or more hours bi-weekly). Mr. Aquino told him that if he did not like it, he could resign.

11.    Labor Code Sections 201, 202, 203 and 226.7 require payment of wages due.

12.    Defendant employer terminated plaintiff as a result of his complaints for unpaid wages.

13.    As a proximate result of the conduct of the defendants, the plaintiff has suffered harm, including lost compensation, injury to property, humiliation, embarrassment and mental anguish all to his damages in an amount according to proof.

WHEREFORE, plaintiffs, and each of them, pay for judgment against defendants as follows:

1.    Compensatory damages in excess of $25,000 and according to proof;

2.    Interest at the rate of 10% from the date wages were owed;

3.    For penalties under Labor Code Sections 203 and 226.7;

4.    For reasonable attorney's fees according to law, including Labor Code Section 218.5;

5.    For costs of suit herein; and

6.    For such other relief as the court deem proper.

LAW OFFICE OF FRANK A. JELINCH

DATED: APRL 25, 2008

Frank A. Jelinch, Attorney for Plaintiff

**PROOF OF SERVICE**

*EXHIBIT D*

JOANNA L. BROOKS (State Bar #182986)
TIMOTHY C. TRAVELSTEAD (State Bar #215260)
DOUGLAS M. BRIA (State Bar #226966)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Telephone    415.394.9400
Facsimile:    415.394.9401
brooksj@jacksonlewis.com

Attorneys for Defendant
PEROT SYSTEMS CORPORATION

ORIGINAL
FILED

JUN 2 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MHP

CV 08 3064

RAUL MANCERA,

        Plaintiff,

v.

PEROT SYSTEMS CORPORATION, and
DOES 1 through 25, inclusive,

        Defendants.

Case No.:

**NOTICE OF REMOVAL OF CIVIL
ACTION TO THE UNITED STATES
DISTRICT COURT FOR THE
NORTHERN DISTRICT OF
CALIFORNIA PURSUANT TO 28
U.S.C. SECTIONS 1332, 1441 AND 1446
[DIVERSITY]**
(Filed in conjunction with Certificate of
Service of Notice to Adverse Parties and
Notice of Pendency of Other Action or
Proceeding)

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF RAUL MANCERA AND
TO HIS ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE:**  Defendant Perot Systems Corporation ("Perot

Systems") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections

1332 and 1441(b) and removes this action from the Superior Court of the State of California for

the County of Santa Cruz to the United States District Court for the Northern District of

California, pursuant to 28 U.S.C. section 1446(b).  In support thereof, Defendant asserts:

    1.    On April 29, 2008, Plaintiff Raul Mancera ("Plaintiff") filed his complaint

in the Superior Court of the State of California, County of Santa Cruz, designated as Case No. CV

1

1    160155 ("Complaint"). The Complaint alleges the following three (3) causes of action against

2    Perot Systems and Does 1 through 25: (i) failure to pay wages in violation of California Labor

3    Code sections 201, 202, 203 and 226.7; (ii) penalties under California Labor Code section 203

4    and 226.7 for each day that meal and rest periods were not provided and failure to pay all wages

5    owed on termination of employment ("Waiting-Time Penalties"); and (iii) retaliation for

6    complaining about unpaid wages in violation of California Labor Code section 201.

7           2.    Plaintiff served Defendant with the Summons and Complaint on May 27,

8    2008.

9           3.    This Notice of Removal has been filed within thirty (30) days after

10   Defendant was first served with a copy of Plaintiff's Summons and Complaint and is therefore

11   filed within the time period mandated by 28 U.S.C. section 1446(b).

12          4.    The Summons and Complaint, as well as the notices and orders collectively

13   attached as Exhibit "A," constitute all process, pleadings and orders served on Perot Systems in

14   this action pursuant to 28 U.S.C. section 1446(a).

15          5.    In accordance with 28 U.S.C. section 1446(d), the undersigned counsel

16   certifies that a copy of this Notice of Removal and all supporting papers promptly will be served

17   on Plaintiff's counsel and filed with the Clerk of the Santa Cruz County Superior Court. True and

18   correct copies of the form of such notices are attached hereto as Exhibits "B" and "C." Therefore,

19   all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

20          6.    Venue of this action lies in the United States District Court for the

21   Northern District of California pursuant to 28 U.S.C. sections 1441, *et seq.* and 1391(a) because

22   this is the judicial district of this Court in which the action arose, where Plaintiff resides and

23   where the causes of action arose.

24                 **DIVERSITY JURISDICTION**

25          7.    Perot Systems properly may remove the Complaint on the basis of

26   diversity of citizenship jurisdiction pursuant to 28 U.S.C. section 1332(a) because:

27             a.    Plaintiff now is, and was at the time this action was commenced, a

28   citizen of the State of California within the meaning of 28 U.S.C. section 1332(a). Plaintiff filed

2

1    his Complaint, an action under California law, in Santa Cruz County, California, which is

2    Plaintiff's last known address and place of employment.

3               b.      Perot Systems now is, and was at the time this action was

4    commenced, a citizen of the State of Delaware within the meaning of section 1332(c)(1), because

5    it now is, and was at all times, incorporated under the laws of that state of Delaware.

6               c.      Perot Systems also now is, and was at the time this action was

7    commenced, a citizen of the State of Texas within the meaning of section 1332(c)(1), because

8    Perot Systems' executive and administrative functions are primarily performed in the State of

9    Texas and a substantial predominance of its corporate operations do not take place in California

10    or any other state in which it conducts operations.

11               d.      Perot Systems is not now, nor was at the time this action was

12    commenced, a citizen of the State of California within the meaning of section 1332(c) because it

13    is not and was not incorporated in California and its principal place of business is not and was not

14    in California.

15               e.      The presence of Doe defendants has no bearing on the diversity

16    with respect to removal. *See* 28 U.S.C. section 1441(a) ("For purposes of removal under this

17    Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded.").

18    Defendant is not aware of any Doe defendant having been served with a copy of the Summons

19    and Complaint.

20            8.      The Court may not decline to exercise jurisdiction over the action pursuant

21    to 28 U.S.C. sections 1332(d)(3) because Perot Systems is not a citizen of the state in which the

22    action was filed.

23                        **AMOUNT IN CONTROVERSY**

24            9.      Without admitting that Plaintiff could recover any damages, the amount in

25    controversy in this action exceeds $75,000 on the following grounds:

26               a.      In his first cause of action (non-payment of wages), Plaintiff alleges

27    that (i) he was required to work during meal and rest periods in violation of Labor Code Section

28    226.7 over a period of three years, for an approximate amount owed of $7,823 (Complaint ¶

3

1  4(a)); (ii) he was required to work overtime without regular or overtime pay over a period of

2  three years, for an approximate owed of $53,469 (Complaint ¶ 4(b)); (iii) he was not paid for

3  regular hours worked for 23 days in August 2007, for an approximate amount owed of $4,204

4  (Complaint ¶ 4(c)); and (iv) at the time of termination Perot Systems failed to pay Plaintiff wages

5  in violation of Labor Code sections 201, 202, 203, and 226.7, for an approximate amount owed in

6  excess of $25,000 (Complaint ¶ 5.)  Plaintiff's first cause of action thus seeks damages of at least

7  $90,496 ($7,823 + $53,469 + $4,204 + $25,000) (Complaint ¶¶ 4-5.)

8             b.      In his second cause of action (penalties), Plaintiff alleges that Perot

9  Systems failed to pay wages due under Labor Code sections 203 and 226.7 and that Plaintiff is

10  entitled to penalties of approximately $5,484 (Complaint ¶ 7.);

11             c.      In his third cause of action (retaliation), Plaintiff alleges that Perot

12  Systems terminated Plaintiff in retaliation for his complaints about unpaid wages.  (Complaint ¶

13  12.)  Plaintiff does not specify the amount of damages sought under this cause of action, but

14  Plaintiff alleges that he suffered harm, including lost compensation, injury to property,

15  humiliation, embarrassment and mental anguish (Complaint ¶ 13.);

16             d.      Plaintiff prays for compensatory damages, interest, penalties,

17  attorneys' fees and costs incurred.  (Complaint, Prayer for Relief.).

18       10.      In determining whether the amount in controversy exceeds $75,000, the

19  Court must presume Plaintiff will prevail on each and every one of his claims.  *Kenneth*

20  *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002),

21  citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy

22  analysis presumes that "plaintiff prevails on liability").  The amount in controversy may include

23  general and special compensatory damages and attorneys' fees that are recoverable by statute.

24  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

25       11.      The amount in controversy in this action exceeds $75,000 because

26  Plaintiff, according to his Complaint, seeks specified compensatory damages of $95,980 ($90,496

27  (first cause of action) + $5,484 (second cause of action)) in addition to unspecified damages for

28  lost compensation, injury to property, humiliation, embarrassment and mental anguish (third

4

1    cause of action), which must be included in the amount in controversy, as well as unspecified

2    interest, fees, and costs (Complaint ¶¶ 4,7,13 and Prayer for Relief.)

3        **WHEREFORE**, Perot Systems removes the above-entitled action now pending in the

4    Superior Court of the State of California for the County of Santa Cruz to this Court.

5

6    Dated:  June 19, 2008

7                                          JACKSON LEWIS LLP

8

9                               By:  _JoAnna L. Brooks_

10                                         JoAnna L. Brooks
                                          Timothy C. Travelstead
11                                         Douglas M. Bria
                                          Attorney for Defendant
12                                         PEROT SYSTEMS CORPORATION,
                                          a Delaware Corporation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          5

DEFENDANT'S NOTICE OF REMOVAL

**CERTIFICATE OF SERVICE**

I, Linda Moore, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On June 24, 2008, I served the attached document(s):

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446 [DIVERSITY]

in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed as follows:

Frank A. Jelinch, Esq.
Law Office of Frank A. Jelinch
20045 Stevens Creek Boulevard, Suite 2G
Cupertino, CA 95014
Telephone:     (408) 366-6300
Facsimile:     (408) 252-3936

[ ]   BY MAIL:  United States Postal Service - by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[ ]   BY HAND DELIVERY:  I caused such envelope(s) to be delivered by Messenger Service to the above address[es].

[ X ]   BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above address within 24 hours by OVERNIGHT EXPRESS service.

[ ]   BY FACSIMILE:  I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on June 24, 2008 at San Francisco, California.

_Linda A. Moore_
LINDA A. MOORE

6

1  JOANNA L. BROOKS (State Bar #182986)
   TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2  DOUGLAS M. BRIA (State Bar #226966)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA  94105
4  Telephone    415.394.9400
   Facsimile:    415.394.9401
5  brooksj@jacksonlewis.com

6  Attorneys for Defendant
   PEROT SYSTEMS CORPORATION
7

*ORIGINAL FILED*

*JUN 2 4 2008*

*RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA*

*E-filing*

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10  CV 08 3064 MHP

11  RAUL MANCERA,                        Case No.:

12              Plaintiff,               INDEX OF EXHIBITS IN SUPPORT
                                         OF NOTICE OF REMOVAL OF CIVIL
13       v.                              ACTION TO THE UNITED STATES
                                         DISTRICT COURT FOR THE
14  PEROT SYSTEMS CORPORATION, and       NORTHERN DISTRICT OF
    DOES 1 through 25, inclusive,        CALIFORNIA PURSUANT TO 28
15                                       U.S.C. SECTIONS 1332, 1441 AND 1446
                Defendants.              [DIVERSITY]
16
                                         (Filed in conjunction with Certificate of
17                                       Service of Notice to Adverse Parties and
                                         Notice of Pendency of Other Action or
18                                       Proceeding)

19  Exhibit A:

20       True and correct copies of Summons and Complaint, as well as the collective notices and
21  orders, as follows:

22       1.   A true and correct copy of the Complaint for Unpaid Wages and Penalties, filed on
23            April 29, 2008;

24       2.   A true and correct copy of the Summons on Complaint filed on April 29, 2008;

25       3.   A true and correct copy of the Proof of Service of Summons and Complaint, dated
              May 28, 2008;

26       4.   A true and correct copy of the Case Management Information and Setting form
27            and ADR Information Package, filed on April 29, 2008; and

28       5.   A true and correct copy of the Answer to Complaint, filed on June 23, 2008.

                                    1

1    <u>Exhibit B:</u>

2         A true and correct copy of the Notice to Adverse Parties of Removal to Federal Court,
     which will be filed in the Superior Court of California, County of Santa Cruz.
3

4

5
     Dated:   June 24, 2008
6                                              JACKSON LEWIS LLP

7

8                                        By:   _____

9                                              JoAnna L. Brooks
                                               Timothy C. Travelstead
10                                             Douglas M. Bria
                                               Attorney for Defendant
11                                             PEROT SYSTEMS CORPORATION,
                                               a Delaware Corporation
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I, Marianne Solano, declare that I am employed with the law firm of Jackson Lewis LLP,

3

whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4

age of eighteen (18) years and am not a party to this action.

5

On June 24, 2008, I served the attached document(s):

6

INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION TO
THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

7

CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446 [CAFA
DIVERSITY]

8

9

(Filed in conjunction with Certificate of Service of Notice to Adverse Parties and Notice of

10

Pendency of Other Action or Proceeding) in this action by placing true and correct copies thereof,

11

enclosed in sealed envelope(s) addressed as follows:

12

Frank A. Jelinch, Esq.
Law Office of Frank A. Jelinch

13

20045 Stevens Creek Boulevard, Suite 2G
Cupertino, CA 95014

14

Telephone:      (408) 366-6300
Facsimile:      (408) 252-3936

15

16

[   ]   <u>BY MAIL:</u>   United States Postal Service - by placing sealed envelopes with the postage

17

thereon fully prepaid, placed for collection and mailing on this date, following ordinary
business practices, in the United States mail at San Francisco, California.

18

[   ]   <u>BY HAND DELIVERY:</u>   I caused such envelope(s) to be delivered by Messenger Service

19

to the above address[es].

20

[ **X** ]   <u>BY OVERNIGHT DELIVERY:</u>   I caused such envelope(s) to be delivered to the above
address within 24 hours by OVERNIGHT EXPRESS service.

21

[   ]   <u>BY FACSIMILE:</u>   I caused such documents to be transmitted by facsimile to the

22

telephone number(s) indicated above.

23

I declare under penalty of perjury under the laws of the United States that the above is true

24

and correct.

25

Executed on June 24, 2008 at San Francisco, California.

26

27

28

MARIANNE SOLANO

3

*EXHIBIT A*

*EXHIBIT 1*

1    FRANK A. JELINCH, ESQ. - SBN 42890
     LAW OFFICE OF FRANK A. JELINCH
2    20045 Stevens Creek Boulevard, Suite 2G
     Cupertino, CA  95014
3    Tel.:   408-366-6300
     Fax:   408-252-3936

4

5    Attorney for Plaintiff

6

7

8          SUPERIOR COURT OF CALIFORNIA, SANTA CRUZ COUNTY

9

10   RAUL MANCERA

11            Plaintiff,

12   PEROT SYSTEMS CORPORATION and

13   DOES 1 through 25, inclusive,

14           Defendants.

15

16

17

**FILED**

APR 2 9 2008

ALEX CALVO, CLERK
BY JENNIFER SAMBRAILO
DEPUTY, SANTA CRUZ COUNTY

CASE NO.:   CV 160155

COMPLAINT FOR UNPAID WAGES
AND PENALTIES

(Labor Code Sections 201, 202, 203,
218.5, and 226.7)

PLAINTIFF ALLEGES:

### FIRST CAUSE OF ACTION
#### (Non-Payment of Wages)

20   1.   The defendant, PEROT SYSTEMS CORPORATION, is and at all times relevant herein,

        was a corporation organized under the laws of California and doing business in Santa

        Cruz County, California.

23   2.   Does 1 through 25, inclusive are sued as fictitious defendants.  It is believed that each of

        the Does was in some way responsible for the damages claimed herein.

25   3.   Beginning on January 8, 2003 and ending on December 30, 2007, plaintiff Raul Mancera

        was employed by defendant as a Desk Site Support Analyst.

27   4.   During the period of the employment, the defendant employer did not pay the plaintiff

        wages as follows:

1      a)     He was required by defendants to work during meal and rest periods in violation

2             of Labor Code Section 226.7 for 3 years, ending October 24, 2007, for an

3             approximate amount owed of $7,823.

4      b)     He was required by defendants to work overtime in excess of 8 hours per day or

5             40 hours per week without regular or overtime pay for 3 years, ending October 14,

6             2007, for an approximate amount owed of $53,469.

7      (c)     He was not paid for regular hours worked for 23 days in August 2007 for an

8             approximate amount owed of $4,204.

9   5.    At the time of their termination the defendants failed to pay the plaintiffs wages due

10      them. Failure to pay the wages due violates Labor Code Sections 201, 202, 203, 226.7.

11      There is new due and owing to plaintiffs a sum in excess of $25,000. Defendant refuses

12      to pay the amount due.

13                        **SECOND CAUSE OF ACTION**

                    **( PENALTIES, LABOR CODE 203 AND 226.7**

14                       **AS TO ALL PLAINTIFFS)**

15   6.    Plaintiffs incorporate Paragraph 1-5.

16   7.    The defendant's failure to pay wages due violates Labor Code Sections 203 and 226.7,

17      providing for penalties of one hour per pay for each day that rest and meal periods were

18      not provided and for up to 30 days pay from time wages were due and not paid in an

19      approximate amount owed of $5,484.

20   8.    The defendants have failed to pay wages due for a period in excess of 30 days and such

21      failure was willful.

22                        **THIRD CAUSE OF ACTION**

23         **(Retaliation for Complaint About Unpaid Wages, Labor Code § 201)**

  9.    Plaintiffs incorporate the allegations of Paragraphs 1-8.

24

25   10.   Beginning when Louis Aquino became plaintiff's supervisor, Raul Mancera complained

26      to his employer about hours worked which were not accounted for in his paycheck

27      (sometimes 2-3 or more hours bi-weekly). Mr. Aquino told him that if he did not like it,

     he could resign.

28

1   11.  Labor Code Sections 201, 202, 203 and 226.7 require payment of wages due.

2   12.  Defendant employer terminated plaintiff as a result of his complaints for unpaid wages.

3   13.  As a proximate result of the conduct of the defendants, the plaintiff has suffered harm,

4        including lost compensation, injury to property, humiliation, embarrassment and mental

5        anguish all to his damages in an amount according to proof.

