**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA JIMENEZ, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>PEROT SYSTEMS CORPORATION, a Delaware Corporation,<br><br>    Defendant.<br>_____/ | No. C 08-2607 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO CONSIDER LATE-FILED OPPOSITION; GRANTING PLAINTIFF'S MOTION TO REMAND** |

    Before the Court are plaintiff's "Motion to Remand and Request for Fees," filed June 18, 2008, and defendant's "Motion to Consider Late-Filed Opposition," filed July 21, 2008.

    As a preliminary matter, with respect to defendant's motion, the Court accepts defendant's explanation for its untimely filing of opposition to the Motion to Remand and will consider defendant's opposition to said Motion. To the extent defendant seeks further relief, specifically, extension of the deadline for plaintiff's reply and reinstatement of the hearing on the matter, defendant's motion will be denied for the reason that the Court finds neither a reply nor oral argument are necessary. The Court thus turns to the merits of the Motion to Remand.

    The instant action was originally filed as a class action in state court on July 12, 2007. Approximately ten months later, on May 23, 2008, defendant removed the action on

1 the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(d).[1]  (See Notice of Removal
2 ¶ 9.)  Defendant asserts such removal complies with 28 U.S.C. § 1446(b) for the reason
3 that the complaint was not initially removable, and the Notice of Removal was filed within
4 thirty days of receipt by defendant of an "other paper" from which defendant could first
5 ascertain the case was removable.  (See id. ¶¶ 2-4.)  In particular, defendant asserts, the
6 "other paper" is a letter dated April 25, 2008, in which plaintiff responds to defendant's
7 objections to plaintiff's requests for production of documents.  (See Decl. of Daniel B.
8 Siegel in Support of Pl.'s Mot. to Remand and Request for Fees ("Siegel Decl.") Ex. 8
9 ("April 25, 2008 Letter").)

10 Defendant relies on plaintiff's statement therein that "Meal and rest periods are
11 directly relevant to the class allegations of wage and hour violations," (see Opp'n at 3:15-18
12 (quoting April 25, 2008 Letter at 8-9)), which defendant interprets as plaintiff's clarification,
13 for the first time, that her complaint encompasses, as part of her unfair competition claim, a
14 claim for restitution not only for overtime but also for missed meal and rest periods, (see id.
15 at 3:19-22).  Defendant estimates the total potential class damages from missed meal and
16 rest periods could amount to $9,476,510.80, (see Notice of Removal ¶ 9(f)(I)), thus
17 exceeding $5,000,000 and sufficient to meet the jurisdictional minimum required by 28
18 U.S.C. § 1332(d), (see id. ¶ 9(f)).

19 Contrary to defendant's argument, the language on which defendant relies cannot
20 reasonably be interpreted in the manner defendant proposes.  Under the heading "Meal &
21 Rest Period Discovery," the April 25, 2008 Letter states, in relevant part:

> Defendant objected to each of [Plaintiff's Document Request Nos. 35-45] on grounds that the information sought is not relevant because Plaintiff's complaint contains no allegations of meal and rest period violations.  This objection is meritless.

---

[1] Although defendant cites 28 U.S.C. § 1332(a) as an alternate basis for jurisdiction, (see Notice of Removal ¶ 9), defendant's allegations concerning the amount in controversy pertain solely to the jurisdictional minimum set forth in § 1332(d), (see id. ¶ 9(f) (asserting amount in controversy "could exceed $5,000,000.00").  Defendant does not endeavor to show that any individual class member's damages exceed $75,000, as required to meet the jurisdictional minimum under § 1332(a).

2

> It is well settled that Plaintiff is entitled to this discovery whether the allegations are pled or not because even pleading deficiencies generally do not affect a parties' right to obtain discovery. [Citations omitted.] It is "well-established that relevancy of the subject matter does not depend on a legally sufficient pleading . . . discovery is proper if it would be material to any possible issue raised by new allegations in an amended complaint." [Citation omitted.] Under these authorities, California law even permits a party to use the discovery process to obtain information necessary to plead a cause of action.[2]
>
> Here, Defendant's time recordation, compensation, and overtime policies are directly at issue. Meal and rest periods are directly relevant to the class allegations of wage and hour violations. Defendant's objections are improper and Defendant must supplement its production immediately.

(See Siegel Decl. Ex. 8 at 8-9.)