6        WHEREFORE, plaintiffs, and each of them, pay for judgment against defendants as

7   follows:

8        1.   Compensatory damages in excess of $25,000 and according to proof;

9        2.   Interest at the rate of 10% from the date wages were owed;

10       3.   For penalties under Labor Code Sections 203 and 226.7;

11       4.   For reasonable attorney's fees according to law, including Labor Code Section

12            218.5;

13       5.   For costs of suit herein; and

14       6.   For such other relief as the court deem proper.

15                               LAW OFFICE OF FRANK A. JELINCH

16

17   DATED: ___APRIL 25, 2008___          _____

18                                        Frank A. Jelinch, Attorney for Plaintiff

19

20

21

22

23

24

25

26

27                                   **PROOF OF SERVICE**

28

*EXHIBIT 2*

5-27-08  2:50

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Perot Systems Corporation and Does 1-25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Raul Mancera

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# FILED

APR 2 9 2008

ALEX CALVO, CLERK
BY JENNIFER SAMBRAILO
DEPUTY, SANTA CRUZ COUNTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of Santa Cruz
701 Ocean Street, Room 110

Santa Cruz, CA  95060

CASE NUMBER:
*(Número de Caso):* CV 160155

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FRANK A. JELINCH, ESQ. SBN 42890          408-366-6300    408-252-3936
LAW OFFICE OF FRANK A. JELINCH
20045 STEVENS CREEK BLVD., #2G
CUPERTINO, CA  95014
DATE: April 29, 2008      **ALEX CALVO**   Clerk, by   **JENNIFER SAMBRAILO**   , Deputy
*(Fecha)*                                  *(Secretario)*                           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* PEROT SYSTEMS CORPORATION

   under: [X] CCP 416.10 (corporation)           [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions

Code of Civil Procedure §§ 412.20, 465

*EXHIBIT 3*

**CT** CORPORATION
A WoltersKluwer Company

**TO:**   Thomas Williams
         Perot Systems Corporation
         2300 W. Plano Parkway
         Plano, TX 75075

**RE:**   **Process Served in California**

**FOR:**  Perot Systems Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Raul Mancera, Pltf. vs. Perot Systems Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice of Case Management Conference, Attachment(s), Stipulation and Order Form |
| **COURT/AGENCY:** | Santa Cruz County, Santa Cruz, Superior Court, CA Case # CV160155 |
| **NATURE OF ACTION:** | Employee Litigation - Unpaid wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/27/2008 at 14:50 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 8/27/2008 at 8:29 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Frank A. Jelinch Law Offices of Frank A. Jelinch 20045 Stevens Creek Blvd., #2G Cupertino, CA 95014 (408) 365-6300 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 790515191402 Email Notification, Vicki Trogdon Vicki.Trogdon@ps.net |
| **SIGNED:** **PER:** **ADDRESS:** **TELEPHONE:** | C T Corporation System Nancy Flores 818 West Seventh Street Los Angeles, CA 90017 213-337-4615 |

**Post-it® Fax Note** 7671 | Date 5.28.08 | # of pages ► 10

To Vickie
Co./Dept. Parot Systems Corp.
Phone #
Fax # 972-577-6085

From Elizabeth - CT Corp
Co.
Phone # 213-337-4615
Fax #

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*EXHIBIT 4*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ | | |
|---|---|---|
| Santa Cruz Branch<br>701 Ocean Street, Room 110<br>Santa Cruz, CA 95060 | Watsonville Branch<br>1Second Street, Room 300<br>Watsonville, CA 95076 | *For Court Use Only*<br>**FILED**<br>APR 2 9 2008<br>ALEX CALVO, CLERK<br>BY JENNIFER SAMBRAILO<br>DEPUTY, SANTA CRUZ COUNTY |
| PLAINTIFF: RAUL MANCERA | | |
| DEFENDANT: PEROT SYSTEMS CORPORATION | | |
| **CASE MANAGEMENT INFORMATION AND SETTING** | | CASE NO:<br>CISCV160155 |

This case is in Santa Cruz County's Case Management Program. It is the Duty of each party to be familiar with the california rules of court and the date, time and place of the first case management conference.

This notice must be served with the summons on all defendants and cross-defendants. Notice of any other pending case management conference must be served on subsequently named defendants and corss-defendants.

**ATTENTION DEFENDANT:** YOU HAVE 30 DAYS AFTER THE SUMMONS IS SERVED ON YOU TO FILE A RESPONSE TO THE COMPLAINT. THE DATE BELOW DOES NOT EXTEND THE TIME TO FILE A RESPONSE. SEE THE SUMMONS FOR INSTRUCTIONS FOR RESPONDING TO THE SUMMONS AND COMPLAINT.

---

**The first Case Management Conference hearing date is:**

Date: **08/27/08**            Time: **8:29**            Department No.: **4**

Address of the Court: ☑ 701 Ocean Street, Santa Cruz, California        ☐ 1 Second Street, Watsonville, California

---

*Telephonic court appearances are provided through CourtCall to the court. To make arrangments to appear at the Case Management Conference by telephone, please call the program administrator for CourtCall at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing. DO NOT CALL THE COURT.*

# THE LAWYER'S PLEDGE

In order to raise the standards of civility and professionalism among counsel and between the Bench and the Bar, I hereby pledge the following:

1. To at all times comply with the California Rules of Professional Conduct;
2. To honor all commitments;
3. To be candid in all dealings with the court and counsel;
4. To uphold the integrity of our system of justice and not compromise personal integrity for the sake of a client, case or cause;
5. To seek to accomplish the client's legitimate goals by the most efficient and economical methods possible;
6. To act in a professional manner at all times, to be guided by a fundamental sense of fair play in all dealings with counsel and the court, and to be courteous and respectful to the court;
7. To be on time;
8. To be prepared for all court appearances - to be familiar with all applicable court rules;
9. To adhere to the time deadlines set by statute, rule, or order;
10. To avoid visual displays of pique in response to rulings by the court;
11. To discourage and decline to participate in litigation or tactics that are without merit or are designed primarily to harass or drain the financial resources of the opposing party;
12. To avoid any communications with the judge concerning a pending case unless the opposing party or lawyer is present, or unless permitted by court rules or otherwise authorized by law;
13. To refrain from impugning the integrity of the judicial system, its proceedings, or its members;
14. To treat all court personnel with the utmost civility and professionalism;
15. To remember that conflicts with opposing counsel are professional and not personal - vigorous advocacy is not inconsistent with professional courtesy;
16. To refrain from derogatory statements or discriminatory conduct on the basis of race, religion, gender, sexual orientation or other personal characteristic;
17. To treat adverse witnesses and litigants with fairness and due consideration;
18. To conduct discovery proceedings as if a judicial officer were present;
19. To meet and confer with opposing counsel in a genuine attempt to resolve procedural and discovery matters;
20. To not use discovery to harass the opposition or for any other improper purpose;
21. To not arbitrarily or unreasonably withhold consent to a just and reasonable request for cooperation or accommodation;
22. To not attribute to an opponent a position not clearly taken by that opponent;
23. To avoid unnecessary "confirming" letters and to be scrupulously accurate when making any written confirmation of conversations or events;
24. To not propose any stipulation in the presence of the trier of fact unless previously agreed to by the opponent;
25. To not interrupt the opponent's legal argument;
26. To address opposing counsel, when in court, only through the court;
27. To not seek sanctions against or disqualification of another lawyer to attain a tactical advantage or for any other improper purpose;
28. To not schedule the service of papers to deliberately inconvenience opposing counsel;
29. To refrain, except in extraordinary circumstances, from using the fax machine to demand immediate responses for opposing counsel.

# ADR INFORMATION PACKAGE

Included in this package:

- Cover Page

- Alternative Dispute Resolution Program Notice

- Local Form SUPCV 1012
  (Stipulation and Order to Attend Judicial Mediation or Private Arbitration)

## ATTENTION PLAINTIFFS/CROSS-COMPLAINANTS

**PLAINTIFFS SHALL SERVE A COPY OF THIS ADR INFORMATION PACKAGE ON EACH DEFENDANT ALONG WITH THE COMPLAINT. CROSS-COMPLAINANTS SHALL SERVE A COPY OF THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES TO THE ACTION ALONG WITH THE CROSS-COMPLAINT (CRC 3.221)**

MAY-28-2008 03:27PM   FAX:                    ID:PEROT SYSTEMS        PAGE:008  R=100%

# ALTERNATIVE DISPUTE RESOLUTION PROGRAM NOTICE
## SANTA CRUZ SUPERIOR COURT
## LOCAL RULE 7.1.02(a)

TO:    ALL CIVIL LITIGANTS

RE:    JUDICIAL MEDIATION PROGRAM OF SANTA CRUZ OR OPTION FOR
PRIVATE ARBITRATION

Alternate Dispute Resolution (ADR) is a process, other than formal litigation, in which a neutral person assists the parties in resolving their dispute. Santa Cruz County's ADR process is Judicial Mediation. If the parties agree to Mediation, it is the policy of this Court to assign appropriate cases to mediation without making a determination of the value of the case.

Appropriate cases will be assigned to Judicial Mediation from the Case Management Conference Calendar. The parties may stipulate to Mediation prior to the Case Management Conference by written stipulation on local form SUPCV 1012. Case Management Conference Statements and requests for continuances should be submitted at least ten days in advance of the hearing.

FOR MORE INFORMATION REGARDING SANTA CRUZ COUNTY'S MEDIATION PROGRAM, SEE LOCAL RULE 7.1 OR CONTACT THE CIVIL CALENDAR DEPARTMENT (SANTA CRUZ) AT (831) 454-2303 OR THE WATSONVILLE BRANCH AT (831) 763-8069.

You may also stipulate to use a private arbitration or mediation service with the same local form 1012. This local form is required to ensure that the case is tracked properly by Court staff.

---

SUPCV-1012 (Rev. 1/07)

Page 2 of 3
Local Rule 7.1.02

**STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
OR PRIVATE ARBITRATION**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS)*:     TELEPHONE NO.: | *For Court Use Only* |
|---|---|
| ATTORNEY FOR *(NAME)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**

☐ Santa Cruz          ☐ Watsonville Branch
    701 Ocean Street, Room 110     1430 Freedom Boulevard
    Santa Cruz, CA 95060         Watsonville, CA 95076

Plaintiff/Petitioner:

Defendant/Respondent:

| STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION OR PRIVATE ARBITRATION  Must be filed 10 days before Case Management Conference | CASE NO. |
|---|---|

FOR GOOD CAUSE as stated in the attached supporting declaration,
CASE MANAGEMENT CONFERENCE CURRENTLY SET FOR:  (DATE) _____
CHECK ONLY ONE BOX:

1. (   ) The parties stipulate to court ordered mediation.

2. (   ) The parties stipulate to private mediation or arbitration, to be arranged by the parties and completed within 120 days of the current CMC date stated above.  The parties agree that such process shall be a good faith attempt to resolve the case.

**SIGNATURES OF COUNSEL:**

_____     TYPE NAME: _____
DATE: _____     ATTORNEY FOR: _____
_____     TYPE NAME: _____
DATE: _____     ATTORNEY FOR: _____

☐ ADDITIONAL SIGNATURES IN ATTACHMENT "A"

**ORDER**

**BASED ON THE STIPULATION OF THE PARTIES, THE SUPPORTING DECLARATION, AND FINDING GOOD CAUSE, THE APPLICATION IS HEREBY GRANTED**

☐ SET FOR JUDICIAL MEDIATION ON: _____ AT: _____ a.m./p.m.
☐ VACATE CMC CURRENTLY SET FOR: _____ AT: _____ a.m./p.m.

Date: _____      _____
                             **JUDGE OF THE SUPERIOR COURT**

SUPCV-1012 (Rev. 1/07)                                  Page 3 of 3
                                                       Local Rule 7.1.02
    **STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION
    OR PRIVATE ARBITRATION**

*EXHIBIT 5*

1  JOANNA L. BROOKS (State Bar #132986)
   TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2  DOUGLAS M. BRIA (State Bar #226966)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA 94105
4  Telephone   415.394.9400
   Facsimile:  415.394.9401
5
   Attorneys for Defendant
6  PEROT SYSTEMS CORPORATION

7

**FILED**

JUN 23 2008

ALEX CALVO, CLERK
BY DEBORAH ROJAS
DEPUTY, SANTA CRUZ COUNTY

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SANTA CRUZ

10

11  RAUL MANCERA,                    Case No. CV160155  **BY FAX**

12              Plaintiff,           DEFENDANT'S ANSWER TO
                                     PLAINTIFF'S UNVERIFIED
13        v.                         COMPLAINT

14  PEROT SYSTEMS CORPORATION and
    DOES 1 through 25, inclusive,
15                                   Complaint Filed:   April 29, 2008
16              Defendants.          Trial Date:        None Set

17

18     Defendant PEROT SYSTEMS CORPORATION ("Defendant") hereby answers Plaintiff

19  RAUL MANCERA'S ("Plaintiff") unverified Complaint (the "Complaint"), as follows:

20                          **GENERAL DENIAL**

21     Pursuant to Code of Civil Procedure section 431.30 subdivision (d), Defendant denies

22  each and every allegation contained in Plaintiff's unverified Complaint and denies that Plaintiff

23  was injured or damaged as alleged, or at all.

24                        **AFFIRMATIVE DEFENSES**

25     By way of affirmative defenses to the allegations of the Complaint herein, Defendant

26  alleges as follows:

27  ///

28  ///

                                    1

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT          Case No. CV160155

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The Complaint, and all causes of action contained therein, fail to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, if and to the extent that Plaintiff failed to exercise reasonable diligence to mitigate his alleged damages, if any.

**THIRD AFFIRMATIVE DEFENSE**

(Unclean Hands)

Plaintiff is barred from recovery under this Complaint if and to the extent that he comes to this Court with unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

(Adequate Legal Remedies)

Any claim for equitable relief is barred, in whole or in part, to the extent Plaintiff has an adequate remedy at law.

**FIFTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations, including without limitation Code of Civil Procedure section 338(a) or Code of Civil Procedure sections 340(a) and (b).

**SIXTH AFFIRMATIVE DEFENSE**

(Waiver)

The Complaint, and each cause of action contained therein, is barred by the doctrine of waiver.

///

///

2

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

To the extent Plaintiff seeks statutory penalties, such penalty must be barred or reduced to the extent Defendant acted in good faith and non-willfully.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each cause of action contained therein, is barred by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each cause of action contained therein, is barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver of Meal and Rest Periods)

Plaintiff's first cause of action for unpaid wages is barred to the extent Plaintiff seeks wages for unpaid meal and rest periods that Defendant provided but that Plaintiff refused to take in compliance with Defendant's policies and/or or voluntarily waived.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge)

Plaintiff's third cause of action for retaliation is barred to the extent Plaintiff failed to notify Defendant of the alleged wage and hour violations during his employment with Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint for failure to pay wages is barred because Defendant complied with all applicable provisions of the California Labor Code, the applicable wage orders of the California Industrial Welfare Commission and federal law.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by way of his Complaint;

3

1    2.    That the Complaint and each claim for relief be dismissed in its entirety with

2    prejudice;

3    3.    That Plaintiff be denied each and every demand and prayer for relief contained in

4    the Complaint;

5    4.    For costs of suit incurred herein, including reasonable attorney's fees, as and

6    where permitted under California law; and

7    5.    For such other and further relief as the Court deems just and equitable.

8

9    Dated: June 23, 2008

10                                        JACKSON LEWIS LLP

11

12                              By:    _JoAnna L. Brooks_

13                                     JoAnna L. Brooks
                                       Timothy C. Travelstead
14                                     Douglas M. Bria
                                       Attorneys for Defendant
15                                     PEROT SYSTEMS CORPORATION,
                                       a Delaware Corporation
16

17

18

19

20

21

22

23

24

25

26

27

28

4

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT          Case No. CV160155

1    **PROOF OF SERVICE**

2    I, Mary Stoner, declare that I am employed with the law firm of Jackson Lewis LLP,

3    located at 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of

4    eighteen (18) years and am not a party to this action.

5    On June 23, 2008, I served the attached document(s):

6    **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED
     COMPLAINT**

7

8    in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

9    as follows:

10   Frank A. Jelinch, Esq.
     Law Office of Frank A. Jelinch
11   20045 Stevens Creek Boulevard, Suite 2G
     Cupertino, CA 95014
12   Telephone:    408-366-6300
     Facsimile:    408-252-3936
13

14

15   [ X ]    BYMAIL: United States Postal Service -  by placing sealed envelopes with the postage
              thereon fully prepaid, placed for collection and mailing on this date, following ordinary
16            business practices, in the United States mail at San Francisco, California.

17   [  ]     BY HAND DELIVERY: I caused such envelope(s) to be delivered by Messenger Service
              to the above address.

18   [  ]     BY OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to the above
              address within 24 hours by OVERNIGHT EXPRESS service.
19

20   [  ]     BY FACSIMILE:  I caused such documents to be transmitted by facsimile to the
              telephone number(s) indicated above.

21   I declare under penalty of perjury under the laws of the State of California that the above

22   is true and correct.

23   Executed on June 23, 2008 at San Francisco, California.

24

25                                                        *Mary Stoner*
                                                          Mary Stoner
26

27

28

                                            5

*EXHIBIT B*

1   JOANNA L. BROOKS (State Bar #182986)
    TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2   DOUGLAS M. BRIA (State Bar #226966)
    JACKSON LEWIS LLP
3   199 Fremont Street, 10th Floor
    San Francisco, CA 94105
4   Telephone    415.394.9400
    Facsimile:    415.394.9401
5
    Attorneys for Defendant
6   PEROT SYSTEMS CORPORATION

7

8                   SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SANTA CRUZ

10

11  RAUL MANCERA,                        | Case No. CV160155

12              Plaintiff,               | **NOTICE TO ADVERSE PARTIES OF
                                         | REMOVAL TO FEDERAL COURT**
13        v.

14  PEROT SYSTEMS CORPORATION and
    DOES 1 through 25, inclusive,
15                                       | Complaint Filed:    April 29, 2008
              Defendants.                | Trial Date:         None Set
16

17

18  <u>**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**</u>

19        <u>PLEASE TAKE NOTE THAT</u> a Notice of Removal of this action was filed in the United

20  States District Court for the Northern District of California on June ___, 2008. A copy of said

    Notice of Removal is attached to this Notice, and is served and filed herewith.
21

22  Dated: June 24, 2008
                                     JACKSON LEWIS LLP
23

24

25                        By: _____
                              JoAnna L. Brooks
26                            Timothy C. Travelstead
                              Anne V. Leinfelder
27                            Attorneys for Defendant
                              PEROT SYSTEMS CORPORATION,
28                            a Delaware Corporation

                                        1
    ────────────────────────────────────────────────────────────────
    NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT        Case No. CV160155

1

## PROOF OF SERVICE

2      I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3   whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4   age of eighteen (18) years and am not a party to this action.