When taken in context, the statements on which defendant relies do not purport to seek discovery relevant to any currently-pleaded cause of action or claim for damages; rather, plaintiff, by her April 25, 2008 Letter, is asserting she is entitled to obtain such discovery as "information necessary to plead a cause of action," basing her argument on the principle that "'discovery is proper if it would be material to any possible issue raised by new allegations in an amended complaint.'" (See id.) In short, such statements clearly indicate plaintiff, with respect to meal and rest periods, was seeking discovery for purposes of potential future amendment of the complaint.

Consistent therewith, plaintiff, on at least two prior occasions, had suggested she was considering amending the complaint to bring such a claim, thus indicating her recognition that such claim was not encompassed in the complaint as pleaded. (See Siegel Decl. Ex. 2 at 2 (January 16, 2008 letter to defendant's counsel, in which plaintiff's counsel states plaintiff "intend[s] to amend the Complaint in order to add claims for meal and rest break violations"); id. Ex. 4 at 5 (April 11, 2008 Complex Case Management Conference Statement, in which plaintiff states "investigation since the filing of the

---

[2] Each of the cases cited by plaintiff in the April 25, 2008 Letter expressly holds that a plaintiff may obtain discovery with the goal of amending if a basis for such amendment is developed thereby. See, e.g., Union Mutual Life Ins. Co. v. Superior Court of Kern County, 80 Cal. App. 3d 1, 10 (1978) (holding plaintiff entitled to discovery where plaintiff manifested "intention to amend" complaint to include additional claims "if a basis therefor [was] disclosed by discovery"; noting "[r]elevancy of the subject matter [of discovery] is determined by the potential as well as actual issues in the case").

3

1  Complaint has raised concerns that [defendant] has deficiencies in its policies for meal and
2  rest periods" for which plaintiff "may" seek leave to amend the complaint).)  Plaintiff's
3  assertion in the April 25, 2008 Letter that she is entitled to discovery pertaining to such
4  potential amendment is not, however, the legal equivalent of such amendment.
5       Likewise unavailing is defendant's assertion that, subsequent to removal, plaintiff's
6  counsel prepared a mediation brief in which plaintiff sought more than the jurisdictional
7  minimum.  (See Opp'n at 10:3-20.)  The fact that plaintiff "might ask for or recover more
8  after removal is not sufficient to support jurisdiction."  See Burns v. Windsor Insur. Co., 31
9  F.3d 1092,1097 n.13 (11th Cir. 1994); see also Strotek Corp. v. Air Transport Ass'n of
10 America, 300 F.3d 1129, 1131 (9th Cir. 2002) (holding diversity jurisdiction is determined
11 as of time complaint is filed and time of removal).
12       In sum, neither the April 25, 2008 Letter, nor the post-removal mediation brief
13 constitutes grounds for removal, and, accordingly, plaintiff's motion to remand will be
14 granted.
15       Pursuant to 28 U.S.C. § 1447(c), plaintiff seeks an award of the fees she incurred in
16 preparing her motion.  As relevant thereto, the Court finds defendant had no objectively
17 reasonable basis for removal, and, accordingly, will exercise its discretion to award plaintiff
18 attorney's fees.  See Patel v. Del Taco, Inc., 446 F.3d 996, 999-1000 (9th Cir. 2006)
19 (affirming award of attorney's fees where defendant had "no objectively reasonable basis
20 for removal").  Having considered the evidence submitted in support of plaintiff's request for
21 fees, (see Siegel Decl. ¶¶ 15, 17, 20-30), the Court further finds the hourly rates charged
22 by plaintiff's counsel are reasonable.  Given the relatively straightforward nature of the
23 issue presented, however, the Court finds the number of hours claimed to be in excess of
24 those reasonably required to address the issue and, accordingly, will reduce the number of
25 hours claimed by 25%, from 61.1 hours to 45.825 hours, and, consequently, finds plaintiff
26 is entitled to fees in the amount of $20,666.
27       Accordingly, for the reasons stated,
28       1. Defendant's Motion to Consider Late-Filed Opposition is hereby GRANTED to the

extent defendant seeks to file an untimely opposition, and DENIED as to the other relief requested therein.

    2. Plaintiff's Motion to Remand is hereby GRANTED, and the above-titled action is hereby REMANDED to the California Superior Court, for the County of Alameda, pursuant to 28 U.S.C. § 1447(c).

    3. Plaintiff is hereby awarded fees in the amount of $20,666.

**IT IS SO ORDERED.**

Dated: July 28, 2008

MAXINE M. CHESNEY
United States District Judge