5      On June 24, 2008, I served the attached document(s):

6      NOTICE TO ADVERSE PARTIES OF REMOVAL TO
         FEDERAL COURT

7

8   in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

9   as follows:

10  Frank A. Jelinch, Esq.
     Law Office of Frank A. Jelinch
11  20045 Stevens Creek Boulevard, Suite 2G          *Attorney for Plaintiff*
     Cupertino, CA 95014
12  Telephone:    (408) 366-6300
     Facsimile:    (408) 252-3936
13

14

15  [  ]   BY MAIL:  United States Postal Service by placing sealed envelopes with the postage
              thereon fully prepaid, placed for collection and mailing on this date, following ordinary
              business practices, in the United States mail at San Francisco, California.
16

17  [  ]   BY HAND DELIVERY:  I caused such envelope(s) to be delivered by Messenger Service
              to the above address.

18  [ X ]  BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
              address within 24 hours by OVERNIGHT EXPRESS service.
19

20  [  ]   BY FACSIMILE:   I caused such documents to be transmitted by facsimile to the
              telephone number(s) indicated above.

21      I declare under penalty of perjury under the laws of the State of California that the above

22  is true and correct.

23      Executed on June 24, 2008 at San Francisco, California.

24

25                                                    _____
                                                           LINDA A. MOORE
26

27

28

2

*EXHIBIT E*

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO)*:

PEROT SYSTEMS CORPORATION, a Delaware Corporation;
and DOES 1 to 50

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTA DEMANDANDO EL DEMANDANTE)*:

ANGELITA GOMEZ, individually, and on behalf of all others
similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED
FILED
ALAMEDA COUNTY**

MAY 2 7 2008

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es)*:
Superior Court of Alameda County
1225 Fallon Street
Oakland, California 94612

CASE NUMBER
*(Número del Caso)*
RG 08 389410

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
Jonathan E. Gertler
Chavez & Gertler LLP                    Telephone: (415) 381-5599
42 Miller Avenue, Mill Valley, CA 94941

DATE: MAY 2 7 2008          Clerk, by           Tasha Perry          , Deputy
*(Fecha)*          Pat S. Sweeten          *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
*Martin Dean's Essential Forms* ™

SUMMONS

Code of Civil Procedure §§ 412.20, 465

1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  DANIEL B. SIEGEL (Bar No. 160742)
   42 Miller Avenue, Mill Valley, CA 94941
3  Tel: (415) 381-5599 Fax: (415) 381-5572

4

5  SCHNEIDER WALLACE
   COTTRELL BRAYTON KONECKY LLP
   TODD M. SCHNEIDER (Bar No. 158253)
6  JOSHUA G. KONECKY (Bar No. 182897)
   CHRISTIAN SCHREIBER (Bar No. 245597)
7  180 Montgomery Street, Suite 2000
8  San Francisco, CA 94104
   Tel: (415) 421-7100 Fax: (415) 421-7105
9

10 LAW OFFICES OF RICARDO DE ROSA
   RICARDO DE ROSA (Bar No. 221226)
11 6640 Brook Falls Circle
   Stockton, California, 95219
12 Tel: (209) 345-7077 Fax: (209) 476-0443

13 Attorneys for Plaintiff ANGELITA GOMEZ
   And the Proposed Plaintiff Class
14

                   ENDORSED
                     FILED
              ALAMEDA COUNTY

                  MAY 2 7 2008

           CLERK OF THE SUPERIOR COURT
              By Tasha Perry, Deputy

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                          COUNTY OF ALAMEDA

17                        UNLIMITED JURISDICTION

18 ANGELITA GOMEZ, individually, and on          )  Case No: RG 08389410
   behalf of all others similarly situated,      )
19                                               )
                                                 )  CLASS ACTION      BY FAX
20              Plaintiff,                        )
                                                 )  COMPLAINT FOR FAILURE TO PAY
21      vs.                                       )  WAGES (Cal. Labor C. § 218); FAILURE
                                                 )  TO PAY OVERTIME (Cal. Labor C. §§
22 PEROT SYSTEMS CORPORATION, a                  )  510 & 1194); RECOVERY OF WAITING
   Delaware Corporation; and DOES 1 to 50,       )  TIME PENALTIES (Cal. Labor C. § 203);
23                                               )  FAILURE TO PROVIDE ITEMIZED
                                                 )  WAGE STATEMENTS (Cal. Labor C. §
24              Defendants                        )  226); UNFAIR, UNLAWFUL &
                                                 )  FRAUDULENT BUSINESS PRACTICES
25                                               )  (Cal. Bus. & Prof C.
                                                 )  § 17200); AND INJUNCTIVE AND
26                                               )  DECLARATORY RELIEF
                                                 )
27                                               )  DEMAND FOR JURY TRIAL

28 _____

   _____
              COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1        Plaintiff ANGELITA GOMEZ ("GOMEZ" or "Plaintiff"), individually and on behalf of all

2  others similarly situated, hereby complains against defendants PEROT SYSTEMS

3  CORPORATION ("PEROT SYSTEMS") and Does 1 through 50, inclusive (collectively,

4  "Defendants"), and, on information and belief, alleges as follows:

5                      **PRELIMINARY STATEMENT**

6      1.    This class action seeks to halt and remedy defendant PEROT SYSTEMS

7  CORPORATION'S violations of California Labor Code and California Industrial Welfare

8  Commission Order ("Wage Order") provisions requiring pay for all hours worked, including

9  overtime for all hours worked over 40 per week or 8 per day and time for hours worked over twelve

10  in one day or beyond 8 hours on the seventh consecutive day of work in a workweek.  Defendant

11  PEROT SYSTEMS, which provides technology information support services in the health care

12  industry and other industries, regularly and systematically has required, encouraged, and/or permitted

13  Plaintiff and members of the class to work on-call time ("on-call time" being when the employee is

14  the point of contact assigned to respond to trouble calls within a pre-determined period of time)

15  beyond their regular part-time or full-time (40 or more hours per week) schedules.  The parameters of

16  the on-call requirements has included: a 15-minute required response time followed by immediate

17  assessment and solution of the client's technical problems; a restriction to locations with access to a

18  high-speed internet connection; and restrictions on travel in order that the highest-severity problems

19  could be dealt with at the job site within one hour.  Plaintiff and members of the class have received,

20  and were required to respond to, regular and frequent calls without payment of required straight time

21  and/or premium overtime wages for the on-call time.  Defendant PEROT SYSTEMS has also

22  regularly and systematically issued wage statements to Plaintiff and members of the class that failed

23  to disclose or misrepresented the true hours spent on-call, and the resulting straight time and/or

24  premium overtime wages earned by Plaintiff and members of the class for the on-call time,

25  information required by the California Labor Code.  Plaintiff seeks injunctive and declaratory

26  relief, restitution, compensatory damages, penalties, interest, and attorneys' fees, costs and

27  expenses.

28

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1

**VENUE**

2     2.     Proper venue lies in Alameda County in that, while defendant PEROT SYSTEMS

3  does business in the State of California, PEROT SYSTEMS has not designated with the

4  California Secretary of State a principal place of business within the State of California pursuant

5  to Corporations Code § 2105(a)(3). Accordingly, PEROT SYSTEMS may be sued in any county

6  in the State of California, including the County of Alameda. Venue also is proper in Alameda

7  County in that Plaintiff is informed and believes and on that basis alleges that defendants

8  committed some of the wrongful acts alleged herein, in the County of Alameda.

9

**PARTIES**

10    3.     Plaintiff GOMEZ is an individual over the age of eighteen (18) and at all relevant

11  times, was a resident of the State of California. Plaintiff GOMEZ was employed by PEROT

12  SYSTEMS as a non-exempt Business Systems Analysis Specialist as part of the Catholic

13  Healthcare West ("CHW") account at St. Joseph's Medical Center ("SJMC") in Stockton,

14  California from on or around July 2001 through February 2007. SJMC was one of 44 hospitals

15  in the CHW system that comprised the CHW Account at PEROT SYSTEMS.

16    4.    Defendant PEROT SYSTEMS is a corporation organized under Delaware law and

17  admitted to conduct business in the State of California. Plaintiff was employed by PEROT

18  SYSTEMS as an Applications Analyst from July 2001 to about February 2007.

19    5.    Plaintiff does not know the true names and capacities of defendants sued herein as

20  DOES 1-50 and therefore sues these defendants by such fictitious names. Plaintiff will amend

21  this Complaint to allege their true names and capacities when ascertained. Plaintiff is

22  informed and believes and on that basis alleges that each of these fictitiously named defendants is

23  responsible in some manner for the occurrences alleged herein, and thereby proximately caused

24  Plaintiff's injuries alleged herein.

25    6.    Plaintiff is informed and believes and on that basis alleges that at all relevant times

26  each of the defendants was the agent or employee of each of the remaining defendants, and in

27  doing the things herein alleged was acting within the course and scope of such agency or

28  employment, and that defendants authorized, ratified, and approved, expressly or impliedly, all of

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1  the conduct herein alleged.

2  <u>**CLASS AND COLLECTIVE ACTION ALLEGATIONS**</u>

3      7.      Plaintiff brings this action for violations of California's Wage and Hour Law as a

4  class action, pursuant to Code of Civil Procedure § 382 and Business & Professions Code §

5  17200, on behalf of herself and all current and former non-exempt employees of PEROT

6  SYSTEMS in California who worked on-call time at any time in the four years preceding the

7  filing of this action to final resolution of this action.

8      8.      Common questions of law and fact exist as to members of the class that include, but

9  are not limited to the following:

10          a)      Whether defendant PEROT SYSTEMS' on-call policy described herein

11  violates California law by denying overtime wages to members of the class;

12          b)      Whether defendant PEROT SYSTEMS' on-call policy as described

13  herein violates California law by denying straight time wages to members of the class;

14          c)      Whether defendant PEROT SYSTEMS' on-call policy results in the

15  failure to pay all wages at the time of termination of employment for on-call time

16  worked by members of the class;

17          d)      Whether defendant PEROT SYSTEMS' failure to credit and pay class

18  members for all their on-call hours results in itemized wage statements to the class that

19  do not accurately show all hours worked, all earned wages, and/or the other information

20  required by Labor Code § 226; and

21          e)      Whether defendant PEROT SYSTEMS' on-call policy and failure to

22  pay class members for all their on-call hours constitute unfair, unlawful or fraudulent

23  business practices proscribed by Business & Professions Code § 17200.

24      9.      Plaintiff's claims are typical of the claims of the class that Plaintiff seeks to

25  represent.  Plaintiff and members of the class were not compensated for all on-call time worked

26  at the rate required by California law.  Plaintiff and members of the class were not paid all

27  earned wages at the time of termination of employment for all on-call time worked, including

28  straight time and/or premium overtime wages.  Plaintiff and members of the class were not

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1    provided itemized wage statements that disclosed all information required by Labor Code § 226

2    for all on-call time worked.  Plaintiff and members of the class are entitled to injunctive relief, as

3    permitted by law, in that PEROT SYSTEMS' violations of California law have harmed, and are

4    continuing to harm, Plaintiff and members of the class.

5         10.    The potential quantity of members of the class is so numerous that

6    joinder of all members would be unfeasible and impractical.  The disposition of their claims

7    through this class action will benefit both the parties and the Court.  The quantity of members

8    is unknown to Plaintiff at this time; however, it is estimated that the class size is over 100

9    individuals.  The quantity and identity of the proposed class are readily ascertainable through

10    inspection of PEROT SYSTEMS' records.

11         11.    Plaintiff will fairly and adequately represent and protect the interests of the members

12    of the class.  Plaintiff has retained and is represented by counsel competent and experienced in

13    complex class action litigation, including wage and hour class actions.

14         12.    The nature of this action and the nature of laws available to Plaintiff

15    make use of the class action format the superior and appropriate procedure to afford relief for the

16    wrongs alleged herein.

17              **FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

18         13.    Defendant PEROT SYSTEMS required, encouraged, suffered and/or permitted

19    Plaintiff and members of the class to work on-call time in which they were subject to PEROT

20    SYSTEMS' control.  Plaintiff and members of the class included non-exempt employees who

21    worked for PEROT SYSTEMS clients and accounts at job sites in California.  Some of the class

22    members were known as "Desktop Technicians," "Analysts," and "Specialists."  Plaintiff and

23    members of the class were required to provide technical support, both remotely and at job sites, for

24    PEROT SYSTEMS clients and accounts, on an on-call basis.  Specifically, Plaintiff and members of

25    the class were required to respond within 15 minutes to any call seeking technical support; were

26    restricted to locations with a high-speed internet connection; were required to notify their manager

27    any time they went out of cell range; were required to be able to appear at the job site within one

28    hour to provide technical support for problems of certain severity; and regularly and frequently

1   received calls to which they were required to assess and then solve a technical problem. Defendant

2   PEROT SYSTEMS failed to pay Plaintiff and members of the class all required wages, including

3   premium overtime wages, for the on-call time, in violation of Labor Code §§ 510 and 1194 and

4   IWC Wage Orders including without limitation Wage Order 4-2001.

5        14.    Defendant PEROT SYSTEMS regularly and systematically issued wage statements

6   to Plaintiff and members of the class that fail to disclose or misrepresent the true hours spent on-call

7   and the resulting overtime wages earned by Plaintiff and members of the class for all the on-call time,

8   information required by the California Labor Code § 226.

9        15.    Defendant PEROT SYSTEMS failed to pay all earned straight time and overtime

10  wages to Plaintiff and members of the class at the time of termination of employment for all their

11  on-call time, in violation of Labor Code §§ 201, 202, 510 and 1194.

12       16.    Plaintiff and members of the class are non-exempt employees under the laws of

13  the State of California.

14       17.    The practices of defendant PEROT SYSTEMS in failing to pay Plaintiff and

15  members of the class earned compensation, including premium overtime wages, for all of their

16  on-call time, to pay all earned wages for all of their on-call time at the time of termination of

17  employment, and to provide itemized wage statements that disclose all lawfully required

18  information as to their on-call time and resulting straight time and overtime wages owed, are

19  substantially similar, if not identical.

20                 **FIRST CAUSE OF ACTION**

       **UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION**

21            **(California Labor Code §§ 510, 1194; Wage Order 4-2001)**

22       18.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

23  though fully set forth herein.

24       19.    Plaintiff and class members have been employed by PEROT SYSTEMS within

25  the time period covered by this Complaint.

26       20.    California Labor Code § 510 and the IWC Wage Orders, including without

27  limitation Wage Order 4-2001, provide in substance and effect that an employer shall pay a

28

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1  premium "overtime" rate for all "hours worked" by employees in excess of eight hours in a work day

2  or forty hours in a work week and "doubletime" for all "hours worked" by employees in excess of

3  twelve hours per work day, or all hours worked beyond 8 hours on the seventh consecutive day of

4  work in a workweek. "Hours worked" is defined in the wage order as "the time during which an

5  employee is subject to the control of an employer, and includes all the time the employee is suffered

6  or permitted to work, whether or not required to do so."

7      21.    During all relevant times, defendant PEROT SYSTEMS required, encouraged,

8  suffered and/or permitted Plaintiff and the members of the class to be on-call for certain weeks

9  in which they were subject to PEROT SYSTEMS' control, with a 15-minute required response time,

10  a restriction to locations where they had access to a high-speed internet connection, geographic

11  limitations on their movements, and a required in-person response to problems of certain severity.

12  They received regular and frequent calls to which they immediately had to assess and solve the

13  technical problem. They were also required to notify their manager any time they went out of cell

14  range.

15      22.    Plaintiff and members of the class who worked certain weeks of on-call time at any

16  time during the class period are entitled to straight time pay for their on-call time worked, and

17  overtime pay for those hours worked beyond any full-time 8 hour/day and 40 hour/week schedule (or

18  beyond any hours of a lawfully adopted Alternative Workweek Schedule), pursuant to Labor Code §

19  510 and IWC Wage Orders, including without limitation Wage Order 4-2001.

20      23.    Defendant PEROT SYSTEMS has failed to pay earned overtime compensation,

21  either when due or not at all, for the on-call time worked by Plaintiff and members of the class other

22  than time responding to a call and then assessing and solving the technical problem.

23      24.    IWC Wage Orders, including without limitation Wage Order 4-2001, further provide

24  in substance and effect that an employer shall pay one and one-half times the employee's regular rate

25  of pay for all work performed in the work day beyond eight per day or 40 hours per week, and

26  double the employee's regular rate of pay for all hours worked in excess of 12 hours per day and any

27  work in excess of eight hours on the seventh day worked in a workweek.

28      25.    As a proximate result of the conduct of defendant PEROT SYSTEMS, Plaintiff and

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1    members of the class have suffered damages, including for straight time and overtime worked and

2    not paid for on-call time, in an amount to be proven at trial.

3         26.    Plaintiff and members of the class request interest on all compensation earned and

4    unpaid for on-call time, pursuant to Labor Code § 218.6.

5         27.    Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

6    applicable California law, including Labor Code §§ 1194.

7         WHEREFORE, Plaintiff prays for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(Failure to Pay Wages: Cal. Lab. Code §§ 204, 218; Wage Order 4-2001)**

10        28.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

11   though fully set forth herein.

12        29.    At all relevant times, PEROT SYSTEMS has failed to pay wages for time spent

13   on call as required by California law.

14        30.    Defendants have suffered and/or permitted Plaintiff and class members to be on

15   call and perform work for the benefit of PEROT SYSTEMS without being paid wages, and/or

16   Plaintiff and class members have been under the control of PEROT SYSTEMS while on call and

17   performing work without being paid wages.  The work performed "on-call" was the same kind of

18   work they did in the scope of their regular daily work hours.

19        31.    Labor Code § 218 states that "[n]othing in this article shall limit the right of any

20   wage claimant to sue directly or through an assignee for any wages or penalty due him under this

21   article."

22        32.    Labor Code § 204 states that "All wages . . . earned by any person in any

23   employment are due and payable twice during each calendar month . . . ."

24        33.    IWC Wage Order 4-2001 requires compensation for all "hours worked," which is

25   defined in the Wage Order as "the time during which an employee is under the control of an

26   employer, and includes all the time the employee is suffered or permitted to work . . ."

27        34.    As a result, Plaintiff and class members are entitled to regular wages pursuant to

28   California law including, but not limited to, Cal. Lab. Code §§ 204 and 218 and IWC Wage

1 | Order 4-2001.

2 |   35.   Defendants' failure to pay Plaintiff and class members for each on-call hour

3 | worked was willful, and there remain due and unpaid wages in amounts to be determined.

4 |   36.   Plaintiff, on her own behalf and on behalf of others similarly situated, seeks as

5 | damages in an amount to be determined, fees and costs pursuant to California law including, but

6 | not limited to, Cal. Lab. Code §§ 201-204, and 218, plus costs, disbursements, attorneys' fees,

7 | and interest pursuant to California law including, but not limited to, Cal. Lab. Code § 218.6.

8 |   WHEREFORE, Plaintiff prays for relief as set forth below.

9 | **THIRD CAUSE OF ACTION**

10 | **RECOVERY OF WAITING TIME PENALTIES**<br>**(California Labor Code §§ 203)**

11 |

12 |   37.   Plaintiff incorporates the allegations contained in the foregoing paragraphs as

13 | though fully set forth herein.

14 |   38.   California Labor Code § 203 provides that if an employer willfully fails to pay,

15 | without abatement or reduction, in accordance with California Labor Code §§ 201, 201.5, 202 and

16 | 205.5, any wages of an employee who is discharged or who resigns, the wages of the employee shall

17 | continue as a penalty from the due date thereof at the same rate until paid up to a maximum of thirty

18 | (30) days.

19 |   39.   During all relevant times, defendant PEROT SYSTEMS had and continues to have a

20 | consistent and uniform policy, practice and procedure of willfully failing to pay the earned and

21 | unpaid wages of its employees at the termination of their employment earned for all of their on-call

22 | time, in violation of California Labor Code §§ 201 and 202.

23 |   40.   Plaintiff and certain members of the class are no longer employed by defendant

24 | PEROT SYSTEMS, in that they were either discharged from or quit PEROT SYSTEMS'

25 | employ.

26 |   41.   During all relevant times, defendant PEROT SYSTEMS willfully failed to pay

27 | Plaintiff and said members of the class who are no longer employed by PEROT SYSTEMS a sum

28 | certain for earned wages earned for all their on-call time, at the time of their termination or within

8

1  seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days

2  thereafter.

3    42.    During all relevant times, defendant PEROT SYSTEMS willfully failed to pay

4  Plaintiff and said members of the class who are no longer employed by PEROT SYSTEMS, in that

5  PEROT SYSTEMS knew wages were due for all on-call time, but nevertheless failed to pay them.

6    43.    Plaintiff and members of the class who are no longer employed by defendant PEROT

7  SYSTEMS are entitled to penalties pursuant to California Labor Code § 203, in the amount of

8  each person's daily wage multiplied by thirty (30) days.

9    WHEREFORE, Plaintiff prays for relief as set forth below.

10                      **FOURTH CAUSE OF ACTION**
                 **FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**
11                       (California Labor C. § 226)

12    44.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

13  though fully set forth herein.

14    45.    Plaintiff and class members were employed by PEROT SYSTEMS within the

15  time period covered by this Complaint.

16    46.    IWC Wage Orders, including without limitation Wage Order 4-2001, provide that

17  the employer shall keep accurate information with respect to each employee, including total

18  hours worked and applicable rates of pay.

19    47.    Labor Code § 226 provides that the employer shall provide at the time of each

20  payment of wages an accurate itemized statement that discloses (1) gross wages earned, (2) total

21  hours worked by the employee, (3) the number of piece rate units earned and any applicable

22  piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned,

23  (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

24  employee and compliant identifying information, (8) the name and address of the legal entity that

25  is the employer, and (9) all applicable hourly rates in effect during the pay period and the

26  corresponding number of hours worked at each hourly rate by the employee.

27    48.    Labor Code § 226 further provides that an employee may bring an action for

28  injunctive relief to ensure compliance with that code section.

9

49.     During all relevant times, defendant PEROT SYSTEMS provided to plaintiff and members of the class, at the time of payment of wages, wage statements that failed to disclose, without limitation, the total hours worked by the employee and the gross wages earned, through PEROT SYSTEMS' failure to include all of the on-call time of the employee other than, in some instances, time responding to a call and then assessing and resolving the technical issue.

50.     Plaintiff requests that the Court grant injunctive relief restraining defendant PEROT SYSTEMS from further violating the provisions of Labor Code § 226, and commanding defendant PEROT SYSTEMS to issue to Plaintiff and each member of the class further itemized wage statements that disclose, without limitation, the total hours worked by the employee, and the gross wages earned, resulting from all on-call time of the employee, information required by Labor Code § 226 and which PEROT SYSTEMS failed to provide in any wage statement issued to Plaintiff or the respective class member during all relevant times.

51.     Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to California Labor Code § 226(g).

WHEREFORE, Plaintiff prays for relief as set forth below.

## FIFTH CAUSE OF ACTION
## UNFAIR COMPETITION – UNFAIR ,UNLAWFUL & FRAUDULENT BUSINESS PRACTICES
### (California Business & Professions Code § 17200)

52.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

53.     Plaintiff and class members were employed by PEROT SYSTEMS during the time period covered by this Complaint.

54.     The Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, et seq., defines unfair competition to include, inter alia, any unfair or unlawful business act or practice. The UCL provides that a Court may enjoin acts of unfair competition, and order restitution to affected members of the public.

55.     Plaintiff is informed and believes and on that basis alleges that, during the four years preceding the filing of this complaint, PEROT SYSTEMS has committed acts of unfair

10

1   competition proscribed by California Business and Professions Code § 17200, et seq., including

2   the practices alleged herein.

3       56.     Plaintiff is informed and believes and on that basis alleges, as more fully set out

4   above, that PEROT SYSTEMS has engaged in the following unfair and/or unlawful acts and

5   practices:

6           a)     PEROT SYSTEMS regularly and systematically has required,

7       encouraged, suffered and/or permitted Plaintiff and members of the class to regularly

8       work on-call time, including on-call time beyond their regular full-time (8/day and

9       40/week) schedule (or beyond the hours of a lawfully adopted Alternative Workweek

10      Schedule), with a 15-minute required response time, a restriction to locations with

11      access to a high speed internet connection, a requirement to notify a manager whenever

12      out of cell phone range, a requirement to be able to report to a job site within one hour

13      for calls of certain severity, and numerous calls that they must respond to, all without

14      payment of required wages for the on-call time other than the time spent responding to

15      calls and then assessing and resolving technical problems, in violation of California

16      Labor Code §§ 510 and 1194 and applicable Wage Orders, including without limitation

17      Wage Order 4-2001; and

18          b)     Defendant PEROT SYSTEMS also regularly and systematically issued

19      wage statements to Plaintiff and members of the class that fail to disclose or

20      misrepresent the true hours spent on on-call time and resulting wages earned by Plaintiff

21      and members of the class for the on-call time, information required by the California

22      Labor Code § 226.

23          c)     Defendants have regularly and systematically failed to pay members of

24      the class that have left their employment, either voluntarily or involuntarily, all the

25      wages due them as required by Labor Code §§ 201-202.

26      57.     The business acts and practices of PEROT SYSTEMS as hereinabove alleged

27   constitute unfair and/or unlawful business practices in that, for the reasons set forth above, said

28   acts and practices violate explicit provisions of the California Labor Code and/or Wage Orders,

1  including without limitation Wage Order 4-2001. PEROT SYSTEMS has obtained a significant

2  competitive advantage, and engaged in unfair competition, through its acts and practices of

3  obtaining employee labor without paying legally required overtime compensation for primary

4  on-call time; and without reporting to governmental authorities the true overtime wages earned

5  for on-call time and paying to such authorities all taxes and levies on the true wages earned.

6      58.    Plaintiff and members of the class are entitled to restitution in the amounts of all

7  earned wages unpaid by defendant PEROT SYSTEMS.

8      59.    The unfair and unlawful business acts and practices of defendant PEROT

9  SYSTEMS described herein present a continuing threat to members of the general public in that

10  PEROT SYSTEMS is currently engaging in such acts and practices, and will persist and

11  continue to do so unless and until an injunction is issued by this Court. On behalf of all others

12  similarly situated, Plaintiff requests that this Court issue an injunction restraining the foregoing

13  conduct by PEROT SYSTEMS.

14     60.    Plaintiff requests that the Court grant further injunctive relief, commanding

15  defendant PEROT SYSTEMS to issue to Plaintiff and each member of the class itemized wage

16  statements that reflect all on-call time worked and resulting wages owed as required by Labor

17  Code § 226 and which PEROT SYSTEMS failed to provide in any wage statement issued to

18  Plaintiff or the respective class member during the four years preceding the filing of this

19  complaint.

20     61.    On behalf of all others similarly situated, Plaintiff further requests that the Court

21  issue an interim order requiring PEROT SYSTEMS to advise all members of the class of their

22  rights as to entitlement to overtime pay for on-call time pursuant to the California Labor Code

23  and Wage Orders.

24     62.    On behalf of all others similarly situated, Plaintiff further requests a declaration as

25  to the respective rights, remedies, and obligations of the parties, and establishment of a post-

26  judgment reference proceeding to identify, locate and fully reimburse all affected employees all

27  monies due to them.

28     63.    On behalf of all others similarly situated, Plaintiff further requests that the Court

1    enforce the penalty provision of Labor Code § 203, pursuant to Business and Professions Code §

2    17202, which provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive

3    relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."

4        64.    Plaintiff requests an award of attorneys fees, costs and expenses pursuant to Code

5    of Civil Procedure § 1021.5 and as otherwise permitted by statute.

6        WHEREFORE, Plaintiff prays for relief as set forth below.

7

8                    **SIXTH CAUSE OF ACTION**
                     **DECLARATORY RELIEF**
9

10       65.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

11    though fully set forth herein.

12       66.    Plaintiff and class members were employed by PEROT SYSTEMS within the

13    time period covered by this Complaint.

14       67.    An actual controversy has arisen between Plaintiff and members of the class, on the

15    one hand, and defendant PEROT SYSTEMS, on the other hand, as to their respective rights,

16    remedies and obligations. Specifically, Plaintiff alleges that the acts and practices of PEROT

17    SYSTEMS as hereinabove alleged:

18       a)    violate the California Labor Code and Wage Orders, including Labor

19    Code §§ 510 and 1194 and Wage Order 4-2001, in that PEROT SYSTEMS has failed

20    to pay overtime and straight time compensation for all on-call time of Plaintiff and

21    members of the class, either when due or not at all;

22       b)    violate Labor Code § 226, in that PEROT SYSTEMS has failed to

23    maintain records that show, and provided wage statements to plaintiff and members of

24    the class that fail to disclose or misrepresent the true hours spent on on-call time and

25    resulting wages earned by Plaintiff and members of the class for the on-call time; and

26       c)    violate Labor Code §§ 201-203, in that Defendants have failed to class

27    members all wages due upon their termination of employment.

28       68.    Plaintiff further alleges that members of the class are entitled to recover earned

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1  wages and penalties as hereinabove alleged.

2    69.    Defendant PEROT SYSTEMS contends to the contrary.

3    70.    Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies, and

4  obligations of the parties.

5    WHEREFORE, Plaintiff prays for relief as set forth below.

6  ## PRAYER FOR RELIEF

7  WHEREFORE, Plaintiff, on behalf of herself and members of the class, respectfully prays for

8  relief as follows:

9    1.    For an order certifying this case as a class action, and appointing Plaintiff as the

10  representative of the class;

11    2.    For an order finding and declaring that PEROT SYSTEMS' acts and practices as

12  challenged herein are unlawful and unfair;

13    3.    For an order finding and declaring that PEROT SYSTEMS' acts and practices in

14  failing to pay earned wages when due were willful, and penalties shall be awarded against

15  PEROT SYSTEMS pursuant to Labor Code § 203;

16    4.    For an order preliminarily and permanently enjoining PEROT SYSTEMS from

17  engaging in the practices challenged herein;

18    5.    For an order commanding defendant PEROT SYSTEMS to issue to Plaintiff and

19  each member of the class itemized wage statements that state all of the true hours spent on-call

20  and resulting wages earned by Plaintiff and members of the class for the on-call time,

21  information required by Labor Code § 226 and which PEROT SYSTEMS failed to provide in

22  any wage statement issued to Plaintiff or the respective class member during the four years

23  preceding the filing of this complaint;

24    6.    For an order requiring PEROT SYSTEMS to advise all members of the class of

25  their rights as to entitlement to pay, including overtime pay, for on-call time pursuant to the

26  California Labor Code, Wage Orders, and Business & Professions Code;

27    7.    For restitution of all earned wages earned and unpaid;

28    8.    For compensatory damages in amounts to be determined at trial;

1      9.    For a declaration as to the respective rights, remedies, and obligations of the

2  parties, and establishment of a post-judgment reference proceeding to identify, locate, and fully

3  reimburse all affected employees all monies due to them;

4      10.    For an award of all applicable statutory penalties;

5      11.    For prejudgment interest to the extent permitted by law;

6      12.    For an award of attorneys' fees, costs and expenses incurred in the prosecution of

7      this action; and

8      13.    For such other and further relief as the Court may deem proper.

9  Dated: May 27, 2008

10                      CHAVEZ & GERTLER LLP

11                      SCHNEIDER WALLACE
                    COTTRELL BRAYTON

12                      KONECKY LLP

13                      LAW OFFICES OF RICARDO DE ROSA

14

15

16                      By: _____

17                        Jonathan E. Gertler
                    Attorneys of record for Plaintiff

18                      ANGELITA GOMEZ

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes for which she is entitled a jury.

Dated: May 27, 2008

CHAVEZ & GERTLER LLP

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

LAW OFFICES OF RICARDO DE ROSA

By: _____
          Jonathan E. Gertler
Attorneys of record for Plaintiff
ANGELITA GOMEZ

16

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Jonathan E. Gertler (Bar No. 111531)
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA 94941
TELEPHONE NO.: (415) 381-5599    FAX NO.: (415) 381-5572
ATTORNEY FOR (Name): Plaintiff, ANGELITA GOMEZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME: ANGELITA GOMEZ v. PEROT SYSTEMS CORPORATION

**ENDORSED FILED ALAMEDA COUNTY**

MAY 27 2008

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RG 08389410 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:  DEPT.: |

BY FAX

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 6
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 27, 2008

Jonathan E. Gertler
(TYPE OR PRINT NAME)

*Jonathan E. Gertler*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005

### Instructions to Plaintiff / Cross-Complainant

In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

   (1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

   (2) Information about the ADR programs available in that court . . .

   (3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

   (4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.

# GENERAL INFORMATION ABOUT ADR

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Rev 4/05

## Three Common Types of Alternative Dispute Resolution

his section describes the forms of ADR most often found in the California state courts and discusses when each may be ght for a dispute.

*Iediation*

n mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. inlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties o.

Iediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better elations between the parties and to resolutions that hold up. For example, mediation has been very successful in family lisputes, particularly with child custody and visitation.

Iediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Iediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking estitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

*Arbitration*

n arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

*Neutral Evaluation*

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

Rev 4/05

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You may also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

Rev 4/05

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

Mediation Services
22278 Redwood Road, Castro Valley, CA 94546
Phone: (510) 733-4940    fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes,
Child Custody, Divorce, Parent/Teen Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee,
and Fremont Rent Increases.

East Bay Community Mediation
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Phone: (510) 548-2377    fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and
Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation,
large-group conflict facilitation, and conflict resolution skills workshops.

Catholic Charities of the East Bay: Oakland – Main Office
433 Jefferson Street, Oakland, CA 94607
Phone: (510) 768-3100  fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a
mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

Center for Community Dispute Settlement
1789 Barcelona Street, Livermore, CA 94550
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases
resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

California Lawyers for the Arts: Oakland Office
1212 Broadway Street, Suite 837, Oakland, CA 94612
Phone: (510) 444-6351  fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property,
credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also
increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and
meeting facilitation.

# ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

**DR Program Administrator**

Irsuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of Califonia, County of Alameda is designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration rogram Coordinator may be contacted at (510) 670-6646.

**The Judicial Arbitration Process**

**Appointment of Arbitrator (must be appointed within 30 days after referral per *CRC 1605*).**
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

**Assignment of Case *(CRC 1605a(4))***
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

**Hearings *(CRC 1611)***
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

**Award by Arbitrator *(CRC 1615b & c)***
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

**Return of Case to Court**
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

Rev 4/05

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

vs.

Case No.: _____

**STIPULATION FOR ALTERNATIVE
DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

Chavez & Gertler
Attn: Gertler, Janathan E.
42 Miller Ave.
Mill Valley, CA  94941

Perot Systems Corporation, a Delaware
Corporation

RECEIVED
MAY 3 0 2008
By_____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Gomez<br><br>          VS.      Plaintiff/Petitioner(s)<br><br>Perot Systems Corporation<br>          Defendant/Respondent(s)<br>     (Abbreviated Title) | No. RG08389410<br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

        Complex Determination Hearing
        Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 07/29/2008    TIME: 02:30 PM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
        1221 Oak Street, Oakland

Case Management Conference:
DATE: 09/08/2008    TIME: 02:00 PM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
        1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 22 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6938.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

scheduled for hearing in Department 22.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 267-6938.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 05/29/2008

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/29/2008.

By _____

Deputy Clerk

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jonathan E. Gertler (Bar No. 111531)<br>Chavez & Gertler LLP<br>42 Miller Avenue<br>Mill Valley, CA 94941<br>TELEPHONE NO.: (415) 381-5599     FAX NO.*(Optional)*: (415) 381-5572<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:   Plaintiff, Angelita Gomez | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**   Alameda
STREET ADDRESS:  1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER:  ANGELITA GOMEZ, individually, and on behalf of all others similarly situated
DEFENDANT/RESPONDENT: PEROT SYSTEMS CORPORATION, a Delaware Corporation and DOES 1 to 50

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>RG08389410 |
|---|---|

TO *(insert name of party being served)*:  Defendant, PEROT SYSTEMS CORPORATION

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:  June 10, 2008

Moya B. Mulreany
(TYPE OR PRINT NAME)
*(signature)*
(SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1.  ☒ A copy of the summons and of the complaint.
2.  ☒ Other *(specify)*:
        Civil Case Cover Sheet
        Alameda Superior Court Alternative Dispute Resolution Information Package
        Notice of Hearing [Complex Determination Hearing and Case Management Conference]

*(To be completed by recipient)*:

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶  _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]<br>*Martin Dean's Essential Forms* ™ | NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

1    CHAVEZ & GERTLER LLP
     JONATHAN E. GERTLER (Bar No. 111531)
2    DANIEL B. SIEGEL (Bar No. 160742)
     42 Miller Avenue, Mill Valley, CA 94941
3    Tel: (415) 381-5599 Fax: (415) 381-5572

4
     SCHNEIDER WALLACE
5    COTTRELL BRAYTON KONECKY LLP
     TODD M. SCHNEIDER (Bar No. 158253)
6    JOSHUA G. KONECKY (Bar No. 182897)
     CHRISTIAN SCHREIBER (Bar No. 245597)
7    180 Montgomery Street, Suite 2000
8    San Francisco, CA 94104
     Tel: (415) 421-7100 Fax: (415) 421-7105
9
     LAW OFFICES OF RICARDO DE ROSA
10   RICARDO DE ROSA (Bar No. 221226)
     6640 Brook Falls Circle
11   Stockton, California, 95219
12   Tel: (209) 345-7077 Fax: (209) 476-0443

13   Attorneys for Plaintiff ANGELITA GOMEZ
     And the Proposed Plaintiff Class
14

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                        COUNTY OF ALAMEDA

17                       UNLIMITED JURISDICTION

18   ANGELITA GOMEZ, individually, and on      )   Case No:
19   behalf of all others similarly situated,   )
                                                )   **CLASS ACTION**
20                  Plaintiff,                   )
                                                )   **PROOF OF SERVICE**
21         vs.                                   )
                                                )
22   PEROT SYSTEMS CORPORATION, a               )
23   Delaware Corporation; and DOES 1 to 50,    )
                                                )
24                  Defendants                   )
                                                )
25                                              )
                                                )
26                                              )
                                                )
27                                              )
                                                )
28

                                                              PROOF OF SERVICE

Gomez v. Perot Systems
Alameda County Superior Court Case No.RG08389410

**PROOF OF SERVICE**
(C.C.P. §1013a(3))

STATE OF CALIFORNIA     )
                                ) ss.
COUNTY OF MARIN       )

     I am employed in the County of Marin, State of California.  I am over the age of 18 years and not a party to the within action; my business address is Chavez & Gertler LLP, 42 Miller Avenue, Mill Valley, CA  94941.

     On June 10, 2008, I served the foregoing documents:

- **SUMMONS**

- **COMPLAINT FOR FAILURE TO PAY WAGES (Cal. Labor C. § 218); FAILURE TO PAY OVERTIME (Cal. Labor C. §§ 510 & 1194); RECOVERY OF WAITING TIME PENALTIES (Cal. Labor C. § 203); FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS (Cal. Labor C. § 226); UNFAIR, UNLAWFUL & FRAUDULENT BUSINESS PRACTICES (Cal. Bus. & Prof. C. § 17200); AND INJUNCTIVE AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

- **CIVIL COVER SHEET**

- **ALAMEDA SUPERIOR COURT ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE**

- **NOTICE OF HEARING**

- **NOTICE AND ACKNOWLEDGEMENT OF RECEIPT**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to each as follows:

Joanna L. Brooks
Anne V. Leinfelder
Tim Travelstead
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

[X]      **BY MAIL:**  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Mill Valley, California.

PROOF OF SERVICE

1    Executed on June 10, 2008 at Mill Valley, CA.

2    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  I declare that I am employed in the office of a member of the bar

3    of this court at whose direction the service was made.

4

5    _Moya B. Mulreany_
     Moya B. Mulreany

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

*EXHIBIT F*

COPY

1  JOANNA L. BROOKS (State Bar #182986)
   TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2  DOUGLAS M. BRIA (State Bar #226966)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA 94105
4  Telephone   415.394.9400
   Facsimile:  415.394.9401
5  brooksj@jacksonlewis.com

**E-filing**

ORIGINAL FILED

JUL 10 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6  Attorneys for Defendant
   PEROT SYSTEMS CORPORATION

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  ANGELITA GOMEZ, individually, and on         CV C08                3337
    behalf of all others similarly situated,     Case No.

12                                               SC
                    Plaintiff,                   **NOTICE OF REMOVAL OF CIVIL
13                                               ACTION TO THE UNITED STATES
         v.                                      DISTRICT COURT FOR THE
14                                               NORTHERN DISTRICT OF
    PEROT SYSTEMS CORPORATION, a                 CALIFORNIA PURSUANT TO 28
15  Delaware Corporation; and DOES 1 to 50,      U.S.C. SECTIONS 1332, 1441 AND 1446
                                                 [CAFA DIVERSITY]**
16                  Defendants.
                                                 (Filed in conjunction with Certificate of
17                                               Service of Notice to Adverse Parties and
                                                 Notice of Pendency of Other Action or
18                                               Proceeding)

19  **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR**

20  **THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF ANGELITA GOMEZ**

21  **AND TO HER ATTORNEYS OF RECORD:**

22

23      <u>**PLEASE TAKE NOTICE:**</u>  Defendant Perot Systems Corporation ("Perot

24  Systems") hereby removes this action from the Superior Court of the State of California for the

25  County of Alameda to the United States District Court for the Northern District of California,

26  pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub.

27  L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446, for the following reasons:

28              1.      On May 27, 2008, Plaintiff Angelita Gomez ("Plaintiff") filed her class

                                        1
                        DEFENDANT'S NOTICE OF REMOVAL

1    action complaint in the Superior Court of the State of California, County of Alameda, designated

2    as Case No. RG 08389410 ("Complaint").  The Complaint alleged the following five (5) causes

3    of action against Perot Systems and Does 1 through 50:  (1) failure to pay overtime in violation of

4    California Labor Code sections 510 and 1194; (2) failure to pay wages for time spent on-call in

5    violation of California Labor Code sections 204 and 218; (3) penalties under California Labor

6    Code section 203 for failure to pay all wages owed on termination of employment ("Waiting-

7    Time Penalties"); (4) failure to provide an itemized wage statement in violation of California

8    Labor Code section 226; and (5) violation of California Business and Professions Code section

9    17200 *et seq*.

10            2.     On June 13, 2008, Perot Systems was served with the Summons and

11    Complaint, when it was delivered to Perot Systems' agent for service of process.[1]

12            3.     This Notice of Removal is timely because it is being filed within thirty (30)

13    days of service of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b).

14            4.     The Summons and Complaint, as well as the notices and orders collectively

15    attached as Exhibit "A," constitute all process, pleadings and orders served on Perot Systems in

16    this action pursuant to 28 U.S.C. section 1446(a).

17            5.     In accordance with 28 U.S.C. section 1446(d), the undersigned counsel

18    certifies that a copy of this Notice of Removal and all supporting papers promptly will be served

19    on Plaintiff's counsel and filed with the Clerk of the Alameda County Superior Court.  True and

20    correct copies of the form of such notices are attached hereto as Exhibit "B."  Therefore, all

21    procedural requirements under 28 U.S.C. section 1446 have been satisfied.

22            6.     Venue of this action lies in the United States District Court for the

23    Northern District of California pursuant to 28 U.S.C. sections 1441, *et seq*. and 1391(a) because

24    this is the judicial district of this Court in which the action arose, where Plaintiff resides and

25    where the causes of action arose.

26    ―――――――――――――

27    [1]    Perot Systems received the complaint with a notice of acknowledgement form on June 10, 2008.  On July 14, 2008, prior to the deadline for return of the notice of acknowledgment, Gomez served Perot Systems by personal service.  The removal period runs from the date of service of

28    the summons and complaint.  *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

2

1

2    <u>**REMOVAL BASED ON DIVERSITY AND CLASS ACTION FAIRNESS ACT OF 2005**</u>

3    <u>**(28 U.S.C. sections 1332(a) and (d))**</u>

4          7.      The Complaint is pleaded as a putative class action by which Plaintiff

5    seeks to represent "all current and former non-exempt employees of Perot Systems in California

6    who worked on-call at any time in the four years preceding the filing of this action to the final

7    resolution of this action." (Complaint ¶ 7.)

8          8.      Perot Systems properly may remove the Complaint on the basis of

9    diversity of citizenship jurisdiction pursuant to 28 U.S.C. section 1332(a) or 28 U.S.C section

10   1332(d)(2), because:

11              a.      Plaintiff now is, and was at the time this action was commenced, a

12   citizen of the State of California within the meaning of 28 U.S.C. section 1332(a). (Complaint ¶

13   3.)

14              b.      Perot Systems now is, and was at the time this action was

15   commenced, a citizen of the State of Delaware within the meaning of section 1332(c)(1), because

16   it now is, and was at all times, incorporated under the laws of that state of Delaware. (Complaint

17   ¶ 4.)

18              c.      Perot Systems also now is, and was at the time this action was

19   commenced, a citizen of the State of Texas within the meaning of section 1332(c)(1), because

20   Perot Systems' executive and administrative functions primarily are performed in the State of

21   Texas and a substantial predominance of its corporate operations do not take place in California

22   or any other state in which it conducts operations.

23              d.      Perot Systems is not now, nor was at the time this action was

24   commenced, a citizen of the State of California within the meaning of section 1332(c) because it

25   is not and was not incorporated in California and its principal place of business is not and was not

26   in California.

27              e.      The presence of Doe defendants has no bearing on the diversity

28   with respect to removal. *See* 28 U.S.C. section 1441(a) ("For purposes of removal under this

1    Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.")

2    Defendant is not aware of any Doe Defendant having been served with a copy of the Summons

3    and Complaint; and

4         f.    Without admitting that Plaintiff or the purported class could recover

5    any damages, the amount in controversy in this action for which Plaintiff asserts a four year

6    liability period exceeds: (i) $75,000 for the named Plaintiff herself; and (ii) $5,000,000.00,

7    exclusive of interest and costs, for the members of the putative class, based on the following

8    grounds:

9         i.    *Plaintiff's Amount in Controversy Exceeds $75,000.*

10            1.    First and Second Causes of Action.

11            a.    Plaintiff's first and second causes of action

12    seek damages for allegedly unpaid wages and overtime based on Plaintiff's time spent

13    "on-call" – i.e. as the primary contact during off hours for certain types of client

14    technology concerns.  During her employment, Plaintiff served as the primary contact for

15    certain Perot Systems Corporation clients for approximately one week of every month.

16    Plaintiff alleges the time she served as the primary contact should have been included as

17    time worked and compensated accordingly.

18            b.    Plaintiff worked for Perot Systems

19    Corporation in California from the beginning of the purported class period (four years

20    prior to the filing of the Complaint -- May 27, 2004) until February 16, 2007, a period of

21    approximately 142 weeks.  During that time, defendant estimates Plaintiff served as the

22    primary contact approximately one week a month, or 23.1% of her workweeks (12 weeks

23    a year DIVIDED BY 52 weeks in a year = 23.1%).  Therefore, Plaintiff's first and second

24    causes of action seek compensation for serving as primary service contact for

25    approximately 33 weeks (142 weeks TIMES 23.1% of weeks spent as primary contact).

26            c.    Plaintiff was regularly scheduled to work 40

27    hours a week, and was paid for each of those 40 hours.

28            d.    When Plaintiff served as the primary contact,

4

1   she was paid for all time actually worked, but not for the remainder of the time she served

2   as primary contact. Putting aside the hours Plaintiff was already paid for, given that there

3   are 168 hours in a week, and given Plaintiff was compensated for the 40 hours of her

4   standard work schedule, Defendant estimates Plaintiff seeks damages for 128 hours for

5   each week Plaintiff served as primary contact. With approximately 33 weeks as the

6   primary contact, Plaintiff's wage and overtime causes of action seek damages for

7   approximately 4,200 hours of uncompensated time spent as the primary contact.

8            e.     During the class period, Plaintiff's hourly

9   rate of pay was never lower than $26.28. Because the on-call hours are all in excess of the

10  regularly scheduled 40-hour workweek, Plaintiff's claim involves premium overtime

11  claims. Without conceding Plaintiff is entitled to recover any damages, Plaintiff's wage

12  claims therefore involve an amount in controversy of at least $165,564 (4,200 hours

13  TIMES $26.28 per hour TIMES 1.5).

14                   2.     Third Cause of Action.

15           a.     Plaintiff's third cause of action seeks

16  waiting-time penalties under California Labor Code section 203. Section 203 provides

17  that any employee who does not receive all wages owed at the end of employment in

18  accordance with the law is entitled to a penalty equal to one day's pay at the final rate of

19  pay, continuing for a maximum of thirty days. Because Plaintiff's employment ended

20  more than thirty days ago, she seeks waiting-time penalties of at least $7,361 ($30.67 per

21  hour TIMES 8 hours a day TIMES 30 days.)

22                   3.     Fourth Cause of Action.

23           a.     Plaintiff's fourth cause of action alleges

24  Perot Systems Corporation failed to provide accurate wage statements. California Labor

25  Code section 226 subdivision (e) provides employees are entitled to receive either actual

26  damages or $50 for the first inaccurate wage statement and $100 for each subsequent

27  inaccurate wage statement, up to a maximum of $4,000 per employee.

28           b.     Plaintiff received at approximately 95

1    paychecks for the three-year period preceding the filing of the complaint. The amount in

2    controversy for Plaintiff's fourth cause of action is therefore $4,000.

3                    4.    Total Amount in Controversy. Without conceding

4    Plaintiff is entitled to recover any damages, based on the foregoing the named Plaintiff's claims

5    in this action have an amount in controversy of approximately $176,925.

6                    5.    *Class Amount in Controversy Exceeds $5,000,000.*

7                        a.    The complaint seeks to pursue these claims

8    as a class action on behalf of "all current and former non-exempt employees of PEROT

9    SYSTEMS in California who worked on-call time at any time in the four years preceding

10   the filing of this action." (Compl. ¶ 7.)

11                       b.    There are at least 100 non-exempt employees

12   in California identified as the primary contact person during off-hours ("on-call") during

13   the four years preceding the filing of the complaint, and those persons served a the

14   primary contact person, on average, for at least 12 weeks during the class period.

15   Therefore at least 1,200 "on-call" weeks are at issue for the putative class.

16                       c.    These 100 putative class members regular

17   work schedule generally included 40 hours in a week. Given that there are a total of 168

18   hours in a week, this leaves 128 hours a week of "on-call" time for each week at issue

19   (168 Hours in a week MINUS 40 Hours Worked). Therefore, for the putative class, there

20   are at least 153,600 "on-call" hours (1,200 "on-call" weeks TIMES 128 "on-call" hours

21   per week) at issue in the case.

22                       d.    The average hourly rate for the 100 persons

23   known to be in the putative class is at least $25 per hour. Because the "on-call" hours are

24   all in excess of the regularly scheduled 40-hour workweek, Plaintiff's claim involves

25   premium overtime claims. Without conceding the putative class is entitled to recover any

26   damages, the amount in controversy for the putative class is at least $5,760,000 (153,600

27   Hours TIMES $25 per hour TIMES 1.5.)

28               9.    The Court may not decline to exercise jurisdiction over the action pursuant

1   to 28 U.S.C. sections 1332(d)(3), because Perot Systems is not a citizen of the state in which the

2   action was filed.

3

4        **WHEREFORE**, Perot Systems removes the above-entitled action now pending in the

5   Superior Court of the State of California for the County of Alameda to this Court.

6

7   Dated:  July 10, 2008

8                                   JACKSON LEWIS LLP

9

10                           By:

                                   JoAnna L. Brooks

11                                   Timothy C. Travelstead

                                   Douglas M. Bria

12                                   Attorney for Defendant

                                   PEROT SYSTEMS CORPORATION,

13                                   a Delaware Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1  **PROOF OF SERVICE**

2      I, Linda Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3  whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4  age of eighteen (18) years and am not a party to this action.

5      On July 22, 2008, I served the attached document(s):

6  NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT
   COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C.
7  SECTIONS 1332, 1441 AND 1446 [CAFA DIVERSITY]

8  in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

9  as follows:

10  Jonathan E. Gertler, Esq.              Todd M. Schneider, Esq.
    Joseph R. Igelmund, Esq.             Joshua G. Konecky, Esq.
11  Chavez & Gertler LLP               Schneider & Wallace
    42 Miller Avenue                 180 Montgomery Street, Suite 2000
12  Mill Valley, CA 94941            San Francisco, CA 94104
    Telephone:   415.381.5599       Telephone:   415.421.7100
13  Facsimile:    415.381.5572       Facsimile:    415.421.7105
    **By Overnight Delivery**          **By Overnight Delivery**
14

15  Ricardo De Rosa, Esq.
    Law Offices of Ricardo De Rosa
16  6640 Brook Falls Circle
    Stockton, CA 95219
17  Telephone:   209.345.7077
    Facsimile:    209.476.0443
18  **By Overnight Delivery**

19  [   ]   <u>BY MAIL:</u>  United States Postal Service - by placing sealed envelopes with the postage
             thereon fully prepaid, placed for collection and mailing on this date, following ordinary
20           business practices, in the United States mail at San Francisco, California.

21  [ X ]  <u>BY HAND DELIVERY:</u>  I caused such envelope(s) to be delivered by Messenger Service
             to the above address[es].
22
    [ X ]  <u>BY OVERNIGHT DELIVERY:</u>  I caused such envelope(s) to be delivered to the above
23           address within 24 hours by OVERNIGHT EXPRESS service.

24  [   ]   <u>BY FACSIMILE:</u>  I caused such documents to be transmitted by facsimile to the
             telephone number(s) indicated above.

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL

1    I declare under penalty of perjury under the laws of the State of California that the above

2    is true and correct.

3    Executed on July _6_ , 2008 at San Francisco, California.

4

5

6    _____
     LINDA A. MOORE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL

**COPY**

1  JOANNA L. BROOKS (State Bar #182986)
   TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2  DOUGLAS M. BRIA (State Bar # 226966)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA  94105
4  Telephone    415.394.9400
   Facsimile:    415.394.9401
5  brooksj@jacksonlewis.com

6  Attorneys for Defendant
   PEROT SYSTEMS CORPORATION
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  ANGELITA GOMEZ, individually, and on        | Case No.:
    behalf of all others similarly situated,
12                                              | INDEX OF EXHIBITS IN SUPPORT
                Plaintiff,                       | OF NOTICE OF REMOVAL OF CIVIL
13                                              | ACTION TO THE UNITED STATES
        v.                                       | DISTRICT COURT FOR THE
14                                              | NORTHERN DISTRICT OF
    PEROT SYSTEMS CORPORATION, a                | CALIFORNIA PURSUANT TO 28
15  Delaware Corporation; and DOES 1 to 50,     | U.S.C. SECTIONS 1332, 1441 AND 1446
                                                | [CAFA DIVERSITY]
16              Defendants.
                                                | (Filed in conjunction with Notice of
17                                              | Removal)

18

19  Exhibit A:

20  True and correct copies of Summons and Complaint, as well as the collective notices and orders,
    as follows:
21

22      1.    A true and correct copy of the Complaint for Business Tort/Unfair Business
              Practice, filed on  May 27, 2008;
23
        2.    A true and correct copy of the Summons on Complaint Issued and Filed, dated
24            May 27, 2008;

25      3.    A true and correct copy of the Proof of Service of Summons, and  Complaint, etc.,
              dated June 13, 2008;
26
        4.    A true and correct copy of Alameda County Superior Court's Alternative Dispute
27            Resolution Package;

28  ///

                                    1
             INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL

5.  A true and correct copy of the Alameda County Superior Court's Notice of Complex Determination Hearing and Case Management Conference, dated May 29, 2008;

6.  A true and correct copy of the Notice and Acknowledgement of Receipt – Civil, dated June 10, 2008;

7.  A true and correct copy of Plaintiff's Proof of Service of Documents numbered 1-6 above; and

8.  A true and correct copy of Defendant's Answer to Plaintiff's Unverified Class Action Complaint, filed on July 9, 2008.

Exhibit B:

A true and correct copy of the Notice to Adverse Parties of Removal to Federal Court.


Dated:  July 10, 2008

JACKSON LEWIS LLP


By:
        JoAnna L. Brooks
        Timothy C. Travelstead
        Douglas M. Bria
        Attorney for Defendant
        PEROT SYSTEMS CORPORATION,
        a Delaware Corporation

2

INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL

1          **PROOF OF SERVICE**

2    I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3 whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4 age of eighteen (18) years and am not a party to this action.

5    On July 10, 2008, I served the attached document(s):

6    **INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL OF**
 **CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE**
7 **NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C.**
 **SECTIONS 1332, 1441 AND 1446 [CAFA DIVERSITY]**
8

9 in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

10 as follows:

11 Jonathan E. Gertler, Esq.     Todd M. Schneider, Esq.
  Joseph R. Igelmund, Esq.     Joshua G. Konecky, Esq.
12 Chavez & Gertler LLP      Schneider & Wallace
  42 Miller Avenue       180 Montgomery Street, Suite 2000
13 Mill Valley, CA 94941      San Francisco, CA 94104
  Telephone: 415.381.5599    Telephone: 415.421.7100
14 Facsimile: 415.381.5572    Facsimile: 415.421.7105
  **By Overnight Delivery**     **By Overnight Delivery**
15

16 Ricardo De Rosa, Esq.
  Law Offices of Ricardo De Rosa
17 6640 Brook Falls Circle
  Stockton, CA 95219
18 Telephone: 209.345.7077
  Facsimile: 209.476.0443
19 **By Overnight Delivery**

20 [ ]  BY MAIL: United States Postal Service - by placing sealed envelopes with the postage
     thereon fully prepaid, placed for collection and mailing on this date, following ordinary
21     business practices, in the United States mail at San Francisco, California.

22 [ ]  BY HAND DELIVERY: I caused such envelope(s) to be delivered by Messenger Service
     to the above address[es].
23

  [ X ] BY OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to the above
24     address within 24 hours by OVERNIGHT EXPRESS service.

25 [ ]  BY FACSIMILE: I caused such documents to be transmitted by facsimile to the
     telephone number(s) indicated above.
26

27

28

INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL

1        I declare under penalty of perjury under the laws of the United States that the above is true

2    and correct.

3        Executed on July 10, 2008, at San Francisco, California.

4

5

6                                               LINDA A. MOORE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL

*EXHIBIT A*

*EXHIBIT 1*



1 | CHAVEZ & GERTLER LLP
2 | JONATHAN E. GERTLER (Bar No. 111531)
  | DANIEL B. SIEGEL (Bar No. 160742)
3 | 42 Miller Avenue, Mill Valley, CA 94941
  | Tel: (415) 381-5599 Fax: (415) 381-5572
4 |
5 | SCHNEIDER WALLACE
  | COTTRELL BRAYTON KONECKY LLP
6 | TODD M. SCHNEIDER (Bar No. 158253)
  | JOSHUA G. KONECKY (Bar No. 182897)
7 | CHRISTIAN SCHREIBER (Bar No. 245597)
  | 180 Montgomery Street, Suite 2000
8 | San Francisco, CA 94104
  | Tel: (415) 421-7100 Fax: (415) 421-7105
9 |
10 | LAW OFFICES OF RICARDO DE ROSA
   | RICARDO DE ROSA (Bar No. 221226)
11 | 6640 Brook Falls Circle
   | Stockton, California, 95219
12 | Tel: (209) 345-7077 Fax: (209) 476-0443
13 |
   | Attorneys for Plaintiff ANGELITA GOMEZ
14 | And the Proposed Plaintiff Class

**F I L E D**
**ALAMEDA COUNTY**

**MAY 2 7 2008**

CLERK OF THE SUPERIOR COURT
By__*Sasha Perry*__
                        Deputy

15 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
16 | COUNTY OF ALAMEDA
17 | UNLIMITED JURISDICTION

18 | ANGELITA GOMEZ, individually, and on
19 | behalf of all others similarly situated,
20 |                 Plaintiff,
21 |         vs.
22 | PEROT SYSTEMS CORPORATION, a
23 | Delaware Corporation; and DOES 1 to 50,
24 |                 Defendants

Case No: **RG 08 38 94 10**

**CLASS ACTION**   **BY FAX**

**COMPLAINT FOR FAILURE TO PAY
WAGES (Cal. Labor C. § 218); FAILURE
TO PAY OVERTIME (Cal. Labor C. §§
510 & 1194); RECOVERY OF WAITING
TIME PENALTIES (Cal. Labor C. § 203);
FAILURE TO PROVIDE ITEMIZED
WAGE STATEMENTS (Cal. Labor C. §
226); UNFAIR, UNLAWFUL &
FRAUDULENT BUSINESS PRACTICES
(Cal. Bus. & Prof C.
§ 17200); AND INJUNCTIVE AND
DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

25 |
26 |
27 |
28 |

COMPLAINT FOR FAILURE TO PAY WAGES. OVERTIME. ETC.

1    Plaintiff ANGELITA GOMEZ ("GOMEZ" or "Plaintiff"), individually and on behalf of all

2 || others similarly situated, hereby complains against defendants PEROT SYSTEMS

3 || CORPORATION ("PEROT SYSTEMS") and Does 1 through 50, inclusive (collectively,

4 || "Defendants"), and, on information and belief, alleges as follows:

5                                    **PRELIMINARY STATEMENT**

6        1.      This class action seeks to halt and remedy defendant PEROT SYSTEMS

7 || CORPORATION'S violations of California Labor Code and California Industrial Welfare

8 || Commission Order ("Wage Order") provisions requiring pay for all hours worked, including

9 || overtime for all hours worked over 40 per week or 8 per day and time for hours worked over twelve

10 || in one day or beyond 8 hours on the seventh consecutive day of work in a workweek. Defendant

11 || PEROT SYSTEMS, which provides technology information support services in the health care

12 || industry and other industries, regularly and systematically has required, encouraged, and/or permitted

13 || Plaintiff and members of the class to work on-call time ("on-call time" being when the employee is

14 || the point of contact assigned to respond to trouble calls within a pre-determined period of time)

15 || beyond their regular part-time or full-time (40 or more hours per week) schedules. The parameters of

16 || the on-call requirements has included: a 15-minute required response time followed by immediate

17 || assessment and solution of the client's technical problems; a restriction to locations with access to a

18 || high-speed internet connection; and restrictions on travel in order that the highest-severity problems

19 || could be dealt with at the job site within one hour. Plaintiff and members of the class have received,

20 || and were required to respond to, regular and frequent calls without payment of required straight time

21 || and/or premium overtime wages for the on-call time. Defendant PEROT SYSTEMS has also

22 || regularly and systematically issued wage statements to Plaintiff and members of the class that failed

23 || to disclose or misrepresented the true hours spent on-call, and the resulting straight time and/or

24 || premium overtime wages earned by Plaintiff and members of the class for the on-call time,

25 || information required by the California Labor Code. Plaintiff seeks injunctive and declaratory

26 || relief, restitution, compensatory damages, penalties, interest, and attorneys' fees, costs and

27 || expenses.

28

                                            1
                        COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

## VENUE

2.    Proper venue lies in Alameda County in that, while defendant PEROT SYSTEMS does business in the State of California, PEROT SYSTEMS has not designated with the California Secretary of State a principal place of business within the State of California pursuant to Corporations Code § 2105(a)(3). Accordingly, PEROT SYSTEMS may be sued in any county in the State of California, including the County of Alameda. Venue also is proper in Alameda County in that Plaintiff is informed and believes and on that basis alleges that defendants committed some of the wrongful acts alleged herein, in the County of Alameda.

## PARTIES

3.    Plaintiff GOMEZ is an individual over the age of eighteen (18) and at all relevant times, was a resident of the State of California. Plaintiff GOMEZ was employed by PEROT SYSTEMS as a non-exempt Business Systems Analysis Specialist as part of the Catholic Healthcare West ("CHW") account at St. Joseph's Medical Center ("SJMC") in Stockton, California from on or around July 2001 through February 2007. SJMC was one of 44 hospitals in the CHW system that comprised the CHW Account at PEROT SYSTEMS.

4.    Defendant PEROT SYSTEMS is a corporation organized under Delaware law and admitted to conduct business in the State of California. Plaintiff was employed by PEROT SYSTEMS as an Applications Analyst from July 2001 to about February 2007.

5.    Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1-50 and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that basis alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein, and thereby proximately caused Plaintiff's injuries alleged herein.

6.    Plaintiff is informed and believes and on that basis alleges that at all relevant times each of the defendants was the agent or employee of each of the remaining defendants, and in doing the things herein alleged was acting within the course and scope of such agency or employment, and that defendants authorized, ratified, and approved, expressly or impliedly, all of

2

1  the conduct herein alleged.

2  ## CLASS AND COLLECTIVE ACTION ALLEGATIONS

3      7.      Plaintiff brings this action for violations of California's Wage and Hour Law as a

4  class action, pursuant to Code of Civil Procedure § 382 and Business & Professions Code §

5  17200, on behalf of herself and all current and former non-exempt employees of PEROT

6  SYSTEMS in California who worked on-call time at any time in the four years preceding the

7  filing of this action to final resolution of this action.

8      8.      Common questions of law and fact exist as to members of the class that include, but

9  are not limited to the following:

10          a)      Whether defendant PEROT SYSTEMS' on-call policy described herein

11  violates California law by denying overtime wages to members of the class;

12          b)      Whether defendant PEROT SYSTEMS' on-call policy as described

13  herein violates California law by denying straight time wages to members of the class;

14          c)      Whether defendant PEROT SYSTEMS' on-call policy results in the

15  failure to pay all wages at the time of termination of employment for on-call time

16  worked by members of the class;

17          d)      Whether defendant PEROT SYSTEMS' failure to credit and pay class

18  members for all their on-call hours results in itemized wage statements to the class that

19  do not accurately show all hours worked, all earned wages, and/or the other information

20  required by Labor Code § 226; and

21          e)      Whether defendant PEROT SYSTEMS' on-call policy and failure to

22  pay class members for all their on-call hours constitute unfair, unlawful or fraudulent

23  business practices proscribed by Business & Professions Code § 17200.

24      9.      Plaintiff's claims are typical of the claims of the class that Plaintiff seeks to

25  represent.  Plaintiff and members of the class were not compensated for all on-call time worked

26  at the rate required by California law.  Plaintiff and members of the class were not paid all

27  earned wages at the time of termination of employment for all on-call time worked, including

28  straight time and/or premium overtime wages.  Plaintiff and members of the class were not

3

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1   provided itemized wage statements that disclosed all information required by Labor Code § 226

2   for all on-call time worked. Plaintiff and members of the class are entitled to injunctive relief, as

3   permitted by law, in that PEROT SYSTEMS' violations of California law have harmed, and are

4   continuing to harm, Plaintiff and members of the class.

5        10.    The potential quantity of members of the class is so numerous that

6   joinder of all members would be unfeasible and impractical. The disposition of their claims

7   through this class action will benefit both the parties and the Court. The quantity of members

8   is unknown to Plaintiff at this time; however, it is estimated that the class size is over 100

9   individuals. The quantity and identity of the proposed class are readily ascertainable through

10   inspection of PEROT SYSTEMS' records.

11        11.    Plaintiff will fairly and adequately represent and protect the interests of the members

12   of the class. Plaintiff has retained and is represented by counsel competent and experienced in

13   complex class action litigation, including wage and hour class actions.

14        12.    The nature of this action and the nature of laws available to Plaintiff

15   make use of the class action format the superior and appropriate procedure to afford relief for the

16   wrongs alleged herein.

17            **FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

18        13.    Defendant PEROT SYSTEMS required, encouraged, suffered and/or permitted

19   Plaintiff and members of the class to work on-call time in which they were subject to PEROT

20   SYSTEMS' control. Plaintiff and members of the class included non-exempt employees who

21   worked for PEROT SYSTEMS clients and accounts at job sites in California. Some of the class

22   members were known as "Desktop Technicians," "Analysts," and "Specialists." Plaintiff and

23   members of the class were required to provide technical support, both remotely and at job sites, for

24   PEROT SYSTEMS clients and accounts, on an on-call basis. Specifically, Plaintiff and members of

25   the class were required to respond within 15 minutes to any call seeking technical support; were

26   restricted to locations with a high-speed internet connection; were required to notify their manager

27   any time they went out of cell range; were required to be able to appear at the job site within one

28   hour to provide technical support for problems of certain severity; and regularly and frequently

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1  received calls to which they were required to assess and then solve a technical problem. Defendant

2  PEROT SYSTEMS failed to pay Plaintiff and members of the class all required wages, including

3  premium overtime wages, for the on-call time, in violation of Labor Code §§ 510 and 1194 and

4  IWC Wage Orders including without limitation Wage Order 4-2001.

5      14.    Defendant PEROT SYSTEMS regularly and systematically issued wage statements

6  to Plaintiff and members of the class that fail to disclose or misrepresent the true hours spent on-call

7  and the resulting overtime wages earned by Plaintiff and members of the class for all the on-call time,

8  information required by the California Labor Code § 226.

9      15.    Defendant PEROT SYSTEMS failed to pay all earned straight time and overtime

10  wages to Plaintiff and members of the class at the time of termination of employment for all their

11  on-call time, in violation of Labor Code §§ 201, 202, 510 and 1194.

12      16.    Plaintiff and members of the class are non-exempt employees under the laws of

13  the State of California.

14      17.    The practices of defendant PEROT SYSTEMS in failing to pay Plaintiff and

15  members of the class earned compensation, including premium overtime wages, for all of their

16  on-call time, to pay all earned wages for all of their on-call time at the time of termination of

17  employment, and to provide itemized wage statements that disclose all lawfully required

18  information as to their on-call time and resulting straight time and overtime wages owed, are

19  substantially similar, if not identical.

20              **FIRST CAUSE OF ACTION**
    **UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION**
21         <u>**(California Labor Code §§ 510, 1194; Wage Order 4-2001)**</u>

22      18.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

23  though fully set forth herein.

24      19.    Plaintiff and class members have been employed by PEROT SYSTEMS within

25  the time period covered by this Complaint.

26      20.    California Labor Code § 510 and the IWC Wage Orders, including without

27  limitation Wage Order 4-2001, provide in substance and effect that an employer shall pay a

28

5

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1    premium "overtime" rate for all "hours worked" by employees in excess of eight hours in a work day

2    or forty hours in a work week and "doubletime" for all "hours worked" by employees in excess of

3    twelve hours per work day, or all hours worked beyond 8 hours on the seventh consecutive day of

4    work in a workweek. "Hours worked" is defined in the wage order as "the time during which an

5    employee is subject to the control of an employer, and includes all the time the employee is suffered

6    or permitted to work, whether or not required to do so."

7        21.    During all relevant times, defendant PEROT SYSTEMS required, encouraged,

8    suffered and/or permitted Plaintiff and the members of the class to be on-call for certain weeks

9    in which they were subject to PEROT SYSTEMS' control, with a 15-minute required response time,

10   a restriction to locations where they had access to a high-speed internet connection, geographic

11   limitations on their movements, and a required in-person response to problems of certain severity.

12   They received regular and frequent calls to which they immediately had to assess and solve the

13   technical problem. They were also required to notify their manager any time they went out of cell

14   range.

15       22.    Plaintiff and members of the class who worked certain weeks of on-call time at any

16   time during the class period are entitled to straight time pay for their on-call time worked, and

17   overtime pay for those hours worked beyond any full-time 8 hour/day and 40 hour/week schedule (or

18   beyond any hours of a lawfully adopted Alternative Workweek Schedule), pursuant to Labor Code §

19   510 and IWC Wage Orders, including without limitation Wage Order 4-2001.

20       23.    Defendant PEROT SYSTEMS has failed to pay earned overtime compensation,

21   either when due or not at all, for the on-call time worked by Plaintiff and members of the class other

22   than time responding to a call and then assessing and solving the technical problem.

23       24.    IWC Wage Orders, including without limitation Wage Order 4-2001, further provide

24   in substance and effect that an employer shall pay one and one-half times the employee's regular rate

25   of pay for all work performed in the work day beyond eight per day or 40 hours per week, and

26   double the employee's regular rate of pay for all hours worked in excess of 12 hours per day and any

27   work in excess of eight hours on the seventh day worked in a workweek.

28       25.    As a proximate result of the conduct of defendant PEROT SYSTEMS, Plaintiff and

6

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1    members of the class have suffered damages, including for straight time and overtime worked and

2    not paid for on-call time, in an amount to be proven at trial.

3        26.    Plaintiff and members of the class request interest on all compensation earned and

4    unpaid for on-call time, pursuant to Labor Code § 218.6.

5        27.    Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to

6    applicable California law, including Labor Code §§ 1194.

7        WHEREFORE, Plaintiff prays for relief as set forth below.

8                      **SECOND CAUSE OF ACTION**

9    **(Failure to Pay Wages: Cal. Lab. Code §§ 204, 218; Wage Order 4-2001)**

10       28.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

11   though fully set forth herein.

12       29.    At all relevant times, PEROT SYSTEMS has failed to pay wages for time spent

13   on call as required by California law.

14       30.    Defendants have suffered and/or permitted Plaintiff and class members to be on

15   call and perform work for the benefit of PEROT SYSTEMS without being paid wages, and/or

16   Plaintiff and class members have been under the control of PEROT SYSTEMS while on call and

17   performing work without being paid wages. The work performed "on-call" was the same kind of

18   work they did in the scope of their regular daily work hours.

19       31.    Labor Code § 218 states that "[n]othing in this article shall limit the right of any

20   wage claimant to sue directly or through an assignee for any wages or penalty due him under this

21   article."

22       32.    Labor Code § 204 states that "All wages . . . earned by any person in any

23   employment are due and payable twice during each calendar month . . . ."

24       33.    IWC Wage Order 4-2001 requires compensation for all "hours worked," which is

25   defined in the Wage Order as "the time during which an employee is under the control of an

26   employer, and includes all the time the employee is suffered or permitted to work . . ."

27       34.    As a result, Plaintiff and class members are entitled to regular wages pursuant to

28   California law including, but not limited to, Cal. Lab. Code §§ 204 and 218 and IWC Wage

7

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1  Order 4-2001.

2      35.    Defendants' failure to pay Plaintiff and class members for each on-call hour

3  worked was willful, and there remain due and unpaid wages in amounts to be determined.

4      36.    Plaintiff, on her own behalf and on behalf of others similarly situated, seeks as

5  damages in an amount to be determined, fees and costs pursuant to California law including, but

6  not limited to, Cal. Lab. Code §§ 201-204, and 218, plus costs, disbursements, attorneys' fees,

7  and interest pursuant to California law including, but not limited to, Cal. Lab. Code § 218.6.

8      WHEREFORE, Plaintiff prays for relief as set forth below.

9                          **THIRD CAUSE OF ACTION**
                    **RECOVERY OF WAITING TIME PENALTIES**
10                            **(California Labor Code §§ 203)**

11

12      37.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

13  though fully set forth herein.

14      38.    California Labor Code § 203 provides that if an employer willfully fails to pay,

15  without abatement or reduction, in accordance with California Labor Code §§ 201, 201.5, 202 and

16  205.5, any wages of an employee who is discharged or who resigns, the wages of the employee shall

17  continue as a penalty from the due date thereof at the same rate until paid up to a maximum of thirty

18  (30) days.

19      39.    During all relevant times, defendant PEROT SYSTEMS had and continues to have a

20  consistent and uniform policy, practice and procedure of willfully failing to pay the earned and

21  unpaid wages of its employees at the termination of their employment earned for all of their on-call

22  time, in violation of California Labor Code §§ 201 and 202.

23      40.    Plaintiff and certain members of the class are no longer employed by defendant

24  PEROT SYSTEMS, in that they were either discharged from or quit PEROT SYSTEMS'

25  employ.

26      41.    During all relevant times, defendant PEROT SYSTEMS willfully failed to pay

27  Plaintiff and said members of the class who are no longer employed by PEROT SYSTEMS a sum

28  certain for earned wages earned for all their on-call time, at the time of their termination or within

1  seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days

2  thereafter.

3      42.    During all relevant times, defendant PEROT SYSTEMS willfully failed to pay

4  Plaintiff and said members of the class who are no longer employed by PEROT SYSTEMS, in that

5  PEROT SYSTEMS knew wages were due for all on-call time, but nevertheless failed to pay them.

6      43.    Plaintiff and members of the class who are no longer employed by defendant PEROT

7  SYSTEMS are entitled to penalties pursuant to California Labor Code § 203, in the amount of

8  each person's daily wage multiplied by thirty (30) days.

9      WHEREFORE, Plaintiff prays for relief as set forth below.

10  **FOURTH CAUSE OF ACTION**

11  **FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**
    (California Labor C. § 226)

12      44.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

13  though fully set forth herein.

14      45.    Plaintiff and class members were employed by PEROT SYSTEMS within the

15  time period covered by this Complaint.

16      46.    IWC Wage Orders, including without limitation Wage Order 4-2001, provide that

17  the employer shall keep accurate information with respect to each employee, including total

18  hours worked and applicable rates of pay.

19      47.    Labor Code § 226 provides that the employer shall provide at the time of each

20  payment of wages an accurate itemized statement that discloses (1) gross wages earned, (2) total

21  hours worked by the employee, (3) the number of piece rate units earned and any applicable

22  piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned,

23  (6) the inclusive dates of the period for which the employee is paid, (7) the name of the

24  employee and compliant identifying information, (8) the name and address of the legal entity that

25  is the employer, and (9) all applicable hourly rates in effect during the pay period and the

26  corresponding number of hours worked at each hourly rate by the employee.

27      48.    Labor Code § 226 further provides that an employee may bring an action for

28  injunctive relief to ensure compliance with that code section.

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

49.   During all relevant times, defendant PEROT SYSTEMS provided to plaintiff and members of the class, at the time of payment of wages, wage statements that failed to disclose, without limitation, the total hours worked by the employee and the gross wages earned, through PEROT SYSTEMS' failure to include all of the on-call time of the employee other than, in some instances, time responding to a call and then assessing and resolving the technical issue.

50.   Plaintiff requests that the Court grant injunctive relief restraining defendant PEROT SYSTEMS from further violating the provisions of Labor Code § 226, and commanding defendant PEROT SYSTEMS to issue to Plaintiff and each member of the class further itemized wage statements that disclose, without limitation, the total hours worked by the employee, and the gross wages earned, resulting from all on-call time of the employee, information required by Labor Code § 226 and which PEROT SYSTEMS failed to provide in any wage statement issued to Plaintiff or the respective class member during all relevant times.

51.   Plaintiff requests an award of attorneys' fees, costs, and expenses, pursuant to California Labor Code § 226(g).

WHEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CAUSE OF ACTION
### UNFAIR COMPETITION – UNFAIR, UNLAWFUL & FRAUDULENT BUSINESS PRACTICES
#### (California Business & Professions Code § 17200)

52.   Plaintiff incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

53.   Plaintiff and class members were employed by PEROT SYSTEMS during the time period covered by this Complaint.

54.   The Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, et seq., defines unfair competition to include, inter alia, any unfair or unlawful business act or practice.  The UCL provides that a Court may enjoin acts of unfair competition, and order restitution to affected members of the public.

55.   Plaintiff is informed and believes and on that basis alleges that, during the four years preceding the filing of this complaint, PEROT SYSTEMS has committed acts of unfair

10

1  competition proscribed by California Business and Professions Code § 17200, et seq., including

2  the practices alleged herein.

3      56.     Plaintiff is informed and believes and on that basis alleges, as more fully set out

4  above, that PEROT SYSTEMS has engaged in the following unfair and/or unlawful acts and

5  practices:

6          a)     PEROT SYSTEMS regularly and systematically has required,

7      encouraged, suffered and/or permitted Plaintiff and members of the class to regularly

8      work on-call time, including on-call time beyond their regular full-time (8/day and

9      40/week) schedule (or beyond the hours of a lawfully adopted Alternative Workweek

10     Schedule), with a 15-minute required response time, a restriction to locations with

11     access to a high speed internet connection, a requirement to notify a manager whenever

12     out of cell phone range, a requirement to be able to report to a job site within one hour

13     for calls of certain severity, and numerous calls that they must respond to, all without

14     payment of required wages for the on-call time other than the time spent responding to

15     calls and then assessing and resolving technical problems, in violation of California

16     Labor Code §§ 510 and 1194 and applicable Wage Orders, including without limitation

17     Wage Order 4-2001; and

18         b)     Defendant PEROT SYSTEMS also regularly and systematically issued

19     wage statements to Plaintiff and members of the class that fail to disclose or

20     misrepresent the true hours spent on on-call time and resulting wages earned by Plaintiff

21     and members of the class for the on-call time, information required by the California

22     Labor Code § 226.

23         c)     Defendants have regularly and systematically failed to pay members of

24     the class that have left their employment, either voluntarily or involuntarily, all the

25     wages due them as required by Labor Code §§ 201-202.

26     57.     The business acts and practices of PEROT SYSTEMS as hereinabove alleged

27  constitute unfair and/or unlawful business practices in that, for the reasons set forth above, said

28  acts and practices violate explicit provisions of the California Labor Code and/or Wage Orders,

1    including without limitation Wage Order 4-2001. PEROT SYSTEMS has obtained a significant

2    competitive advantage, and engaged in unfair competition, through its acts and practices of

3    obtaining employee labor without paying legally required overtime compensation for primary

4    on-call time; and without reporting to governmental authorities the true overtime wages earned

5    for on-call time and paying to such authorities all taxes and levies on the true wages earned.

6       58.    Plaintiff and members of the class are entitled to restitution in the amounts of all

7    earned wages unpaid by defendant PEROT SYSTEMS.

8       59.    The unfair and unlawful business acts and practices of defendant PEROT

9    SYSTEMS described herein present a continuing threat to members of the general public in that

10   PEROT SYSTEMS is currently engaging in such acts and practices, and will persist and

11   continue to do so unless and until an injunction is issued by this Court. On behalf of all others

12   similarly situated, Plaintiff requests that this Court issue an injunction restraining the foregoing

13   conduct by PEROT SYSTEMS.

14      60.    Plaintiff requests that the Court grant further injunctive relief, commanding

15   defendant PEROT SYSTEMS to issue to Plaintiff and each member of the class itemized wage

16   statements that reflect all on-call time worked and resulting wages owed as required by Labor

17   Code § 226 and which PEROT SYSTEMS failed to provide in any wage statement issued to

18   Plaintiff or the respective class member during the four years preceding the filing of this

19   complaint.

20      61.    On behalf of all others similarly situated, Plaintiff further requests that the Court

21   issue an interim order requiring PEROT SYSTEMS to advise all members of the class of their

22   rights as to entitlement to overtime pay for on-call time pursuant to the California Labor Code

23   and Wage Orders.

24      62.    On behalf of all others similarly situated, Plaintiff further requests a declaration as

25   to the respective rights, remedies, and obligations of the parties, and establishment of a post-

26   judgment reference proceeding to identify, locate and fully reimburse all affected employees all

27   monies due to them.

28      63.    On behalf of all others similarly situated, Plaintiff further requests that the Court

12

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

1    enforce the penalty provision of Labor Code § 203, pursuant to Business and Professions Code §

2    17202, which provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive

3    relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."

4        64.    Plaintiff requests an award of attorneys fees, costs and expenses pursuant to Code

5    of Civil Procedure § 1021.5 and as otherwise permitted by statute.

6        WHEREFORE, Plaintiff prays for relief as set forth below.

7

8    **SIXTH CAUSE OF ACTION**<br>**DECLARATORY RELIEF**

9

10       65.    Plaintiff incorporates the allegations contained in the foregoing paragraphs as

11   though fully set forth herein.

12       66.    Plaintiff and class members were employed by PEROT SYSTEMS within the

13   time period covered by this Complaint.

14       67.    An actual controversy has arisen between Plaintiff and members of the class, on the

15   one hand, and defendant PEROT SYSTEMS, on the other hand, as to their respective rights,

16   remedies and obligations. Specifically, Plaintiff alleges that the acts and practices of PEROT

17   SYSTEMS as hereinabove alleged:

18       a)    violate the California Labor Code and Wage Orders, including Labor

19   Code §§ 510 and 1194 and Wage Order 4-2001, in that PEROT SYSTEMS has failed

20   to pay overtime and straight time compensation for all on-call time of Plaintiff and

21   members of the class, either when due or not at all;

22       b)    violate Labor Code § 226, in that PEROT SYSTEMS has failed to

23   maintain records that show, and provided wage statements to plaintiff and members of

24   the class that fail to disclose or misrepresent the true hours spent on on-call time and

25   resulting wages earned by Plaintiff and members of the class for the on-call time; and

26       c)    violate Labor Code §§ 201-203, in that Defendants have failed to class

27   members all wages due upon their termination of employment.

28       68.    Plaintiff further alleges that members of the class are entitled to recover earned

13

1 | wages and penalties as hereinabove alleged.

2 |    69.    Defendant PEROT SYSTEMS contends to the contrary.

3 |    70.    Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies, and

4 | obligations of the parties.

5 |    WHEREFORE, Plaintiff prays for relief as set forth below.

6 | **PRAYER FOR RELIEF**

7 | WHEREFORE, Plaintiff, on behalf of herself and members of the class, respectfully prays for

8 | relief as follows:

9 |    1.    For an order certifying this case as a class action, and appointing Plaintiff as the

10 | representative of the class;

11 |    2.    For an order finding and declaring that PEROT SYSTEMS' acts and practices as

12 | challenged herein are unlawful and unfair;

13 |    3.    For an order finding and declaring that PEROT SYSTEMS' acts and practices in

14 | failing to pay earned wages when due were willful, and penalties shall be awarded against

15 | PEROT SYSTEMS pursuant to Labor Code § 203;

16 |    4.    For an order preliminarily and permanently enjoining PEROT SYSTEMS from

17 | engaging in the practices challenged herein;

18 |    5.    For an order commanding defendant PEROT SYSTEMS to issue to Plaintiff and

19 | each member of the class itemized wage statements that state all of the true hours spent on-call

20 | and resulting wages earned by Plaintiff and members of the class for the on-call time,

21 | information required by Labor Code § 226 and which PEROT SYSTEMS failed to provide in

22 | any wage statement issued to Plaintiff or the respective class member during the four years

23 | preceding the filing of this complaint;

24 |    6.    For an order requiring PEROT SYSTEMS to advise all members of the class of

25 | their rights as to entitlement to pay, including overtime pay, for on-call time pursuant to the

26 | California Labor Code, Wage Orders, and Business & Professions Code;

27 |    7.    For restitution of all earned wages earned and unpaid;

28 |    8.    For compensatory damages in amounts to be determined at trial;

14

1      9.    For a declaration as to the respective rights, remedies, and obligations of the

2    parties, and establishment of a post-judgment reference proceeding to identify, locate, and fully

3    reimburse all affected employees all monies due to them;

4      10.    For an award of all applicable statutory penalties;

5      11.    For prejudgment interest to the extent permitted by law;

6      12.    For an award of attorneys' fees, costs and expenses incurred in the prosecution of

7             this action; and

8      13.    For such other and further relief as the Court may deem proper.

9    Dated: May 27, 2008

10                                    CHAVEZ & GERTLER LLP

11                                    SCHNEIDER WALLACE
                                      COTTRELL BRAYTON
12                                    KONECKY LLP

13                                    LAW OFFICES OF RICARDO DE ROSA

14

15

16                          By: _____

17                                    Jonathan E. Gertler
                                      Attorneys of record for Plaintiff
18                                    ANGELITA GOMEZ

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR FAILURE TO PAY WAGES, OVERTIME, ETC.

10577255.tif - 5/27/2008 2:59:30 PM

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes for which she is entitled a jury.

Dated:  May 27, 2008

CHAVEZ & GERTLER LLP

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

LAW OFFICES OF RICARDO DE ROSA

By: _____
    Jonathan E. Gertler
Attorneys of record for Plaintiff
ANGELITA GOMEZ

16

*EXHIBIT 2*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PEROT SYSTEMS CORPORATION, a Delaware Corporation;
and DOES 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

ANGELITA GOMEZ, individually, and on behalf of all others
similarly situated

| FOR COURT USE ONLY |
| *(SOLO PARA USO DE LA CORTE)* |
| **ENDORSED FILED ALAMEDA COUNTY** |
| MAY 2 7 2008 |
| CLERK OF THE SUPERIOR COURT |
| By Tasha Perry, Deputy |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of Alameda County
1225 Fallon Street
Oakland, California 94612

| CASE NUMBER |
| *(Número del Caso):* |
| 0 8 3 8 9 4 1 0 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan E. Gertler          Telephone: (415) 381-5599
Chavez & Gertler LLP
42 Miller Avenue, Mill Valley, CA 94941

| DATE: MAY 2 7 2008 | Pat S. Sweeten | Clerk, by | Tasha Perry | , Deputy |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under:  ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

*EXHIBIT 3*

# CHAVEZ & GERTLER LLP

### ATTORNEYS AT LAW
### 42 MILLER AVENUE
### MILL VALLEY, CA  94941
### TELEPHONE:  (415) 381-5599
### FACSIMILE:  (415) 381-5572
### Info@chavezgertler.com

June 24, 2008

## FACSIMILE COVER SHEET

**TO:**  Mary Stoner                    **FAX NO.:**   (415) 394-9401
Jackson Lewis LLP

**FROM:**  Moya Mulreany for Jonathan E. Gertler.

**CASE REFERENCE:**       Gomez v. Perot Systems Corp.

**TOTAL NUMBER OF PAGES, including this cover sheet:**       2

**SENT BY:**    M. Mulreany            **TIME:**    1:29 PM

**REPLY:** (415) 381-5572 (fax)          (415) 381-5599 (telephone)

**ADDITIONAL COMMENTS:**

*CONFIDENTIALITY NOTICE*

*THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS CONFIDENTIAL, AND MAY BE LEGALLY PRIVILEGED, LEGALLY PROTECTED ATTORNEY WORK-PRODUCT, OR MAY BE INSIDE INFORMATION.   THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE RECIPIENT(S) NAMED ABOVE.  IF YOU HAVE RECEIVED THIS INFORMATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR RETURN OF ALL DOCUMENTS. ANY UNAUTHORIZED DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL.*

06/24/2008 TUE 13:38  FAX 415 381 5572  CHAVEZ & GERTLER LLP                    → Reception                    002/002
                                                                                                                      002/002

| Attorney Or Party Without Attorney (Name and Address) | Telephone | FOR COURT USE ONLY |
|---|---|---|
| JONATHAN GERTLER, ESQ. (111531)<br>CHAVEZ & GERTLER<br>42 Miller Avenue<br>Mill Valley, California 94941 | (415) 381-5599 | |
| Attorney For: ANTONIO CRUZ | Ref. No. Or File No.<br>W2498112 | |

Insert name of court, Judicial district and branch court, if any:

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ALAMEDA - NORTHERN DIVISION

Plaintiff:

ANGELITA GOMEZ, etc.

Defendant:

PEROT SYSTEMS CORPORATION, etc., et al.

| PROOF OF SERVICE | Date: | Time: | Dept/Div: | Case Number:<br>RG008389410 |
|---|---|---|---|---|

I, B. Anderson                        , Under penalty of perjury, hereby declare that I am and was on
the dates herein mentioned, over the age of eighteen, and not a party to the within action;

I served the: SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; ADR INFORMATION PACKAGE; NOTICE OF
          HEARING

in this action by personally delivering to and leaving with the following defendant or person
on the date set opposite their respective names, a true copy thereof:

Defendant        : PEROT SYSTEMS CORPORATION, A DELAWARE CORPORATION

By Serving       : JUAN DE PABLO, Authorized Agent of CT CORPORATION SYSTEM, Agent for Service of
                   Process

Address          : 818 West  Seventh Street , Los Angeles, California

Date & Time      : Friday, June 13, 2008 @ 2:40 p.m.

Witness fees were : Not applicable.

Person serving:
B. Anderson
Wheels of Justice, Inc.
657 Mission Street, Suite 502
San Francisco, California 94105
Phone: (415) 546-6000

a. Fee for service:
d. Registered California Process Server
   (1) Employee or independent contractor
   (2) Registration No.: 3991
   (3) County: Los Angeles
   (4) Expires:

I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

Date: June 13, 2008

Signature: _____
                    B. Anderson

Printed on recycled paper

*EXHIBIT 4*

**ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE**
Effective April 15, 2005

Instructions to Plaintiff / Cross-Complainant

In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

<u>California Rules of Court, Rule 201.9 (Excerpt)</u>

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

<u>(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.</u>

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of Alternative Dispute Resolution

his section describes the forms of ADR most often found in the California state courts and discusses when each may be ght for a dispute.

### Mediation

n mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. inlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties o.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's iterests, instead of working against each other where at least one party loses. Mediation normally leads to better elations between the parties and to resolutions that hold up. For example, mediation has been very successful in family lisputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation iormally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking estitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

n arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or by another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at https://www.dca.ca.gov/r_r/mediat1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."

- **Automotive Repair, Smog Check:** The California Bureau of Automotive Repair (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The State Bar of California administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

Iediation Services
22278 Redwood Road, Castro Valley, CA 94546
hone: (510) 733-4940    fax: (510) 733-4945
rovides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes,
:hild Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee,
nd Fremont Rent Increases.

:ast Bay Community Mediation
968 San Pablo Avenue, Berkeley, CA 94702-1612
'hone: (510) 548-2377    fax: (510) 548-4051
:BCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and
:onciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation,
arge-group conflict facilitation, and conflict resolution skills workshops.

:atholic Charities of the East Bay: Oakland – Main Office
33 Jefferson Street, Oakland, CA 94607
'hone: (510) 768-3100    fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a
nutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

Center for Community Dispute Settlement
1789 Barcelona Street, Livermore, CA 94550
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases
resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

California Lawyers for the Arts: Oakland Office
1212 Broadway Street, Suite 837, Oakland, CA 94612
Phone: (510) 444-6351    fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property,
credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also
increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and
meeting facilitation.

Rev 4/05

ALAMEDA COUNTY SUPERIOR COURT
ADR PROGRAM

### DR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda is designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

**Appointment of Arbitrator (must be appointed within 30 days after referral per CRC 1605).**

⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per CRC 1605a)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

**Assignment of Case (CRC 1605a(4))**

⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

**Hearings (CRC 1611)**

⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

**Award of Arbitrator (CRC 1615b & c)**

⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

**Return of Case to Court**

⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. (CRC 1616 & Local Rule 6.4)

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified (CRC 1615c & Local Rule 6.6)

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. (Local Rule 6.6)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707<br>Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | ☐ Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704<br>☐ Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588<br>☐ René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | ☐ George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501<br>☐ Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |

Plaintiff

vs.

Case No.: _____

**STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

Rev 4/05

*EXHIBIT 5*

Chavez & Gertler
Attn: Gertler, Janathan E.
42 Miller Ave.
Mill Valley, CA    94941

Perot Systems Corporation, a Delware
Corporation

RECEIVED
MAY 30 2008
By

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Gomez

Plaintiff/Petitioner(s)

vs.

Perot Systems Corporation

Defendant/Respondent(s)
(Abbreviated Title)

No. RG08389410

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 07/29/2008    TIME: 02:30 PM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
                    1221 Oak Street, Oakland

Case Management Conference:
DATE: 09/08/2008    TIME: 02:00 PM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
                    1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 22 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6938. Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

scheduled for hearing in Department 22.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 267-6938.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 05/29/2008

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/29/2008.

By _____

Deputy Clerk

*EXHIBIT 6*

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jonathan E. Gertler (Bar No. 111531)<br>Chavez & Gertler LLP<br>42 Miller Avenue<br>Mill Valley, CA 94941<br>TELEPHONE NO.: (415) 381-5599    FAX NO.*(Optional):* (415) 381-5572<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  Plaintiff, Angelita Gomez | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: ANGELITA GOMEZ, individually, and on
behalf of all others similarly situated
DEFENDANT/RESPONDENT: PEROT SYSTEMS CORPORATION, a
Delaware Corporation and DOES 1 to 50

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>RG08389410 |
|---|---|

TO *(insert name of party being served):* Defendant, PEROT SYSTEMS CORPORATION

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 10, 2008

Moya B. Mulreany
(TYPE OR PRINT NAME)
▶ *Moya B. Mulrea...*
(SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify)* :
   Civil Case Cover Sheet
   Alameda Superior Court Alternative Dispute Resolution Information Package
   Notice of Hearing [Complex Determination Hearing and Case Management Conference]

*(To be completed by recipient)* :

Date this form is signed:

_____    ▶    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]<br>Martin Dean's Essential Forms ™ | NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

*EXHIBIT 7*

1  CHAVEZ & GERTLER LLP
   JONATHAN E. GERTLER (Bar No. 111531)
2  DANIEL B. SIEGEL (Bar No. 160742)
   42 Miller Avenue, Mill Valley, CA 94941
3  Tel: (415) 381-5599  Fax: (415) 381-5572

4
   SCHNEIDER WALLACE
5  COTTRELL BRAYTON KONECKY LLP
   TODD M. SCHNEIDER (Bar No. 158253)
6  JOSHUA G. KONECKY (Bar No. 182897)
   CHRISTIAN SCHREIBER (Bar No. 245597)
7  180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
8  Tel: (415) 421-7100  Fax: (415) 421-7105

9
   LAW OFFICES OF RICARDO DE ROSA
10 RICARDO DE ROSA (Bar No. 221226)
   6640 Brook Falls Circle
11 Stockton, California, 95219
   Tel: (209) 345-7077  Fax: (209) 476-0443
12

13 Attorneys for Plaintiff ANGELITA GOMEZ
   And the Proposed Plaintiff Class
14

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                         COUNTY OF ALAMEDA

17                        UNLIMITED JURISDICTION

18 ANGELITA GOMEZ, individually, and on      )  Case No:
   behalf of all others similarly situated,   )
19                                             )  **CLASS ACTION**
                                               )
20            Plaintiff,                        )  **PROOF OF SERVICE**
                                               )
21     vs.                                      )
                                               )
22 PEROT SYSTEMS CORPORATION, a                )
   Delaware Corporation; and DOES 1 to 50,     )
23                                             )
                                               )
24            Defendants                        )
                                               )
25                                             )
                                               )
26                                             )
                                               )
27                                             )
                                               )
28 ─────────────────────────────────────────

                                                                PROOF OF SERVICE

Gomez v. Perot Systems
Alameda County Superior Court Case No.RG08389410

**PROOF OF SERVICE**
(C.C.P. §1013a(3))

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF MARIN              )

    I am employed in the County of Marin, State of California.  I am over the age of 18 years and not a party to the within action; my business address is Chavez & Gertler LLP, 42 Miller Avenue, Mill Valley, CA  94941.

    On June 10, 2008, I served the foregoing documents:

- **SUMMONS**

- **COMPLAINT FOR FAILURE TO PAY WAGES (Cal. Labor C. § 218); FAILURE TO PAY OVERTIME (Cal. Labor C. §§ 510 & 1194); RECOVERY OF WAITING TIME PENALTIES (Cal. Labor C. § 203); FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS (Cal. Labor C. § 226); UNFAIR, UNLAWFUL & FRAUDULENT BUSINESS PRACTICES (Cal. Bus. & Prof. C. § 17200); AND INJUNCTIVE AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

- **CIVIL COVER SHEET**

- **ALAMEDA SUPERIOR COURT ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE**

- **NOTICE OF HEARING**

- **NOTICE AND ACKNOWLEDGEMENT OF RECEIPT**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to each as follows:

Joanna L. Brooks
Anne V. Leinfelder
Tim Travelstead
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

[X]    **BY MAIL:**  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Mill Valley, California.

1

PROOF OF SERVICE

1    Executed on June 10, 2008 at Mill Valley, CA.

2        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  I declare that I am employed in the office of a member of the bar
3    of this court at whose direction the service was made.

4

5                                                        *Moya B. Mulreany*
6                                                        Moya B. Mulreany

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

*EXHIBIT 8*

1   JOANNA L. BROOKS (State Bar #182986)
    TIMOTHY C. TRAVELSTEAD (State Bar #215260)
2   DOUGLAS M. BRIA (State Bar #226966)
    JACKSON LEWIS LLP                                  **ENDORSED**
3   199 Fremont Street, 10th Floor                       **FILED**
    San Francisco, CA 94105                         ALAMEDA COUNTY
4   Telephone    415.394.9400
    Facsimile:   415.394.9401                          JUL -9 2008
5
    Attorneys for Defendant                       CLERK OF THE SUPERIOR COURT
6   PEROT SYSTEMS CORPORATION                      By ———— S. Halcrombe ————
                                                                        Deputy
7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10

11  ANGELITA GOMEZ, individually, and on     Case No. RG 08389410
    behalf of all others similarly situated;
12                                           **DEFENDANT'S ANSWER TO**
                      Plaintiff,             **PLAINTIFF'S UNVERIFIED CLASS**
13                                           **ACTION COMPLAINT**
              v.
14
    PEROT SYSTEMS CORPORATION, a
15  Delaware Corporation; and DOES 1 to 50,
                                             Complaint Filed:   May 27, 2008
16                Defendants.                Trial Date:        None set

17                                           BY FAX

18

19      Defendant PEROT SYSTEMS CORPORATION ("Defendant") hereby answers Plaintiff

20  ANGELITA GOMEZ' ("Plaintiff") unverified Class Action Complaint (the "Complaint").

21                            **GENERAL DENIAL**

22      Pursuant to Code of Civil Procedure section 431.30 subdivision (d), Defendant denies

23  each and every allegation contained in Plaintiff's unverified Complaint and denies that Plaintiff

24  was injured or damaged as alleged, or at all.

25                            **AFFIRMATIVE DEFENSES**

26      By way of affirmative defenses to the allegations of the Complaint herein, Defendant

27  alleges as follows:

28  ///

                                            1

1

## First Affirmative Defense
(Failure to State a Claim)

The Complaint, and all causes of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## Second Affirmative Defense
(Failure to Mitigate Damages)

Plaintiff is barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, if and to the extent that Plaintiff failed to exercise reasonable diligence to mitigate her alleged damages, if any.

## Third Affirmative Defense
(Unclean Hands)

Plaintiff is barred from recovery under this Complaint if and to the extent that she comes to this Court with unclean hands.

## Fourth Affirmative Defense
(Adequate Legal Remedies)

Any claim for equitable relief is barred, in whole or in part, to the extent Plaintiff has an adequate remedy at law.

## Fifth Affirmative Defense
(Statute of Limitations)

The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations, including without limitation Code of Civil Procedure section 338(a) or Code of Civil Procedure sections 340(a) and (b).

## Sixth Affirmative Defense
(Statute of Limitations)

The Complaint's Fifth Cause of Action is barred in whole or in part by the applicable statute of limitations, including without limitation Business and Professions Code section 17208.

///

///

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT     Case No. RG 08389410

**Seventh Affirmative Defense**
(Lack of Standing)

The Complaint, and all causes of action contained therein, is barred to the extent Plaintiff lacks standing to bring the instant action on behalf of herself or other unnamed putative class members.

**Eighth Affirmative Defense**
(Waiver)

The Complaint, and each cause of action contained therein, is barred by the doctrine of waiver.

**Ninth Affirmative Defense**
(Good Faith)

To the extent Plaintiff seeks statutory penalties, such penalty must be barred or reduced to the extent Defendant acted in good faith and non-willfully.

**Tenth Affirmative Defense**
(Estoppel)

The Complaint, and each cause of action contained therein, is barred by the doctrine of estoppel.

**Eleventh Affirmative Defense**
(Laches)

The Complaint, and each cause of action contained therein, is barred by the doctrine of laches.

**Twelfth Affirmative Defense**
(Failure To Notify Labor and Workforce Development Agency)

Defendant alleges, on information and belief, that the Complaint's First, Second, Third, and Fourth Causes of Action and any statutory penalties sought are barred to the extent Plaintiff was required and failed to notify the Labor and Workforce Development Agency, as required under Labor Code section 2699.3 subdivision (a)(1).

///

3

1

### Thirteenth Affirmative Defense

2        Any recovery on Plaintiff's Complaint for failure to pay wages is barred because

3   Defendant complied with all applicable provisions of the California Labor Code, the applicable

4   wage orders of the California Industrial Welfare Commission and federal law.

5

### PRAYER

6        WHEREFORE, Defendant prays for judgment as follows:

7        1.      That Plaintiff take nothing by way of her Complaint;

8        2.      That the Complaint and each claim for relief be dismissed in its entirety with

9                prejudice;

10       3.      That Plaintiff be denied each and every demand and prayer for relief contained in

11               the Complaint;

12       4.      For costs of suit incurred herein, including reasonable attorney's fees, as and

13               where permitted under California law; and

14       5.      For such other and further relief as the Court deems just and equitable.

15

16  Dated: July 8, 2008

17                                              JACKSON LEWIS LLP

18

19                                              By:  _Joanna L. Brooks_

20                                                   JoAnna L. Brooks
                                                     Timothy C. Travelstead
                                                     Douglas M. Bria
21                                                   Attorney for Defendant
                                                     PEROT SYSTEMS CORPORATION,
22                                                   a Delaware Corporation

23

24

25

26

27

28

4

1

**PROOF OF SERVICE**

2      I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP,

3   whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the

4   age of eighteen (18) years and am not a party to this action.

5      On July 9, 2008, I served the attached document(s):

6   **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED**
    **CLASS-ACTION COMPLAINT**

7

8   in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

    as follows:

9

10   Jonathan E. Gertler, Esq.                     Todd M. Schneider, Esq.
     Joseph R. Igelmund, Esq.                      Joshua G. Konecky, Esq.
11   Chavez & Gertler LLP                          Schneider & Wallace
     42 Miller Avenue                              180 Montgomery Street, Suite 2000
12   Mill Valley, CA 94941                         San Francisco, CA 94104
     Telephone:   415.381.5599                     Telephone:   415.421.7100
13   Facsimile:   415.381.5572                     Facsimile:   415.421.7105

14   Ricardo De Rosa, Esq.
     Law Offices of Ricardo De Rosa
15   6640 Brook Falls Circle
     Stockton, CA 95219
16   Telephone:   209.345.7077
     Facsimile:   209.476.0443

17

18   [ X ]   <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with the postage
             thereon fully prepaid, placed for collection and mailing on this date, following ordinary
19           business practices, in the United States mail at San Francisco, California.

20   [  ]   <u>BY HAND DELIVERY</u>:  I caused such envelope(s) to be delivered by Messenger Service
            to the above address.

21   [  ]   <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered to the above
22          address within 24 hours by OVERNIGHT EXPRESS service.

23   [  ]   <u>BY FACSIMILE</u>:  I caused such documents to be transmitted by facsimile to the
            telephone number(s) indicated above.

24      I declare under penalty of perjury under the laws of the State of California that the above

25   is true and correct.

26      Executed on July 9, 2008 at San Francisco, California.

27

28                                                 _Linda A. Moore_
                                                   LINDA A. MOORE

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT                    Case No. RG 08389410

*EXHIBIT B*

1  JOANNA L. BROOKS (State Bar No. 182986)
   TIMOTHY C. TRAVELSTEAD (State Bar No. 215260)
2  DOUGLAS M. BRIA (State Bar No. 226966)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, California 94105
4  Telephone:  415.394.9400
   Facsimile:  415.394.9401
5
   Attorneys for Defendant
6  PEROT SYSTEMS CORPORATION

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

10

11 | ANGELITA GOMEZ, individually, and on | Case No. RG 08389410
   | behalf of all others similarly situated, |
12 |                                          | **NOTICE TO ADVERSE PARTIES OF**
   |                  Plaintiff,              | **REMOVAL TO FEDERAL COURT**
13 |                                          |
   |        v.                                |
14 |                                          |
   | PEROT SYSTEMS CORPORATION, a             |
15 | Delaware Corporation, and DOES 1 to 50,  | Complaint Filed:   May 27, 2008
   |                                          | Trial Date:        None Set
16 |                  Defendants.             |

17

18 **TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

19     PLEASE TAKE NOTE THAT a Notice of Removal of this action was filed in the United

20 States District Court for the Northern District of California on July 10, 2008.  A copy of said

21 Notice of Removal is attached to this Notice, and is served and filed herewith.

22

23 Dated: July 10, 2008
                                JACKSON LEWIS LLP
24

25                      By: _____
                            JoAnna L. Brooks
26                          Timothy C. Travelstead
                            Douglas M. Bria
27                          Attorneys for Defendant
                            PEROT SYSTEMS CORPORATION,
28                          a Delaware Corporation

                                    1
   NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT        Case No. RG 08389410

**PROOF OF SERVICE**

I, Linda A. Moore, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On July 10, 2008, I served the attached document(s):

**NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT**

in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed as follows:

Jonathan E. Gertler, Esq.
Joseph R. Igelmund, Esq.
Chavez & Gertler LLP
42 Miller Avenue
Mill Valley, CA  94941
Telephone:    415.381.5599
Facsimile:    415.381.5572
**By Overnight Delivery**

Todd M. Schneider, Esq.
Christian Schreiber, Esq.
Joshua G. Konecky, Esq.
Schneider Wallace Cottrell Brayton
   Konecky LLP
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:    415.421.7100
Facsimile:    415.421.7105
**By Overnight Delivery**

Ricardo De Rosa, Esq.
Law Offices of Ricardo De Rosa
6640 Brook Falls Circle
Stockton, CA  95219
Telephone:    209.345.7077
Facsimile:    209.476.0443
**By Overnight Delivery**

[  ]   BY MAIL: United States Postal Service -  by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[  ]   BY HAND DELIVERY: I caused such envelope(s) to be delivered by Messenger Service to the above address.

[ X ]   BY OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to the above address within 24 hours by OVERNIGHT EXPRESS service.

[  ]   BY FACSIMILE:   I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above

2

1   is true and correct.

2       Executed on July 10, 2008, at San Francisco, California.

3

4                                                    _____
                                                         LINDA A. MOORE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT        Case No. RG 08389410